Bingham McCutchen LLP
GWYN QUILLEN (SBN 138428)
J. WARREN RISSIER (SBN 197939)
The Water Garden
Fourth Floor, North Tower
1620 26th Street
Santa Monica, CA 90404-4060
Telephone: 310.907.1000
Facsimile: 310.907.2000
Email: gwyn.quillen@bingham.com
warren.rissier@bingham.com

Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
EDWARD S. KIM (SBN 192856)
CRAIG A. TAGGART (SBN 239168)
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700
Email: todd.gordinier@bingham.com
edward.kim@bingham.com
craig.taggart@bingham.com

Attorneys for Defendant KPMG LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STATE TREASURER OF THE STATE OF MICHIGAN, AS CUSTODIAN OF THE MICHIGAN PUBLIC SCHOOL EMPLOYEES RETIREMENT SYSTEM, STATE EMPLOYEES' RETIREMENT SYSTEM, MICHIGAN STATE POLICE RETIREMENT SYSTEM AND MICHIGAN JUDGES' RETIREMENT SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, ANGELO R. MOZILO, DAVID SAMBOL, ERIC P. SIERACKI, KATHLEEN BROWN, HENRY G. CISNEROS, JEFFREY M. CUNNINGHAM, ROBERT J. DONATO, | Case No. CV 11-00809-MRP (MANx)<br><br>**ANSWER TO AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

MICHAEL E. DOUGHERTY, BEN M. ENIS, EDWIN HELLER, MARTIN R. MELONE, ROBERT T. PARRY, OSCAR P. ROBERTSON, KEITH P. RUSSELL, HARLEY W. SNYDER, KPMG LLP, a Delaware LLP, BANC OF AMERICA SECURITIES LLC, a Delaware LLC, J.P. MORGAN SECURITIES INC., a Delaware corporation, COUNTRYWIDE SECURITIES CORPORATION, a California corporation, BARCLAYS CAPITAL INC., a Connecticut corporation, DEUTSCHE BANK SECURITIES INC., a Delaware corporation, HSBC SECURITIES (USA) INC., a Delaware corporation, WELLS FARGO SECURITIES, LLC, a Delaware LLC, RBS SECURITIES INC., a Delaware corporation, GOLDMAN, SACHS & CO., a Delaware corporation, ABN AMRO INCORPORATED, a New York corporation, and BNP PARIBAS SECURITIES CORP., a Delaware corporation,

Defendants.

Defendant KPMG LLP ("KPMG") hereby answers Plaintiff's Amended Complaint ("Amended Complaint"). KPMG denies all of the Amended Complaint's allegations unless expressly admitted herein. KPMG answers the allegations in the Amended Complaint as follows:

In response to the first unnumbered paragraph of the Amended Complaint, KPMG states that it is a characterization and description of the Amended Complaint to which no response is required.

1. In response to paragraph 1 of the Amended Complaint, KPMG admits that Countrywide Financial Corporation ("Countrywide" or "Company") was a holding company which, through its subsidiaries, was engaged in mortgage lending and other finance-related business. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

2. In response to paragraph 2 of the Amended Complaint, KPMG is informed and believes, and on that basis admits, that Countrywide was a mortgage lender in the United States and, further, that Countrywide offered mortgage loans to borrowers. KPMG is further informed and believes, and on that basis admits, that Countrywide purchased, originated and also sold loans. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of the Amended Complaint and on that basis denies them.

3. In response to paragraph 3 of the Amended Complaint, KPMG is informed and believes, and on that basis admits, that Countrywide sold loans into the secondary market. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of the Amended Complaint and on that basis denies them.

4. In response to paragraph 4 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements

made or opinions expressed by Angelo R. Mozilo ("Mozilo") in 2003, such statements speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 and on that basis denies them.

5. In response to paragraph 5 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements made or opinions expressed by Countrywide between March 12, 2004 and March 7, 2008 ("Relevant Period") and outside of the Relevant Period, such statements speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 and on that basis denies them.

6. In response to paragraph 6 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements made or opinions expressed by Mozilo and/or other Countrywide officers in 2007, including those alleged to have been made to or through CNBC, such statements speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 and on that basis denies them.

7. In response to paragraph 7 of the Amended Complaint, KPMG is informed and believes and on that basis admits that Countrywide's loan products included adjustable rate mortgages ("ARMs"), such as pay option adjustable rate mortgages ("Pay Option ARMs"), and home equity lines of credit ("HELOCs") during the Relevant Period. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements

audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and on that basis denies them.

8. In response to paragraph 8 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements made or opinions expressed in the document entitled, “Interagency Guidance on Nontraditional Mortgage Product Risks,” 71 Fed. Reg. 58609 (October 4, 2006), the document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide’s financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and on that basis denies them.

9. In response to paragraph 9 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements made or opinions expressed in the document entitled, “Interagency Guidance on Nontraditional Mortgage Product Risks,” 71 Fed. Reg. 58609 (October 4, 2006), the document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide’s financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and on that basis denies them.

10. In response to paragraph 10 of the Amended Complaint, KPMG is informed and believes and on that basis denies that the risk factors that impacted Countrywide’s financial statements were not appropriately taken into account with

respect to the financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

11. In response to paragraph 11 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

12. In response to paragraph 12 of the Amended Complaint, KPMG is informed and believes and on that basis admits that certain loans were processed by Countrywide through its Exception Processing System. KPMG is further informed and believes and on that basis denies that the risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any false or misleading statements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

13. In response to paragraph 13 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and on that basis denies them.

14. In response to paragraph 14 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that risk factors that impacted

Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. Moreover, KPMG denies that "red flag" is a term under Generally Accepted Accounting Practices ("GAAP"), and denies that the factors that the Amended Complaint labels as so-called "red flags" are "red flags." KPMG further states that, to the extent that the allegations purport to characterize the provisions of GAAP, GAAP speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. Moreover, KPMG denies that it failed to perform its audits in accordance with Generally Accepted Auditing Standards ("GAAS") or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

15. In response to paragraph 15 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

16. In response to paragraph 16 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent that the allegations purport to characterize the provisions of GAAP,

GAAP speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and on that basis denies them.

17. KPMG denies paragraph 17.

18. In response to paragraph 18 of the Amended Complaint, KPMG admits that Countrywide made debt offerings. The second sentence of paragraph 18 calls for a legal conclusion to which no response is necessary. Further, to the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and on that basis denies them.

19. In response to paragraph 19 of the Amended Complaint, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 and on that basis denies them.

20. In response to paragraph 20 of the Amended Complaint, KPMG states that, to the extent the allegations of paragraph 20 purport to characterize Countrywide's Form 8-K filed on July 24, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG further states that to the extent the allegations purport to characterize or describe the statements made by in a July 27, 2007 analyst report by Stifel, Nicolaus & Co., alleged in paragraph 20, such document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations of paragraph 20 and on that basis denies them.

21. In response to paragraph 21 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 and on that basis denies them.

22. In response to paragraph 22 of the Amended Complaint, KPMG admits that Countrywide entered into a merger agreement with an entity controlled by Bank of America Corporation, and further states that the financial terms announced concerning the agreement and the trading price of Countrywide stock are matters of public record and speak for themselves. KPMG further states that, to the extent the allegations of paragraph 22 purport to characterize a March 8, 2008 Wall Street Journal article, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 and on that basis denies them.

23. In response to paragraph 23 of the Amended Complaint, to the extent the allegations of paragraph 23 purport to characterize a report issued by the Financial Crisis Inquiry Commission ("FCIC"), such report speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. Further, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified confidential witness(es) ("CW") referenced by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 and on that basis denies them. Moreover, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's

financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

24. In response to paragraph 24 of the Amended Complaint, KPMG states that the volume and trading price of Countrywide stock are matters of public record and speak for themselves, and KPMG denies the allegations to the extent they mischaracterize them. KPMG denies that it made any misstatements or committed any wrongdoing, and further denies that Plaintiff suffered any harm or damage as a result of any alleged misstatement or wrongful conduct on the part of KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

25. In response to paragraph 25 of the Amended Complaint, KPMG states that the actions in the *In re Countrywide Financial Corp. Securities Litigation* matter, as referenced in this paragraph of the Amended Complaint, are matters of public record and speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 and on that basis denies them.

26. In response to paragraph 26 of the Amended Complaint, KPMG admits that Plaintiff purports to assert claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (“Securities Act”), 15 U.S.C. §§ 77k, 77l and 77o, Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (“Exchange Act”), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (“SEC”), 17 C.F.R. § 240.10b-5, Sections 25500 and 25501 *et seq.* of the California Corporations Code for violations of Sections 25400 and 25401 of the California Corporations Code;

Sections 1709-1710 of the California Civil Code; and Section 17200 *et seq.* of the California Business and Professions Code, except for those claims that have been dismissed by the Court. KPMG denies that it is liable under any of the claims asserted against it and denies the remaining allegations of paragraph 26.

27. In response to paragraph 27 of the Amended Complaint, KPMG admits that this Court has subject matter jurisdiction over this action.

28. In response to paragraph 28 of the Amended Complaint, KPMG admits that venue is proper in this district, and that during the Relevant Period, Countrywide maintained its corporate headquarters and principal executive offices in this district. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28, and on that basis denies them.

29. In response to paragraph 29 of the Amended Complaint, KPMG denies that it directly or indirectly used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities exchange alleged at paragraph 29 to commit any wrongful act alleged in the Amended Complaint. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

30. In response to paragraph 30 of the Amended Complaint, KPMG admits this action is not a class action. KPMG states that paragraph 30 of the Amended Complaint contains allegations that call for a legal conclusion, to which no response is necessary. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 and on that basis denies them.

31. In response to paragraph 31 of the Amended Complaint, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies them.

32. In response to the allegations of paragraph 32 of the Amended Complaint, KPMG is informed and believes and on that basis admits the allegations of the first, second and third sentences of paragraph 32. In response to the allegations of the fourth sentence, KPMG is informed and believes and on that basis admits that Countrywide common stock traded on the New York Stock Exchange ("NYSE") from October 1985 until Countrywide's merger with Red Oak Merger Corporation ("Merger").

33. In response to the allegations of paragraph 33 of the Amended Complaint, KPMG is informed and believes and on that basis admits the allegations of the first sentence of paragraph 33. KPMG is informed and believes and on that basis admits that, following the Merger, Red Oak Merger Corporation changed its name to Countrywide Financial Corporation. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

34. In response to paragraph 34 of the Amended Complaint, KPMG is informed and believes and on that basis admits that Mozilo is a co-founder of Countrywide, was chairman of the Countrywide board of directors ("Board") from March 1999 until the Merger, and was chief executive officer ("CEO") of Countrywide from February 1998 until the Merger. KPMG is further informed and believes and on that basis admits that Mozilo was a member of the Board from 1969 until 2008 and that Mozilo was president of the Company from March 2000 through December 2003. KPMG is further informed and believes and on that basis admits that Mozilo was a director of Countrywide Home Loans, Inc. ("CHL") during part of the Relevant Period. KPMG states that Countrywide's 2003 through 2006 Form 10-K Annual Reports, the certifications pursuant to the Sarbanes–Oxley Act of 2002 ("SOX") accompanying its Form 10-Q Quarterly Reports for and from the first quarter of 2004 through the third quarter of 2007, and its Form S-3 ASR filed with the SEC on February 9, 2006, referenced in paragraph 34 of the

Amended Complaint, are documents that speak for themselves, and denies the allegations to the extent they mischaracterize those documents. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 and on that basis denies them.

35. In response to paragraph 35 of the Amended Complaint, KPMG is informed and believes and on that basis admits that David Sambol ("Sambol") became Countrywide's president and chief operating officer in September 2006. KPMG states that Countrywide's 2003 through 2006 Form 10-K Annual Reports, its SOX certifications accompanying its Form 10-Q Quarterly Reports for and from the third quarter of 2006 through and including the third quarter of 2007, and its Form S-3 ASR filed with the SEC on February 9, 2006, referenced in paragraph 35 of the Amended Complaint are documents that speak for themselves, and denies the allegations to the extent they mischaracterize those documents. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 and on that basis denies them.

36. In response to paragraph 36 of the Amended Complaint, KPMG is informed and believes and on that basis admits that Eric Sieracki ("Sieracki") served as the chief financial officer ("CFO") of Countrywide and Countrywide Bank from April 2005. KPMG further states that the Form 10-K Annual Reports from 2005 and 2006 and accompanying SOX certifications, Form 10-Q Quarterly Reports for and from the first quarter of 2005 through and including the third quarter of 2007 and accompanying SOX certifications, Form 10-Q/A Amended Quarterly Reports for the first and second quarters of 2004 and accompanying SOX certifications, and Countrywide's Form S-3 filed with the SEC on February 9, 2006, referenced in paragraph 36 of the Amended Complaint are documents that speak for themselves, and denies the allegations to the extent they mischaracterize those documents. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 and on that basis

denies them.

37. In response to paragraph 37 of the Amended Complaint, KPMG is informed and believes and on that basis admits that Mozilo, Sambol and Sieracki participated in the management of Countrywide by virtue of their positions with the Company. KPMG further states that paragraph 37 includes conclusions of law to which no response is required. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 and on that basis denies them.

38. In response to paragraph 38 of the Amended Complaint, KPMG admits that Countrywide's common stock traded on the NYSE during the Relevant Period. KPMG states that the second sentence of paragraph 38 of the Amended Complaint calls for legal conclusions to which no response is necessary. To the extent a response to these allegations or the remaining allegations of this paragraph is necessary, KMPG states that it is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.

39. In response to paragraph 39 of the Amended Complaint, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 39 and on that basis denies them. KPMG states that the allegations of the third sentence of paragraph 39 call for a legal conclusion to which no response is necessary. To the extent a response to these allegations or the remaining allegations of this paragraph is necessary, KMPG states that it is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies them.

40. KPMG states that paragraph 40 of the Amended Complaint contains allegations that call for a legal conclusion, to which no response is necessary. KPMG is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of paragraph 40 and on that basis denies them.

41. KPMG states that paragraph 41 of the Amended Complaint contains allegations that call for a legal conclusion, to which no response is necessary. Further, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it approved any false or misleading statements, as alleged in this paragraph, or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

42. KPMG is informed and believes and on that basis admits the first sentence of paragraph 42 of the Amended Complaint. KPMG further states that the Form S-3 ASR filed with the SEC on February 9, 2006 and the Form 10-K Annual Reports referenced in paragraph 42 of the Amended Complaint are documents that speak for themselves and denies the allegations to the extent they mischaracterize those documents.

43. KPMG is informed and believes and on that basis admits the first sentence of paragraph 43 of the Amended Complaint. KPMG further states that the Form S-3 ASR filed with the SEC on February 9, 2006 and the Form 10-K Annual Reports referenced in paragraph 43 of the Amended Complaint are documents that speak for themselves and denies the allegations to the extent they mischaracterize those documents.

44. KPMG is informed and believes and on that basis admits the first sentence of paragraph 44 of the Amended Complaint. KPMG further states that the Form S-3 ASR filed with the SEC on February 9, 2006 and the Form 10-K Annual Reports referenced in paragraph 44 of the Amended Complaint are documents that speak for themselves and denies the allegations to the extent they mischaracterize

those documents.

45. KPMG is informed and believes and on that basis admits the first sentence of paragraph 45 of the Amended Complaint. KPMG further states that the Form S-3 ASR filed with the SEC on February 9, 2006 and the Form 10-K Annual Reports referenced in paragraph 45 of the Amended Complaint are documents that speak for themselves and denies the allegations to the extent they mischaracterize those documents.

46. KPMG is informed and believes and on that basis admits the first sentence of paragraph 46 of the Amended Complaint. KPMG further states that the Form S-3 ASR filed with the SEC on February 9, 2006 and the Form 10-K Annual Reports referenced in paragraph 46 of the Amended Complaint are documents that speak for themselves and denies the allegations to the extent they mischaracterize those documents.

47. KPMG is informed and believes and on that basis admits the first sentence of paragraph 47 of the Amended Complaint. KPMG further states that the Form S-3 ASR filed with the SEC on February 9, 2006 and the Form 10-K Annual Reports referenced in paragraph 47 of the Amended Complaint are documents that speak for themselves and denies the allegations to the extent they mischaracterize those documents.

48. KPMG is informed and believes and on that basis admits the first sentence of paragraph 48 of the Amended Complaint. KPMG further states that the Form S-3 ASR filed with the SEC on February 9, 2006 and the Form 10-K Annual Reports referenced in paragraph 48 of the Amended Complaint are documents that speak for themselves and denies the allegations to the extent they mischaracterize those documents.

49. KPMG is informed and believes and on that basis admits the first sentence of paragraph 49 of the Amended Complaint. KPMG further states that the Form S-3 ASR filed with the SEC on February 9, 2006 and the Form 10-K Annual

Reports referenced in paragraph 49 of the Amended Complaint are documents that speak for themselves and denies the allegations to the extent they mischaracterize those documents.

50. KPMG is informed and believes and on that basis admits the first sentence of paragraph 50 of the Amended Complaint. KPMG further states that the Form S-3 ASR filed with the SEC on February 9, 2006 and the Form 10-K Annual Reports referenced in paragraph 50 of the Amended Complaint are documents that speak for themselves and denies the allegations to the extent they mischaracterize those documents.

51. KPMG is informed and believes and on that basis admits the first sentence of paragraph 51 of the Amended Complaint. KPMG further states that the Form S-3 ASR filed with the SEC on February 9, 2006 and the Form 10-K Annual Reports referenced in paragraph 51 of the Amended Complaint are documents that speak for themselves and denies the allegations to the extent they mischaracterize those documents.

52. KPMG is informed and believes and on that basis admits the first sentence of paragraph 52 of the Amended Complaint. KPMG further states that the Form S-3 ASR filed with the SEC on February 9, 2006 and the Form 10-K Annual Reports referenced in paragraph 52 of the Amended Complaint are documents that speak for themselves and denies the allegations to the extent they mischaracterize those documents.

53. KPMG is informed and believes and on that basis admits the first sentence of paragraph 53 of the Amended Complaint. KPMG further states that the Form S-3 ASR filed with the SEC on February 9, 2006 and the Form 10-K Annual Reports referenced in paragraph 53 of the Amended Complaint are documents that speak for themselves and denies the allegations to the extent they mischaracterize those documents.

54. Paragraph 54 of the Amended Complaint is a characterization of the

Amended Complaint to which no response is required.

