DEAN J. KITCHENS, SBN 82096
DKitchens@gibsondunn.com
ALEXANDER K. MIRCHEFF, SBN 245074
AMircheff@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Underwriter Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STATE TREASURER OF THE STATE OF MICHIGAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>Defendants. | Case No. CV 11-00809-MRP (MANx)<br><br>**UNDERWRITER DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**<br><br>Hon. Mariana R. Pfaelzer |

Defendants ABN AMRO Incorporated, Banc of America Securities LLC, Barclays Capital Inc., BNP Paribas Securities Corp., Deutsche Bank Securities Inc., Goldman, Sachs & Co., HSBC Securities (USA) Inc., RBS Securities Inc., J.P. Morgan Securities LLC (formerly known and named in this action as J.P. Morgan Securities Inc.), and Wells Fargo Securities, LLC (collectively, the "Underwriter Defendants" or "Underwriters"), by their attorneys, hereby answer the Amended Complaint, dated April 22, 2011.

In collectively responding to the allegations below, the Underwriter Defendants (i) incorporate into each such response a denial of all allegations in the Amended Complaint (including those outside of the knowledge and information of the Underwriter Defendants) to the extent they assert or suggest that the Underwriter Defendants were false or misleading in any respect, or to the extent they assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which reference is made for a complete and accurate statement of their content, (ii) deny any averments in the headings and subheadings of the Amended Complaint, and (iii) in all events intend to respond only as to allegations directed at each of them individually, and none of them should be deemed to be responding to allegations that are directed solely to other defendants (including other Underwriter Defendants).

The Underwriter Defendants further respond to the specific allegations in the Amended Complaint as follows:

1-4. The Underwriter Defendants deny that the allegations of Paragraphs 1-4 present a fair and complete description of Countrywide business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) (sometimes hereinafter referred to as "Offering Documents) for a complete description of such matters as of the time of the respective Offerings.

5. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and expressly deny the allegations contained in Paragraph 5 to the extent they suggest that the Offering Documents were false and misleading, and refer the Court to the prospectuses (including materials incorporated by reference) for the Offerings at issue for a complete description of Countrywide at the time of such Offerings.

6. The allegations in Paragraph 6 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants.

7-10. The Underwriter Defendants deny that the allegations of Paragraphs 7-10 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

11-13. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 11-13 pertaining to Countrywide's disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the

extent the allegations suggest that the Offering Documents were false or misleading, the Underwriter Defendants deny such allegations.

14. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14, except expressly deny the allegations contained in Paragraph 14 to the extent they suggest that the Offering Documents were false and misleading.

15-16. The Underwriter Defendants deny that the allegations of Paragraphs 15-16 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny the allegations contained in Paragraph 16 to the extent they suggest that the Offering Documents were false and misleading.

17. The Underwriter Defendants deny the allegations contained in Paragraph 17.

18. The Underwriter Defendants deny the allegations contained in Paragraph 18, except admit Countrywide made multiple offerings during the relevant period.

19. The Underwriter Defendants deny that the allegations of Paragraph 19 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. To the extent the allegations suggest that the Offering Documents were false or misleading, the Underwriter Defendants deny such allegations. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

20. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20,

except expressly deny the allegations to the extent they suggest that the Offering Documents were false or misleading and refer to the cited documents and Countrywide disclosures for an accurate statement of their content.

21. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21, except expressly deny the allegations to the extent they suggest that the Offering Documents were false or misleading.

22. The Underwriter Defendants expressly deny the allegations to the extent they suggest that the Offering Documents were false and misleading, and admit upon information and belief that on or about July 1, 2008, Countrywide was acquired by Bank of America for approximately $4 billion. The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22, except refer to the cited documents for an accurate statement of their content.

23. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23, except refer the Court to the cited documents for an accurate statement of their content.

24. The Underwriter Defendants deny that the allegations of Paragraph 24 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. To the extent the allegations suggest that the Offering Documents were false or misleading, the Underwriter Defendants deny such allegations. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

25. The Underwriter Defendants deny the allegations contained in Paragraph 25 present a complete depiction of the proceedings purportedly described therein, and refer the Court to the docket for matter No. CV 07-05295 MRP (MANx) (C.D. Cal.).

26. To the extent that Paragraph 26 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations, except admit that Plaintiff purports to bring this action pursuant to the statutes cited therein.

27. To the extent that Paragraph 27 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations, except admit that Plaintiff purports to base jurisdiction over the subject matter of this action on the statutes cited therein.

28. To the extent that Paragraph 28 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving the non-underwriter defendants, except admit that Plaintiff purports to base venue on the statutes cited therein.

29. To the extent that Paragraph 29 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving the non-underwriter defendants, except admit that Plaintiff purports to base venue on the statutes cited therein.

30. To the extent that Paragraph 30 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30.

31. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 except admit on information and belief that the "State Treasurer of Michigan" is the plaintiff in this action.

32. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32, except admit on information and belief that at all times relevant to this Action, Countrywide was a publicly traded mortgage lending and finance-related businesses company with its principal offices located at in Calabasas, California, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

33. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33.

34. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of Angelo R. Mozilo, his employment history and his responsibility for Countrywide's filings.

35. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of David Sambol, his employment history and his responsibility for Countrywide's filings.

36. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of Eric P. Sieracki, his employment history and his responsibility for Countrywide's filings.

37. Paragraph 37 states legal conclusions to which no responsive pleading is required, but to the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 37 to the extent they suggest that the Offering Documents

were materially false and misleading, and respectfully refer the Court to the Offering Documents for a complete description of the activities of the Officer Defendants.

38-41. Paragraphs 38-41 state legal conclusions to which no responsive pleading is required, but to the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and expressly deny the allegations contained in Paragraphs 38-41 to the extent they suggest that the Offering Documents were false and misleading.

42. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of Kathleen Brown, her employment history and her responsibility for Countrywide's filings.

43. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of Henry G. Cisneros, his employment history and his responsibility for Countrywide's filings.

44. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of Jeffrey M. Cunningham, his employment history and his responsibility for Countrywide's filings.

45. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of Robert J. Donato, his employment history and his responsibility for Countrywide's filings.

46. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of Michael E. Dougherty, his employment history and his responsibility for Countrywide's filings.

47. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of Ben M. Enis, his employment history and his responsibility for Countrywide's filings.

48. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of Edwin Heller, his employment history and his responsibility for Countrywide's filings.

49. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of Martin R. Melone, his employment history and his responsibility for Countrywide's filings.

50. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of Robert T. Parry, his employment history and his responsibility for Countrywide's filings.

51. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51, except respectfully refer the Court to the Offering Documents and to Countrywide's

public filings for a description of Oscar P. Robertson, his employment history and his responsibility for Countrywide's filings.

52. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of Keith P. Russell, his employment history and his responsibility for Countrywide's filings.

53. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53, except respectfully refer the Court to the Offering Documents and to Countrywide's public filings for a description of Harley W. Snyder, his employment history and his responsibility for Countrywide's filings.

54. Because Paragraph 54 contains no factual allegations, no responsive pleading is required.

55. Each Underwriter Defendant admits on information and belief the allegations of Paragraph 55 to the extent they relate to other underwriters, admits the allegations to the extent they relate to itself, and refers the Court to the Offering Documents which speak for themselves.

56. Each Underwriter Defendant admits on information and belief the allegations of Paragraph 56 to the extent they relate to other underwriters, admits the allegations to the extent they relate to itself, and refers the Court to the Offering Documents which speak for themselves.

57. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

58. Each Underwriter Defendant admits on information and belief the allegations of Paragraph 58 to the extent they relate to other underwriters, admits the

allegations to the extent they relate to itself, and refers the Court to the Offering Documents which speak for themselves.

59. The Underwriter defendants deny that Deutsche Bank Securities Inc. underwrote any Series B Medium-Term Notes at issue in this action following Plaintiff's voluntary dismissal of certain bonds on April 11, 2011. Each Underwriter Defendant admits on information and belief the remaining allegations of Paragraph 59 to the extent they relate to other underwriters, admits the allegations to the extent they relate to itself, and refers the Court to the Offering Documents which speak for themselves.

60. Each Underwriter Defendant admits on information and belief the allegations of Paragraph 60 to the extent they relate to other underwriters, admits the allegations to the extent they relate to itself, and refers the Court to the Offering Documents which speak for themselves.

61. The Underwriter defendants deny that Wells Fargo Securities, LLC, formerly known as Wachovia Capital Markets, LLC, underwrote any Series B Medium-Term Notes at issue in this action following Plaintiff's voluntary dismissal of certain bonds on April 11, 2011. Each Underwriter Defendant admits on information and belief the remaining allegations of Paragraph 61 to the extent they relate to other underwriters, admits the allegations to the extent they relate to itself, and refers the Court to the Offering Documents which speak for themselves.

62. Each Underwriter Defendant admits on information and belief the allegations of Paragraph 62 to the extent they relate to other underwriters, admits the allegations to the extent they relate to itself, and refers the Court to the Offering Documents which speak for themselves.

63. Each Underwriter Defendant admits on information and belief the allegations of Paragraph 63 to the extent they relate to other underwriters, admits the allegations to the extent they relate to itself, and refers the Court to the Offering Documents which speak for themselves.

64. Each Underwriter Defendant admits on information and belief the remaining allegations of Paragraph 64 to the extent they relate to other underwriters, admits the allegations to the extent they relate to itself, and refers the Court to the Offering Documents which speak for themselves.

65. Each Underwriter Defendant admits on information and belief the remaining allegations of Paragraph 65 to the extent they relate to other underwriters, admits the allegations to the extent they relate to itself, and refers the Court to the Offering Documents which speak for themselves.

66. Because Paragraph 66 contains no factual allegations, no responsive pleading is required.

67. The Underwriter Defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67, except admit upon information and belief KPMG served as auditor for the period alleged.

68-71. The Underwriter Defendants deny that the allegations of Paragraphs 68-71 fairly or accurately describe Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and therefore deny such allegations on information and belief, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

72. The Underwriter Defendants deny the allegations contained in Paragraph 72, except admit upon information and belief that Countrywide engaged in securitization activities and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

73-78. The Underwriter Defendants deny that the allegations of Paragraphs 73-78 fairly or accurately describe Countrywide's business, operations, financial

condition, compliance with applicable lending standards, and/or public disclosures, and therefore deny such allegations on information and belief, and refer to the cited documents for an accurate statement of their content, and to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

79-83. The allegations in Paragraphs 79-83 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

84-85. The Underwriter Defendants deny that the allegations of Paragraphs 84-85 fairly or accurately describe Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and therefore deny such allegations on information and belief, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

86. The allegations in Paragraph 86 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

87-91. The Underwriter Defendants deny that the allegations of Paragraphs 87-91 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

92-93. The allegations in Paragraphs 92-93 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not

been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

94. The Underwriter Defendants deny that the allegations of Paragraph 94 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

95. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 95, except expressly deny the allegations contained in Paragraph 95 to the extent they suggest that the Offering Documents were false and misleading, and refer the Court to the prospectuses (including materials incorporated by reference) for the Offerings at issue for a complete description of Countrywide at the time of such Offerings.

96. The allegations contained in Paragraph 96 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 96 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures. To the extent the allegations are construed to relate to the Offering Documents, the Underwriter Defendants deny that the Offering Documents contain any false or misleading statements and refer the Court to the prospectuses (including materials incorporated by reference) for the Offerings at issue for a complete description of Countrywide at the time of such Offerings.