55. In response to paragraph 55 of the Amended Complaint, KPMG states that the underwriters for the securities referenced in paragraph 55 are identified in the prospectus supplements for the securities, which speak for themselves and KPMG denies the allegations to the extent they mischaracterize them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of the alleged underwriter headquarters set forth in paragraph 55 and on that basis denies them.

56. In response to paragraph 56 of the Amended Complaint, KPMG states that the underwriters for the securities referenced in paragraph 56 are identified in the prospectus supplements for the securities, which speak for themselves and KPMG denies the allegations to the extent they mischaracterize them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of the alleged underwriter headquarters set forth in paragraph 56 and on that basis denies them.

57. In response to paragraph 57 of the Amended Complaint, KPMG states that the underwriters for the securities referenced in paragraph 57 are identified in the prospectus supplements for the securities, which speak for themselves and KPMG denies the allegations to the extent they mischaracterize them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of the alleged underwriter headquarters set forth in paragraph 57 and on that basis denies them.

58. In response to paragraph 58 of the Amended Complaint, KPMG states that the underwriters for the securities referenced in paragraph 58 are identified in the prospectus supplements for the securities, which speak for themselves and KPMG denies the allegations to the extent they mischaracterize them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of the alleged underwriter headquarters set forth

in paragraph 58 and on that basis denies them.

59. In response to paragraph 59 of the Amended Complaint, KPMG states that the underwriters for the securities referenced in paragraph 59 are identified in the prospectus supplements for the securities, which speak for themselves and KPMG denies the allegations to the extent they mischaracterize them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of the alleged underwriter headquarters set forth in paragraph 59 and on that basis denies them.

60. In response to paragraph 60 of the Amended Complaint, KPMG states that the underwriters for the securities referenced in paragraph 60 are identified in the prospectus supplements for the securities, which speak for themselves and KPMG denies the allegations to the extent they mischaracterize them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of the alleged underwriter headquarters set forth in paragraph 60 and on that basis denies them.

61. In response to paragraph 61 of the Amended Complaint, KPMG states that the underwriters for the securities referenced in paragraph 61 are identified in the prospectus supplements for the securities, which speak for themselves and KPMG denies the allegations to the extent they mischaracterize them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of the alleged underwriter headquarters set forth in paragraph 61 and on that basis denies them.

62. In response to paragraph 62 of the Amended Complaint, KPMG states that the underwriters for the securities referenced in paragraph 62 are identified in the prospectus supplements for the securities, which speak for themselves and KPMG denies the allegations to the extent they mischaracterize them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of the alleged underwriter headquarters set forth

in paragraph 62 and on that basis denies them.

63. In response to paragraph 63 of the Amended Complaint, KPMG states that the underwriters for the securities referenced in paragraph 63 are identified in the prospectus supplements for the securities, which speak for themselves and KPMG denies the allegations to the extent they mischaracterize them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of the alleged underwriter headquarters set forth in paragraph 63 and on that basis denies them.

64. In response to paragraph 64 of the Amended Complaint, KPMG states that the underwriters for the securities referenced in paragraph 64 are identified in the prospectus supplements for the securities, which speak for themselves and KPMG denies the allegations to the extent they mischaracterize them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of the alleged underwriter headquarters set forth in paragraph 64 and on that basis denies them.

65. In response to paragraph 65 of the Amended Complaint, KPMG states that the underwriters for the securities referenced in paragraph 65 are identified in the prospectus supplements for the securities, which speak for themselves and KPMG denies the allegations to the extent they mischaracterize them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of the alleged underwriter headquarters set forth in paragraph 65 and on that basis denies them.

66. Paragraph 66 of the Amended Complaint is a characterization of the Amended Complaint to which no response is required.

67. In response to the first sentence of paragraph 67 of the Amended Complaint, KPMG admits that it has offices in the United States and California, and further admits that it maintains its national headquarters at 345 Park Avenue, New York, New York. In response to the second and third sentences of paragraph

67 of the Amended Complaint, KPMG admits that it served as Countrywide's outside auditor beginning January 2004 and ending October 15, 2008, and that it provided audit, audit-related, tax and other services to Countrywide during the Relevant Period. KPMG further states that the Registration Statement filed with the SEC on February 9, 2006, Prospectus Supplement filed with the SEC on May 15, 2006 and Prospectus Supplement filed with the SEC on February 15, 2006, referenced in paragraph 67 of the Amended Complaint, are documents that speak for themselves and denies the allegations to the extent they mischaracterize those documents. Moreover, KPMG states that the audit reports issued by KPMG referenced in paragraph 67 of the Amended Complaint are documents that speak for themselves and denies the allegations to the extent they mischaracterize those reports. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 67 and on that basis denies them.

68. In response to paragraph 68 of the Amended Complaint, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies them.

69. In response to paragraph 69 of the Amended Complaint, KPMG is informed and believes and on that basis admits that Countrywide had a segment, Mortgage Banking, that originated, purchased and serviced certain mortgages. KPMG is further informed and believes and on that basis admits that Countrywide had Consumer Markets, Full Spectrum Lending, Wholesale Lending and Correspondent Lending divisions, which participated in origination and purchasing in relation to certain loans. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 69 and on that basis denies them.

70. In response to paragraph 70 of the Amended Complaint, KPMG is informed and believes and on that basis admits the allegations therein.

71. In response to paragraph 71 of the Amended Complaint, KPMG is informed and believes and on that basis admits that the pre-tax earnings of the Mortgage Banking, Banking and Capital Markets segments generated a significant portion of Countrywide's pre-tax earnings in 2006. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71 and on that basis denies them.

72. In response to paragraph 72 of the Amended Complaint, KPMG is informed and believes and on that basis admits that during the purported Relevant Period, Countrywide sold certain mortgage loans it produced into the secondary mortgage market, primarily in the form of securities and to a lesser extent in the form of loans. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 72 and on that basis denies them.

73. In response to paragraph 73 of the Amended Complaint, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies them.

74. KPMG is informed and believes and on that basis admits that during the purported Relevant Period, Countrywide often performed the ongoing servicing functions related to the residential mortgage loans that it produced. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74 and on that basis denies them.

75. In response to the allegations of paragraph 75 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize Countrywide's Form 10-K filings, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 75 and on that basis denies them.

76. In response to paragraph 76, KPMG states that, to the extent the allegations of paragraph 76 purport to characterize the February 23, 2008 Wall Street Journal article referenced therein, the document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 76 and on that basis denies them.

77. In response to paragraph 77 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements made or opinions expressed by Mozilo in 2003 and/or 2004, such statements speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 77 and on that basis denies them.

78. In response to paragraph 78 of the Amended Complaint, to the extent the allegations of paragraph 78 purport to characterize information contained in or derived from Countrywide’s financial statements, KPMG states that the financial statements speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 78 and on that basis denies them.

79. In response to paragraph 79 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified Confidential Witness 1 (“CW1”) relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 79 and on that basis denies them.

80. In response to paragraph 80 of the Amended Complaint, KPMG lacks

knowledge or information as to the identity of or basis of knowledge of the unidentified Confidential Witness 2 ("CW2") or Confidential Witness 3 ("CW3") relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 80 and on that basis denies them.

81. In response to paragraph 81 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW2, Confidential Witness 4 ("CW4"), Confidential Witness 5 ("CW5") or Confidential Witness 6 ("CW6") relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 81 and on that basis denies them.

82. In response to paragraph 82, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW2 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82 and on that basis denies them. KPMG further states that, to the extent the allegations of paragraph 82 purport to characterize the October 24, 2007 Wall Street Journal article referenced therein, the document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies it.

83. In response to paragraph 83 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW2 or CW4 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 83 and on that basis denies them.

KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 83 and on that basis denies them.

84. In response to paragraph 84 of the Amended Complaint, KPMG states that, to the extent the allegations therein purport to characterize the October 24, 2007 Wall Street Journal article referenced therein, the document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. To the extent the allegations of paragraph 84 purport to characterize information contained in or derived from Countrywide's financial statements, KPMG states that the financial statements speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 84 and on that basis denies them.

85. In response to paragraph 85, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies them.

86. In response to paragraph 86 of the Amended Complaint, KPMG admits that Countrywide's loan products included ARMs that provided an initial interest rate, and that the interest rate on ARMs is adjusted following the initial interest rate period based on the criteria set forth in the loan documentation. KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW6 or Confidential Witness 7 ("CW7") relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 86 and on that basis denies them.

87. In response to paragraph 87 of the Amended Complaint, KPMG is informed and believes and on that basis admits that Countrywide's loan products included Pay Option ARMs containing features that allowed the borrower to defer

making the full interest payment for certain time periods and Pay Option ARMs that were subject to negative amortization under certain conditions. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 87 and on that basis denies them.

88. In response to paragraph 88 of the Amended Complaint, KPMG is informed and believes and on that basis admits that Countrywide's Pay Option ARM loans contained features that allowed the borrower to defer making the full interest payment for certain time periods, and that after this period, minimum monthly payments would increase by a certain amount unless the unpaid balance were increased to a specified limit, at which time a new monthly payment amount adequate to repay the loan over its remaining contractual life would be established. Further, to the extent the allegations of paragraph 88 purport to characterize information contained in or derived from Countrywide's financial statements, KPMG states that the financial statements speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 88 and on that basis denies them.

89. In response to paragraph 89 of the Amended Complaint, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies them.

90. In response to paragraph 90 of the Amended Complaint, KPMG is informed and believes and on that basis admits that Countrywide offered HELOCs. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 90 and on that basis denies them.

91. In response to paragraph 91 of the Amended Complaint, KPMG states that, to the extent the allegations therein purport to characterize the October 24, 2007 Wall Street Journal article referenced therein, the document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it.

KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 91 and on that basis denies them.

92. In response to paragraph 92 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified Confidential Witness 8 ("CW8") relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 92 and on that basis denies them.

93. In response to paragraph 93 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW3 or CW7 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 93 and on that basis denies them.

94. In response to paragraph 94 of the Amended Complaint, to the extent the allegations of paragraph 94 purport to characterize information contained in or derived from Countrywide's financial statements, KPMG states that the financial statements speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 94 and on that basis denies them.

95. In response to paragraph 95 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements made or opinions expressed by Mozilo in 2003, such statements speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 95 and on

that basis denies them.

96. In response to paragraph 96 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. To the extent the allegations of paragraph 96 purport to characterize a report issued by the FCIC, such report speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

97. In response to paragraph 97, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies them.

98. In response to paragraph 98 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 98 and on that basis denies them.

99. In response to paragraph 99 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements

made or opinions expressed in the document entitled, "Interagency Guidance on Nontraditional Mortgage Product Risks," 71 Fed. Reg. 58609 (October 4, 2006), or versions of that document, the document and such versions speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. Further, to the extent that the allegations of paragraph 99 purport to characterize statements made or opinions expressed in Countrywide's public filings, such documents speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 99 and on that basis denies them.

100. In response to paragraph 100 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements made or opinions expressed in the document entitled, "Interagency Guidance on Nontraditional Mortgage Product Risks," 71 Fed. Reg. 58609 (October 4, 2006), the document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 100 and on that basis denies them.

101. In response to paragraph 101 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements made or opinions expressed in the August 2006 Wall Street Journal article referenced therein, the article speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 101 and on that basis denies them.

102. In response to paragraph 102 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements made or opinions expressed in the document entitled, "Interagency

Guidance on Nontraditional Mortgage Product Risks," 71 Fed. Reg. 58609 (October 4, 2006), the document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 102 and on that basis denies them.

103. In response to paragraph 103 of the Amended Complaint, KPMG is informed and believes and on that basis admits the allegations in the first sentence of paragraph 103 of the Amended Complaint. KPMG further states that, to the extent that the allegations in paragraph 103 purport to characterize statements made or opinions expressed in the document entitled, "Interagency Guidance on Nontraditional Mortgage Product Risks," 71 Fed. Reg. 58609 (October 4, 2006), the document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 103 and on that basis denies them.

104. In response to paragraph 104 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that to the extent the allegations purport to characterize statements made or opinions expressed in the October 24, 2007 Wall Street Journal article, Countrywide's Form 10-Q report filed on November 9, 2007 and the document entitled, "Interagency Guidance on Nontraditional Mortgage Product Risks," 71 Fed. Reg. 58609 (October 4, 2006), as referenced in paragraph 104, such documents speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 104 and on that basis denies them.

105. In response to paragraph 105 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. Further, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW6 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 105 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 105 and on that basis denies them.

106. In response to paragraph 106 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. To the extent the allegations of paragraph 106 purport to characterize information contained in or derived from Countrywide's financial statements, KPMG states that the financial statements speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 106 and on that basis denies them.

107. In response to paragraph 107 of the Amended Complaint, KPMG denies the first sentence therein. Further, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 107 and on that basis denies them.

108. In response to paragraph 108 of the Amended Complaint, KPMG is informed and believes and on that basis denies that the risk factors that impacted

Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it knew or should have known of the purported risks alleged in paragraph 108 or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

109. In response to paragraph 109 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. To the extent the allegations of paragraph 109 purport to characterize information contained in or derived from announcements by Bank of America, N.A. ("BofA") or allegations in a complaint filed against Countrywide, KPMG states that the statements and complaint speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG denies that it made any misstatements or committed any wrongdoing, and further denies that Plaintiff suffered any harm or damage as a result of any alleged misstatement or wrongful conduct on the part of KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 109 and on that basis denies them.

110. In response to paragraph 110 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it engaged in the "direction" alleged in paragraph 110 or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

111. In response to paragraph 111 of the Amended Complaint, KPMG is

informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 111 and on that basis denies them.

112. In response to paragraph 112 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. Further, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CWs relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 112 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 112 and on that basis denies them.

113. In response to paragraph 113 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. Further, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW5 or Confidential Witness 9 ("CW9") relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 113 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 113 and on that basis denies them.

114. In response to paragraph 114 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. Further, KPMG lacks

knowledge or information as to the identity of or basis of knowledge of the unidentified CW3, CW5 or CW9 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 114 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 114 and on that basis denies them.

115. In response to paragraph 115 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CWs relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 115 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 115 and on that basis denies them.

116. In response to paragraph 116 of the Amended Complaint, to the extent the allegations of paragraph 116 purport to characterize a report issued by the FCIC, KPMG states that this report speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. Further, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

117. In response to paragraph 117, KPMG states it is without knowledge or

information sufficient to form a belief as to the truth of the allegations therein and on that basis denies them.

118. In response to paragraph 118 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 118 and on that basis denies them.

119. In response to paragraph 119 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CWs relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 119 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 119 and on that basis denies them.

120. In response to paragraph 120 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW5 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 120 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 120 and on that basis denies them.

121. In response to paragraph 121 of the Amended Complaint, KPMG

lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW5 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 121 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 121 and on that basis denies them.

122. In response to paragraph 122 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW5 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 122 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 122 and on that basis denies them.

123. In response to paragraph 123 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW5 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 123 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 123 and on that basis denies them.

124. In response to paragraph 124 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified Confidential Witness 10 ("CW10") relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 124 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 124 and on that basis denies them.

125. In response to paragraph 125 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW3 or CW7 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 125 and on that basis denies

them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 125 and on that basis denies them.

126. In response to paragraph 126 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified Confidential Witness 11 ("CW11") relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 126 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 126 and on that basis denies them.

127. In response to paragraph 127 of the Amended Complaint, to the extent the allegations purport to characterize the allegations of the complaint filed by the SEC referenced therein, such document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 127 and on that basis denies them.

128. In response to paragraph 128 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. Further, to the extent the allegations purport to characterize the allegations of the complaint filed by the SEC referenced therein, such document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG further denies that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

129. In response to paragraph 129 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted

Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 129 and on that basis denies them.

130. In response to paragraph 130 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified witnesses relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 130 and on that basis denies them. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 130 and on that basis denies them.

131. In response to paragraph 131 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW5 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 131 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 131 and on that basis denies them.

132. In response to paragraph 132 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW1 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 132 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 132 and on that basis denies them.

133. In response to paragraph 133, KPMG states that, to the extent the

allegations therein purport to characterize the August 26, 2007 New York Times article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 133 and on that basis denies them.

134. In response to paragraph 134, KPMG states that, to the extent the allegations therein purport to characterize the August 26, 2007 New York Times article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 134 and on that basis denies them.

135. In response to paragraph 135, KPMG states that, to the extent the allegations therein purport to characterize the November 11, 2007 New York Times article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. Further, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW10 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 135 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 135 and on that basis denies them.

136. In response to paragraph 136 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW1 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 136 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 136 and on that basis denies them.

137. In response to paragraph 137 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the

unidentified CW2 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 137 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 137 and on that basis denies them.

138. In response to paragraph 138 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CWs relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 138 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 138 and on that basis denies them.

139. In response to paragraph 139 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW3 and CW7 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 139 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 139 and on that basis denies them.

140. In response to paragraph 140 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW4 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 140 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 140 and on that basis denies them.

141. In response to paragraph 141 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW2 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 141 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 141 and on that basis denies them.

142. In response to paragraph 142 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW2 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 142 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 142 and on that basis denies them.

143. In response to paragraph 143 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW2 or CW7 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 143 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 143 and on that basis denies them.

144. In response to paragraph 144 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW7 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 144 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 144 and on that basis denies them.

145. In response to paragraph 145, KPMG states that, to the extent the allegations therein purport to characterize the November 13, 2008 Business Week article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 145 and on that basis denies them.

146. In response to paragraph 146 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the

unidentified CW3 or CW7 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 146 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 146 and on that basis denies them.

147. In response to paragraph 147, KPMG states that, to the extent the allegations therein purport to characterize the January 17, 2008 Business Week article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. Moreover, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW3 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 147 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 147 and on that basis denies them.

148. In response to paragraph 148, KPMG states that, to the extent the allegations therein purport to characterize the November 4, 2010 Huffington Post article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 148 and on that basis denies them.

149. In response to paragraph 149, KPMG states that, to the extent the allegations therein purport to characterize the FCIC report referenced therein, the report speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 149 and on that basis denies them.

150. In response to paragraph 150, KPMG states that the allegations therein include a legal conclusion to which no response is necessary. KPMG is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 and on that basis denies them.

151. In response to paragraph 151 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements made or opinions expressed in the document entitled, "Interagency Guidance on Nontraditional Mortgage Product Risks," 71 Fed. Reg. 58609 (October 4, 2006), the document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 151 and on that basis denies them.

152. In response to paragraph 152 of the Amended Complaint, to the extent the allegations therein purport to characterize a complaint filed against Countrywide, KPMG states that the document speaks for itself and denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 152 and on that basis denies them.