97. The Underwriter Defendants deny that the allegations contained in Paragraph 97 present a fair and complete description of Countrywide's business,

operations, financial condition, compliance with lending standards, and/or public disclosures, nor of the referenced macroeconomic conditions and real estate market.

98. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 98, except the Underwriter Defendants deny that the allegations of Paragraph 98 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and/or industry standards described in Paragraph 98. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

99-103. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 99-103, except the Underwriter Defendants deny that the allegations of Paragraphs 99-103 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and/or industry standards described in Paragraphs 99-103. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

104. The Underwriter Defendants deny that the allegations of Paragraph 104 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and/or industry standards described in Paragraph 104. The Underwriter Defendants further deny that the allegations of Paragraph 104 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, except admit on information and belief that Countrywide publicly disclosed risks to its business, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

105. The allegations in Paragraph 105 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

106. The Underwriter Defendants deny that the allegations of Paragraph 106 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

107. The allegations in Paragraph 107 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. The Underwriter Defendants expressly deny the allegations contained in Paragraph 107 to the extent they suggest that the Offering Documents were false and misleading, and refer the Court to the prospectuses (including materials incorporated by reference) for the Offerings at issue for a complete description of Countrywide at the time of such Offerings.

108-110. The Underwriter Defendants deny that the allegations of Paragraphs 108-110 fairly or accurately describe Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and therefore deny such allegations on information and belief. The Underwriter Defendants expressly deny the allegations contained in Paragraphs 108-110 to the extent they suggest that the Offering Documents were false and misleading, and refer the Court to the prospectuses (including materials incorporated by reference) for the Offerings at issue for a complete description of Countrywide at the time of such Offerings.

111. The allegations in Paragraph 111 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is

required by the Underwriter Defendants, except the Underwriter Defendants expressly deny the allegations contained in Paragraph 111 to the extent they suggest that the Offering Documents were false and misleading, and refer the Court to the prospectuses (including materials incorporated by reference) for the Offerings at issue for a complete description of Countrywide at the time of such Offerings.

112-115. The allegations in Paragraphs 112-115 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

116-117. The Underwriter Defendants deny that the allegations of Paragraphs 116-117 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

118. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 118, except the Underwriter Defendants expressly deny the allegations in Paragraph 118 to the extent they suggest that the Offering Documents were false and misleading, and refer the Court to the prospectuses (including materials incorporated by reference) for the Offerings at issue for a complete description of Countrywide at the time of such Offerings.

119-126. The allegations in Paragraphs 119-126 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

127-128. The Underwriter Defendants deny that the allegations of Paragraphs 127-128 present a fair and complete description of Countrywide's business, operations,

financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

129-132. The allegations in Paragraphs 129-132 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

133-135. The Underwriter Defendants deny that the allegations of Paragraphs 133-135 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. To the extent the allegations are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, the Underwriter Defendants deny such allegations on information and belief.

136-144. The allegations in Paragraphs 136-144 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

145. The Underwriter Defendants deny that the allegations of Paragraph 145 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public

disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

146-147. The allegations in Paragraphs 146-147 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

148-149. The Underwriter Defendants deny that the allegations of Paragraphs 148-149 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and expressly deny the allegations in Paragraph 148 to the extent they suggest that the Offering Documents were false and misleading, and refer the Court to the prospectuses (including materials incorporated by reference) for the Offerings at issue for a complete description of Countrywide at the time of such Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

150. The Underwriter Defendants deny that the allegations of Paragraph 150 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

151. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 151,

except the Underwriter Defendants deny that the allegations of Paragraph 151 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and/or industry standards described in Paragraph 151. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

152-155. The Underwriter Defendants deny that the allegations of Paragraphs 152-155 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

156-160. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 156-160, except the Underwriter Defendants expressly deny the allegations to the extent they suggest that the Offering Documents were false and misleading. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

161. The allegations in Paragraph 161 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

162. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 162, except admit upon information and belief that during the relevant period, Countrywide made extensive public disclosures concerning its prime and non-prime mortgage originations, which speak for themselves. The Underwriter Defendants deny the

allegations of Paragraph 162 to the extent they suggest that the Offering Documents were false and misleading.

163. The Underwriter Defendants deny that the allegations of Paragraph 163 present a fair and complete description of the FICO process and scores.

164-165. The Underwriter Defendants deny that the allegations of Paragraphs 164-165 present a fair and complete description of the FICO process and scores, and the background and scope of the statutes, rules, accounting guidelines and/or industry standards described in Paragraphs 164-165. The Underwriter Defendants refer the Court to such provisions, which speak for themselves.

166. The Underwriter Defendants deny that the allegations of Paragraph 166 present a fair and complete description of the background and scope of the rules, accounting guidelines and/or industry standards described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves.

167. The Underwriter Defendants deny that the allegations of Paragraph 167 present a fair and complete description of the background and scope of the industry standards described therein.

168. The Underwriter Defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 168, except deny that the allegations of Paragraph 168 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

169-172. The allegations in Paragraphs 169-172 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

173. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 173, except admit upon information and belief that during the relevant period Countrywide publicly disclosed detailed information concerning its prime and non-prime mortgage origination business, including information concerning average FICO scores. The Underwriter Defendants deny that the allegations of Paragraph 173 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

174. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 174, except deny that the allegations of Paragraph 174 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

175. The Underwriter Defendants deny that the allegations of Paragraph 175 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

176-177. The allegations in Paragraphs 176-177 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not

been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

178-180. The Underwriter Defendants deny that the allegations of Paragraphs 178-180 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

181. The allegations in Paragraph 181 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants.

182. The Underwriter Defendants deny that the allegations of Paragraph 182 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

183-184. The allegations in Paragraphs 183-184 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

185. The Underwriter Defendants deny that the allegations of Paragraph 185 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public

disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

186. The Underwriter Defendants answer that no response is required to Paragraph 186, which contains certain legal conclusions.