153. In response to paragraph 153 of the Amended Complaint, to the extent the allegations therein purport to characterize a complaint filed against Countrywide, KPMG states that the document speaks for itself and denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 153 and on that basis denies them.

154. In response to paragraph 154 of the Amended Complaint, to the extent the allegations therein purport to characterize a complaint filed by Capitol West Appraisals, LLC, KPMG states that the document speaks for itself and denies the allegations to the extent the Amended Complaint mischaracterizes it. In response to paragraph 154 of the Amended Complaint, KPMG states that it is without knowledge or information sufficient to form a belief as to the truth of the

allegations and on that basis denies them.

155. In response to paragraph 155 of the Amended Complaint, to the extent the allegations therein purport to characterize a complaint filed by Capitol West Appraisals, LLC, KPMG states that the document speaks for itself and denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Amended Complaint and on that basis denies them.

156. In response to paragraph 156 of the Amended Complaint, KPMG states that, to the extent the allegations purport to characterize statements made or opinions expressed in a March 9, 2007 article in Reuters, an August 26, 2007 New York Times article or the unidentified email referenced in paragraph 156, such documents speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 156 and on that basis denies them.

157. In response to paragraph 157 of the Amended Complaint, to the extent the allegations therein purport to characterize Countrywide documents, KPMG states that the documents speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph of the Amended Complaint and on that basis denies them.

158. In response to paragraph 158 of the Amended Complaint, KPMG states, that to the extent the allegations purport to characterize statements made or opinions expressed in Countrywide's Form 8-K filing, press release and/or earnings call referenced in paragraph 158, such statements speak for themselves and KPMG denies the allegations to the extent the Amended Complaint

mischaracterizes them. Further, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 158 and on that basis denies them.

159. In response to paragraph 159 of the Amended Complaint, KPMG states that, to the extent the allegations purport to characterize statements made or opinions expressed in an August 26, 2007 New York Times article, the document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 159 and on that basis denies them.

160. In response to paragraph 160 of the Amended Complaint, KPMG states that, to the extent the allegations purport to characterize statements made or opinions expressed in an August 26, 2007 New York Times article, the document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 160 and on that basis denies them.

161. In response to paragraph 161 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW4 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 161 and on that basis denies them. Further, to the extent that the allegations of paragraph 161 purport to characterize statements made by Mozilo, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 161 and on that basis denies

them.

162. In response to paragraph 162 of the Amended Complaint, KPMG states that, to the extent the allegations purport to characterize statements made or opinions expressed in the unidentified public disclosures referenced in paragraph 162, such documents speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it made any false or misleading statements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

163. In response to the allegations of paragraph 163 of the Amended Complaint, KPMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies them.

164. In response to paragraph 164 of the Amended Complaint, KPMG states that, to the extent the allegations purport to characterize statements made or opinions expressed in the “Expanded Guidance for Subprime Lending Programs” referenced in paragraph 164, such document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 164 and on that basis denies them.

165. In response to paragraph 165 of the Amended Complaint, KPMG states that, to the extent the allegations purport to characterize statements made or opinions expressed in the “Expanded Guidance for Subprime Lending Programs” referenced in paragraph 165, such document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations of paragraph 165 and on that basis denies them.

166. In response to paragraph 166 of the Amended Complaint, KPMG states that, to the extent the allegations purport to characterize statements made or opinions expressed in the "Expanded Guidance for Subprime Lending Programs" and the Office of Thrift Supervision's February 2001 transmittal letter referenced in paragraph 166, such documents speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 166 and on that basis denies them.

167. In response to paragraph 167, KPMG states that, to the extent the allegations purport to characterize statements made or opinions expressed by Freddie Mac in its February 2003 public guidelines referenced in paragraph 167, such document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 167 and on that basis denies them.

168. In response to paragraph 168 of the Amended Complaint, to the extent the allegations of paragraph 168 purport to characterize statements made or opinions expressed by Mozilo or Sambol, KPMG states that those statements speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG denies that it was "well aware that the appearance of being primarily engaged in prime lending was of critical importance to Countrywide's survival," as alleged in paragraph 168, or that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

169. In response to paragraph 169, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CWs relied upon by

Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 169 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 169 and on that basis denies them.

170. In response to paragraph 170, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW5 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 170 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 170 and on that basis denies them.

171. In response to paragraph 171, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW7 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 171 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 171 and on that basis denies them.

172. In response to paragraph 172, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW3, CW4 or CW9 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 172 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 172 and on that basis denies them.

173. In response to the allegations of paragraph 173 of the Amended Complaint, to the extent that Countrywide's securities filings or public statements are purportedly characterized in paragraph 173, KPMG states that such documents speak for themselves and denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that to the extent the allegations purport to characterize or describe the statements made by John

McMurray ("McMurray") during the July 24, 2007 conference call referenced in paragraph 173, KPMG states that such statements speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 173 and on that basis denies them.

174. In response to the allegations of paragraph 174 of the Amended Complaint, to the extent the allegations purport to characterize or describe the statements made by an HSBC Securities analyst in relation to the July 24, 2007 conference call referenced in paragraph 174, KPMG states that such statements speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 174 and on that basis denies them.

175. In response to the allegations of paragraph 175 of the Amended Complaint, to the extent the allegations purport to characterize or describe the statements made by the analyst referenced in paragraph 175, KPMG states that such statements speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 175 and on that basis denies them.

176. In response to the allegations of paragraph 176 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW5 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 176 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 176 and on that basis denies them.

177. In response to the allegations of paragraph 177 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW7 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 177 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 177 and on that basis denies them.

178. In response to the allegations of paragraph 178 of the Amended Complaint, to the extent the allegations purport to characterize or describe the statements made by in a July 27, 2007 analyst report by Stifel, Nicolaus & Co., referenced in paragraph 178, KPMG states that such document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it.

179. In response to the allegations of paragraph 179 of the Amended Complaint, to the extent the allegations purport to characterize or describe the statements made in a July 27, 2007 analyst report by Stifel, Nicolaus & Co., referenced in paragraph 179, KPMG states that such document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it.

180. In response to the allegations of paragraph 180 of the Amended Complaint, to the extent the allegations purport to characterize or describe the statements made in an August 26, 2007 New York Times article, referenced in paragraph 180, KPMG states that the article speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 180 and on that basis denies them.

181. In response to paragraph 181 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize

statements made or opinions expressed in the document entitled, "Interagency Guidance on Nontraditional Mortgage Product Risks," 71 Fed. Reg. 58609 (October 4, 2006), the document speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 181 and on that basis denies them.

182. In response to the allegations of paragraph 182 of the Amended Complaint, to the extent the allegations purport to characterize or describe the statements made in February 2008 and October 2007 articles in the Wall Street Journal or in the document entitled, "Interagency Guidance on Nontraditional Mortgage Product Risks," 71 Fed. Reg. 58609 (October 4, 2006), referenced in paragraph 182, KPMG states that the articles and document speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 182 and on that basis denies them.

183. In response to paragraph 183 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW1 or CW5 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 183 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 183 and on that basis denies them.

184. In response to paragraph 184 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW3, CW7, CW8 and CW9 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 184 and on that basis denies them. KPMG is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations of paragraph 184 and on that basis denies them.

185. In response to the allegations of paragraph 185 of the Amended Complaint, KPMG states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

186. In response to paragraph 186, KPMG admits the allegations of the first and second sentences of paragraph 186. In response to the allegations of the third sentence, KPMG states that, to the extent that the allegations purport to characterize the provisions of SEC Regulation S-X, 17 C.F.R. § 210.4-01(a)(1), such provisions speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

187. In response to paragraph 187 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 187 and on that basis denies them.

188. In response to paragraph 188 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and therefore admits that delinquent loans and nonaccrual loans are among factors that aid management in determining whether a loan default is probable. KPMG is informed and believes and on that basis admits that the trend of delinquencies and nonaccrual loans are metrics that Countrywide considered in determining estimated default rates for loans and for the determination of ALL, valuation of MSRs, accruals for breaches of R&W and valuation of RIs. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining

allegations in paragraph 188 and on that basis denies them.

189. In response to paragraph 189 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize documents issued by the FASB, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 189 and on that basis denies them.

190. In response to paragraph 190 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize documents issued by the FASB, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further denies the last sentence of paragraph 190. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 190 and on that basis denies them.

191. In response to paragraph 191 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize documents issued by the AICPA, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 191 and on that basis denies them.

192. In response to paragraph 192 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize documents issued by the AICPA, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

193. In response to paragraph 193 of the Amended Complaint, KPMG states that paragraph 193 contains allegations that purport to characterize the

Amended Complaint to which no response is necessary. To the extent a response to any of the allegations in paragraph 193 is necessary, KPMG is without knowledge or information sufficient to form a belief as to the truth of such allegations of this paragraph and on that basis denies them.

194. In response to paragraph 194 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize documents issued by the AICPA or FASB, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

195. In response to paragraph 195 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize documents issued by the AICPA, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG also admits that multiple risk factors were considered in Countrywide's valuation models and accounting estimates, and those models and estimates speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 195 and on that basis denies them.

196. In response to paragraph 196 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of documents issued by the AICPA, such documents and statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 196 and on that basis denies them.

197. In response to paragraph 197 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of documents issued by the AICPA or the Office of the Comptroller of the Currency, such documents and statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis admits that, for Countrywide, RIs are MBSs. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 197 and on that basis denies them.

198. In response to paragraph 198 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG states that, to the extent that the allegations purport to characterize the provisions of documents promulgated by the SEC, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 198 and on that basis denies them.

199. In response to paragraph 199 of the Amended Complaint, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG states that, to the extent that the allegations purport to characterize the ARA, that document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 199 and on that basis denies them.

200. In response to paragraph 200 of the Amended Complaint, KPMG

states that, to the extent that the allegations purport to characterize the ARA, the document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 200 and on that basis denies them.

201. In response to paragraph 201 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of the AAG, the AAG speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 201 and on that basis denies them.

202. In response to paragraph 202 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG also states that the third sentence of paragraph 202 constitutes a legal conclusion to which no response is necessary. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 202 and on that basis denies them.

203. In response to paragraph 203, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those documents and GAAP speak for themselves and KPMG denies the allegations to the extent that they are mischaracterized. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and on that basis denies them.

204. In response to paragraph 204 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of

GAAP or documents issued by FASB, such documents and provisions speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein.

205. In response to paragraph 205 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of documents promulgated by the SEC, the documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 205 and on that basis denies them.

206. In response to paragraph 206 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of documents promulgated by the SEC, the documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 206 and on that basis denies them.

207. In response to paragraph 207 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide statements and financial statements, those statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 207 and on that basis denies them.

208. In response to paragraph 208 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAP, GAAP speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 208 and on that basis denies them.

209. In response to paragraph 209, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 209 and on that basis denies them.

210. In response to paragraph 210 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAP, GAAP speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 210 and on that basis denies them.

211. In response to paragraph 211 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG states that the second sentence of paragraph 211 is a legal conclusion to which no response is necessary. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 211 and on that basis denies them.

212. In response to paragraph 212, KPMG is informed and believes and on

that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 212 and on that basis denies them.

213. In response to paragraph 213 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG further denies the first sentence of paragraph 213. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 213 and on that basis denies them.

214. In response to paragraph 214 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the information drawn from Countrywide financial statements, the statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 214 and on that basis denies them.

215. In response to paragraph 215 of the Amended Complaint, KPMG states that the fourth sentence of paragraph 215 is a legal conclusion to which no response is necessary. KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by

KPMG. KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAP, GAAP speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is further informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. To the extent paragraph 215 incorporates allegations of Section V of the Amended Complaint, KPMG incorporates its responses to those allegations here. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 215 and on that basis denies them.

216. In response to paragraph 216 of the Amended Complaint, KPMG states that, to the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 216 and on that basis denies them.

217. In response to paragraph 217 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents or the information contained in Countrywide's financial statements, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG is

without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 217 and on that basis denies them.

218. In response to paragraph 218 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents, those Countrywide documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 218 and on that basis denies them.

219. In response to paragraph 219 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAP, GAAP speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 219 and on that basis denies them.

220. In response to paragraph 220 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents, those Countrywide documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 220 and on that basis denies

them.

221. In response to paragraph 221 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents, those Countrywide documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 221 and on that basis denies them.

222. In response to paragraph 222 of the Amended Complaint, KPMG incorporates by reference its answer to paragraph 221, above, as if set forth fully herein. KPMG further states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 222 and on that basis denies them.

223. In response to paragraph 223 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide financial statements and GAAP, those financial statements and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or

information sufficient to form a belief as to the truth of any remaining allegations in paragraph 223 and on that basis denies them.

224. In response to paragraph 224 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide financial statements and GAAP, those financial statements and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG further states that the second sentence is a legal conclusion to which no response is necessary. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 224 and on that basis denies them.

225. In response to paragraph 225 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 225 and on that basis denies them.

226. In response to paragraph 226 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or

information sufficient to form a belief as to the truth of any remaining allegations in paragraph 226 and on that basis denies them.

227. In response to paragraph 227 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents, those Countrywide documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 227 and on that basis denies them.

228. In response to paragraph 228 of the Amended Complaint, KPMG states that the first sentence is a legal conclusion to which no response is necessary. KPMG further states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to calculate ALL. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 228 and on that basis denies them.

229. In response to paragraph 229 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the

Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 229 and on that basis denies them.

230. In response to paragraph 230 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide Form 10-K reports, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 230 and on that basis denies them.

231. In response to paragraph 231 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAP, those provisions speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 231 and on that basis denies them.

232. In response to paragraph 232 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide Form 10-K reports, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 232 and on that basis denies them.

233. In response to paragraph 233 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis admits that Countrywide was required to consider the credit risk of underlying loans in its securitizations. Moreover, KPMG

is informed and believes and on that basis admits that the quality of underlying loans is relevant to the valuation of RIs. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 233 and on that basis denies them.

234. In response to paragraph 234 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Also, KPMG is informed and believes and on that basis admits that RIs are often one of the most credit-sensitive tranches of securitizations. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 234 and on that basis denies them.

235. In response to paragraph 235 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAP, those provisions speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 235 and on that basis denies them.

236. In response to paragraph 236 of the Amended Complaint, KPMG is informed and believes and on that basis admits that Countrywide management considered a variety of factors in assessing the reasonableness of the Company's fair value measurements for RIs and the relative weight of any individual factor can vary over time. KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and provisions of GAAP, those Countrywide documents and provisions speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 236 and on that basis denies them.

237. In response to paragraph 237 of the Amended Complaint, KPMG is informed and believes and on that basis admits that Countrywide management considered a variety of factors in assessing the reasonableness of the Company's fair value measurements for RIs and the relative weight of any individual factor can vary over time. KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 237 and on that basis denies them.

238. In response to paragraph 238 of the Amended Complaint, KPMG is informed and believes and on that basis admits that Countrywide management considered a variety of factors in assessing the reasonableness of the Company's fair value measurements for RIs and the relative weight of any individual factor can vary over time. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to calculate RI. KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 238 and on that basis denies them

239. In response to paragraph 239 of the Amended Complaint, KPMG

states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to calculate RI. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 239 and on that basis denies them.

240. In response to paragraph 240 of the Amended Complaint, KPMG is informed and believes and on that basis admits that Countrywide often retained the servicing rights to loans after selling them in the secondary market. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 240 and on that basis denies them.

241. In response to paragraph 241 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 241 and on that basis denies them.

242. In response to paragraph 242 of the Amended Complaint, KPMG

admits the first sentence of paragraph 242. KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG admits that, in certain circumstances under SFAS 140, a valuation allowance can reduce the value of MSRs. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 242 and on that basis denies them.

243. In response to paragraph 243 of the Amended Complaint, KPMG is informed and believes and on that basis admits the first sentence of paragraph 243. KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents, those Countrywide documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 243 and on that basis denies them.

244. In response to paragraph 244 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 244 and on that basis denies them.

245. In response to paragraph 245 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or

information sufficient to form a belief as to the truth of any remaining allegations in paragraph 245 and on that basis denies them.

246. In response to paragraph 246 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 246 and on that basis denies them.

247. In response to paragraph 247 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide's 2007 Form 10-K and GAAP, Countrywide's 2007 Form 10-K and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 247 and on that basis denies them.

248. In response to paragraph 248 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide's 2007 Form 10-K or other 2007 Form 10-Ks, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 248 and on that basis denies them.

249. In response to paragraph 249 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP

speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to calculate MSRs. Moreover, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 249 and on that basis denies them.

250. In response to paragraph 250 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to calculate MSRs. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 250 and on that basis denies them.

251. In response to paragraph 251 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to

calculate MSRs. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 251 and on that basis denies them.

252. In response to the first and second sentences of paragraph 252 of the Amended Complaint, KPMG admits that Countrywide wrote down the fair value of its MSRs in the third quarter 2007 Form 10-Q, which speaks for itself. KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to calculate MSRs. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 252 and on that basis denies them.

253. In response to paragraph 253 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to calculate MSRs. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by

KPMG. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

254. In response to paragraph 254 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to calculate MSRs. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

255. In response to paragraph 255 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide's 2007 Form 10-K and GAAP, Countrywide's 2007 Form 10-K and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to calculate MRSs. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies

them.

256. In response to paragraph 256 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to calculate MRSs and RI. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

257. In response to paragraph 257 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to calculate MSRs. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

258. In response to paragraph 258 of the Amended Complaint, KPMG

states that, to the extent that the allegations purport to characterize the provisions of the Company's SEC filings, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

259. In response to paragraph 259 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide's SEC filings, including its 2007 Form 10-K, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

260. In response to paragraph 260 of the Amended Complaint, KPMG admits the first sentence thereof. Further, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

261. In response to paragraph 261 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to calculate the loss accrual for R&W. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this

paragraph and on that basis denies them.