187. The Underwriter Defendants deny the allegations of Paragraph 187. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

188. The Underwriter Defendants deny that the allegations contained in Paragraph 188 fairly or completely describe Countrywide's accounting protocols, and deny such allegations to the extent they suggest that the Offering Documents were false and misleading with respect to Countrywide's compliance with GAAP.

189. The Underwriter Defendants deny that the allegations of Paragraph 189 present a fair and complete description of the background and scope of the accounting guidance described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves.

190-206. The Underwriter Defendants deny that the allegations of Paragraphs 190-206 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and or industry standards described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves.

207. The Underwriter Defendants deny that the allegations of Paragraph 207 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny

such allegations to the extent they suggest that the Offering Documents were false and misleading.

208. The Underwriter Defendants deny that the allegations of Paragraph 208 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and or industry standards described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves.

209. The Underwriter Defendants deny that the allegations of Paragraph 209 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

210. The Underwriter Defendants deny that the allegations of Paragraph 210 present a fair and complete description of the background and scope of the rules, accounting guidelines and/or industry standards described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves.

211. The Underwriter Defendants deny that the allegations of Paragraph 211 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and or industry standards described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves. The Underwriter Defendants further deny that the allegations of Paragraph 211 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue

herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings.

212-214. The Underwriter Defendants deny that the allegations of Paragraphs 212-214 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

215. The Underwriter Defendants deny that the allegations of Paragraph 215 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny that the allegations of Paragraph 215 present a fair and complete description of the background and scope of the rules, accounting guidelines and or industry standards described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves.

216-230. The Underwriter Defendants deny that the allegations of Paragraphs 216-230 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

231. The Underwriter Defendants deny that the allegations of Paragraph 231 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and or industry standards described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves.

232. The Underwriter Defendants deny that the allegations of Paragraph 232 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

233-240. The Underwriter Defendants deny that the allegations of Paragraphs 233-240 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

241. The Underwriter Defendants deny that the allegations of Paragraph 241 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such

matters as of the time of the respective Offerings. The Underwriter Defendants deny that the allegations of Paragraph 241 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and or industry standards described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 241, except deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

242. The Underwriter Defendants deny that the allegations of Paragraph 242 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 242, except deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

243. The Underwriter Defendants deny that the allegations of Paragraph 243 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. The Underwriter Defendants

deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

244. The Underwriter Defendants deny that the allegations of Paragraph 244 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

245. The Underwriter Defendants deny that the allegations of Paragraph 245 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny that the allegations of Paragraph 245 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and/or industry standards described therein. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

246-249. The Underwriter Defendants deny that the allegations of Paragraphs 246-249 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. The Underwriter Defendants

deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

250-251. The Underwriter Defendants deny that the allegations of Paragraphs 250-251 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

252-256. The Underwriter Defendants deny that the allegations of Paragraphs 252-256 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. The Underwriter Defendants deny the allegations contained in Paragraphs 252-256 to the extent they suggest that the Offering Documents were false and misleading.

257. The Underwriter Defendants deny that the allegations of Paragraph 257 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny that the allegations of Paragraph 257 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and or industry

standards described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 257, except deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

258-259. The Underwriter Defendants deny that the allegations of Paragraphs 258-259 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. The Underwriter Defendants deny the allegations contained in Paragraphs 258-259 to the extent they suggest that the Offering Documents were false and misleading.

260-261. The Underwriter Defendants deny that the allegations of Paragraphs 260-261 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

262. The Underwriter Defendants deny that the allegations of Paragraph 262 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and or industry standards described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for

themselves. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

263. The Underwriter Defendants deny that the allegations of Paragraph 263 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny that the allegations of Paragraph 263 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and or industry standards described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

264. The Underwriter Defendants deny that the allegations of Paragraph 264 present a fair and complete description of the background and scope of the accounting guidance described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

265. The Underwriter Defendants deny that the allegations of Paragraph 265 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny that the allegations of Paragraph 265 present a fair and complete description of the background and scope of the accounting guidance described therein, and the

Underwriter Defendants refer the Court to such provisions, which speak for themselves. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

266. The Underwriter Defendants deny that the allegations of Paragraph 266 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

267. The Underwriter Defendants deny that the allegations of Paragraph 267 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny that the allegations of Paragraph 267 present a fair and complete description of the background and scope of the statutes, rules, accounting guidelines and or industry standards described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 267, except deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

268. The Underwriter Defendants deny that the allegations of Paragraph 268 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein

(including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny that the allegations of Paragraph 268 present a fair and complete description of the background and scope of the accounting guidance described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

269-271. The Underwriter Defendants deny that the allegations of Paragraphs 269-271 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

272. The Underwriter Defendants deny that the allegations of Paragraph 272 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

273-276. The Underwriter Defendants deny that the allegations of Paragraphs 273-276 present a fair and complete description of the background and scope of the COSO rules and accounting guidance described therein, and the Underwriter

Defendants refer the Court to such provisions, which speak for themselves. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

277-278. The Underwriter Defendants deny that the allegations of Paragraphs 277-278 present a fair and complete description of the background and scope of the SOX statutes, rules, and accounting guidance described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

279. The Underwriter Defendants deny that the allegations of Paragraph 279 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny that the allegations of Paragraph 279 present a fair and complete description of the background and scope of the COSO and SOX statutes, rules, and accounting guidance described therein, and the Underwriter Defendants refer the Court to such provisions, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. The Underwriter Defendants deny the allegations contained in Paragraph 279 to the extent they suggest that the Offering Documents were false and misleading.