262. In response to paragraph 262 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

263. In response to paragraph 263 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide management failed to appropriately take into consideration appropriate risk factors and make reasonable judgments necessary to calculate the loss accrual for R&W. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

264. In response to paragraph 264 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAP, GAAP speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

265. In response to paragraph 265 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of

Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

266. In response to paragraph 266 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

267. In response to paragraph 267 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

268. In response to paragraph 268 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAP, those provisions speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material

misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

269. In response to paragraph 269 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

270. In response to paragraph 270 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

271. In response to paragraph 271 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents and GAAP, those Countrywide documents and GAAP speak for themselves, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and

on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

272. In response to paragraph 272 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents, those Countrywide documents speak for themselves, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

273. In response to paragraph 273 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize provisions promulgated by the Committee of Sponsoring Organizations of the Treadway Commission ("COSO"), these provisions speak for themselves, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

274. In response to paragraph 274 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize provisions promulgated by the COSO, these provisions speak for themselves, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

275. In response to paragraph 275 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize provisions promulgated by the COSO, these provisions speak for themselves, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

276. In response to paragraph 276 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize provisions promulgated by the COSO, these provisions speak for themselves, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

277. In response to paragraph 277 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of SOX, these provisions speak for themselves, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

278. In response to paragraph 278 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of

SOX, these provisions speak for themselves, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG also states that the allegations in paragraph 278 constitute a legal conclusion to which no response is necessary. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

279. In response to paragraph 279 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize provisions promulgated by the COSO, the provisions of Countrywide documents and the provisions of SOX, those provisions speak for themselves, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

280. In response to paragraph 280 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize provisions promulgated by the COSO, the provisions of Countrywide documents and the provisions of SOX, those provisions speak for themselves, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies that it failed to perform its audits in accordance with GAAS or committed

any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

281. In response to paragraph 281 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of Countrywide documents, those provisions speak for themselves, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

282. In response to paragraph 282 of the Amended Complaint, to the extent the allegations therein purport to characterize information contained in or derived from Countrywide's financial statements, KPMG states that such documents speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

283. In response to paragraph 283 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

284. In response to paragraph 284 of the Amended Complaint, KPMG admits that Countrywide wrote down the value of certain of its assets in 2007. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

285. In response to paragraph 285 of the Amended Complaint, KPMG is

without knowledge or information sufficient to form a belief as to the truth of any allegations therein and on that basis denies them. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein.

286. In response to paragraph 286 of the Amended Complaint, to the extent the allegations therein purport to characterize the announcement by Countrywide that allegedly took place on or about August 16, 2007, or the analyst statements described in paragraph 286 of the Amended Complaint, KPMG states that such announcement and these statements speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

287. In response to paragraph 287 of the Amended Complaint, to the extent the allegations therein purport to characterize information contained in or derived from Countrywide's financial statements, KPMG states that such documents speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

288. In response to paragraph 288 of the Amended Complaint, KPMG admits that Countrywide recorded write downs of certain of its assets in the third and fourth quarters of 2007. To the extent the allegations of paragraph 288 purport to characterize information contained in or derived from Countrywide's financial statements, KPMG states that such documents speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them. Further, KPMG is informed and believes and on that basis denies that Countrywide made

any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

289. In response to paragraph 289 of the Amended Complaint, to the extent that the allegations purport to characterize statements made or information contained in BofA's January 11, 2008 announcement referenced in paragraph 289, KPMG states that such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

290. In response to paragraph 290 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG further states that to the extent the allegations of paragraph 290 purport to characterize information contained in or derived from Countrywide's financial statements, such documents speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

291. In response to paragraph 291 of the Amended Complaint, to the extent the allegations incorporate allegations from other paragraphs in the Amended Complaint, KPMG incorporates by reference its response to those paragraphs as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

292. In response to paragraph 292 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement or omission regarding financial statements audited by KPMG. To the

extent the allegations of paragraph 292 purport to characterize information contained in or derived from Countrywide's financial statements, KPMG states that such documents speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

293. In response to the allegations of paragraph 293 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize Countrywide's 2003 Form 10-K, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

294. In response to the allegations of paragraph 294 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize Countrywide's 2003 Form 10-K, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

295. In response to the allegations of paragraph 295 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize Countrywide's 2003 Form 10-K, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

296. In response to the allegations of paragraph 296 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize Countrywide's 2003 Form 10-K, such document speaks for itself and KPMG

denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

297. In response to the allegations of paragraph 297 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize Countrywide's 2003 Form 10-K, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

298. In response to the allegations of paragraph 298 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize statements made in an analyst conference call on April 21, 2004, as alleged in paragraph 298, the statements made during that call speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. Further, KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

299. In response to the allegations of paragraph 299 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize Countrywide's 2003 Form 10-K, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

300. In response to the allegations of paragraph 300 of the Amended Complaint, KPMG states that, to the extent the allegations therein purport to characterize Countrywide's 2003 Form 10-K and the SOX certifications referenced in paragraph 300, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is further informed and believes and on that basis denies that risk factors

that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. To the extent paragraph 300 incorporates the allegations of other paragraphs of the Amended Complaint, KPMG incorporates by reference its answers to those allegations as if set forth fully herein. KPMG is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 300 and on that basis denies them.

301. In response to the allegations of paragraph 301 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize statements contained in Countrywide's Form 8-K filed on April 21, 2004 and the accompanying press release referenced in paragraph 301, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

302. In response to the allegations of paragraph 302 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize statements allegedly made during an April 21, 2004 conference call referenced in paragraph 302, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

303. In response to the allegations of paragraph 303 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize statements allegedly made by Mozilo and an unidentified analyst during an April 21, 2004 conference call referenced in paragraph 303, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

304. In response to the allegations of paragraph 304 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize statements allegedly made by Mozilo and an unidentified analyst during an April 21, 2004 conference call referenced in paragraph 304, such statements speak for

themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

305. In response to the allegations of paragraph 305 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize statements allegedly made by Mozilo and an unidentified analyst during an April 21, 2004 conference call referenced in paragraph 305, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

306. In response to the allegations of paragraph 306 of the Amended Complaint, KPMG states that, to the extent such allegations purport to characterize statements allegedly made by Stanford L. Kurland ("Kurland") and an unidentified analyst during an April 21, 2004 conference call referenced in paragraph 306, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

307. In response to paragraph 307 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 307 of the Amended Complaint purport to characterize statements allegedly made by Mozilo or Kurland on an April 21, 2004 conference call referenced in paragraph 307, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 307 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its answers to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph and on that basis denies them.

308. In response to paragraph 308 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 308 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 7, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein.

309. In response to paragraph 309 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 309 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 7, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

310. In response to paragraph 310 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 310 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 7, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

311. In response to paragraph 311 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 311 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 7, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

312. In response to paragraph 312 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 312 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 7, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

313. In response to paragraph 313 of the Amended Complaint, KPMG

states that, to the extent that the allegations of paragraph 313 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 7, 2004 and the SOX certifications contained therein, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

314. In response to paragraph 314 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 314 of the Amended Complaint purport to characterize Countrywide's Form 10-Q/A filed April 25, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

315. In response to paragraph 315 of the Amended Complaint, KPMG states that, to the extent the allegations of paragraph 315 purport to characterize Countrywide's Form 10-Q filed May 7, 2004 or Form 10-Q/A filed April 25, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 315 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its answers to those paragraphs as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

316. In response to paragraph 316 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 316 of the Amended Complaint purport to characterize Countrywide's Form 8-K filed July 26, 2004 and

an accompanying press release, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

317. In response to paragraph 317 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 317 of the Amended Complaint purport to characterize statements made by Mozilo on a July 22, 2004 conference call, as referenced in paragraph 317, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

318. In response to paragraph 318 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 318 of the Amended Complaint purport to characterize statements made by Mozilo on a July 22, 2004 conference call, as referenced in paragraph 318, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

319. In response to paragraph 319 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 319 of the Amended Complaint purport to characterize statements made by Mozilo on July 22, 2004, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 319 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG

denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

320. In response to paragraph 320 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 320 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 6, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein.

321. In response to paragraph 321 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 321 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 6, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

322. In response to paragraph 322 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 322 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 6, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

323. In response to paragraph 323 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 323 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 6, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

324. In response to paragraph 324 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 324 of the Amended

Complaint purport to characterize Countrywide's Form 10-Q filed August 6, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 324 and on that basis denies them.

325. In response to paragraph 325 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 325 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 6, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

326. In response to paragraph 326 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 326 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 6, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 326 and on that basis denies them.

327. In response to paragraph 327 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 327 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 6, 2004 and the SOX certifications contained therein, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

328. In response to paragraph 328 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 328 of the Amended Complaint purport to characterize Countrywide's Form 10-Q/A filed May 16, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

329. In response to paragraph 329 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 329 of the Amended Complaint purport to characterize Countrywide's Form 10-Q/A filed May 16, 2005 and an accompanying press release, as alleged in paragraph 329, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

330. In response to paragraph 330 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 330 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 6, 2004 or Form 10-Q/A filed May 16, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 330 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its answers to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

331. In response to paragraph 331 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 331 of the Amended Complaint purport to characterize Countrywide's Form 8-K and attached press release filed October 20, 2004, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of this paragraph and on that basis denies them.

332. In response to paragraph 332 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 332 of the Amended Complaint purport to characterize Countrywide's Form 8-K and attached press release filed October 20, 2004, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

333. In response to paragraph 333 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 333 of the Amended Complaint purport to characterize Countrywide's Form 8-K and attached press release filed October 20, 2004 or statements made or opinions expressed by Mozilo, such documents and statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 333 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

334. In response to paragraph 334 of the Amended Complaint, KPMG

states that, to the extent that the allegations of paragraph 334 of the Amended Complaint purport to characterize statements allegedly made by Mozilo or Kurland on an October 20, 2004 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

335. In response to paragraph 335 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 335 of the Amended Complaint purport to characterize statements made by Jaime Weiss or Mozilo on an October 20, 2004 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

336. In response to paragraph 336 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 336 of the Amended Complaint purport to characterize statements made by Mozilo on an October 20, 2004 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 336 allegations set forth in Sections V or IX of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

337. In response to paragraph 337 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 337 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 8, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint,

KPMG incorporates its answers to those allegations as if set forth in full herein.

338. In response to paragraph 338 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 338 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 8, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

339. In response to paragraph 339 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 339 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 8, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

340. In response to paragraph 340 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 340 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 8, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

341. In response to paragraph 341 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 341 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 8, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

342. In response to paragraph 342 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 342 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 8, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

343. In response to paragraph 343 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 343 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 8, 2004, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

344. In response to paragraph 344 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 344 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX certifications filed November 8, 2004, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

345. In response to paragraph 345 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 345 of the Amended Complaint purport to characterize Countrywide's Form 10-Q/A filed May 16, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

346. In response to paragraph 346 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 346 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX certifications filed November 8, 2004 and Form 10-Q/A filed May 16, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 346

allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph and on that basis denies them.

347. In response to paragraph 347 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 347 of the Amended Complaint purport to characterize Countrywide's Form 8-K and attached press release filed February 2, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

348. In response to paragraph 348 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 348 of the Amended Complaint purport to characterize statements made by Mozilo, Kurland or Robert Napoli on a February 2, 2005 conference call, as alleged in paragraph 348, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

349. In response to paragraph 349 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 349 of the Amended Complaint purport to characterize statements made by Mozilo, Kurland or Robert Napoli on a February 2, 2005 conference call, as alleged in paragraph 349, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 349 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

350. In response to paragraph 350 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 350 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 15, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein.

351. In response to paragraph 351 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 351 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 15, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

352. In response to paragraph 352 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 352 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 15, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

353. In response to paragraph 353 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 353 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 15, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

354. In response to paragraph 354 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 354 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 15, 2005, such document speaks for itself and KPMG denies the allegations to the extent that

the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

355. In response to paragraph 355 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 355 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 15, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

356. In response to paragraph 356 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 356 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 15, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

357. In response to paragraph 357 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 357 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 15, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

358. In response to paragraph 358 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 358 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 15, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

359. In response to paragraph 359 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 359 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 15, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

360. In response to paragraph 360 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 360 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 15, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. Further, KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

361. In response to paragraph 361 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 361 of the Amended Complaint purport to characterize Countrywide's Form 10-K and SOX certifications filed March 15, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

362. In response to paragraph 362 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 362 of the Amended Complaint purport to characterize Countrywide's Form 10-K and SOX certifications filed March 15, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 362 allegations set forth in Sections V or X of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG denies that it

made any misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

363. In response to paragraph 363 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 363 of the Amended Complaint purport to characterize statements made by Mozilo on March 15, 2005, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

364. In response to paragraph 364 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 364 of the Amended Complaint purport to characterize statements made by Mozilo on March 15, 2005, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

365. In response to paragraph 365 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 365 of the Amended Complaint purport to characterize statements made by Mozilo on March 15, 2005, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

366. In response to paragraph 366 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 366 of the Amended Complaint purport to characterize statements made by Mozilo on March 15, 2005, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

367. In response to paragraph 367 of the Amended Complaint, KPMG

states that, to the extent that the allegations of paragraph 367 of the Amended Complaint purport to characterize statements made by Mozilo on March 15, 2005, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 367 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

368. In response to paragraph 368 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 368 of the Amended Complaint purport to characterize Countrywide's Form 8-K and attached press release filed April 26, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

369. In response to paragraph 369 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 369 of the Amended Complaint purport to characterize statements made by Mozilo, Sieracki, Kurland or Mark Patterson during a conference call on April 26, 2005, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

370. In response to paragraph 370 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 370 of the Amended Complaint purport to characterize statements made by Kurland or Fred Cannon during a conference call on April 26, 2005, such statements speak for themselves

and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

371. In response to paragraph 371 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 371 of the Amended Complaint purport to characterize statements made by Mozilo, Sieracki and/or Kurland during an alleged conference call on April 26, 2005, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 371 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

372. In response to paragraph 372 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 372 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein.

373. In response to paragraph 373 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 373 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

374. In response to paragraph 374 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 374 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

375. In response to paragraph 375 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 375 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

376. In response to paragraph 376 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 376 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

377. In response to paragraph 377 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 377 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX certifications filed May 9, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

378. In response to paragraph 378 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 378 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX certifications filed May 9, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes

them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 378 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

379. In response to paragraph 379 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 379 of the Amended Complaint purport to characterize statements made by McMurray, Mozilo, Sambol or Kurland, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

380. In response to paragraph 380 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 380 of the Amended Complaint purport to characterize statements made by the alleged unidentified Countrywide representative, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

381. In response to paragraph 381 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 381 of the Amended Complaint purport to characterize statements made by Sambol, such statements speak for themselves and KPMG denies the allegations to the extent that the

Amended Complaint mischaracterizes them.

382. In response to paragraph 382 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 382 of the Amended Complaint purport to characterize statements made by McMurray, Mozilo, Sambol or Kurland, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 382 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

383. In response to paragraph 383 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 383 of the Amended Complaint purport to characterize statements made by Mozilo on June 2, 2005, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

384. In response to paragraph 384 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 384 of the Amended Complaint purport to characterize statements made by Mozilo on June 2, 2005, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

385. In response to paragraph 385 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 385 of the Amended Complaint purport to characterize statements made by Mozilo on June 2, 2005, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

386. In response to paragraph 386 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 386 of the Amended Complaint purport to characterize statements made by Mozilo or the unidentified speaker, as referenced in this paragraph of the Amended Complaint, of the Amended Complaint on June 2, 2005, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

387. In response to paragraph 387 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 387 of the Amended Complaint purport to characterize statements made by Mozilo on June 2, 2005, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 387 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

388. In response to paragraph 388 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 388 of the Amended Complaint purport to characterize Countrywide's Form 8-K and attached press

release filed July 26, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

389. In response to paragraph 389 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 389 of the Amended Complaint purport to characterize statements made by Kurland on a July 26, 2005 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

390. In response to paragraph 390 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 390 of the Amended Complaint purport to characterize statements made by Mozilo and Ken Posner on a July 26, 2005 conference call, those statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

391. In response to paragraph 391 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 391 of the Amended Complaint purport to characterize statements made by Mozilo, Kurland or the analyst referenced in paragraph 391 on a July 26, 2005 conference call, those statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

392. In response to paragraph 392 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 392 of the Amended Complaint purport to characterize statements made by Mozilo on a July 26, 2005 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

393. In response to paragraph 393 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 393 of the Amended Complaint purport to characterize statements made by Kurland or Sieracki on a

July 26, 2005 conference call, those statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

394. In response to paragraph 394 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 394 of the Amended Complaint purport to characterize statements made by Mozilo, Sieracki and Barry Cohen on a July 26, 2005 conference call, those statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

395. In response to paragraph 395 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 395 of the Amended Complaint purport to characterize statements made by Mozilo, Kurland or Sieracki on July 26, 2005, those statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 395 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph and on that basis denies them.

396. In response to paragraph 396 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 396 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 8, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG

incorporates its answers to those allegations as if set forth in full herein.

397. In response to paragraph 397 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 397 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 8, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph and on that basis denies them.

398. In response to paragraph 398 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 398 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 8, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

399. In response to paragraph 399 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 399 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 8, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph and on that basis denies them.

400. In response to paragraph 400 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 400 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 8, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

401. In response to paragraph 401 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 401 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 8, 2005,

such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph and on that basis denies them.

402. In response to paragraph 402 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 402 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 8, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

403. In response to paragraph 403 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 403 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX certifications filed August 8, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

404. In response to paragraph 404 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 404 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 8, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 404 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

405. In response to paragraph 405 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 405 of the Amended Complaint purport to characterize statements made by Mozilo on a September 13, 2005 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

406. In response to paragraph 406 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 406 of the Amended Complaint purport to characterize statements made by Mozilo on a September 13, 2005 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

407. In response to paragraph 407 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 407 of the Amended Complaint purport to characterize statements made by Mozilo on a September 13, 2005 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 407 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

408. In response to paragraph 408 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 408 of the Amended Complaint purport to characterize Countrywide's Form 8-K and attached press release filed October 27, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes

them.

409. In response to paragraph 409 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 409 of the Amended Complaint purport to characterize statements made by Mozilo on an October 27, 2005 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

410. In response to paragraph 410 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 410 of the Amended Complaint purport to characterize statements made by Mozilo on an October 27, 2005 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 410 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

411. In response to paragraph 411 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 411 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 8, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein.

412. In response to paragraph 412 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 412 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 8, 2005, such document speaks for itself and KPMG denies the allegations to the

extent that the Amended Complaint mischaracterizes it.