280-281. The Underwriter Defendants deny that the allegations of Paragraphs 280-281 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such

matters as of the time of the respective Offerings. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

282. The Underwriter Defendants make no response to this Paragraph as it contains no allegations against them. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

283-288. The Underwriter Defendants deny that the allegations of Paragraphs 283-288 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

289. The Underwriter Defendants deny that the allegations of Paragraph 289 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, except admit on information and belief that Countrywide was acquired by Bank of America for approximately $4 billion. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

290. The Underwriter Defendants deny that the allegations of Paragraph 290 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein

(including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny such allegations to the extent they suggest that the Offering Documents were false and misleading.

291. The Underwriter Defendants deny that the allegations of Paragraph 291 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny that the allegations of Paragraph 291 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants.

292. The Underwriter Defendants deny that the allegations of Paragraph 292 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

293-545. Answering Paragraphs 293-545, the Underwriter Defendants assert that the allegations concerning purportedly materially false or misleading statements outside the Offering Documents appear to be directed to the conduct and knowledge of other defendants and therefore require no response by the Underwriter Defendants. To

the extent the allegations in Paragraphs 293-545 relate to statements contained in the Offering Documents, the Underwriter Defendants deny that the allegations present a fair and complete description of Countrywide's business, operations, financial condition, compliance with lending standards, and/or public disclosures, and expressly deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document other than the Offering Documents, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

546. The Underwriter Defendants deny the allegations contained in Paragraph 546.

547-548. The Underwriter Defendants admit on information and belief the allegations of Paragraphs 547-548, and refer the Court to the Offering Documents which speak for themselves.

549. Each Underwriter Defendant admits on information and belief the allegations of Paragraph 549 to the extent they relate to other underwriters, admits the allegations to the extent they relate to itself, and refers the Court to the Offering Documents which speak for themselves.

550. The Underwriter Defendants admit on information and belief the allegations of Paragraph 550, and refer the Court to the Offering Documents which speak for themselves.

551. The Underwriter Defendants deny the allegations contained in Paragraph 551.

552-553. The Underwriter Defendants admit on information and belief the allegations of Paragraphs 552-553, and refer the Court to the Offering Documents which speak for themselves.

554. Each Underwriter Defendant admits on information and belief the allegations of Paragraph 554 to the extent they relate to other underwriters, admits the

allegations to the extent they relate to itself, and refers the Court to the Offering Documents which speak for themselves.

555. The Underwriter Defendants admit on information and belief the allegations of Paragraph 555, and refer the Court to the Offering Documents which speak for themselves.

556. The Underwriter Defendants deny the allegations contained in Paragraph 556.

557-558. The Underwriter Defendants admit upon information and belief that on July 16, 2007 and at various other times Countrywide disclosed adverse information about its business and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

559-560. The Underwriter Defendants deny that the allegations of Paragraphs 559-560 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

561. The Underwriter Defendants deny that they made any false and misleading statements. The Underwriter Defendants admit upon information and

belief that on July 24, 2007 and at various other times Countrywide disclosed adverse information about its business and refer the Court to those disclosures, which speak for themselves. The Underwriter Defendants deny that the allegations of Paragraph 561 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

562. The Underwriter Defendants admit upon information and belief that on July 24, 2007 and at various other times Countrywide disclosed adverse information about its business and refer the Court to those documents, which speak for themselves. Except as admitted, the Underwriter Defendants lack information and knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 562. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

563-566. The allegations in Paragraphs 563-566 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent a response is required, the Underwriter Defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 563-566. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which

speaks for itself. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

567. The Underwriter Defendants deny that they made any false and misleading statements. The Underwriter Defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 567. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

568-569. The allegations in Paragraphs 568-569 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent a response is required, the Underwriter Defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 568-569. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

570. The Underwriter Defendants deny that the allegations of Paragraph 570 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor

harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. To the extent the allegations suggest that the Offering Documents were false or misleading, the Underwriter Defendants deny such allegations. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

571-575. The allegations in Paragraphs 571-575 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent a response is required, the Underwriter Defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 571-575. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

576. The Underwriter Defendants deny that the allegations of Paragraph 576 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

577-581. The allegations of Paragraphs 577-581 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. To the extent the allegations are construed to

relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

582. The Underwriter Defendants deny the allegations contained in Paragraph 582.

583. The allegations in Paragraph 583 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent a response is required, the Underwriter Defendants admit upon information and belief that on July 24, 2007 and at various other times Countrywide disclosed adverse information about its business and refer the Court to those documents, which speak for themselves. Except as admitted, the Underwriter Defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 583. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

584. The Underwriter Defendants deny that the allegations of Paragraph 584 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. To the extent the allegations are

construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

585. The Underwriter Defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 585. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

586. The Underwriter Defendants deny that the allegations of Paragraph 586 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

587. The Underwriter Defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 587, except the Underwriter Defendants deny that the allegations of Paragraph 587 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. The Underwriter Defendants deny the allegations

of Paragraph 587 to the extent they suggest the Offering Documents contain statements which were false or misleading.

588-589. The Underwriter Defendants deny that the allegations of Paragraphs 588-589 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. To the extent the allegations suggest that the Offering Documents were false or misleading, the Underwriter Defendants deny such allegations.

590. The allegations of Paragraph 590 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. The Underwriter Defendants admit on information and belief that certain analysts followed Countrywide and that the public statements they made are in the written documents they prepared. To the extent the allegations suggest that the Offering Documents were false or misleading, the Underwriter Defendants deny such allegations.