413. In response to paragraph 413 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 413 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 8, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

414. In response to paragraph 414 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 414 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 8, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

415. In response to paragraph 415 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 415 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 8, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

416. In response to paragraph 416 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 416 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 8, 2005, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

417. In response to paragraph 417 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 417 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX certifications filed November 8, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

418. In response to paragraph 418 of the Amended Complaint, KPMG

states that, to the extent that the allegations of paragraph 418 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX certifications filed November 8, 2005, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 418 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

419. In response to paragraph 419 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 419 of the Amended Complaint purport to characterize Countrywide's Form 8-K and attached press release filed January 31, 2006, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

420. In response to paragraph 420 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 420 of the Amended Complaint purport to characterize statements made by Mozilo on a January 31, 2006 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

421. In response to paragraph 421 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 421 of the Amended

Complaint purport to characterize statements made by Mozilo on a January 31, 2006 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 421 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

422. In response to paragraph 422 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 422 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

423. In response to paragraph 423 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 423 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

424. In response to paragraph 424 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 424 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

425. In response to paragraph 425 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 425 of the Amended

Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

426. In response to paragraph 426 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 426 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

427. In response to paragraph 427 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 427 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

428. In response to paragraph 428 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 428 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

429. In response to paragraph 429 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 429 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

430. In response to paragraph 430 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 430 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

431. In response to paragraph 431 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 431 of the Amended Complaint purport to characterize an Audit Report issued by KPMG dated February 27, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

432. In response to paragraph 432 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 432 of the Amended Complaint purport to characterize Countrywide's Form 10-K and SOX certifications filed March 1, 2006, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

433. In response to paragraph 433 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 433 of the Amended Complaint purport to characterize Countrywide's Form 10-K and SOX certifications filed March 1, 2006, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any misstatements or committed any wrongdoing and further denies that its Audit Report dated February 27, 2006 was false or misleading. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 433 allegations set forth in Sections V and X of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of this paragraph and on that basis denies them.

434. In response to paragraph 434 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 434 of the Amended Complaint purport to characterize statements made by Sieracki on March 21, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

435. In response to paragraph 435 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 435 of the Amended Complaint purport to characterize statements made by Sieracki on March 21, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any misstatements or committed any wrongdoing and further denies that its Audit Report dated February 27, 2006 was false or misleading. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 435 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

436. In response to paragraph 436 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 436 of the Amended Complaint purport to characterize statements made by Sambol on March 30, 2006, such statements speak for themselves and KPMG denies the allegations to the

extent that the Amended Complaint mischaracterizes them.

437. In response to paragraph 437 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 437 of the Amended Complaint purport to characterize statements made by Carlos Garcia ("Garcia") or an unidentified audience member at a March 30 2006 conference, those statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

438. In response to paragraph 438 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 438 of the Amended Complaint purport to characterize statements made by Sambol, Garcia or Mozilo on March 30, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 438 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

439. In response to paragraph 439 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 439 of the Amended Complaint purport to characterize Countrywide's Form 8-K and attached press release filed April 27, 2006, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

440. In response to paragraph 440 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 440 of the Amended Complaint purport to characterize statements made by Mozilo on an April 27, 2006

conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

441. In response to paragraph 441 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 441 of the Amended Complaint purport to characterize statements made by Mozilo on an April 27, 2006 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

442. In response to paragraph 442 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 442 of the Amended Complaint purport to characterize statements made by Mozilo on an April 27, 2006 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 442 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

443. In response to paragraph 443 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 443 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 10, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein.

444. In response to paragraph 444 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 444 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 10, 2006,

such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

445. In response to paragraph 445 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 445 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 10, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

446. In response to paragraph 446 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 446 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 10, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

447. In response to paragraph 447 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 447 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 10, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

448. In response to paragraph 448 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 448 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 10, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

449. In response to paragraph 449 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 449 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 10, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

450. In response to paragraph 450 of the Amended Complaint, KPMG

states that, to the extent that the allegations of paragraph 450 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 10, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

451. In response to paragraph 451 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 451 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX certifications filed May 10, 2006, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

452. In response to paragraph 452 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 452 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 10, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 452 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

453. In response to paragraph 453 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 453 of the Amended Complaint purport to characterize statements allegedly made by Vincent

Breitenbach ("Breitenbach") on May 17, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

454. In response to paragraph 454 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 454 of the Amended Complaint purport to characterize statements allegedly made by Breitenbach on May 17, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

455. In response to paragraph 455 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 455 of the Amended Complaint purport to characterize statements allegedly made by Breitenbach on May 17, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

456. In response to paragraph 456 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 456 of the Amended Complaint purport to characterize statements allegedly made during a May 17, 2006 conference as alleged in paragraph 456, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 456 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

457. In response to paragraph 457 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements allegedly made by Mozilo on May 31, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended

Complaint mischaracterizes them.

458. In response to paragraph 458 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements allegedly made by Mozilo on May 31, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

459. In response to paragraph 459 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements allegedly made by Mozilo on May 31, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

460. In response to paragraph 460 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements allegedly made during a May 31, 2006 conference as alleged in paragraph 460, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 460 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

461. In response to paragraph 461 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 461 of the Amended Complaint purport to characterize Countrywide's Form 8-K and attached press release filed July 25, 2006, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

462. In response to paragraph 462 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 462 of the Amended Complaint purport to characterize statements allegedly made by Mozilo and an unidentified analyst from Bear Stearns on a July 25, 2006 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

463. In response to paragraph 463 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 463 of the Amended Complaint purport to characterize statements allegedly made by Mozilo on a July 25, 2006 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 463 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

464. In response to paragraph 464 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 464 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein.

465. In response to paragraph 465 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 465 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that

the Amended Complaint mischaracterizes it.

466. In response to paragraph 466 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 466 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

467. In response to paragraph 467 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 467 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

468. In response to paragraph 468 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 468 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

469. In response to paragraph 469 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 469 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

470. In response to paragraph 470 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 470 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed August 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

471. In response to paragraph 471 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 471 of the Amended

Complaint purport to characterize Countrywide's Form 10-Q filed August 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

472. In response to paragraph 472 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 472 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX certifications filed August 7, 2006, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

473. In response to paragraph 473 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 473 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX certifications filed August 7, 2006, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 473 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

474. In response to paragraph 474 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 474 of the Amended Complaint purport to characterize statements allegedly made by Jim Furash

("Furash") on September 12, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

475. In response to paragraph 475 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 475 of the Amended Complaint purport to characterize statements allegedly made by Furash on September 12, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

476. In response to paragraph 476 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 476 of the Amended Complaint purport to characterize statements allegedly made by Furash on September 12, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 476 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

477. In response to paragraph 477 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 477 of the Amended Complaint purport to characterize statements allegedly made by Mozilo on September 13, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

478. In response to paragraph 478 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 478 of the Amended Complaint purport to characterize statements allegedly made by Mozilo on September 13, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

479. In response to paragraph 479 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 479 of the Amended Complaint purport to characterize statements allegedly made by Sambol on September 13, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

480. In response to paragraph 480 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 480 of the Amended Complaint purport to characterize statements allegedly made by Sieracki or an unidentified audience member on September 13, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

481. In response to paragraph 481 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 481 of the Amended Complaint purport to characterize statements allegedly made by Furash on September 13, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

482. In response to paragraph 482 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 482 of the Amended Complaint purport to characterize statements allegedly made by Mozilo, Sieracki, Sambol and Furash on September 13, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide’s financial statements

were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 482 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

483. In response to paragraph 483 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 483 of the Amended Complaint purport to characterize Countrywide's Form 8-K and attached press release filed October 24, 2006, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

484. In response to paragraph 484 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 484 of the Amended Complaint purport to characterize statements made by Mozilo, Sambol and/or Sieracki on October 24, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

485. In response to paragraph 485 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 485 of the Amended Complaint purport to characterize statements made by Mozilo on October 24, 2006, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 485 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph and on that basis denies them.

486. In response to paragraph 486 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 486 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein.

487. In response to paragraph 487 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 487 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

488. In response to paragraph 488 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 488 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

489. In response to paragraph 489 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 489 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

490. In response to paragraph 490 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 490 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

491. In response to paragraph 491 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 491 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

492. In response to paragraph 492 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 492 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

493. In response to paragraph 493 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 493 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

494. In response to paragraph 494 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 494 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

495. In response to paragraph 495 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 495 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed November 7, 2006, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

496. In response to paragraph 496 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 496 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX

certifications filed November 7, 2006, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

497. In response to paragraph 497 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 497 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX certifications filed November 7, 2006, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 497 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

498. In response to paragraph 498 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 498 of the Amended Complaint purport to characterize Countrywide's Form 8-K and attached press release filed January 30, 2007, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

499. In response to paragraph 499 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 499 of the Amended Complaint purport to characterize statements made by Mozilo and Ken Bruce on a

January 30, 2007 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

500. In response to paragraph 500 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 500 of the Amended Complaint purport to characterize statements made by Mozilo or a Piper Jaffray analyst on a January 30, 2007 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

501. In response to paragraph 501 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 501 of the Amended Complaint purport to characterize statements made by Mozilo on a January 30, 2007 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 501 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

502. In response to paragraph 502 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 502 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

503. In response to paragraph 503 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 503 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007,

such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

504. In response to paragraph 504 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 504 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

505. In response to paragraph 505 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 505 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

506. In response to paragraph 506 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 506 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

507. In response to paragraph 507 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 507 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

508. In response to paragraph 508 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 508 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

509. In response to paragraph 509 of the Amended Complaint, KPMG

states that, to the extent that the allegations of paragraph 509 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

510. In response to paragraph 510 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 510 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

511. In response to paragraph 511 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 511 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

512. In response to paragraph 512 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 512 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

513. In response to paragraph 513 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 513 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

514. In response to paragraph 514 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 514 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007, such document speaks for itself and KPMG denies the allegations to the extent that

the Amended Complaint mischaracterizes it.

515. In response to paragraph 515 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 515 of the Amended Complaint purport to characterize Countrywide's Form 10-K filed March 1, 2007 or KPMG's Audit Report dated February 28, 2007, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

516. In response to paragraph 516 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 516 of the Amended Complaint purport to characterize Countrywide's Form 10-K and SOX certifications filed March 1, 2007, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

517. In response to paragraph 517 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 517 of the Amended Complaint purport to characterize Countrywide's Form 10-K and SOX certifications filed March 1, 2007, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any misstatements or committed any wrongdoing and further denies that KPMG's Audit Report dated February 28, 2007 was false or misleading. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 517 allegations set forth in Sections V or X of the Amended Complaint, KPMG

hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

518. In response to paragraph 518 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 518 of the Amended Complaint purport to characterize statements made by Sieracki on March 6, 2007, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

519. In response to paragraph 519 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 519 of the Amended Complaint purport to characterize statements made by Sieracki on March 6, 2007, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

520. In response to paragraph 520 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 520 of the Amended Complaint purport to characterize statements made by Sieracki on March 6, 2007, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 520 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

521. In response to paragraph 521 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 521 of the Amended Complaint purport to characterize statements made by Mozilo or a CNBC

interviewer on March 13, 2007, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

522. In response to paragraph 522 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize statements made by Mozilo on March 13, 2007, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 522 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

523. In response to paragraph 523 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 523 of the Amended Complaint purport to characterize Countrywide's Form 8-K and attached press release filed April 26, 2007, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

524. In response to paragraph 524 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 524 of the Amended Complaint purport to characterize statements made by Mozilo on an April 26, 2007 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

525. In response to paragraph 525 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 525 of the Amended

Complaint purport to characterize statements made by Sambol on an April 26, 2007 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

526. In response to paragraph 526 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 526 of the Amended Complaint purport to characterize statements made by Mozilo on an April 26, 2007 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

527. In response to paragraph 527 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 527 of the Amended Complaint purport to characterize statements made by Sambol on an April 26, 2007 conference call, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

528. In response to paragraph 528 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 528 of the Amended Complaint purport to characterize statements made by Mozilo or Sambol, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 528 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

529. In response to paragraph 529 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 529 of the Amended Complaint purport to characterize statements made by Jennifer Sandefur ("Sandefur") on April 26, 2007, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes

them.

530. In response to paragraph 530 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 530 of the Amended Complaint purport to characterize statements made by Sandefur on April 26, 2007, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

531. In response to paragraph 531 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 531 of the Amended Complaint purport to characterize statements made by Sandefur on April 26, 2007, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

532. In response to paragraph 532 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 532 of the Amended Complaint purport to characterize statements made by Sandefur on April 26, 2007, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

533. In response to paragraph 533 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 533 of the Amended Complaint purport to characterize statements made by Sandefur on April 26, 2007, such statements speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 533 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

534. In response to paragraph 534 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 534 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein.

535. In response to paragraph 535 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 535 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

536. In response to paragraph 536 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 536 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

537. In response to paragraph 537 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 537 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

538. In response to paragraph 538 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 538 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

539. In response to paragraph 539 of the Amended Complaint, KPMG

states that, to the extent that the allegations of paragraph 539 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

540. In response to paragraph 540 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 540 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

541. In response to paragraph 541 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 541 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

542. In response to paragraph 542 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 542 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

543. In response to paragraph 543 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 543 of the Amended Complaint purport to characterize Countrywide's Form 10-Q filed May 9, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

544. In response to paragraph 544 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 544 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX certifications filed May 9, 2007, such documents speak for themselves and KPMG

denies the allegations to the extent that the Amended Complaint mischaracterizes them.

545. In response to paragraph 545 of the Amended Complaint, KPMG states that, to the extent that the allegations of paragraph 545 of the Amended Complaint purport to characterize Countrywide's Form 10-Q and SOX certifications filed May 9, 2007, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. Moreover, KPMG is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 545 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

546. In response to paragraph 546 of the Amended Complaint, KPMG states that the registration statements, prospectuses and prospectus supplements for the securities referenced in paragraph 546 of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

547. In response to paragraph 547 of the Amended Complaint, KPMG

states that the documents referenced in paragraph 547 speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

548. In response to paragraph 548 of the Amended Complaint, KPMG states that the registration statement referenced in paragraph 548 speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

549. In response to paragraph 549 of the Amended Complaint, KPMG states that the underwriters for the securities referenced in paragraph 549 are identified in the prospectus supplement for the securities, which speaks for itself, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

550. In response to paragraph 550 of the Amended Complaint, KPMG states that the documents referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

551. In response to paragraph 551 of the Amended Complaint, KPMG states that the documents referenced in paragraph 551 speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 551 allegations of other sections of its Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. Moreover, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies that it made any misstatements or committed any wrongdoing and is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

552. In response to paragraph 552 of the Amended Complaint, KPMG states that the registration statement, prospectus and prospectus supplement for the securities referenced in paragraph 552 of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

553. In response to paragraph 553 of the Amended Complaint, KPMG states that the registration statement referenced in paragraph 553 speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

554. In response to paragraph 554 of the Amended Complaint, KPMG states that the underwriters for the securities referenced in paragraph 554 are identified in the free writing prospectus dated May 11, 2006 for the securities, which speaks for itself, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

555. In response to paragraph 555 of the Amended Complaint, KPMG states that the documents referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

556. In response to paragraph 556 of the Amended Complaint, KPMG states that the documents referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further states that, to the

extent Plaintiff purports to incorporate by reference in paragraph 556 allegations of other sections of its Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. Moreover, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies that it made any misstatements or committed any wrongdoing and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

557. In response to paragraph 557 of the Amended Complaint, KPMG states that the Countrywide July 16, 2007 Form 8-K and press release referenced in paragraph 557 speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

558. In response to paragraph 558 of the Amended Complaint, KPMG states that the statements attributed to Stuart Plesser, referenced in paragraph 558, speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

559. In response to paragraph 559 of the Amended Complaint, KPMG states that the statements attributed to Paul Miller, referenced in paragraph 559, speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

560. In response to paragraph 560 of the Amended Complaint, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 560 and on that basis denies them.

561. In response to paragraph 561 of the Amended Complaint, to the extent the allegations of paragraph 561 purport to characterize the contents of Countrywide's July 24, 2007 Form 8-K and press release, KPMG states that such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, or that Plaintiff suffered any loss or harm as a result of any statement or conduct on the part of KPMG. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

562. In response to paragraph 562, KPMG states that, to the extent the allegations of paragraph 562 purport to characterize the contents of Countrywide's July 24, 2007 Form 8-K and press release, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

563. In response to paragraph 563, KPMG states that, to the extent the allegations of paragraph 563 purport to characterize the contents of Countrywide's July 24, 2007 Form 8-K and press release, such documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint

mischaracterizes them. KPMG further states that, to the extent the allegations of paragraph 563 purport to characterize the July 24, 2007 conference call, the statements made during the conference call speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

564. In response to paragraph 564 of the Amended Complaint, KPMG states that, to the extent the allegations of paragraph 564 purport to characterize the July 24, 2007 conference call, the statements made during the conference call speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

565. In response to paragraph 565 of the Amended Complaint, KPMG states that, to the extent the allegations of paragraph 565 purport to characterize the July 24, 2007 conference call, the statements made during the conference call speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by

KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

566. In response to paragraph 566 of the Amended Complaint, KPMG states that, to the extent the allegations of paragraph 566 purport to characterize the July 24, 2007 conference call, the statements made during the conference call speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

567. In response to paragraph 567 of the Amended Complaint, KPMG states that, to the extent the allegations of paragraph 567 purport to characterize the July 24, 2007 conference call, the statements made during the conference call speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, or that Plaintiff suffered any loss or harm as a result of any statement or conduct on the part of KPMG. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

568. In response to paragraph 568 of the Amended Complaint, KPMG states that, to the extent the allegations of paragraph 568 purport to characterize the July 24, 2007 conference call, the statements made during the conference call speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

569. In response to paragraph 569 of the Amended Complaint, KPMG states that, to the extent the allegations of paragraph 569 purport to characterize the July 24, 2007 conference call, the statements made during the conference call speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

570. In response to paragraph 570 of the Amended Complaint, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 570 and on that basis denies them.

571. In response to paragraph 571 of the Amended Complaint, KPMG states that, to the extent the allegations of paragraph 571 purport to characterize the July 24, 2007 conference call, the statements made during the conference call speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 571 allegations set forth in Sections V or IX of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

572. In response to paragraph 572, KPMG states that, to the extent the

allegations of paragraph 572 purport to characterize the August 2, 2007 press release, such press release speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

573. In response to paragraph 573, KPMG states that, to the extent the allegations of paragraph 573 purport to characterize the August 2, 2007 press release, such press release speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 573 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

574. In response to paragraph 574, to the extent the allegations therein purport to characterize the FCIC report referenced in paragraph 574 or statements therein, KPMG states that the report and the statements therein speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them.

575. In response to paragraph 575, KPMG states that, to the extent the allegations of paragraph 575 purport to characterize Countrywide's Form 10-Q for the quarter ended June 30, 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes the Form 10-Q. KPMG further states that, to the extent the allegations of paragraph 575 purport to characterize the August 2, 2007 press release referenced therein, such press release speaks for itself and KPMG denies the allegations to the extent that Plaintiff

mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

576. In response to paragraph 576, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

577. In response to paragraph 577, KPMG states that, to the extent the allegations of paragraph 577 purport to characterize Countrywide's Form 10-Q for the quarter ended June 30, 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

578. In response to paragraph 578, KPMG states that, to the extent the allegations of paragraph 578 purport to characterize Countrywide's Form 10-Q for the quarter ended June 30, 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph and on that basis denies them.