591. The Underwriter Defendants deny that the allegations of Paragraph 591 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

592. The allegations of Paragraph 592 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the

Underwriter Defendants. To the extent a response is required, deny that the allegations of Paragraph 592 present a fair and complete description of Countrywide's business, operations, financial condition, compliance with applicable lending standards, and/or public disclosures, and refer the Court to the prospectuses for the Offerings at issue herein (including materials incorporated by reference) for a complete description of such matters as of the time of the respective Offerings. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

593. The allegations of Paragraph 593 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

594. The Underwriter Defendants deny that the allegations of Paragraph 594 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

595. The allegations of Paragraph 595 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the

Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

596. The allegations of Paragraph 596 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

597-598. The allegations of Paragraphs 597-598 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

599. The Underwriter Defendants deny that the allegations of Paragraph 599 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and

refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

600-602. The allegations of Paragraphs 600-602 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including but not limited to documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

603. The Underwriter Defendants deny that the allegations of Paragraph 603 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

604. The allegations of Paragraph 604 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including but not limited to documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

605. The Underwriter Defendants deny that the allegations of Paragraph 605 accurately or fairly describe the factors affecting the stock price movements described

therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

606-610. The allegations of Paragraphs 606-610 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

611. The Underwriter Defendants deny that the allegations of Paragraph 611 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

612-614. The Underwriter Defendants deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 612-614, except the Underwriter Defendants deny that they made any false and misleading statements. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for

themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

615-616. The allegations of Paragraphs 615-616 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

617-619. The allegations of Paragraphs 617-619 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

620. The Underwriter Defendants deny that the allegations of Paragraph 620 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

621-622. The allegations of Paragraphs 621-622 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by

the Underwriter Defendants. The Underwriter Defendants admit on information and belief that certain analysts followed Countrywide and that the public statements they made are in the written documents they prepared. To the extent the allegations suggest that the Offering Documents were false or misleading, the Underwriter Defendants deny such allegations. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

623. The Underwriter Defendants deny that the allegations of Paragraph 623 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

624-632. The allegations of Paragraphs 624-632 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

633. The Underwriter Defendants deny that the allegations of Paragraph 633 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court

to public market sources for a true and accurate record of closing prices on relevant days.

634-637. The allegations of Paragraphs 634-637 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

638. The Underwriter Defendants deny that the allegations of Paragraph 638 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

639-641. The allegations of Paragraphs 639-641 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

642. The Underwriter Defendants deny that the allegations of Paragraph 642 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

643-644. The allegations of Paragraphs 643-644 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

645. The Underwriter Defendants deny that the allegations of Paragraph 645 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

646-648. The allegations of Paragraphs 646-648 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written

document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

649. The Underwriter Defendants deny that the allegations of Paragraph 649 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

650. The allegations of Paragraph 650 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants.

651-652. The allegations of Paragraphs 651-652 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

653. The Underwriter Defendants deny that the allegations of Paragraph 653 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

654-656. The allegations of Paragraphs 654-656 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by

the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves.

657. The Underwriter Defendants deny that the allegations of Paragraph 657 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

658-659. The allegations of Paragraphs 658-659 appear to be directed to conduct and knowledge of other defendants, and therefore no response is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

660. The Underwriter Defendants deny that the allegations of Paragraph 660 accurately or fairly describe the factors affecting the stock price movements described therein, and specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants. The Underwriter Defendants respectfully refer the Court to public market sources for a true and accurate record of closing prices on relevant days.

661. The allegations in Paragraph 661 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants.

662. The allegations in Paragraph 662 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants.

663. The allegations in Paragraph 663 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants.

664-667. The allegations in Paragraphs 664-667 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

668-671. The allegations in Paragraphs 668-671 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants.

672. The allegations in Paragraph 672 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

673-675. The allegations in Paragraphs 673-675 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

676. The allegations in Paragraph 676 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants.

677. The allegations in Paragraph 677 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

678. The allegations in Paragraph 678 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

679-680. The allegations in Paragraphs 679-680 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

681. The allegations in Paragraph 681 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is

required by the Underwriter Defendants. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

682. The allegations in Paragraph 682 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

683-686. The allegations in Paragraphs 683-686 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

687. The allegations in Paragraph 687 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

688-691. The allegations in Paragraphs 688-691 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these

allegations is required by the Underwriter Defendants. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

692. The allegations in Paragraph 692 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent the allegations are construed to relate to the Offering Documents (including documents incorporated by reference therein), the Underwriter Defendants deny that the Offering Documents contain any false and misleading statements and refer the Court to those documents, which speak for themselves. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

693-694. The allegations in Paragraphs 693-694 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants.

695-700. The allegations in Paragraphs 695-700 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

701. The allegations in Paragraph 701 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants.

702-706. The allegations in Paragraphs 702-706 are based on one or more "Confidential Witnesses" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

707-780. The allegations in Paragraphs 707-780 appear to be directed to the conduct and knowledge of other defendants, and therefore no response to these allegations is required by the Underwriter Defendants. To the extent the allegations purport to describe the contents of a written document, the Underwriter Defendants refer the Court to the actual document, which speaks for itself.

781. The allegations of Paragraph 781 purport to state legal conclusions requiring no response. The Underwriter Defendants further answer that in connection with their underwriting of the Offerings, they performed reasonable and customary due diligence, including review of Countrywide periodic reports filed with the SEC, inquiries of management, and review of Countrywide's audited financial statements, and that as a result of their due diligence they believed the statements in the registration statements and prospectuses to be true.

782. The Underwriter Defendants deny all the allegations of Paragraph 782. The Underwriter Defendants further answer that in connection with their underwriting of the Offerings, they performed reasonable and customary due diligence, including review of Countrywide periodic reports filed with the SEC, inquiries of management, and review of Countrywide's audited financial statements, and that as a result of their due diligence they believed the statements in the registration statements and prospectuses to be true.