579. In response to paragraph 579, KPMG states that, to the extent the allegations of paragraph 579 purport to characterize Countrywide's Form 10-Q for the quarter ended June 30, 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

580. In response to paragraph 580, KPMG states that, to the extent the allegations of paragraph 580 purport to characterize Countrywide's Form 10-Q for the quarter ended June 30, 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

581. In response to paragraph 581, KPMG states that, to the extent the allegations of paragraph 581 purport to characterize Countrywide's Form 10-Q for the quarter ended June 30, 2007 and SOX certifications included therein, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

582. In response to paragraph 582, KPMG states that, to the extent the allegations of paragraph 582 purport to characterize Countrywide's Form 10-Q for the quarter ended June 30, 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that risk factors that

impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 582 allegations set forth in other paragraphs of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

583. In response to paragraph 583, KPMG states that, to the extent the allegations of paragraph 583 purport to characterize Countrywide's Form 8-K filed on August 14, 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

584. In response to paragraph 584, to the extent the allegations therein purport to characterize the FCIC report referenced in paragraph 584 or statements therein, KPMG states that the report and the statements therein speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them.

585. In response to paragraph 585, KPMG states that, to the extent the allegations of paragraph 585 purport to characterize the August 15, 2007 Los Angeles Times article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it.

586. In response to paragraph 586, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the

extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

587. In response to paragraph 587, KPMG states that, to the extent the allegations of paragraph 587 purport to characterize Countrywide's Form 8-K filed on August 14, 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

588. In response to paragraph 588, to the extent the allegations therein purport to characterize the FCIC report referenced in paragraph 588 or statements therein, KPMG states that the report and the statements therein speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them.

589. In response to paragraph 589, to the extent the allegations therein purport to characterize the FCIC report referenced in paragraph 589 or statements therein, KPMG states that the report and the statements therein speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. Moreover, KPMG states that, to the extent the allegations of paragraph 589 purport to characterize Merrill Lynch's report issued on August 15, 2007 and the August 17, 2007 Wall Street Journal article referenced therein, such documents speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

590. In response to paragraph 590, KPMG states that, to the extent the allegations of paragraph 590 purport to characterize Merrill Lynch's report issued on August 15, 2007, such report speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

591. In response to paragraph 591, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

592. In response to paragraph 592, KPMG states that, to the extent the allegations of paragraph 592 purport to characterize Countrywide's August 16, 2007 announcement, such announcement speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

593. In response to paragraph 593, KPMG states that, to the extent the allegations of paragraph 593 purport to characterize reports made by Standard & Poor's, Moody's Investor's Service, and Fitch Ratings, such documents speak for themselves and KPMG denies the allegations to the extent that Plaintiff

mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

594. In response to paragraph 594, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

595. In response to paragraph 595, KPMG states that, to the extent the allegations of paragraph 595 purport to characterize Countrywide's August 16, 2007 announcement, such announcement speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that, to the extent the allegations of paragraph 595 purport to characterize reports made by Standard & Poor's, Moody's Investor's Service, and Fitch Ratings, such documents speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

596. In response to paragraph 596, KPMG states that, to the extent the allegations of paragraph 596 purport to characterize various media reports, such reports speak for themselves and KPMG denies the allegations to the extent that

Plaintiff mischaracterizes them. KPMG further states that, to the extent the allegations of paragraph 596 purport to characterize BofA's August 23, 2007 announcement, such announcement speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

597. In response to paragraph 597, KPMG states that, to the extent the allegations of paragraph 597 purport to characterize the statements allegedly made by Mozilo during an August 23, 2007 CNBC interview, such statements speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

598. In response to paragraph 598, KPMG states that, to the extent the allegations of paragraph 598 purport to characterize the statements allegedly made by Mozilo during the August 23, 2007 CNBC interview and the August 23, 2007 interview referenced therein, such statements speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 598 allegations set forth in Sections V or IX of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

599. In response to paragraph 599, KPMG states that, to the extent the

allegations of paragraph 599 purport to characterize the August 24, 2007 Fitch Ratings report referenced therein, such report speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. Moreover, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

600. In response to paragraph 600, KPMG states that, to the extent the allegations of paragraph 600 purport to characterize the August 24, 2007 Fitch Ratings report referenced therein, such report speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

601. In response to paragraph 601, KPMG states that, to the extent the allegations of paragraph 601 purport to characterize Countrywide's September 2007 announcement, referenced therein, such announcement speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations of this paragraph and on that basis denies them.

602. In response to paragraph 602, KPMG states that, to the extent the allegations of paragraph 602 purport to characterize Countrywide's September 2007 announcement, referenced therein, such announcement speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

603. In response to paragraph 603, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

604. In response to paragraph 604, KPMG states that, to the extent the allegations of paragraph 604 purport to characterize the September 11, 2007 New York Post article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

605. In response to paragraph 605, KPMG states that the trading price and

trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

606. In response to paragraph 606, KPMG states that, to the extent the allegations of paragraph 606 purport to characterize the October 24, 2007 Wall Street Journal article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

607. In response to paragraph 607, KPMG states that, to the extent the allegations of paragraph 607 purport to characterize the October 24, 2007 Wall Street Journal article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it.

608. In response to paragraph 608, KPMG states that, to the extent the allegations of paragraph 608 purport to characterize the October 24, 2007 Wall Street Journal article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it.

609. In response to paragraph 609, KPMG states that, to the extent the allegations of paragraph 609 purport to characterize the October 24, 2007 Wall Street Journal article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it.

610. In response to paragraph 610, KPMG states that, to the extent the allegations of paragraph 610 purport to characterize the October 24, 2007 Wall Street Journal article referenced therein, such article speaks for itself and KPMG

denies the allegations to the extent that Plaintiff mischaracterizes it.

611. In response to paragraph 611, KPMG states that the trading price and trading volume of Countrywide stock and other Countrywide securities during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

612. In response to paragraph 612, KPMG states that, to the extent the allegations of paragraph 612 purport to characterize the October 24, 2007 Wall Street Journal article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

613. In response to paragraph 613, KPMG states that, to the extent the allegations of paragraph 613 purport to characterize Countrywide's Form 8-K for the third quarter of 2007 and the press release issued on October 26, 2007, such documents speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

614. In response to paragraph 614, KPMG states that, to the extent the allegations of paragraph 614 purport to characterize statements allegedly made in a

October 26, 2007 press release and earnings conference call, such statements speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

615. In response to paragraph 615, KPMG states that, to the extent the allegations of paragraph 615 purport to characterize statements allegedly made by Mozilo, Sambol and/or Sieracki in a October 26, 2007 press release and earnings conference call, such statements speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

616. In response to paragraph 616, KPMG states that, to the extent the allegations of paragraph 616 purport to characterize statements allegedly made in the October 26, 2007 press release and earnings conference call referenced therein, such statements speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 616 allegations set forth in Sections V or IX of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

617. In response to paragraph 617, KPMG states that, to the extent the allegations of paragraph 617 purport to characterize the October 30, 2007 Wall Street Journal article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

618. In response to paragraph 618, KPMG states that, to the extent the allegations of paragraph 618 purport to characterize the October 30, 2007 Wall Street Journal article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

619. In response to paragraph 619, KPMG states that, to the extent the allegations of paragraph 619 purport to characterize the October 30, 2007 Wall Street Journal article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

620. In response to paragraph 620, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

621. In response to paragraph 621, KPMG states that, to the extent the allegations of paragraph 621 purport to characterize the October 30, 2007 Wall Street Journal article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide’s financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

622. In response to paragraph 622, KPMG states that, to the extent the allegations of paragraph 622 purport to characterize the Gradient Analytics, Inc. (“Gradient”) report issued on November 7, 2007 referenced therein, such report speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide’s financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

623. In response to paragraph 623, KPMG states that the trading price and trading volume of Countrywide stock and other Countrywide securities during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

624. In response to paragraph 624, KPMG states that, to the extent the allegations of paragraph 624 purport to characterize Countrywide's Form 10-Q for the third quarter of 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

625. In response to paragraph 625, KPMG states that, to the extent the allegations of paragraph 625 purport to characterize Countrywide's Form 10-Q for the third quarter of 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it.

626. In response to paragraph 626, KPMG states that, to the extent the allegations of paragraph 626 purport to characterize Countrywide's Form 10-Q for the third quarter of 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it.

627. In response to paragraph 627, KPMG states that, to the extent the allegations of paragraph 627 purport to characterize Countrywide's Form 10-Q for the third quarter of 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it.

628. In response to paragraph 628, KPMG states that, to the extent the allegations of paragraph 628 purport to characterize Countrywide's Form 10-Q for the third quarter of 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it.

629. In response to paragraph 629, KPMG states that, to the extent the allegations of paragraph 629 purport to characterize Countrywide's Form 10-Q for the third quarter of 2007, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it.

630. In response to paragraph 630, KPMG states that, to the extent the

allegations of paragraph 630 purport to characterize Countrywide's Form 10-Q for the third quarter of 2007 and SOX certifications included therein, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

631. In response to paragraph 631, KPMG states that, to the extent the allegations of paragraph 631 purport to characterize Countrywide's Form 10-Q for the third quarter of 2007 and SOX certifications included therein, such document speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 631 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

632. In response to paragraph 632, KPMG states that, to the extent the allegations therein purport to characterize a November 19, 2007 announcement by Moody's, such announcement speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

633. In response to paragraph 633, KPMG states that the trading price and trading volume of Countrywide stock and other Countrywide securities during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

634. In response to paragraph 634, KPMG states that, to the extent the allegations of paragraph 634 purport to characterize the November 26, 2007 article published in The Wall Street Journal, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

635. In response to paragraph 635, KPMG states that, to the extent the allegations of paragraph 635 purport to characterize the November 26, 2007 Wall Street Journal article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it.

636. In response to paragraph 636, KPMG states that, to the extent the allegations of paragraph 636 purport to characterize the November 26, 2007 Wall Street Journal article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it.

637. In response to paragraph 637, KPMG states that, to the extent the allegations of paragraph 637 purport to characterize the November 26, 2007 Wall Street Journal article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph and on that basis denies them.

638. In response to paragraph 638, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

639. In response to paragraph 639 of the Amended Complaint, KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies them.

640. In response to paragraph 640, KPMG states that, to the extent the allegations of paragraph 640 purport to characterize the December 13, 2007 Form 8-K and press release, such documents speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

641. In response to paragraph 641, KPMG states that, to the extent the allegations of paragraph 641 purport to characterize the December 13, 2007 New York Times article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph and on that basis denies them.

642. In response to paragraph 642, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

643. In response to paragraph 643, KPMG states that, to the extent the allegations of paragraph 643 purport to characterize the January 8, 2008 article published in The New York Times, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

644. In response to paragraph 644, KPMG states that, to the extent the allegations of paragraph 644 purport to characterize the January 8, 2008 article published in The New York Times, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

645. In response to paragraph 645, KPMG states that the trading price and trading volume of Countrywide stock and other Countrywide securities during the Relevant Period are matters of public record and speak for themselves and KPMG

denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

646. In response to paragraph 646, KPMG states that, to the extent the allegations of paragraph 646 purport to characterize the January 8, 2008 Reuters article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

647. In response to paragraph 647, KPMG states that, to the extent the allegations of paragraph 647 purport to characterize the January 9, 2008 Form 8-K and press release, such documents speak for themselves and KPMG denies the allegations to the extent that Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

648. In response to paragraph 648, KPMG states that, to the extent the allegations of paragraph 648 purport to characterize the January 9, 2008 Reuters article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

649. In response to paragraph 649, KPMG states that the trading price and trading volume of Countrywide stock and other Countrywide securities during the Relevant Period are matters of public record and speak for themselves and KPMG

denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

650. In response to paragraph 650, KPMG states that, to the extent the allegations of paragraph 650 purport to characterize BofA's January 11, 2008 announcement referenced therein, such announcement speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

651. In response to paragraph 651, KPMG states that, to the extent the allegations of paragraph 651 purport to characterize BofA's announcement, such announcement speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

652. In response to paragraph 652, KPMG states that, to the extent the allegations of paragraph 652 purport to characterize BofA's announcement, such announcement speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

653. In response to paragraph 653, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the

extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

654. In response to paragraph 654, KPMG states that, to the extent the allegations of paragraph 654 purport to characterize the January 29, 2008 Bloomberg article, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 654 allegations set forth in Section V of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

655. In response to paragraph 655, KPMG states that, to the extent the allegations of paragraph 655 purport to characterize the March 6, 2008 Chicago Sun-Times article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

656. In response to paragraph 656, KPMG states that, to the extent the allegations of paragraph 656 purport to characterize the March 6, 2008 Chicago Sun-Times article referenced therein, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies

that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

657. In response to paragraph 657, KPMG states that the trading price and trading volume of Countrywide stock during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

658. In response to paragraph 658, KPMG states that, to the extent the allegations of paragraph 658 purport to characterize the March 8, 2008 Wall Street Journal article, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

659. In response to paragraph 659, KPMG states that, to the extent the allegations of paragraph 659 purport to characterize the March 8, 2008 Wall Street Journal article, such article speaks for itself and KPMG denies the allegations to the extent that Plaintiff mischaracterizes it. KPMG further states that it is informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

660. In response to paragraph 660, KPMG states that the trading price and

trading volume of Countrywide stock and other Countrywide securities during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

661. In response to the paragraph 661 of the Amended Complaint, KPMG states that it is a characterization and description of the Amended Complaint to which no response is required. To the extent a response is necessary, KPMG denies that it made any material misstatements or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

662. In response to paragraph 662 of the Amended Complaint, to the extent the allegations of paragraph 662 purport to characterize information contained in or derived from Countrywide's financial statements, KPMG states that such documents speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

663. In response to paragraph 633 of the Amended Complaint, KPMG is without knowledge or information sufficient to form a belief as to the truth of any allegations therein and on that basis denies them. To the extent that paragraph 663 incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its responses to those allegations here.

664. In response to paragraph 664 of the Amended Complaint, to the extent the allegations therein purport to characterize information contained in or derived from a complaint filed by the SEC, KPMG states that the document speaks for itself and denies the allegations to the extent the Amended Complaint

mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

665. In response to paragraph 665 of the Amended Complaint, KPMG states that Countrywide's Form 10-K filings referenced in paragraph 665 are documents that speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them.

666. In response to paragraph 666 of the Amended Complaint, KPMG states that Countrywide's Form 10-K filings referenced in paragraph 666 are documents that speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

667. In response to paragraph 667 of the Amended Complaint, KPMG states that Countrywide's Form 10-K filings referenced in paragraph 667 are documents that speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them.

668. In response to paragraph 668 of the Amended Complaint, KPMG states that Countrywide's SEC filings, other public statements and conference calls referenced in paragraph 668 speak for themselves, as do the statements referenced as made by Mozilo, Sambol and/or Sieracki, and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

669. In response to paragraph 669 of the Amended Complaint, KPMG states that the statements allegedly made by Mozilo, including during the July 26, 2005 conference call referenced in paragraph 669, speak for themselves and KPMG denies the allegations to the extent the Amended Complaint

mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

670. In response to paragraph 670 of the Amended Complaint, KPMG states that the statements allegedly made by Mozilo, including during the July 26, 2005 conference call referenced in paragraph 670, speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

671. In response to paragraph 671 of the Amended Complaint, KPMG states that the statements allegedly made by Mozilo during the May 31, 2006 conference, as referenced in this paragraph of the Amended Complaint, speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

672. In response to the allegations of paragraph 672 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW3 relied upon by Plaintiff sufficient to form a belief as to the truth or falsity of the allegations in paragraph 672 and on that basis denies them. To the extent paragraph 672 incorporates allegations of Section V of the Amended Complaint, KPMG incorporates by reference its responses to those allegations as if set forth fully herein. KPMG is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 672 and on that basis denies them.

673. In response to paragraph 673 of the Amended Complaint, KPMG states that the September 1, 2004 email referenced in this paragraph of the

Amended Complaint speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

674. In response to paragraph 674 of the Amended Complaint, KPMG states that the email and September 9, 2004 memorandum, as referenced in this paragraph of the Amended Complaint, speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

675. In response to paragraph 675 of the Amended Complaint, KPMG states that the email referenced in this paragraph of the Amended Complaint speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

676. In response to paragraph 676, KPMG is without knowledge or information sufficient to form a belief as to the truth of allegations therein and on that basis denies them.

677. In response to paragraph 677 of the Amended Complaint, KPMG states that the minutes of the Corporate Risk Management Committee dated June 28, 2005, as referenced in this paragraph of the Amended Complaint, speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

678. In response to paragraph 678 of the Amended Complaint, KPMG states that the emails referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent the Amended

Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

679. In response to paragraph 679 of the Amended Complaint, KPMG states that the May 18, 2006 and May 19, 2006 emails referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. Further, to the extent that paragraph 679 incorporates allegations of Section VI of the Amended Complaint, KPMG incorporates its responses to those allegations here. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

680. In response to paragraph 680 of the Amended Complaint, KPMG states that the statements allegedly made by Mozilo during the May 31, 2006 conference and the emails referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

681. In response to paragraph 681 of the Amended Complaint, KPMG states that the statements allegedly made by Mozilo during the May 31, 2006 conference or in emails referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

682. In response to paragraph 682 of the Amended Complaint, KPMG states that the complaint filed by the SEC, as referenced in this paragraph of the Amended Complaint, speaks for itself and KPMG denies the allegations to the

extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

683. In response to paragraph 683 of the Amended Complaint, KPMG states that the complaint filed by the SEC, as referenced in this paragraph of the Amended Complaint, speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

684. In response to paragraph 684 of the Amended Complaint, KPMG states that the statements allegedly made by Mozilo and the complaint filed by the SEC, as referenced in this paragraph of the Amended Complaint, speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

685. In response to paragraph 685 of the Amended Complaint, KPMG states that the statements allegedly made by Mozilo, the report by the FCIC and the emails referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

686. In response to paragraph 686 of the Amended Complaint, KPMG states that the statements allegedly made by Mozilo and McMurray, the report by the FCIC and the emails referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information

sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

687. In response to paragraph 687 of the Amended Complaint, KPMG states that the statements allegedly made by Mozilo and the emails referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. To the extent that paragraph 687 incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its responses to those allegations here. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

688. In response to paragraph 688 of the Amended Complaint, KPMG states that the statements allegedly made by McMurray, the emails and the Credit Risk Committee meeting minutes dated June 28, 2005, as referenced in this paragraph of the Amended Complaint, speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

689. In response to paragraph 689 of the Amended Complaint, KPMG states that the statements allegedly made by Mozilo, the emails and the FCIC disclosure, as referenced in this paragraph of the Amended Complaint, speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

690. In response to paragraph 690 of the Amended Complaint, KPMG states that the April 13, 2006 email and the statements by Mozilo, as referenced in this paragraph of the Amended Complaint, speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them.

KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

691. In response to paragraph 691 of the Amended Complaint, KPMG states that the statements allegedly made by Mozilo, the FCIC disclosure and the email referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

692. In response to paragraph 692 of the Amended Complaint, KPMG states that the complaint filed by the SEC speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

693. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 693 and on that basis denies them.

694. In response to paragraph 694 of the Amended Complaint, KPMG states that the testimony by Sambol, as referenced in this paragraph of the Amended Complaint, speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes that testimony. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

695. In response to paragraph 695 of the Amended Complaint, KPMG states that the statements allegedly made by McMurray, the FCIC disclosure and the email referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on

that basis denies them.

696. In response to paragraph 696 of the Amended Complaint, KPMG states that the complaint filed by the SEC, as referenced in this paragraph of the Amended Complaint, speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

697. In response to paragraph 697 of the Amended Complaint, KPMG states that the complaint filed by the SEC, as referenced in this paragraph of the Amended Complaint, speaks for itself and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

698. In response to paragraph 698 of the Amended Complaint, KPMG states that the statements allegedly made by McMurray and Kevin Bartlett, the FCIC disclosure and the email referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

699. In response to paragraph 699 of the Amended Complaint, KPMG states that the statements allegedly made by McMurray, the FCIC disclosure and the email referenced in this paragraph of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

700. In response to paragraph 700 of the Amended Complaint, KPMG

states that the complaint filed by the SEC and the statements allegedly made by McMurray, as referenced in this paragraph of the Amended Complaint, speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

701. In response to paragraph 701 of the Amended Complaint, KPMG states that the following things, as referenced in this paragraph of the Amended Complaint, speak for themselves and denies the allegations to the extent the Amended Complaint mischaracterizes them: the document entitled "Interagency Guidance on Nontraditional Mortgage Product Risks," 71 Fed. Reg. 58609 (October 4, 2006), and supplemental information thereto; the March 27, 2006 written comments provided by Countrywide to certain regulators; and/or FCIC documents. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. Further, to the extent paragraph 701 incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its responses to those allegations here. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

702. In response to paragraph 702 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CWs relied upon by Plaintiff, including CW2 and CW5, sufficient to form a belief as to the truth or falsity of the allegations in paragraph 702 and on that basis denies them. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by

KPMG. KPMG further states that the statements allegedly made by Mozilo referenced in paragraph 702 speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

703. In response to paragraph 703 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW2 and CW5 sufficient to form a belief as to the truth or falsity of the allegations in paragraph 703 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

704. In response to paragraph 704 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW6 sufficient to form a belief as to the truth or falsity of the allegations in paragraph 704 and on that basis denies them. KPMG further states that the statements allegedly made by Mozilo referenced in paragraph 704 speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

705. In response to paragraph 705 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the unidentified CW1 sufficient to form a belief as to the truth or falsity of the allegations in paragraph 705 and on that basis denies them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

706. In response to paragraph 706 of the Amended Complaint, KPMG lacks knowledge or information as to the identity of or basis of knowledge of the

unidentified CW2 sufficient to form a belief as to the truth or falsity of the allegations in paragraph 706 and on that basis denies them. KPMG further states that the statements allegedly made by Scott Bridges referenced in paragraph 706 speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

707. In response to paragraph 707 of the Amended Complaint, KPMG states that, to the extent the allegations therein purport to characterize a statement made in a February 2008 Wall Street Journal article, the article speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG further states that the statements allegedly made by Mozilo referenced in paragraph 707 speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

708. In response to paragraph 708 of the Amended Complaint, KPMG states that the statements allegedly made by Countrywide's Chief Credit Officer referenced in paragraph 708 speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

709. In response to paragraph 709 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the statements allegedly made in Countrywide's SEC filings and the provisions of GAAP, those documents and provisions speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material

misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

710. In response to paragraph 710 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the statements allegedly made in Countrywide's SEC filings and the provisions of GAAP, those documents and provisions speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

711. Paragraph 711 contains a legal conclusion to which KPMG is not required to respond. To the extent that the allegations purport to characterize the statements allegedly made in Countrywide's SEC filings and the provisions of GAAP, KPMG states that those documents and provisions speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

712. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 712 and on that basis denies them. To the extent paragraph 712 incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its responses to those allegations here.

713. In response to paragraph 713 of the Amended Complaint, KPMG states that the statements allegedly made by Mozilo, as referenced in this paragraph of the Amended Complaint, speak for themselves and KPMG denies the allegations to the extent the Amended Complaint mischaracterizes them. KPMG is without

knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

714. In response to paragraph 714 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

715. In response to paragraph 715 of the Amended Complaint, KPMG states that, to the extent the allegations of paragraph 715 purport to characterize the document entitled, "Interagency Guidance on Nontraditional Mortgage Product Risks," 71 Fed. Reg. 58609 (October 4, 2006), such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies them.

716. In response to paragraph 716 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

717. In response to paragraph 717 of the Amended Complaint, KPMG is informed and believes and on that basis denies that Countrywide made any material

misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and on that basis denies them.

718. In response to paragraph 718 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the statements allegedly made in Countrywide's 2004 Form 10-K, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

719. In response to paragraph 719 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAP, or SOX, and the sworn certifications referenced in paragraph 719, those documents, rules and guidance speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG is further informed and believes and on that basis denies that risk factors that impacted Countrywide's financial statements were not appropriately taken into account with respect to the financial statements audited by KPMG. To the extent that paragraph 719 incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its responses to those allegations here. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

720. To the extent paragraph 720 incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those

allegations as if set forth in full herein. KPMG is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 720 and on that basis denies them.

721. In response to paragraph 721, KPMG states that this paragraph contains legal conclusions to which no response is required. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 721 and on that basis denies them.

722. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 722 and on that basis denies them.

723. In response to paragraph 723 of the Amended Complaint, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

724. In response to paragraph 724 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the statements allegedly made in an October 11, 2007 New York Times article, such document speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

725. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 725 and on that basis denies them.

726. KPMG denies the allegations of paragraph 726 of the Amended Complaint. To the extent paragraph 726 incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its responses to those allegations here.

727. In response to paragraph 727 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAS and GAAP, GAAS and GAAP speak for themselves and KPMG denies the

allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

728. In response to paragraph 728 of the Amended Complaint, KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags" are "red flags." KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAS and GAAP, GAAS and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

729. In response to paragraph 729 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAS, GAAP, PCAOB requirements, or SOX, those rules and guidance speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

730. In response to paragraph 730 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAS, GAAS speaks for itself and KPMG denies the allegations to the extent that

the Amended Complaint mischaracterizes it.

731. In response to paragraph 731 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAS, GAAS speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it.

732. In response to paragraph 732 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the provisions of AAG, and the body that supposedly approves of the AAG, AAG guidance and supposed approvals of the FASB and ASB speak for themselves, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

733. In response to paragraph 733 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the body that issues ARAs and what ARAs contain, the ARAs speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

734. In response to paragraph 734 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the referenced auditing literature, that literature speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

735. KPMG denies the allegations of paragraph 735 of the Amended

Complaint.

736. In response to paragraph 736 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize GAAP or GAAS, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 736, are "red flags." KPMG further denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

737. In response to paragraph 737 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize GAAS and GAAP, GAAS and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 737, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

738. In response to paragraph 738 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, each of those speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red

flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 738, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

739. In response to paragraph 739 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, each of those speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 739, are "red flags." To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

740. In response to paragraph 740 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize GAAP and GAAS, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended

Complaint labels as so-called "red flags," including the factors listed in paragraph 740, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

741. In response to paragraph 741 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize GAAP, GAAS, or Countrywide documents, they each speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags" are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

742. In response to paragraph 742 of the Amended Complaint, KPMG states that, to the extent that the allegations therein purport to characterize GAAP, GAAS, or Countrywide documents, they each speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 742, are "red flags." KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of this paragraph and on that basis denies them. To the extent that paragraph 742 incorporates allegations from other portions of the Amended Complaint, KPMG incorporates the responses to those allegations here.

743. In response to paragraph 743 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize GAAP, GAAS or Countrywide documents, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 743, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

744. In response to paragraph 744 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize GAAP, GAAS or Countrywide documents, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 744, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on

that basis denies them.

745. In response to paragraph 745 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize GAAP, GAAS or Countrywide documents, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 745, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

746. In response to paragraph 746 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize GAAP, GAAS or Countrywide documents, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 746 of the Amended Complaint, are "red flags." KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

this paragraph and on that basis denies them.

747. In response to paragraph 747 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize GAAP, GAAS or Countrywide documents, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 747 of the Amended Complaint, are "red flags." KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them. To the extent that paragraph 747 incorporates allegations from other portions of the Amended Complaint, including Section V, KPMG incorporates its responses to those allegations here.

748. KPMG denies the allegations of paragraph 748 of the Amended Complaint.

749. In response to paragraph 749 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize GAAP, GAAS or Countrywide documents, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of this paragraph and on that basis denies them.

750. In response to paragraph 750 of the Amended Complaint, KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags" are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

751. In response to paragraph 751 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize GAAP, GAAS, or Countrywide documents, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags" are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

752. In response to paragraph 752 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize GAAP, GAAS, and Countrywide documents, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags" are "red flags." KPMG denies that it failed to perform its audits

in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

753. In response to paragraph 753 of the Amended Complaint, KPMG denies the first and last sentences therein. KPMG states that, to the extent that the allegations purport to characterize GAAP, GAAS, or Countrywide documents, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 753 of the Amended Complaint, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

754. In response to paragraph 754 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize GAAP, GAAS, or Countrywide documents, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," and in particular the factors referred to or incorporated into paragraph 754, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

755. In response to paragraph 755 of the Amended Complaint, KPMG denies the last sentence therein. KPMG states that, to the extent that the allegations purport to characterize GAAP, GAAS, or Countrywide documents, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 755 of the Amended Complaint, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

756. In response to paragraph 756 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, those documents speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 756 of the Amended Complaint, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

757. In response to paragraph 757 of the Amended Complaint, KPMG

denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 757, are "red flags." KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAS and GAAP, GAAS and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

758. In response to paragraph 758 of the Amended Complaint, KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 758, are "red flags." KPMG states that, to the extent that the allegations purport to characterize Countrywide documents and the provisions of GAAS and GAAP, those Countrywide documents, GAAS and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

759. In response to paragraph 759 of the Amended Complaint, KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed or

incorporated into paragraph 759, are "red flags." KPMG states that, to the extent that the allegations purport to characterize Countrywide documents and the provisions of GAAS and GAAP, those Countrywide documents, GAAS and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG further denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

760. In response to paragraph 760 of the Amended Complaint, KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed or incorporated into paragraph 760, are "red flags." KPMG states that, to the extent that the allegations purport to characterize Countrywide documents and the provisions of GAAS and GAAP, those Countrywide documents, GAAS and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

761. In response to paragraph 761 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents and the provisions of GAAS and GAAP, those Countrywide documents, GAAS and GAAP speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed or incorporated into paragraph 761, are "red flags." KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

762. In response to paragraph 762 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize the applicable prime rate of interest or GAAS, that prime rate of interest and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 762 of the Amended Complaint, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

763. In response to paragraph 763 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide

documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 763 of the Amended Complaint, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

764. In response to paragraph 764 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed or incorporated into paragraph 764, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

765. In response to paragraph 765 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide

documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 765 of the Amended Complaint, are "red flags." To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

766. In response to paragraph 766 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed or incorporated into paragraph 766, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

767. In response to paragraph 767 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in the financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 767 of the Amended Complaint, are "red flags." To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

768. In response to paragraph 768 of the Amended Complaint, KPMG denies the first sentence of that paragraph. KPMG states that, to the extent that the allegations purport to characterize GAAS, GAAS speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 768 of the Amended Complaint, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

769. In response to paragraph 769 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 769 of the Amended Complaint, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

770. In response to paragraph 770 of the Amended Complaint, KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," particularly those referenced or incorporated into paragraph 770, are "red flags." KPMG states that, to the extent that the allegations purport to characterize the provisions of GAAS, GAAS speaks for itself and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes it. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

771. In response to paragraph 771 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the

Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed or incorporated into paragraph 771, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

772. In response to paragraph 772 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 772 of the Amended Complaint, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

773. In response to paragraph 773 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed in paragraph 773 of the Amended Complaint, are "red flags." To the extent this paragraph incorporates allegations

from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

774. In response to paragraph 774 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed or incorporated into paragraph 774, are "red flags." To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

775. In response to paragraph 775 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed or incorporated into paragraph 775, are "red flags." To the extent this paragraph incorporates allegations from other

portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

776. In response to paragraph 776 of the Amended Complaint, KPMG denies the first and last sentences therein. KPMG further states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed or incorporated into paragraph 776, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

777. In response to paragraph 777 of the Amended Complaint, KPMG denies the first sentence therein. KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's

definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed or incorporated into paragraph 777, are "red flags." To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

778. In response to paragraph 778 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed or incorporated into paragraph 778, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

779. In response to paragraph 779 of the Amended Complaint, KPMG states that, to the extent that the allegations purport to characterize Countrywide documents, GAAP or GAAS, those Countrywide documents, GAAP and GAAS speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is informed and believes and

on that basis denies that Countrywide made any material misstatement in its financial statements audited by KPMG. KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags," including the factors listed or incorporated into paragraph 779, are "red flags." KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

780. KPMG denies the allegations of paragraph 780 of the Amended Complaint.

781. KPMG states that allegations of paragraph 781 of the Amended Complaint call for conclusions of law to which no response is necessary. To the extent the allegations of paragraph 781 incorporate allegations of Section XI of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

782. In response to paragraph 782 of the Amended Complaint, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein.

783. KPMG states that allegations of paragraph 783 of the Amended Complaint call for conclusions of law to which no response is necessary. Moreover, KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this

paragraph and on that basis denies them.

784. In response to paragraph 784 of the Amended Complaint, KPMG denies the accuracy of the Amended Complaint's definition of "red flag," denies that it is a term under GAAP or GAAS, and denies that the factors that the Amended Complaint labels as so-called "red flags" are "red flags." Moreover, KPMG denies that it failed to perform its audits in accordance with GAAS or committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

785. In response to paragraph 785 of the Amended Complaint, KPMG states that the trading price and trading volume of Countrywide securities during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 785 allegations set forth elsewhere in the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG denies that it made any material misstatements or committed any wrongdoing, or that Plaintiff suffered any loss or harm as a result of any statement or conduct on the part of KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

786. In response to paragraph 786 of the Amended Complaint, KPMG states that the trading price and trading volume of Countrywide securities during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, or that Plaintiff suffered any loss or harm as a result of any statement or conduct on the part of KPMG. KPMG is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

787. In response to paragraph 787 of the Amended Complaint, KPMG states that the trading price and trading volume of Countrywide securities during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG further states that, to the extent Plaintiff purports to incorporate by reference in paragraph 787 allegations set forth in Section VIII of the Amended Complaint, KPMG hereby incorporates its responses to those allegations as if set forth fully herein. KPMG denies that it made any material misstatements or committed any wrongdoing, or that Plaintiff suffered any loss or harm as a result of any statement or conduct on the part of KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

788. In response to paragraph 788 of the Amended Complaint, KPMG states that the trading price and trading volume of Countrywide securities during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG denies that it made any material misstatements or committed any wrongdoing, or that Plaintiff suffered any loss or harm as a result of any statement or conduct on the part of KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

789. In response to paragraph 789 of the Amended Complaint, KPMG states that paragraph 789 of the Amended Complaint contains conclusions of law to which no response is required. To the extent that paragraph 789 of the Amended Complaint contains factual allegations to which a response is required, KPMG denies the allegations of paragraph 789 of the Amended Complaint, except for the

allegations of subparagraphs (c) and (d) which KPMG admits on information and belief.

790. In response to paragraph 790 of the Amended Complaint, KPMG states that it contains conclusions of law to which no response is required. To the extent that paragraph 790 of the Amended Complaint contains factual allegations to which a response is required, KPMG denies that it made any material misstatements or committed any wrongdoing, or that Plaintiff suffered any loss or harm as a result of any statement or conduct on the part of KPMG. Moreover, KPMG states that the trading price and trading volume of Countrywide securities during the Relevant Period are matters of public record and speak for themselves and KPMG denies the allegations to the extent Plaintiff mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

791. In response to paragraph 791 of the Amended Complaint, KPMG states that it contains conclusions of law to which no response is required. To the extent that paragraph 791 of the Amended Complaint contains factual allegations to which a response is required, KPMG denies that it made any material misstatements or committed any wrongdoing, or that Plaintiff suffered any loss or harm as a result of any statement or conduct on the part of KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

792. In response to paragraph 792 of the Amended Complaint, KPMG states that it contains conclusions of law to which no response is required. To the extent that paragraph 792 of the Amended Complaint contains factual allegations to which a response is required, KPMG denies that it made any material misstatements or committed any wrongdoing, or that Plaintiff suffered any loss or harm as a result of any statement or conduct on the part of KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph and on that basis denies them.

793. In response to paragraph 793 of the Amended Complaint, KPMG states that it contains conclusions of law to which no response is required. To the extent that paragraph 793 of the Amended Complaint contains factual allegations to which a response is required, KPMG denies that it made any material misstatements or committed any wrongdoing, or that Plaintiff suffered any loss or harm as a result of any statement or conduct on the part of KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

794. In response to paragraph 794 of the Amended Complaint, KPMG denies the allegations to the extent they are directed to KPMG, and KPMG further denies that it made any material misstatements or committed any wrongdoing, or that Plaintiff suffered any loss or harm as a result of any statement or conduct on the part of KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them. KPMG further states that paragraph 794 of the Amended Complaint contains conclusions of law to which no response is required.