783. The allegations of Paragraph 783 purport to state legal conclusions requiring no response. The Underwriter Defendants further answer that in connection with their underwriting of the Offerings, they performed reasonable and customary due diligence, including review of Countrywide periodic reports filed with the SEC, inquiries of management, and review of Countrywide's audited financial statements, and that as a result of their due diligence they believed the statements in the registration statements and prospectuses to be true.

784. The Underwriter Defendants deny all the allegations of Paragraph 784. The Underwriter Defendants further answer that in connection with their underwriting of the Offerings, they performed reasonable and customary due diligence, including review of Countrywide periodic reports filed with the SEC, inquiries of management, and review of Countrywide's audited financial statements, and that as a result of their due diligence they believed the statements in the registration statements and prospectuses to be true.

785-794. The Underwriter Defendants deny all of the allegations of Paragraphs 785-788.

795. The Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein. The Underwriter Defendants deny the allegations of Paragraph 795, except admit that Plaintiff purports to bring Count I as described therein.

796-798. To the extent that the allegations of Paragraphs 796-798 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraphs 796-798.

799. To the extent that the allegations of Paragraph 799 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 799. The Underwriter Defendants further answer that in connection with their underwriting of the Offerings, they performed reasonable and customary due diligence, including review of Countrywide periodic reports filed with the SEC, inquiries of management, and review of Countrywide's audited financial statements, and that as a result of their due diligence they believed the statements in the registration statements and prospectuses to be true.

800-801. To the extent that the allegations of Paragraphs 800-801 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraphs 800-801.

802. To the extent that the allegations of Paragraph 802 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 802, except admit that the Underwriter Defendants acted as underwriters with respect to one or more of the Offerings. The Underwriter Defendants further answer that in connection with their underwriting of the Offerings, they performed reasonable and customary due diligence, including review of Countrywide periodic reports filed with the SEC, inquiries of management, and review of Countrywide's audited financial statements, and that as a result of their due diligence they believed the statements in the registration statements and prospectuses to be true.

803. The Underwriter Defendants admit that KPMG was the auditor for Countrywide during the class period and deny on information and belief the remaining portion of the Paragraph.

804. To the extent that the allegations of Paragraph 804 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 804 for lack of information and belief, and deny the Plaintiff was damaged in any amount.

805-807. The Underwriter Defendants deny all the allegations of Paragraphs 805-807.

808-817. Pursuant to this Court's order dated August 22, 2011, this Count has been dismissed and Plaintiff has waived any right to assert it by declining to amend its pleading; therefore, no response is required.

818-825. The allegations contained in Paragraphs 818-825 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.

838-843. The allegations contained in Paragraphs 838-843 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.

844-857. The allegations contained in Paragraphs 844-857 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.

858-863. Pursuant to this Court's order dated August 22, 2011, this Count has been dismissed and Plaintiff has waived any right to assert it by declining to amend its pleading; therefore, no response is required.

864-894. The allegations contained in Paragraphs 864-870 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.

## DEFENSES

By way of further defenses, the Underwriter Defendants assert the following. For purposes of these Defenses, the phrase "Offered Securities" refers to those publicly-traded securities that are the subject of Count asserted against the Underwriter Defendants, and the phrase "Offering Documents" refers to the registration statements and prospectuses issued in connection with each of the Offered Securities, and the documents incorporated therein by reference. By virtue of alleging these further defenses, the Underwriter Defendants do not assume any burden of proof, persuasion or production not otherwise legally assigned to them.

### 1. FAILURE TO STATE A CLAIM

1. The claim asserted against the Underwriter Defendants under Sections 11 of the Securities Act of 1933 ("Securities Act") fails to allege facts sufficient to state a claim upon which relief may be granted.

### 2. LACK OF STANDING

2. Plaintiff lacks standing to sue under the Securities Act, or to assert the Section 11 claim against any of the Underwriter Defendants.

### 3. NO MATERIAL MISSTATEMENT OR OMISSION

3. The Underwriter Defendants are informed and believe, and on that basis

allege, that Plaintiff is not entitled to any recovery from the Underwriter Defendants under the Securities Act, because the Offering Documents did not contain any untrue statement of material fact, nor did they omit to state any material fact required to be stated or necessary to make the statements made not misleading, because the Offering Documents bespoke caution about the risks of investing in the Company, and because the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any statements not contained in the Offering Documents.

**4. <u>STATUTE OF LIMITATIONS</u>**

4. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff's Securities Act claim against the Underwriter Defendants is barred by the applicable statute of limitation. Without limiting the foregoing, the Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff had either actual or inquiry notice of its alleged claims more than one year before first bringing the claims asserted in the Complaint, and that Plaintiff could have but failed to conduct any reasonable inquiry as to the existence of such claims. Plaintiff was required, but failed, to allege facts concerning the nature and scope of their inquiry, if any, more than one year prior to asserting the causes of action alleged in the Complaint.

**5. <u>DUE DILIGENCE</u>**

5. Plaintiff is not entitled to any recovery under the Securities Act from the Underwriter Defendants because, at all relevant times, the Underwriter Defendants conducted a reasonable investigation and had reasonable ground to believe and did believe, at the time the registration statements for the Offered Securities became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

**6. RELIANCE ON EXPERTS**

6. Plaintiff is not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the registration statements purporting to be made on the authority of experts (other than the Underwriter Defendants), they had no reasonable ground to believe and did not believe, at the time such part of the registration statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the registration statement did not fairly represent the statement of the expert.

**7. LACK OF CAUSATION**

7. The Underwriter Defendants are informed and believe, and on that basis allege, that any damages or injuries suffered by Plaintiff, if any, were not legally caused by any act or omission on the part of the Underwriter Defendants, because any loss or diminution in value of the Offered Securities, or any alleged damages or injuries suffered by Plaintiff, are not the result of any alleged misrepresentations or omissions in the Offering Documents, and are the result of an intervening or independent cause and unrelated to any act or omission on the part of the Underwriter Defendants, and are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than the Underwriter Defendants.