795. To the extent the first sentence of paragraph 795 incorporates by reference any prior allegations of the Amended Complaint, KPMG incorporates its answers to each of those allegations as if set forth in full herein. KPMG further states that paragraph 795 is a characterization of the allegations of the Amended Complaint to which no response is required. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

796. In response to the paragraph 796, KPMG admits that, for purposes of this Count, Plaintiff purports to assert only strict liability and negligence claims and expressly disclaim any clam of fraud or intentional misconduct. KPMG further denies that it made any material misstatements or committed any

wrongdoing, or that Plaintiff suffered any loss or harm as a result of any statement or conduct on the part of KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

797. In response to paragraph 797 of the Amended Complaint, KPMG states that this paragraph is a characterization of the allegations of the Amended Complaint to which no response is required. Moreover, KPMG states that the registration statements referenced in paragraph 797 of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. Further, to the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein. KPMG denies that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

798. In response to paragraph 798 of the Amended Complaint, KPMG states that the allegations purport to characterize Section 11, which speaks for itself, and therefore denies the allegations to the extent they differ from the contents of Section 11. KPMG further states that paragraph 798 is a characterization of the allegations of the Amended Complaint to which no response is required. KPMG denies that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

799. In response to paragraph 799 of the Amended Complaint, KPMG states that it contains conclusions of law to which no response is required. To the extent that a response is required, KPMG states that the registration statements referenced in paragraph 799 of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint

mischaracterizes them. KPMG denies that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

800. In response to paragraph 800 of the Amended Complaint, KPMG states that it contains conclusions of law to which no response is required. To the extent that a response is required, KPMG states that the registration statements referenced in paragraph 800 of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

801. In response to paragraph 801 of the Amended Complaint, KPMG states that it contains conclusions of law to which no response is required. To the extent that a response is required, KPMG states that the registration statements referenced in paragraph 801 of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

802. In response to paragraph 802 of the Amended Complaint, KPMG states that it contains conclusions of law to which no response is required. To the extent that a response is required, KPMG states that the registration statements referenced in paragraph 802 of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

803. In response to the first sentence of paragraph 803 of the Amended

Complaint, KPMG states that the registration statements referenced in paragraph 803 speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG admits that it was Countrywide's external auditor at the time the registration statements referenced in paragraph 803 became effective, and KPMG consented to being named as an expert having issued an opinion on Countrywide's financial statements. KPMG denies the second and third sentences of paragraph 803. To the extent this paragraph incorporates allegations from other portions of the Amended Complaint, KPMG incorporates its answers to those allegations as if set forth in full herein.

804. In response to paragraph 804, KPMG denies that Plaintiff suffered any loss or harm as a result of any statement or conduct on the part of KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

805. In response to paragraph 805 of the Amended Complaint, KPMG states that it contains conclusions of law to which no response is required. To the extent that a response is required, KPMG states that the registration statements referenced in paragraph 805 of the Amended Complaint speak for themselves and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them. KPMG denies that it committed any wrongdoing, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

806. In response to paragraph 806 of the Amended Complaint, KPMG states that it contains conclusions of law to which no response is required. To the extent that a response is required, KPMG states that the complaints referenced in paragraph 806 of the Amended Complaint speak for themselves, and KPMG denies the allegations to the extent that the Amended Complaint mischaracterizes them.

807. In response to paragraph 807 of the Amended Complaint, KPMG states that it contains conclusions of law to which no response is required. KPMG

further states that the allegations in paragraph 807 purport to characterize Section 11, which speaks for itself, and therefore denies the allegations to the extent they differ from the contents of Section 11. KPMG denies that it made any misstatements or committed any wrongdoing, and further denies that Plaintiff suffered any harm or damage as a result of any alleged misstatement or wrongful conduct on the part of KPMG. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

808. KPMG does not answer paragraph 808 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 808 is necessary because Count II of the Amended Complaint has been dismissed. To the extent paragraph 808 incorporates by reference other allegations of the Amended Complaint, KPMG incorporates its answers to each of those allegations as if set forth in full herein.

809. KPMG does not answer paragraph 809 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 809 is necessary because Count II of the Amended Complaint has been dismissed.

810. KPMG does not answer paragraph 810 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 810 is necessary because Count II of the Amended Complaint has been dismissed.

811. KPMG does not answer paragraph 811 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 811 is necessary because Count II of the Amended Complaint has been dismissed.

812. KPMG does not answer paragraph 812 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 812 is necessary because Count II of the Amended Complaint has been dismissed.

813. KPMG does not answer paragraph 813 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 813 is

necessary because Count II of the Amended Complaint has been dismissed.

814. KPMG does not answer paragraph 814 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 814 is necessary because Count II of the Amended Complaint has been dismissed.

815. KPMG does not answer paragraph 815 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 815 is necessary because Count II of the Amended Complaint has been dismissed.

816. KPMG does not answer paragraph 816 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 816 is necessary because Count II of the Amended Complaint has been dismissed.

817. KPMG does not answer paragraph 817 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 817 is necessary because Count II of the Amended Complaint has been dismissed.

818. KPMG does not answer paragraph 818 because this count is not asserted against KPMG. To the extent paragraph 818 incorporates by reference other allegations of the Amended Complaint, KPMG incorporates its answers to each of those allegations as if set forth in full herein.

819. KPMG does not answer paragraph 819 because this count is not asserted against KPMG.

820. KPMG does not answer paragraph 820 because this count is not asserted against KPMG.

821. KPMG does not answer paragraph 821 because this count is not asserted against KPMG.

822. KPMG does not answer paragraph 822 because this count is not asserted against KPMG.

823. KPMG does not answer paragraph 823 because this count is not asserted against KPMG.

824. KPMG does not answer paragraph 824 because this count is not

asserted against KPMG.

825. KPMG does not answer paragraph 825 because this count is not asserted against KPMG.

826. KPMG does not answer paragraph 826 because this count is not asserted against KPMG. To the extent paragraph 826 incorporates by reference other allegations of the Amended Complaint, KPMG incorporates its answers to each of those allegations as if set forth in full herein.

827. KPMG does not answer paragraph 827 because this count is not asserted against KPMG.

828. KPMG does not answer paragraph 828 because this count is not asserted against KPMG.

829. KPMG does not answer paragraph 829 because this count is not asserted against KPMG.

830. KPMG does not answer paragraph 830 because this count is not asserted against KPMG.

831. KPMG does not answer paragraph 831 because this count is not asserted against KPMG.

832. KPMG does not answer paragraph 832 because this count is not asserted against KPMG.

833. KPMG does not answer paragraph 833 because this count is not asserted against KPMG.

834. KPMG does not answer paragraph 834 because this count is not asserted against KPMG.

835. KPMG does not answer paragraph 835 because this count is not asserted against KPMG.

836. KPMG does not answer paragraph 836 because this count is not asserted against KPMG.

837. KPMG does not answer paragraph 837 because this count is not

asserted against KPMG.

838. KPMG does not answer paragraph 838 because this count is not asserted against KPMG. To the extent paragraph 838 incorporates by reference other allegations of the Amended Complaint, KPMG incorporates its answers to each of those allegations as if set forth in full herein.

839. KPMG does not answer paragraph 839 because this count is not asserted against KPMG.

840. KPMG does not answer paragraph 840 because this count is not asserted against KPMG.

841. KPMG does not answer paragraph 841 because this count is not asserted against KPMG.

842. KPMG does not answer paragraph 842 because this count is not asserted against KPMG.

843. KPMG does not answer paragraph 843 because this count is not asserted against KPMG.

844. KPMG does not answer paragraph 844 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 844 is necessary because Count VI of the Amended Complaint has been dismissed. To the extent paragraph 844 incorporates by reference other allegations of the Amended Complaint, KPMG incorporates its answers to each of those allegations as if set forth in full herein.

845. KPMG does not answer paragraph 845 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 845 is necessary because Count VI of the Amended Complaint has been dismissed.

846. KPMG does not answer paragraph 846 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 846 is necessary because Count VI of the Amended Complaint has been dismissed.

847. KPMG does not answer paragraph 847 because this count is not

asserted against KPMG. KPMG further states that no response to paragraph 847 is necessary because Count VI of the Amended Complaint has been dismissed.

848. KPMG does not answer paragraph 848 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 848 is necessary because Count VI of the Amended Complaint has been dismissed.

849. KPMG does not answer paragraph 849 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 849 is necessary because Count VI of the Amended Complaint has been dismissed.

850. KPMG does not answer paragraph 850 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 850 is necessary because Count VI of the Amended Complaint has been dismissed.

851. KPMG does not answer paragraph 851 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 851 is necessary because Count VI of the Amended Complaint has been dismissed.

852. KPMG does not answer paragraph 852 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 852 is necessary because Count VI of the Amended Complaint has been dismissed.

853. KPMG does not answer paragraph 853 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 853 is necessary because Count VI of the Amended Complaint has been dismissed.

854. KPMG does not answer paragraph 854 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 854 is necessary because Count VI of the Amended Complaint has been dismissed.

855. KPMG does not answer paragraph 855 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 855 is necessary because Count VI of the Amended Complaint has been dismissed.

856. KPMG does not answer paragraph 856 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 856 is

necessary because Count VI of the Amended Complaint has been dismissed.

857. KPMG does not answer paragraph 857 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 857 is necessary because Count VI of the Amended Complaint has been dismissed.

858. KPMG states that no response to paragraph 858 is necessary because Count VII of the Amended Complaint has been dismissed. Further, to the extent paragraph 858 incorporates by reference other allegations of the Amended Complaint, KPMG incorporates its answers to each of those allegations as if set forth in full herein.

859. KPMG states that no response to paragraph 859 is necessary because Count VII of the Amended Complaint has been dismissed.

860. KPMG states that no response to paragraph 860 is necessary because Count VII of the Amended Complaint has been dismissed.

861. KPMG states that no response to paragraph 861 is necessary because Count VII of the Amended Complaint has been dismissed.

862. KPMG states that no response to paragraph 862 is necessary because Count VII of the Amended Complaint has been dismissed.

863. KPMG states that no response to paragraph 863 is necessary because Count VII of the Amended Complaint has been dismissed.

864. KPMG does not answer paragraph 864 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 864 is necessary because Count VIII of the Amended Complaint has been dismissed. To the extent paragraph 864 incorporates by reference other allegations of the Amended Complaint, KPMG incorporates its answers to each of those allegations as if set forth in full herein.

865. KPMG does not answer paragraph 865 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 865 is necessary because Count VIII of the Amended Complaint has been dismissed.

866. KPMG does not answer paragraph 866 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 866 is necessary because Count VIII of the Amended Complaint has been dismissed.

867. KPMG does not answer paragraph 867 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 867 is necessary because Count VIII of the Amended Complaint has been dismissed.

868. KPMG does not answer paragraph 868 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 868 is necessary because Count VIII of the Amended Complaint has been dismissed.

869. KPMG does not answer paragraph 869 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 869 is necessary because Count VIII of the Amended Complaint has been dismissed.

870. KPMG does not answer paragraph 870 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 870 is necessary because Count VIII of the Amended Complaint has been dismissed.

871. KPMG does not answer paragraph 871 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 871 is necessary because Count IX of the Amended Complaint has been dismissed. To the extent paragraph 871 incorporates by reference other allegations of the Amended Complaint, KPMG incorporates its answers to each of those allegations as if set forth in full herein.

872. KPMG does not answer paragraph 872 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 872 is necessary because Count IX of the Amended Complaint has been dismissed.

873. KPMG does not answer paragraph 873 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 873 is necessary because Count IX of the Amended Complaint has been dismissed.

874. KPMG does not answer paragraph 874 because this count is not

asserted against KPMG. KPMG further states that no response to paragraph 874 is necessary because Count IX of the Amended Complaint has been dismissed.

875. KPMG does not answer paragraph 875 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 875 is necessary because Count IX of the Amended Complaint has been dismissed.

876. KPMG does not answer paragraph 876 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 876 is necessary because Count IX of the Amended Complaint has been dismissed.

877. KPMG does not answer paragraph 877 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 877 is necessary because Count IX of the Amended Complaint has been dismissed.

878. KPMG does not answer paragraph 878 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 878 is necessary because Count IX of the Amended Complaint has been dismissed.

879. KPMG does not answer paragraph 879 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 879 is necessary because Count IX of the Amended Complaint has been dismissed.

880. KPMG does not answer paragraph 880 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 880 is necessary because Count IX of the Amended Complaint has been dismissed.

881. KPMG does not answer paragraph 881 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 881 is necessary because Count IX of the Amended Complaint has been dismissed.

882. KPMG states that no response to paragraph 882 is necessary because Count X of the Amended Complaint has been dismissed. Further, to the extent paragraph 882 incorporates by reference other allegations of the Amended Complaint, KPMG incorporates its answers to each of those allegations as if set forth in full herein.

883. KPMG states that no response to paragraph 883 is necessary because Count X of the Amended Complaint has been dismissed.

884. KPMG states that no response to paragraph 884 is necessary because Count X of the Amended Complaint has been dismissed.

885. KPMG states that no response to paragraph 885 is necessary because Count X of the Amended Complaint has been dismissed.

886. KPMG states that no response to paragraph 886 is necessary because Count X of the Amended Complaint has been dismissed.

887. KPMG states that no response to paragraph 887 is necessary because Count X of the Amended Complaint has been dismissed.

888. KPMG states that no response to paragraph 888 is necessary because Count X of the Amended Complaint has been dismissed.

889. KPMG states that no response to paragraph 889 is necessary because Count X of the Amended Complaint has been dismissed.

890. KPMG states that no response to paragraph 890 is necessary because Count X of the Amended Complaint has been dismissed.

891. KPMG does not answer paragraph 891 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 891 is necessary because Count XI of the Amended Complaint has been dismissed. To the extent paragraph 891 incorporates by reference other allegations of the Amended Complaint, KPMG incorporates its answers to each of those allegations as if set forth in full herein.

892. KPMG does not answer paragraph 892 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 892 is necessary because Count XI of the Amended Complaint has been dismissed.

893. KPMG does not answer paragraph 893 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 893 is necessary because Count XI of the Amended Complaint has been dismissed.

894. KPMG does not answer paragraph 894 because this count is not asserted against KPMG. KPMG further states that no response to paragraph 894 is necessary because Count XI of the Amended Complaint has been dismissed.

## AFFIRMATIVE DEFENSES

By the assertion of various matters as "Defenses" or "Affirmative Defenses," KPMG does not assume the burden of proof, persuasion or production or of coming forward with evidence not otherwise legally assigned to KPMG.

## FIRST AFFIRMATIVE DEFENSE

**(Knowledge of Untruth or Omission)**

The claims against KPMG are barred, in whole or in part, because, as KPMG is informed and believes and on that basis alleges, at the time Plaintiff acquired the securities alleged in the Amended Complaint, Plaintiff knew of each purported untruth and/or omission alleged to have been contained in each and any registration statement alleged in the Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

The claims against KPMG are barred, in whole or in part, because Plaintiff engaged in the securities transactions referenced in the Amended Complaint with actual or constructive knowledge of the alleged risks involved in an investment in the securities referenced in the Amended Complaint, the alleged risks involved with the mortgage loan business referenced in the Amended Complaint, and other purportedly material alleged risks to the business and operations referenced in the Amended Complaint, and thus assumed the risk that the value of the securities referenced in the Amended Complaint would decline if such risks materialized.

**THIRD AFFIRMATIVE DEFENSE**

**(No Reliance)**

The claims against KPMG are barred, in whole or in part, because Plaintiff cannot prove it acquired the securities alleged in the Amended Complaint (1) in reliance on the purportedly untrue statements allegedly contained in any registration statement alleged in the Amended Complaint and/or (2) in reliance on any registration statement alleged in the Amended Complaint without knowledge of the purported omissions allegedly contained in such registration statement.

**FOURTH AFFIRMATIVE DEFENSE**

**(Due Diligence)**

The claims against KPMG are barred, in whole or in part, because KPMG had made a reasonable investigation, had reasonable grounds to believe and did believe that each statement made in each registration statement alleged in the Amended Complaint purportedly prepared or certified by KPMG was true and that there were no omissions that made a statement in such registration statement materially misleading, when such registration statement became effective.

**FIFTH AFFIRMATIVE DEFENSE**

**(Loss Causation)**

The claims against KPMG are barred, in whole or in part, because, as KPMG is informed and believes and on that basis alleges, a portion or all of Plaintiff's alleged damages represents other than the depreciation in value of the securities alleged in the Amended Complaint allegedly resulting from any part of a registration statement alleged in the Amended Complaint, with respect to which Plaintiff asserts KPMG is liable, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

**(Statutes of Limitation or Repose)**

The claims against KPMG are barred, in whole or in part, by the applicable statutes of limitation and/or other applicable periods of repose.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

**(Safe Harbor)**

The claims against KPMG are barred, in whole or in part, because, as KPMG is informed and believes and on that basis alleges, the facts alleged in the Amended Complaint to have been misrepresented or omitted were forward-looking and are rendered inactionable, pursuant to 15 U.S.C. § 77z-2 and/or the "bespeaks caution" doctrine.

**<u>EIGHTH AFFIRMATIVE DEFENSE</u>**

**(Estoppel)**

The claims against KPMG are barred, in whole or in part, because Plaintiff is estopped from seeking relief on the allegations in the Amended Complaint.

**<u>NINTH AFFIRMATIVE DEFENSE</u>**

**(Failure to Mitigate)**

The claims against KPMG are barred, in whole or in part, because Plaintiff has failed to mitigate alleged damages and has failed to exercise due diligence in an effort to mitigate such alleged damages.

**<u>TENTH AFFIRMATIVE DEFENSE</u>**

**(Offset)**

The damages claimed by Plaintiff should be offset in whole or in part by Plaintiff's gains on Countrywide securities, as well as benefits therefrom.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

KPMG reserves the right to assert all applicable defenses once the precise nature of the relevant circumstances or events is determined through discovery.

WHEREFORE, KPMG prays for judgment as follows:

1. That the Amended Complaint and each claim for relief therein directed to KPMG be dismissed with prejudice and the relief sought be denied;

2. For such other and further relief as the Court may deem just and proper.

DATED: October 14, 2011 Bingham McCutchen LLP

By: /s/
Gwyn Quillen
Attorneys for Defendant KPMG LLP

**DEMAND FOR JURY TRIAL**

KPMG hereby demands a jury trial, pursuant to Federal Rule of Civil Procedure 38.

DATED: October 14, 2011

Bingham McCutchen LLP

By: /s/
Gwyn Quillen
Attorneys for Defendant KPMG LLP