**8. CONTRIBUTORY FAULT**

8. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff either knew or should have known about the matters alleged in the Complaint, and Plaintiff's own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiff from the purchase and sale of the Offered Securities, and bars any recovery to the extent thereof.

**9. LACK OF RELIANCE**

9. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff is not entitled to any recovery from the Underwriter Defendants

because Plaintiff did not reasonably or actually rely on any alleged untrue or misleading statement of material fact when purchasing Countrywide securities.

**10. NO COGNIZABLE DAMAGES**

10. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff is not entitled to any recovery from Underwriter Defendants under the Securities Act because the alleged damages represent other than the depreciation in value of the Offered Securities resulting from such part of the registration statement or prospectus, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

**11. "TRUTH ON THE MARKET"**

11. The Underwriter Defendants are informed and believe, and on that basis allege, that the actual facts which Plaintiff alleges to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. The Underwriter Defendants are further informed and believe, and on that basis allege, that Plaintiff is not entitled to any recovery from the Underwriter Defendants under the Securities Act because the substance of the allegedly material information that Plaintiff alleges to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in Countrywide' own public filings and announcements, in the Offering Documents, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

**12. NO CAUSE-IN-FACT**

12. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff is not entitled to any recovery from the Underwriter Defendants because Plaintiff would have purchased Countrywide securities even with full knowledge of the facts that Plaintiff now alleges were misrepresented or omitted.

**13. ASSUMPTION OF RISK**

13. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff is not entitled to any recovery from the Underwriter Defendants because Plaintiff purchased the Offered Securities with actual or constructive knowledge of the risks involved in an investment in Countrywide securities, the risks involved with Countrywide's mortgage loan business, and other material risks to Countrywide's business and operations, and thus assumed the risk that the value of the Offered Securities would decline if such risks materialized.

**14. FAILURE TO MITIGATE DAMAGES**

14. Plaintiff had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff failed to comply with that duty and is therefore barred from recovering any damages which might reasonably have been avoided.

**15. SAFE HARBOR**

15. The Underwriter Defendants are informed and believe, and on that basis allege, that the facts that the Complaint alleges were misrepresented or omitted were forward-looking and are rendered inactionable by the safe harbor set forth in Section 27A of the Securities Act, and under the "bespeaks caution" doctrine.

**16. STATUTORY DAMAGES CAP**

16. The Underwriter Defendants are informed and believe, and on that basis allege, that none of the Underwriter Defendants is liable under Section 11 of the Securities Act for damages in excess of the total price at which the specific Offered Securities underwritten and distributed by such underwriter to the public were offered to the public.

**17. LACHES**

17. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff's claims are barred by the doctrine of laches.

**18. UNCLEAN HANDS**

18. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff's claims are barred by the doctrine of unclean hands.

**19. RELIANCE ON OTHERS**

19. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff's claims are barred, in whole or in part, because at all relevant times, the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

**20. LACK OF DUTY**

20. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff's claims are barred, in whole or in part, because the Underwriter Defendants neither owed nor breached any duty to Plaintiff to disclose information allegedly omitted in the Offering Documents, and had no duty to verify, opine upon, audit, review or correct such information disclosed in the Offering Documents.

**21. RIGHT OF CONTRIBUTION**

21. The Underwriter Defendants are entitled to recover contribution from others for any liability it incurs as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Securities Act claims against the Underwriter Defendants.

**22. WAIVER AND ESTOPPEL**

22. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff is not entitled to any recovery from the Underwriter Defendants because the Securities Act claims are barred in whole or in part by the doctrines of waiver and estoppel.

**23. LACK OF TRACING**

23. The Underwriter Defendants are informed and believe, and on that basis allege, that to the extent that Plaintiff purchased the Offered Securities in the secondary market that are not traceable to the registration statements for the Offered

Securities, Plaintiff is not entitled to any recovery from the Underwriter Defendants.

**24. LACK OF MATERIALITY**

24. Plaintiff is not entitled to any recovery from the Underwriter Defendants because the allegedly untrue statements of material fact, and/or omissions of material fact, in the Offering Documents were not material to the investment decisions of a reasonable investor.

**25. NO DAMAGES ON MATURED SECURITIES**

25. Plaintiff may not recover damages for any of the Offered Securities that have matured, and have never defaulted, or that do mature without default during the pendency of this litigation.

**26. INCORPORATION BY REFERENCE**

26. The Underwriter Defendants hereby adopt and incorporate by reference any act and all other defenses asserted or to be asserted by any of the other defendants to the extent that the Underwriter Defendants may share in such a defense.

**27. RESERVATION OF RIGHTS**

27. The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims, not asserted herein of which it may become aware through discovery or other investigation.

DATED: October 14, 2011

DEAN J. KITCHENS
ALEXANDER K. MIRCHEFF
GIBSON, DUNN & CRUTCHER LLP

By: /s/ Dean J. Kitchens
Dean J. Kitchens

Attorneys for Underwriter Defendants

101145930.9

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 333 South Grand Avenue, Los Angeles, California 90071. On October 14, 2011, I served the forgoing document as follows:

**[X]** by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such electronic filing to counsel of record for all parties by operation of the Court's CM/ECF System.

**[ ]** by U.S. Mail in the ordinary course of business to the non-CM/ECF participants indicated on the attached Manual Notice List. I am readily familiar with the Firm's practice for the collection and processing of correspondence for mailing with the Postal Service and that the correspondence would be deposited with same that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on October 14, 2011, at Los Angeles, California.

| | |
|---|---|
| Michelle K. Pulley | /s/ Michelle K. Pulley |
| (Type of Print Name) | (Signature) |