Lloyd Winawer (State Bar No. 157823)
*lwinawer@goodwinprocter.com*
**GOODWIN PROCTER LLP**
10250 Constellation Blvd., 21st Floor
Los Angeles, California 90067
Telephone: 310-788-5177
Facsimile: 310-286-0992

Brian E. Pastuszenski (*Pro Hac Vice*)
*bpastuszenski@goodwinprocter.com*
Alexis L. Shapiro (*Pro Hac Vice*)
*ashapiro@goodwinprocter.com*
Mitchell D. Webber *(Pro Hac Vice)*
*mwebber@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, Massachusetts 02109
Telephone: 617-570-1000
Facsimile: 617-523-1231

*Attorneys for Defendants* Countrywide Financial Corporation and Countrywide Securities Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE TREASURER OF THE STATE OF MICHIGAN, AS CUSTODIAN OF THE MICHIGAN PUBLIC SCHOOL EMPLOYEES RETIREMENT SYSTEM, STATE EMPLOYEES' RETIREMENT SYSTEM, MICHIGAN STATE POLICE RETIREMENT SYSTEM AND MICHIGAN JUDGES' RETIREMENT SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>Defendant. | Case No. 11-CV-00809-MRP-MAN<br><br>**COUNTRYWIDE DEFENDANTS' ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Judge: Mariana R. Pfaelzer |

Defendants Countrywide Financial Corporation and Countrywide Securities Corporation ("Countrywide") hereby answer Plaintiff's Amended Complaint. Countrywide denies all of the Amended Complaint's allegations unless expressly admitted herein. Countrywide answers the allegations in the like-numbered paragraphs and subparagraphs of the Amended Complaint as follows:

The first unnumbered paragraph on page 1 of the Amended Complaint is a characterization of the Amended Complaint to which no response is required. To the extent the first unnumbered paragraph on page 1 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of the first unnumbered paragraph on page 1 of the Amended Complaint.

1. Countrywide denies the allegations of paragraph 1 of the Amended Complaint except to admit that it engaged in mortgage lending and other finance-related businesses.

2. Countrywide denies the allegations of paragraph 2 of the Amended Complaint except to admit that it engaged in mortgage lending and other finance-related businesses and that it sold loans into the secondary market.

3. Countrywide denies the allegations of paragraph 3 of the Amended Complaint except to admit that it sold loans into the secondary market.

4. Countrywide states that the remarks allegedly made by Mr. Mozilo referenced in paragraph 4 of the Amended Complaint speak for themselves, respectfully refers the Court to the statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 4 of the Amended Complaint.

5. Countrywide denies the allegations of paragraph 5 of the Amended Complaint.

6. Countrywide states that comments allegedly made by Mr. Mozilo in March 2007 referenced in paragraph 6 of the Amended Complaint speak for themselves, respectfully refers the Court to the statement for its contents, and denies

any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 6 of the Amended Complaint.

7. Countrywide denies the allegations of paragraph 7 of the Amended Complaint except to admit that it originated pay-option ARM loans and home equity lines of credit.

8. Countrywide states that the Interagency Guidance referenced in paragraph 8 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 8 of the Amended Complaint.

9. Countrywide denies the allegations of paragraph 9 of the Amended Complaint.

10. Countrywide denies the allegations of paragraph 10 of the Amended Complaint.

11. Countrywide denies the allegations of paragraph 11 of the Amended Complaint.

12. Countrywide denies the allegations of paragraph 12 of the Amended Complaint.

13. Countrywide denies the allegations of paragraph 13 of the Amended Complaint.

14. Countrywide denies the allegations of paragraph 14 of the Amended Complaint.

15. Countrywide denies the allegations of paragraph 15 of the Amended Complaint.

16. Countrywide denies the allegations of paragraph 16 of the Amended Complaint.

17. Countrywide denies the allegations of paragraph 17 of the Amended Complaint.

18. Paragraph 18 of the Amended Complaint contains conclusions of law to which no response is required. To the extent paragraph 18 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 18 of the Amended Complaint, excepts admits it engaged in debt offerings.

19. Countrywide denies the allegations of paragraph 19 of the Amended Complaint.

20. Countrywide states that the alleged remarks made during a July 2007 conference call referenced in paragraph 20 of the Amended Complaint speak for themselves, respectfully refers the Court to the statements for their contents, and denies any characterization inconsistent with their terms. Countrywide further states that the Stifel Nicolaus report referenced in paragraph 20 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 20 of the Amended Complaint.

21. Countrywide denies the allegations of paragraph 21 of the Complaint.

22. Countrywide states that Bank of America, N.A.'s announcement on January 11, 2008 referenced in paragraph 22 of the Amended Complaint speaks for itself, respectfully refers the Court to the announcement for its contents , and denies any characterization inconsistent with its terms. Countrywide states that the March 8, 2008 *Wall Street Journal* article referenced in paragraph 22 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 22 of the Amended Complaint except to admit that Countrywide entered a merger agreement with Bank of America in 2008.

23. Countrywide states that the report of the Financial Crisis Inquiry

Commission referenced in paragraph 23 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 23 of the Amended Complaint.

24. Countrywide states that its alleged stock prices referenced in paragraph 24 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 24 of the Amended Complaint.

25. Countrywide states that the court documents referenced in paragraph 25 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms.

26. Paragraph 26 of the Amended Complaint consists of conclusions of law to which no response is required. To the extent paragraph 26 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 26 of the Amended Complaint.

27. Paragraph 27 of the Amended Complaint consists of conclusions of law to which no response is required. To the extent paragraph 27 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 27 of the Amended Complaint.

28. Paragraph 28 of the Amended Complaint consists of conclusions of law to which no response is required. To the extent paragraph 28 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 28 of the Amended Complaint except to admit that, prior to its merger with Bank of America, Countrywide maintained its corporate headquarters and principal executive offices in the Central District of California.

29. Paragraph 29 of the Amended Complaint consists of conclusions of law to which no response is required. To the extent paragraph 29 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 29 of the Amended Complaint.

30. Paragraph 30 of the Amended Complaint contains conclusions of law to which no response is required. To the extent paragraph 30 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 30 of the Amended Complaint.

31. Countrywide states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Amended Complaint. To the extent paragraph 31 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations in paragraph 31 of the Amended Complaint.

32. Countrywide admits the allegations of paragraph 32 of the Amended Complaint except to deny that Countrywide's common stock trades actively on the New York Stock Exchange.

33. Countrywide denies the allegations of paragraph 33 of the Amended Complaint except to admit that Countrywide merged with Bank of America in 2008. Countrywide states that the Agreement and Plan of Merger, publicly filed with the SEC, speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 33 of the Amended Complaint.

34. Countrywide denies the allegations of paragraph 34 of the Amended Complaint except to admit that Mr. Mozilo was a co-founder of Countrywide, was Chairman of the Board of Directors from March 1999 until Countrywide's merger with Bank of America, was Chief Executive Officer ("CEO") of Countrywide from February 1998 until Countrywide's merger with Bank of America, was a member of Countrywide's Board from 1969 until 2008, and was President of the Company

from March 2000 through December 2003. Countrywide states that the SEC filings referenced in paragraph 34 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 34 of the Amended Complaint and the characterization of any facts therein.

35. Countrywide denies the allegations of paragraph 35 of the Amended Complaint except to admit that Mr. Sambol joined Countrywide in 1985 and became the Company's President and Chief Operating Officer in September 2006 and that Mr. Sambol became a director of Countrywide in 2007. Countrywide states that the SEC filings referenced in paragraph 35 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 35 of the Amended Complaint.

36. Countrywide denies the allegations of paragraph 36 of the Amended Complaint except to admit that Mr. Sieracki served as Countrywide's Executive Managing Director and Chief Financial Officer ("CFO"), was a member of the Executive Strategy Committee, joined the Company in 1988 as Senior Vice President of Countrywide Asset Management Corporation, and was promoted in 1989 to Executive Vice President of Corporate Finance. Countrywide states that the SEC filings referenced in paragraph 36 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 36 of the Amended Complaint.

37. Countrywide denies the allegations of paragraph 37 of the Amended Complaint.

38. Paragraph 38 of the Amended Complaint contains conclusions of law to which no response is required. To the extent paragraph 38 of the Amended

Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 38 of the Amended Complaint.

39. Paragraph 39 of the Amended Complaint consists of conclusions of law to which no response is required. To the extent paragraph 39 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 39 of the Amended Complaint.

40. Paragraph 40 of the Amended Complaint consists of conclusions of law to which no response is required. To the extent paragraph 40 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 40 of the Amended Complaint.

41. Paragraph 41 of the Amended Complaint consists of conclusions of law to which no response is required. To the extent paragraph 41 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 41 of the Amended Complaint.

42. Countrywide states that the SEC filings referenced in paragraph 42 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 42 of the Amended Complaint except to admit the allegations in the first sentence of paragraph 42.

43. Countrywide states that the SEC filings referenced in paragraph 43 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 43 of the Amended Complaint except to admit the allegations in the first sentence of paragraph 43.

44. Countrywide states that the SEC filings referenced in paragraph 44 of the Amended Complaint are documents that speak for themselves, respectfully

refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 44 of the Amended Complaint except to admit that Mr. Cunningham served on Countrywide's Board of Directors.

45. Countrywide states that the SEC filings referenced in paragraph 45 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 45 of the Amended Complaint except to admit that Mr. Donato served on Countrywide's Board of Directors.

46. Countrywide states that the SEC filings referenced in paragraph 46 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 46 of the Amended Complaint except to admit that Mr. Dougherty served on Countrywide's Board of Directors.

47. Countrywide states that the SEC filings referenced in paragraph 47 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 47 of the Amended Complaint except to admit that Mr. Enis served on Countrywide's Board of Directors.

48. Countrywide states that the SEC filings referenced in paragraph 48 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 48 of the Amended Complaint except to admit Mr. Heller served on Countrywide's Board of Directors.

49. Countrywide states that the SEC filings referenced in paragraph 49 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 49 of the Amended Complaint except to admit that Mr. Melone served on Countrywide's Board of Directors.

50. Countrywide states that the SEC filings referenced in paragraph 50 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 50 of the Amended Complaint except to admit that Mr. Parry served on Countrywide's Board of Directors.

51. Countrywide states that the SEC filings referenced in paragraph 51 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 51 of the Amended Complaint except to admit that Mr. Robertson served on Countrywide's Board of Directors.

52. Countrywide states that the SEC filings referenced in paragraph 52 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 52 of the Amended Complaint except to admit that Mr. Russell served on Countrywide's Board of Directors.

53. Countrywide states that the SEC filings referenced in paragraph 53 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of

paragraph 53 of the Amended Complaint except to admit that Mr. Snyder served on Countrywide's Board of Directors.

54. Paragraph 54 is a characterization of the Amended Complaint to which no response is required.

55. Countrywide denies the allegations of paragraph 55 of the Amended Complaint except to state that the offering documents for the notes referenced in paragraph 55 of the Amended Complaint provide a description of the underwriting arrangements relating to the alleged notes, and respectfully refers the Court to those documents.

56. Countrywide denies the allegations of paragraph 56 of the Amended Complaint except to state that the offering documents for the notes referenced in paragraph 56 of the Amended Complaint provide a description of the underwriting arrangements relating to the alleged notes, and respectfully refers the Court to those documents.

57. Countrywide denies the allegations of paragraph 57 of the Amended Complaint except to admit that the offering documents for the notes referenced in paragraph 57 of the Amended Complaint provide a description of the underwriting arrangements relating to the alleged notes, and respectfully refers the Court to those documents.

58. Countrywide denies the allegations of paragraph 58 of the Amended Complaint except to admit that the offering documents for the notes referenced in paragraph 58 of the Amended Complaint provide a description of the underwriting arrangements relating to the alleged notes, and respectfully refers the Court to those documents.

59. Countrywide denies the allegations of paragraph 59 of the Amended Complaint except to admit that the offering documents for the notes referenced in paragraph 59 of the Amended Complaint provide a description of the underwriting arrangements relating to the alleged notes, and respectfully refers the Court to those

documents.

60. Countrywide denies the allegations of paragraph 60 of the Amended Complaint except to admit that the offering documents for the notes referenced in paragraph 60 of the Amended Complaint provide a description of the underwriting arrangements relating to the alleged notes, and respectfully refers the Court to those documents.

61. Countrywide denies the allegations of paragraph 61 of the Amended Complaint except to admit that the offering documents for the notes referenced in paragraph 61 of the Amended Complaint provide a description of the underwriting arrangements relating to the alleged notes, and respectfully refers the Court to those documents.

62. Countrywide denies the allegations of paragraph 62 of the Amended Complaint except to admit that the offering documents for the notes referenced in paragraph 62 of the Amended Complaint provide a description of the underwriting arrangements relating to the alleged notes, and respectfully refers the Court to those documents.

63. Countrywide denies the allegations of paragraph 63 of the Amended Complaint except to admit that the offering documents for the notes referenced in paragraph 63 of the Amended Complaint provide a description of the underwriting arrangements relating to the alleged notes, and respectfully refers the Court to those documents.

64. Countrywide denies the allegations of paragraph 64 of the Amended Complaint except to admit that the offering documents for the notes referenced in paragraph 64 of the Amended Complaint provide a description of the underwriting arrangements relating to the alleged notes, and respectfully refers the Court to those documents.

65. Countrywide denies the allegations of paragraph 65 of the Amended Complaint except to admit that the offering documents for the notes referenced in

paragraph 65 of the Amended Complaint provide a description of the underwriting arrangements relating to the alleged notes, and respectfully refers the Court to those documents.

66. Paragraph 66 is a characterization of the Amended Complaint to which no response is required.

67. Countrywide denies the allegations of paragraph 67 of the Amended Complaint except to admit the allegations in the second, third, and fourth sentences, but not footnote 4, of paragraph 67. Countrywide states that the opinions, unqualified opinions, and SEC filings referenced in paragraph 67 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms.

68. Countrywide denies the allegations of paragraph 68 of the Amended Complaint.

69. Countrywide denies the allegations of paragraph 69 of the Amended Complaint except to admit that Countrywide's business included the four loan origination divisions identified in paragraph 69 of the Amended Complaint.

70. Countrywide denies the allegations of paragraph 70 of the Amended Complaint.

71. Countrywide denies the allegations of paragraph 71 of the Amended Complaint except to admit that Mortgage Banking, Banking and Capital Markets comprised a significant portion of Countrywide's pre-tax earnings during the Relevant Period.

72. Countrywide denies the allegations of paragraph 72 of the Amended Complaint except to admit that it sold loans into the secondary market.

73. Countrywide denies the allegations of paragraph 73 of the Amended Complaint except to admit that it sold loans into the secondary market.

74. Countrywide denies the allegations of paragraph 74 of the Amended

Complaint except admits that it sold loans into the secondary market, and that it sometimes retained the right to service these loans.

75. Countrywide states that the SEC Form 10-K reports referenced in paragraph 75 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the 10-Ks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 75 of the Amended Complaint.

76. Countrywide states that the February 23, 2008 *Wall Street Journal* article referenced in paragraph 76 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 76 of the Amended Complaint.

77. Countrywide states that the remarks allegedly made by Mr. Mozilo during the July 22, 2003, and January 27, 2004 conference calls referenced in paragraph 77 of the Amended Complaint speak for themselves, respectfully refers the Court to the statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 77 of the Amended Complaint.

78. Countrywide states that the periodic filings referenced in paragraph 78 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 78 of the Amended Complaint.

79. The allegations in paragraph 79 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations

are thus denied for these reasons.

80. The allegations in paragraph 80 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

81. The allegations in paragraph 81 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

82. The allegations in paragraph 82 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons. Further, Countrywide states that the alleged October 24, 2007 *Wall Street Journal* article referenced in paragraph 82 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 82 of the Amended Complaint.

83. The allegations in paragraph 83 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such

persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

84. Countrywide states that the alleged October 24, 2007 *Wall Street Journal* article and the financial reports referenced in paragraph 84 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 84 of the Amended Complaint.

85. Countrywide denies the allegations of paragraph 85 of the Amended Complaint.

86. The allegations of paragraph 86 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

87. Countrywide denies the allegations of paragraph 87 of the Amended Complaint except to admit that it originated pay-option ARM loans.

88. Countrywide states that the filings referenced in paragraph 88 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 88 of the Amended Complaint.

89. Countrywide denies the allegations of paragraph 89 of the Amended Complaint, except to admit that it originated some loans based on reduced documentation requirements.

90. Countrywide denies the allegations of paragraph 90 of the Amended Complaint.

91. Countrywide states that the alleged October 24, 2007 *Wall Street Journal* article referenced in paragraph 91 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 91 of the Amended Complaint.

92. The allegations in paragraph 92 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

93. The allegations in paragraph 93 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

94. Countrywide states that the alleged periodic filings referenced in paragraph 94 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 94 of the Amended Complaint.

95. Countrywide states that the remarks allegedly made by Mr. Mozilo on July 22, 2003 speak for themselves, respectfully refers the Court to the statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 95 of the Amended Complaint.

96. Countrywide states that the FCIC Report referenced in paragraph 96 of

the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 96 of the Amended Complaint.

97. Countrywide denies the allegations of paragraph 97 of the Amended Complaint.

98. Countrywide denies the allegations of paragraph 98 of the Amended Complaint.

99. Countrywide states that the alleged Interagency Guidance, Countrywide's comments on the Interagency Guidance, and the Office of Thrift Supervisions supplemental information referenced in paragraph 99 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 99 of the Amended Complaint.

100. Countrywide states that the alleged Interagency Guidance referenced in paragraph 100 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 100 of the Amended Complaint.

101. Countrywide states that the alleged August 2006 *Wall Street Journal* article referenced in paragraph 101 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 101 of the Amended Complaint.

102. Countrywide states that the alleged Interagency Guidance referenced in paragraph 102 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any

characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 102 of the Amended Complaint.

103. Countrywide states that the alleged Interagency Guidance referenced in paragraph 103 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 103 of the Amended Complaint.

104. Countrywide states that the alleged Interagency Guidance and October 24, 2007 *Wall Street Journal* article referenced in paragraph 104 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 104 of the Amended Complaint.

105. The allegations in paragraph 105 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

106. Countrywide states that the alleged period filings referenced in paragraph 106 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 106 of the Amended Complaint.

107. Countrywide states that the alleged public filings referenced in paragraph 107 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the

allegations of paragraph 107 of the Amended Complaint.

108. Countrywide denies the allegations of paragraph 108 of the Amended Complaint.

109. Countrywide states that alleged January 3, 2011 Bank of America announcement and the Ambac Assurance Company Amended Complaint referenced in paragraph 109 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 109 of the Amended Complaint.

110. Countrywide denies the allegations of paragraph 110 of the Amended Complaint.

111. Countrywide denies the allegations of paragraph 111 of the Amended Complaint.

112. Countrywide states that the alleged Underwriting Matrices referenced in the first sentence of paragraph 112 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. The allegations in the second sentence of paragraph 112 of the Amended Complaint are based on one or more so-called “Confidential Witnesses.” Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons. Countrywide otherwise denies the allegations of paragraph 112 of the Amended Complaint.

113. The allegations in paragraph 113 of the Amended Complaint are based on one or more so-called “Confidential Witnesses.” Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such

persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

114. The allegations in paragraph 114 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

115. The allegations in paragraph 115 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

116. Countrywide states that the FCIC Report referenced in paragraph 116 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 116 of the Amended Complaint.

117. Countrywide lacks knowledge or information sufficient to form a belief as to sentence one of paragraph 117. Countrywide denies the allegations of the remainder of paragraph 117 of the Amended Complaint.

118. Countrywide denies the allegations of paragraph 118 of the Amended Complaint.

119. Countrywide denies the allegations of the first and second sentences of paragraph 119 of the Amended Complaint. Further, the allegations of the third and fourth sentences of paragraph 119 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or

information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

120. The allegations in paragraph 120 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

121. The allegations in paragraph 121 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

122. The allegations in paragraph 122 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

123. The allegations in paragraph 123 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

124. The allegations in paragraph 124 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

125. The allegations in paragraph 125 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

126. The allegations in paragraph 126 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

127. Countrywide states that the SEC Complaint referenced in paragraph 127 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 127 of the Amended Complaint.

128. Countrywide states that the SEC Complaint and the alleged June 24, 2005 correspondence between Messrs. McMurray and Sambol referenced in paragraph 128 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the

allegations of paragraph 128 of the Amended Complaint.

129. Countrywide denies the allegations of paragraph 129 of the Amended Complaint.

130. The allegations in paragraph 130 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

131. The allegations in paragraph 131 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

132. The allegations in paragraph 132 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

133. Countrywide states that the alleged August 26, 2007 *New York Times* article referenced in paragraph 133 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 133 of the Amended Complaint.

134. Countrywide states that the alleged August 26, 2007 *New York Times* article and the alleged Countrywide manual referenced in paragraph 134 of the

Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 134 of the Amended Complaint.

135. The allegations in paragraph 135 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons. Further, Countrywide states that the alleged November 11, 2007 *New York Times* article referenced in paragraph 135 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 135 of the Amended Complaint.

136. The allegations in paragraph 136 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

137. The allegations in paragraph 137 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

138. The allegations in paragraph 138 of the Amended Complaint are based

on one or more so-called “Confidential Witnesses.” Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

139. The allegations in paragraph 139 of the Amended Complaint are based on one or more so-called “Confidential Witnesses.” Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

140. The allegations in paragraph 140 of the Amended Complaint are based on one or more so-called “Confidential Witnesses.” Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

141. The allegations in paragraph 141 of the Amended Complaint are based on one or more so-called “Confidential Witnesses.” Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

142. Countrywide denies the allegations of the first sentence of paragraph 142 of the Amended Complaint. The allegations in the second and third sentences of paragraph 142 of the Amended Complaint are based on one or more so-called “Confidential Witnesses.” Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if

any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

143. The allegations in paragraph 143 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

144. The allegations in paragraph 144 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

145. Countrywide states that the alleged November 13, 2008 *Businessweek* article referenced in paragraph 145 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 145 of the Amended Complaint.

146. The allegations in paragraph 146 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

147. Countrywide states that the alleged January 17, 2008 *Businessweek* article referenced in paragraph 147 of the Amended Complaint is a document that

speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 147 of the Amended Complaint. Countrywide further states that the allegations in paragraph 147 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

148. Countrywide states that the alleged November 4, 2010 *Huffington Post* article referenced in paragraph 148 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 148 of the Amended Complaint.

149. Countrywide states that the FCIC Report referenced in paragraph 149 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 149 of the Amended Complaint.

150. Paragraph 150 of the Amended Complaint contains conclusions of law to which no response is required. To the extent paragraph 150 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 150 of the Amended Complaint.

151. Countrywide states that the Interagency Guidance referenced in paragraph 151 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 151 of the Amended Complaint.

152. Countrywide states that the alleged complaint filed by Mark Zachary against Countrywide referenced in paragraph 152 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the complaint for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 152 of the Amended Complaint.

153. Countrywide states that the alleged complaint filed by Mark Zachary against Countrywide referenced in paragraph 153 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the complaint for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 153 of the Amended Complaint.

154. Countrywide states that the alleged compliant filed by Capitol West Appraisals, LLC against Countrywide referenced in paragraph 154 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the complaint for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 154 of the Amended Complaint.

155. Countrywide states that the alleged complaint filed by Capitol West Appraisals, LLC against Countrywide referenced in paragraph 155 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the complaint for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 155 of the Amended Complaint.

156. Countrywide states that the March 9, 2007 *Reuters* article, the Companywide e-mail, and the August 26, 2007 *New York Times* article referenced in paragraph 156 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 156 of the Amended Complaint.

157. Countrywide states that the alleged Countrywide documents referenced in paragraph 157 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 157 of the Amended Complaint.

158. Countrywide states that the Form 8-K, July 24, 2007 press release, and the statements allegedly made during an earnings call referenced in paragraph 158 speak for themselves, respectfully refers the Court to the documents and statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 158 of the Amended Complaint.

159. Countrywide states that the August 26, 2007 *New York Times* article referenced in paragraph 159 of the Amended Complaint speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 159 of the Amended Complaint.

160. Countrywide states that the August 26, 2007 *New York Times* article referenced in paragraph 160 of the Amended Complaint speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 160 of the Amended Complaint.

161. The allegations in paragraph 161 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

162. Countrywide denies the allegations of paragraph 162 of the Amended

Complaint.

163. Countrywide denies the allegations of paragraph 163 of the Amended Complaint.

164. Countrywide states that the alleged Expanded Guidance for Subprime Lending Programs (the "Expanded Guidance") referenced in paragraph 164 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 164 of the Amended Complaint.

165. Countrywide states that the alleged Expanded Guidance referenced in paragraph 165 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 165 of the Amended Complaint.

166. Countrywide states that the alleged February 2001 Office of Thrift Supervision transmittal letter and the Expanded Guidance referenced in paragraph 166 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 166 of the Amended Complaint.

167. Countrywide states that the alleged February 2003 Freddie Mac public guidelines referenced in paragraph 167 of the Amended Complaint is a document that speak for themselves, respectfully refers the Court to the guidelines for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 167 of the Amended Complaint.

168. Countrywide states that the allegedly remarks by Mr. Mozilo at the September 13, 2006 investor conference referenced in paragraph 168 of the Amended Complaint speak for themselves, respectfully refers the Court to the

statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 168 of the Amended Complaint.

169. Countrywide denies the allegations of the first sentence of paragraph 169 of the Amended Complaint. The allegations of the second sentence of paragraph 169 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

170. The allegations of paragraph 170 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

171. The allegations in paragraph 171 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

172. The allegations in paragraph 172 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations

are thus denied for these reasons.

173. Countrywide states that the SEC filings and the allegedly remarks by Mr. McMurray during the July 24, 2007 conference call referenced in paragraph 173 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents and statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 173 of the Amended Complaint.

174. Countrywide states that the allegedly remarks by an HSBC Securities analyst referenced in paragraph 174 of the Amended Complaint speak for themselves, respectfully refers the Court to the statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 174 of the Amended Complaint.

175. Countrywide states that the allegedly remarks by an HSBC Securities analyst referenced in paragraph 175 of the Amended Complaint speak for themselves, respectfully refers the Court to the statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 175 of the Amended Complaint.

176. The allegations of paragraph 176 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

177. The allegations of paragraph 177 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations

are thus denied for these reasons.

178. Countrywide states that the alleged July 27, 2007 report by Stifel Nicolaus referenced in paragraph 178 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 178 of the Amended Complaint.

179. Countrywide states that the alleged July 27, 2007 report by Stifel Nicolaus referenced in paragraph 179 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 179 of the Amended Complaint.

180. Countrywide states that the alleged August 26, 2007 *New York Times* article referenced in paragraph 180 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 180 of the Amended Complaint.

181. Countrywide states that the alleged Interagency Guidance referenced in paragraph 181 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 181 of the Amended Complaint.

182. Countrywide states that the alleged February 2008 and October 2007 *Wall Street Journal* articles referenced in paragraph 182 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the articles for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 182 of the Amended Complaint.

183. The allegations of paragraph 183 of the Amended Complaint are based

on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

184. The allegations of paragraph 184 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

185. Countrywide denies the allegations of paragraph 185 of the Amended Complaint.

186. Paragraph 186 of the Amended Complaint contains conclusions of law and interpretation of accounting rules to which no response is required. To the extent that parágraph 186 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 186 of the Amended Complaint.

187. Countrywide denies the allegations of paragraph 187 of the Amended Complaint.

188. Countrywide denies the allegations of paragraph 188 of the Amended Complaint.

189. Paragraph 189 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 189 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 189 of the Amended Complaint.

190. Paragraph 190 of the Amended Complaint is an interpretation of

accounting rules and literature to which no response is required. To the extent that paragraph 190 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 190 of the Amended Complaint.

191. Paragraph 191 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 191 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 191 of the Amended Complaint.

192. Countrywide states that the alleged Audit Risk Alerts and AICPA's Annual Accounting Manual referenced in paragraph 192 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 192 of the Amended Complaint.

193. Paragraph 193 of the Amended Complaint is a characterization of the Amended Complaint to which no response is required. To the extent that paragraph 193 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 193 of the Amended Complaint.

194. Countrywide states that the alleged 2004 Audit Risk Alert and the Audit and Accounting Manual referenced in paragraph 194 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Further, paragraph 194 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 194 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 194 of the

Amended Complaint.

195. Countrywide states that the alleged Audit Risk Alerts and the Audit and Accounting Manual referenced in paragraph 195 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Further, paragraph 195 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 195 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 195 of the Amended Complaint.

196. Countrywide states that the alleged Audit Risk Alert and the Audit and Accounting Manual referenced in paragraph 196 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Further, paragraph 196 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 196 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 196 of the Amended Complaint.

197. Countrywide states that the alleged Audit Risk Alert and the Audit and Accounting Manual referenced in paragraph 197 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Further, paragraph 197 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 197 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 197 of the Amended Complaint.

198. Countrywide states that the alleged SEC Staff Accounting Bulletin referenced in paragraph 198 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Further, paragraph 198 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 198 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 198 of the Amended Complaint.

199. Countrywide states that the alleged Audit Risk Alert and the Audit and Accounting Manual referenced in paragraph 199 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Further, paragraph 199 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 199 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 199 of the Amended Complaint.

200. Countrywide states that the alleged Audit Risk Alert and the Audit and Accounting Manual referenced in paragraph 200 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Further, paragraph 200 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 200 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 200 of the Amended Complaint.

201. Paragraph 201 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that

paragraph 201 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 201 of the Amended Complaint.

202. Paragraph 202 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 202 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 202 of the Amended Complaint.

203. Paragraph 203 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 203 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 203 of the Amended Complaint.

204. Paragraph 204 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 204 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 204 of the Amended Complaint.

205. Paragraph 205 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 205 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 205 of the Amended Complaint. Further, Countrywide states that the alleged SEC Staff Accounting Bulletin referenced in paragraph 205 of the Amended Complaint is a document speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 205 of the Complaint.

206. Countrywide states that the SEC Staff Accounting Bulletin referenced

in paragraph 206 of the Amended Complaint speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 206 of the Amended Complaint.

207. Countrywide states that the 2006 Form 10-K referenced in paragraph 207 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 207 of the Amended Complaint.

208. Paragraph 208 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 208 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 208 of the Amended Complaint.

209. Countrywide denies the allegations of paragraph 209 of the Amended Complaint.

210. Paragraph 210 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 210 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 210 of the Amended Complaint.

211. Paragraph 211 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 211 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 211 of the Amended Complaint.

212. Countrywide denies the allegations of paragraph 212 of the Amended Complaint.

213. Countrywide denies the allegations of paragraph 213 of the Amended Complaint.

214. Countrywide states that the documents from which the chart is drawn in paragraph 214 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 214 of the Amended Complaint.

215. Paragraph 215 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 215 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 215 of the Amended Complaint.

216. Countrywide states that the documents from which the figures are drawn in paragraph 216 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 216 of the Amended Complaint.

217. Countrywide states that the documents from which the figures are drawn in paragraph 217 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide denies the allegations of paragraph 217 of the Amended Complaint.

218. Countrywide states that the documents from which the chart is drawn in paragraph 218 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 218 of the Amended Complaint.

219. Paragraph 219 of the Amended Complaint is an interpretation of

accounting rules and literature to which no response is required. To the extent that paragraph 219 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 219 of the Amended Complaint.

220. Countrywide states that the documents from which the figures are drawn in paragraph 220 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 220 of the Amended Complaint.

221. Countrywide states that the documents from which the chart is drawn in paragraph 221 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 221 of the Amended Complaint.

222. Paragraph 222 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 222 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 222 of the Amended Complaint.

223. Countrywide denies the allegations of paragraph 223 of the Amended Complaint.

224. Countrywide denies the allegations of paragraph 224 of the Amended Complaint.

225. Countrywide states that the documents from which the chart is drawn in paragraph 225 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Further, Countrywide states that paragraph 225 of the Amended Complaint is an interpretation of accounting rules and literature to which

no response is required. To the extent that paragraph 225 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 225 of the Amended Complaint.

226. Paragraph 226 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 226 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 226 of the Amended Complaint.

227. Countrywide states that the documents from which the chart is drawn in paragraph 227 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 227 of the Amended Complaint.

228. Countrywide denies the allegations of paragraph 228 of the Amended Complaint.

229. Paragraph 229 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 229 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 229 of the Amended Complaint.

230. Countrywide states that the Form 10-Ks referenced in paragraph 230 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the 10-Ks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 230 of the Amended Complaint. Further, Paragraph 230 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 230 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the

allegations of paragraph 230 of the Amended Complaint.

231. Paragraph 231 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 231 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 231 of the Amended Complaint.

232. Countrywide states that the Form 10-Ks referenced in paragraph 232 of the Amended Complaint are documents speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 232 of the Amended Complaint.

233. Countrywide denies the allegations of paragraph 233 of the Amended Complaint.

234. Countrywide denies the allegations of paragraph 234 of the Amended Complaint.

235. Paragraph 235 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 235 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 235 of the Amended Complaint.

236. Countrywide states that the Form 10-Ks referenced in paragraph 236 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Further, paragraph 236 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 236 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 236 of the Amended Complaint.

237. Paragraph 237 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 237 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 237 of the Amended Complaint.

238. Countrywide states that the documents from which the charts is drawn in paragraph 238 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 238 of the Amended Complaint. Further, Paragraph 238 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 238 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 238 of the Amended Complaint.

239. Paragraph 239 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 239 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 239 of the Amended Complaint.

240. Countrywide denies the allegations of paragraph 240 of the Amended Complaint except to admit that Countrywide retained the servicing rights to some loans after selling them in the secondary market.

241. Paragraph 241 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 241 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 241 of the Amended Complaint.

242. Countrywide states that the Form 10-Ks referenced in paragraph 242 of

the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the 10-Ks for their contents, and denies any allegations inconsistent with there terms. Further, Paragraph 242 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 242 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 242 of the Amended Complaint.

243. Countrywide states that the Form 10-Ks referenced in paragraph 243 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 243 of the Amended Complaint.

244. Paragraph 244 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 244 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 244 of the Amended Complaint.

245. Paragraph 245 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 245 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 245 of the Amended Complaint.

246. Countrywide states that the third quarter 2007 Form 10-Q referenced in paragraph 246 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 246 of the Amended Complaint.

247. Countrywide states that the 2007 Form 10-K referenced in paragraph

247 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 247 of the Amended Complaint.

248. Countrywide states that 10-Ks referenced in paragraph 248 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 248 of the Amended Complaint.

249. Countrywide states that the documents from which the chart is drawn in paragraph 249 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Further, paragraph 249 of the Amended Complaint contains an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 249 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 249 of the Amended Complaint.

250. Countrywide states that the documents from which the figures are drawn in paragraph 250 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 250 of the Amended Complaint.

251. Countrywide states that the documents from which the figures are drawn in paragraph 251 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 251 of the Amended Complaint.

252. Countrywide states that the third quarter 2007 Form 10-Q and the 2006 Form 10-K referenced in paragraph 252 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 252 of the Amended Complaint.

253. Countrywide states that the 2007 Form 10-K referenced in paragraph 253 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 253 of the Amended Complaint.

254. Countrywide denies the allegations of paragraph 254 of the Amended Complaint.

255. Countrywide states that the 2007 Form 10-K referenced in paragraph 255 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 255 of the Amended Complaint.

256. Countrywide denies the allegations of paragraph 256 of the Amended Complaint.

257. Countrywide denies the allegations of paragraph 257 of the Amended Complaint.

258. Countrywide states that the SEC filings referenced in paragraph 258 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 258 of the Amended Complaint.

259. Countrywide states that the SEC filings referenced in paragraph 259 of

the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 259 of the Amended Complaint.

260. Countrywide denies the allegations of paragraph 260 of the Amended Complaint except to admit that it made representations and warranties in connection with the sale of its mortgage loans in the secondary market.

261. Countrywide denies the allegations of paragraph 261 of the Amended Complaint.

262. Paragraph 262 of the Amended Complaint contains conclusions of law to which no response is required. To the extent that paragraph 262 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 262 of the Amended Complaint.

263. Paragraph 263 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 263 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 263 of the Amended Complaint.

264. Paragraph 264 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 264 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 264 of the Amended Complaint.

265. Paragraph 265 of the Amended Complaint is an interpretation of accounting rules and literature to which no response is required. To the extent that paragraph 265 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 265 of the Amended Complaint.

266. Countrywide states that the alleged financial report referenced in paragraph 266 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 266 of the Amended Complaint.

267. Countrywide denies the allegations of paragraph 267 of the Amended Complaint

268. Countrywide denies the allegations of paragraph 268 of the Amended Complaint

269. Countrywide denies the allegations of paragraph 269 of the Amended Complaint.

270. Countrywide denies the allegations of paragraph 270 of the Amended Complaint.

271. Countrywide denies the allegations of paragraph 271 of the Amended Complaint.

272. Countrywide states that the 2007 Form 10-K referenced in paragraph 272 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 272 of the Amended Complaint.

273. Countrywide states that the alleged Committee of Sponsoring Organizations of the Treadway Commission's ("COSO") Frameworks referenced in paragraph 273 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the Framework for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 273 of the Amended Complaint.

274. Countrywide states that the alleged COSO Framework Executive Summary referenced in paragraph 274 of the Amended Complaint is a document

that speaks for itself, respectfully refers the Court to the Framework Executive Summary for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 274 of the Amended Complaint.

275. Countrywide states that the alleged COSO Framework referenced in paragraph 275 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the Framework for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 275 of the Amended Complaint.

276. Countrywide states that the alleged COSO Framework referenced in paragraph 276 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the Framework for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 276 of the Amended Complaint.

277. Paragraph 277 of the Amended Complaint contains conclusions of law to which no response is required. To the extent paragraph 277 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 277 of the Amended Complaint.

278. Paragraph 278 of the Amended Complaint contains conclusions of law to which no response is required. To the extent paragraph 278 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 278 of the Amended Complaint.

279. Countrywide states that the regulatory filings referenced in paragraph 279 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 279 of the Amended Complaint. Further, paragraph 279 of the Amended Complaint contains conclusions of law to which no response is

required. To the extent paragraph 279 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 279 of the Amended Complaint.

280. Paragraph 280 of the Amended Complaint contains conclusions of law to which no response is required. To the extent that paragraph 280 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 280 of the Amended Complaint.

281. Countrywide states that the SEC filings referenced in paragraph 281 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 281 of the Amended Complaint.

282. Countrywide states that the SEC filings referenced in paragraph 282 of the Amended Complaint speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 282 of the Amended Complaint.

283. Countrywide denies the allegations of paragraph 283 of the Amended Complaint.

284. Countrywide denies the allegations of paragraph 284 of the Amended Complaint.

285. Countrywide denies the allegations of paragraph 285 of the Amended Complaint.

286. Countrywide states that its alleged August 16, 2007 announcement referenced in paragraph 286 of the Amended Complaint speaks for itself, respectfully refers the Court to the announcement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 286 of the Amended Complaint.

287. Countrywide states that the SEC filings referenced in paragraph 287 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 287 of the Amended Complaint.

288. Countrywide denies the allegations of paragraph 288 of the Amended Complaint.

289. Countrywide states that that the alleged January 11, 2008 announcement referenced in paragraph 289 of the Amended Complaint speaks for itself, respectfully refers the Court to the announcement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 289 of the Amended Complaint.

290. Countrywide denies the allegations of paragraph 290 of the Amended Complaint.

291. Countrywide denies the allegations of paragraph 291 of the Amended Complaint.

292. Countrywide denies the allegations of paragraph 292 of the Amended Complaint.

293. Countrywide states that the 2003 Form 10-K referenced in paragraph 293 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 293 of the Amended Complaint.

294. Countrywide states that the 2003 Form 10-K referenced in paragraph 294 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 294 of the Amended Complaint.

295. Countrywide states that the 2003 Form 10-K referenced in paragraph 295 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 295 of the Amended Complaint.

296. Countrywide states that the 2003 Form 10-K referenced in paragraph 296 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 296 of the Amended Complaint.

297. Countrywide states that the 2003 Form 10-K referenced in paragraph 297 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 297 of the Amended Complaint.

298. Countrywide states that the statements allegedly made by Mr. Mozilo during the April 21, 2004 conference call referenced in paragraph 298 of the Amended Complaint speak for themselves, respectfully refers the Court to the statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 298 of the Amended Complaint.

299. Countrywide states that the 2003 Form 10-K and SOX certifications referenced in paragraph 299 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 299 of the Amended Complaint.

300. Countrywide denies the allegations of paragraph 300 of the Amended Complaint.

301. Countrywide states that the April 21, 2004 Form 8-K and press release referenced in paragraph 301 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 301 of the Amended Complaint.

302. Countrywide states that the press release and April 21, 2004 conference call referenced in paragraph 302 of the Amended Complaint speak for themselves, respectfully refers the Court to the press release and conference call transcript for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 302 of the Amended Complaint.

303. Countrywide states that the statements allegedly made by Mr. Mozilo during the April 21, 2004 conference call referenced in paragraph 303 of the Amended Complaint speak for themselves, respectfully refers the Court to the statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 303 of the Amended Complaint.

304. Countrywide states that the statements allegedly made by Mr. Mozilo during the April 21, 2004 conference call referenced in paragraph 304 of the Amended Complaint speak for themselves, respectfully refers the Court to the statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 304 of the Amended Complaint.

305. Countrywide states that the statements allegedly made by Mr. Mozilo during the April 21, 2004 conference call referenced in paragraph 305 of the Amended Complaint speak for themselves, respectfully refers the Court to the statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 305 of the

Amended Complaint.

306. Countrywide states that the statements allegedly made by Mr. Kurland during the April 21, 2004 conference call referenced in paragraph 306 of the Amended Complaint speak for themselves, respectfully refers the Court to the statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 306 of the Amended Complaint.

307. Countrywide denies the allegations of paragraph 307 of the Amended Complaint.

308. Countrywide states that the first quarter 2004 Form 10-Q referenced in paragraph 308 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 308 of the Amended Complaint.

309. Countrywide states that the first quarter 2004 Form 10-Q referenced in paragraph 309 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 309 of the Amended Complaint.

310. Countrywide states that the first quarter 2004 Form 10-Q referenced in paragraph 310 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 310 of the Amended Complaint.

311. Countrywide states that the first quarter 2004 Form 10-Q referenced in paragraph 311 of the Amended Complaint speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 311 of the

Amended Complaint.

312. Countrywide states that the first quarter 2004 Form 10-Q referenced in paragraph 312 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 312 of the Amended Complaint.

313. Countrywide states that the first quarter 2004 Form 10-Q and SOX certifications referenced in paragraph 313 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 313 of the Amended Complaint.

314. Countrywide states that the amended first quarter 2004 Form 10-Q/A referenced in paragraph 314 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q/A for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 314 of the Amended Complaint.

315. Countrywide denies the allegations of paragraph 315 of the Amended Complaint.

316. Countrywide states that the July 26, 2004 Form 8-K and press release referenced in paragraph 316 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 316 of the Amended Complaint.

317. Countrywide states that the statements allegedly made by Mr. Mozilo during the July 22, 2004 conference call referenced in paragraph 317 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 317 of the

Amended Complaint.

318. Countrywide states that the statements allegedly made by Mr. Mozilo during the July 22, 2004 conference call referenced in paragraph 318 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 318 of the Amended Complaint.

319. Countrywide denies the allegations of paragraph 319 of the Amended Complaint.

320. Countrywide states that the second quarter 2004 Form 10-Q referenced in paragraph 320 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 320 of the Amended Complaint.

321. Countrywide states that the second quarter 2004 Form 10-Q referenced in paragraph 321 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 321 of the Amended Complaint.

322. Countrywide states that the second quarter 2004 Form 10-Q referenced in paragraph 322 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 322 of the Amended Complaint.

323. Countrywide states that the second quarter 2004 Form 10-Q referenced in paragraph 323 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the

allegations of paragraph 323 of the Amended Complaint.

324. Countrywide states that the second quarter 2004 Form 10-Q referenced in paragraph 324 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 324 of the Amended Complaint.

325. Countrywide states that the second quarter 2004 Form 10-Q referenced in paragraph 325 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 325 of the Amended Complaint.

326. Countrywide states that the second quarter 2004 Form 10-Q referenced in paragraph 326 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 326 of the Amended Complaint.

327. Countrywide states that the second quarter 2004 Form 10-Q and SOX certifications referenced in paragraph 327 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 327 of the Amended Complaint.

328. Countrywide states that the second quarter 2004 Form 10-Q/A referenced in paragraph 328 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q/A for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 328 of the Amended Complaint.

329. Countrywide states that the press release referenced in paragraph 329 of the Amended Complaint is a document that speaks for itself, respectfully refers

the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 329 of the Amended Complaint.

330. Countrywide denies the allegations of paragraph 330 of the Amended Complaint.

331. Countrywide states that the October 20, 2004 Form 8-K and press release referenced in paragraph 331 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 331 of the Amended Complaint.

332. Countrywide states that the October 20, 2004 press release referenced in paragraph 332 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 332 of the Amended Complaint.

333. Countrywide denies the allegations of paragraph 333 of the Amended Complaint.

334. Countrywide states that the statements allegedly made by Mr. Mozilo during the October 20, 2004 conference call referenced in paragraph 334 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 334 of the Amended Complaint.

335. Countrywide states that the statements allegedly made by Messrs. Weiss and Mozilo during the October 20, 2004 conference call referenced in paragraph 335 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of

paragraph 335 of the Amended Complaint.

336. Countrywide denies the allegations of paragraph 336 of the Amended Complaint.

337. Countrywide states that the third quarter 2004 Form 10-Q referenced in paragraph 337 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 337 of the Amended Complaint.

338. Countrywide states that the third quarter 2004 Form 10-Q referenced in paragraph 338 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 338 of the Amended Complaint.

339. Countrywide states that the third quarter 2004 Form 10-Q referenced in paragraph 339 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 339 of the Amended Complaint.

340. Countrywide states that the third quarter 2004 Form 10-Q referenced in paragraph 340 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 340 of the Amended Complaint.

341. Countrywide states that the third quarter 2004 Form 10-Q referenced in paragraph 341 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 341 of the Amended Complaint.

342. Countrywide states that the third quarter 2004 Form 10-Q referenced in paragraph 342 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 342 of the Amended Complaint.

343. Countrywide states that the third quarter 2004 Form 10-Q referenced in paragraph 343 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 343 of the Amended Complaint.

344. Countrywide states that the third quarter 2004 Form 10-Q and SOX certifications referenced in paragraph 344 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 344 of the Amended Complaint.

345. Countrywide states that the third quarter 2004 Form 10-Q/A referenced in paragraph 345 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q/A for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 345 of the Amended Complaint.

346. Countrywide denies the allegations of paragraph 346 of the Amended Complaint.

347. Countrywide states that the February 2, 2005 Form 8-K and press release referenced in paragraph 347 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 347 of the Amended Complaint.

348. Countrywide states that the alleged statements made during the

February 2, 2005 conference call referenced in paragraph 348 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 348 of the Amended Complaint.

349. Countrywide denies the allegations of paragraph 349 of the Amended Complaint.

350. Countrywide states that the 2004 Form 10-K referenced in paragraph 350 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 350 of the Amended Complaint.

351. Countrywide states that the 2004 Form 10-K referenced in paragraph 351 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 351 of the Amended Complaint.

352. Countrywide states that the 2004 Form 10-K referenced in paragraph 352 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 352 of the Amended Complaint.

353. Countrywide states that the 2004 Form 10-K referenced in paragraph 353 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 353 of the Amended Complaint.

354. Countrywide states that the 2004 Form 10-K referenced in paragraph

354 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 354 of the Amended Complaint.

355. Countrywide states that the 2004 Form 10-K referenced in paragraph 355 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 355 of the Amended Complaint.

356. Countrywide states that the 2004 Form 10-K referenced in paragraph 356 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 356 of the Amended Complaint.

357. Countrywide states that the 2004 Form 10-K referenced in paragraph 357 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 357 of the Amended Complaint.

358. Countrywide states that the 2004 Form 10-K referenced in paragraph 358 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 358 of the Amended Complaint.

359. Countrywide states that the 2004 Form 10-K referenced in paragraph 359 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of

paragraph 359 of the Amended Complaint.

360. Countrywide states that the alleged March 11, 2005 KPMG audit report referenced in paragraph 360 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the audit report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 360 of the Amended Complaint.

361. Countrywide states that the 2004 Form 10-K and SOX certifications referenced in paragraph 361 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 361 of the Amended Complaint.

362. Countrywide denies the allegations of paragraph 362 of the Amended Complaint.

363. Countrywide states that the statements allegedly made by Mr. Mozilo at the March 15, 2005 conference referenced in paragraph 363 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 363 of the Amended Complaint.

364. Countrywide states that the statements allegedly made by Mr. Mozilo at the March 15, 2005 conference referenced in paragraph 364 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 364 of the Amended Complaint.

365. Countrywide states that the statements allegedly made by Mr. Mozilo at the March 15, 2005 conference referenced in paragraph 365 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for

their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 365 of the Amended Complaint.

366. Countrywide states that the statements allegedly made by Mr. Mozilo at the March 15, 2005 conference referenced in paragraph 366 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 366 of the Amended Complaint.

367. Countrywide denies the allegations of paragraph 367 of the Amended Complaint.

368. Countrywide states that the April 26, 2005 Form 8-K and press release referenced in paragraph 368 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 368 of the Amended Complaint.

369. Countrywide states that the statements allegedly made by Mr. Mozilo during the April 26, 2005 conference call referenced in paragraph 369 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 369 of the Amended Complaint.

370. Countrywide states that the statements allegedly made by Messrs. Cannon and Kurland during the April 26, 2005 conference call referenced in paragraph 370 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 370 of the Amended Complaint.

371. Countrywide denies the allegations of paragraph 371 of the Amended Complaint.

372. Countrywide states that the first quarter 2005 Form 10-Q referenced in paragraph 372 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 372 of the Amended Complaint.

373. Countrywide states that the first quarter 2005 Form 10-Q referenced in paragraph 373 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 373 of the Amended Complaint.

374. Countrywide states that the first quarter 2005 Form 10-Q referenced in paragraph 374 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 374 of the Amended Complaint.

375. Countrywide states that the first quarter 2005 Form 10-Q referenced in paragraph 375 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 375 of the Amended Complaint.

376. Countrywide states that the first quarter 2005 Form 10-Q referenced in paragraph 376 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 376 of the Amended Complaint.

377. Countrywide states that the first quarter 2005 Form 10-Q and SOX

certifications referenced in paragraph 377 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 377 of the Amended Complaint.

378. Countrywide denies the allegations of paragraph 378 of the Amended Complaint.

379. Countrywide states that the statements allegedly made by Mr. McMurray at the May 24, 2005 conference referenced in paragraph 379 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 379 of the Amended Complaint.

380. Countrywide states that the statements allegedly made at the May 24, 2005 conference referenced in paragraph 380 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 380 of the Amended Complaint.

381. Countrywide states that the statements allegedly made by Mr. Sambol at the May 24, 2005 conference referenced in paragraph 381 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 381 of the Amended Complaint.

382. Countrywide denies the allegations of paragraph 382 of the Amended Complaint.

383. Countrywide states that the statements allegedly made by Mr. Mozilo at the June 2, 2005 conference referenced in paragraph 383 of the Amended Complaint

speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 383 of the Amended Complaint.

384. Countrywide states that the statements allegedly made by Mr. Mozilo at the June 2, 2005 conference referenced in paragraph 384 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 384 of the Amended Complaint.

385. Countrywide states that the statements allegedly made by Mr. Mozilo at the June 2, 2005 conference referenced in paragraph 385 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 385 of the Amended Complaint.

386. Countrywide states that the statements allegedly made by Mr. Mozilo at the June 2, 2005 conference referenced in paragraph 386 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 386 of the Amended Complaint.

387. Countrywide denies the allegations of paragraph 387 of the Amended Complaint.

388. Countrywide states that the July 26, 2005 Form 8-K and press release referenced in paragraph 388 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 388 of the Amended Complaint.

389. Countrywide states that the statements allegedly made by Mr. Kurland during the July 26, 2005 conference call referenced in paragraph 389 of the Amended Complaint speak for themselves, respectfully refers the Court to the

remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 389 of the Amended Complaint.

390. Countrywide states that the statements allegedly made by Mr. Mozilo during the July 26, 2005 conference call referenced in paragraph 390 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 390 of the Amended Complaint.

391. Countrywide states that the statements made by Messrs. Mozilo and Kurland during the July 26, 2005 conference call referenced in paragraph 391 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 391 of the Amended Complaint.

392. Countrywide states that the statements allegedly made by Mr. Mozilo during the July 26, 2005 conference call referenced in paragraph 392 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 392 of the Amended Complaint.

393. Countrywide states that the statements allegedly made by Mr. Kurland during the July 26, 2005 conference call referenced in paragraph 393 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 393 of the Amended Complaint.

394. Countrywide states that the statements allegedly made by Messrs.

Mozilo and Sieracki during the July 26, 2005 conference call referenced in paragraph 394 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 394 of the Amended Complaint.

395. Countrywide denies the allegations of paragraph 395 of the Amended Complaint.

396. Countrywide states that the second quarter 2005 Form 10-Q referenced in paragraph 396 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 396 of the Amended Complaint.

397. Countrywide states that the second quarter 2005 Form 10-Q referenced in paragraph 397 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 397 of the Amended Complaint.

398. Countrywide states that the second quarter 2005 Form 10-Q referenced in paragraph 398 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 398 of the Amended Complaint.

399. Countrywide states that the second quarter 2005 Form 10-Q referenced in paragraph 399 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 399 of the Amended Complaint.

400. Countrywide states that the second quarter 2005 Form 10-Q referenced

in paragraph 400 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 400 of the Amended Complaint.

401. Countrywide states that the second quarter 2005 Form 10-Q referenced in paragraph 401 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 401 of the Amended Complaint.

402. Countrywide states that the second quarter 2005 Form 10-Q referenced in paragraph 402 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 402 of the Amended Complaint.

403. Countrywide states that the second quarter 2005 Form 10-Q and SOX certifications referenced in paragraph 403 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 403 of the Amended Complaint.

404. Countrywide denies the allegations of paragraph 404 of the Amended Complaint.

405. Countrywide states that the statements allegedly made by Mr. Mozilo during the September 13, 2005 conference call referenced in paragraph 405 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 405 of the Amended Complaint.

406. Countrywide states that the statements allegedly made by Mr. Mozilo

during the September 13, 2005 conference call referenced in paragraph 406 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 406 of the Amended Complaint.

407. Countrywide denies the allegations of paragraph 407 of the Amended Complaint.

408. Countrywide states that the October 27, 2005 Form 8-K and press release referenced in paragraph 408 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 408 of the Amended Complaint.

409. Countrywide states that the statements allegedly made by Mr. Mozilo during the October 27, 2005 conference call referenced in paragraph 409 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 409 of the Amended Complaint.

410. Countrywide denies the allegations of paragraph 410 of the Amended Complaint.

411. Countrywide states that the third quarter 2005 Form 10-Q referenced in paragraph 411 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 411 of the Amended Complaint.

412. Countrywide states that the third quarter 2005 Form 10-Q referenced in paragraph 412 of the Amended Complaint is a document that speaks for itself,

respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 412 of the Amended Complaint.

413. Countrywide states that the third quarter 2005 Form 10-Q referenced in paragraph 413 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 413 of the Amended Complaint.

414. Countrywide states that the third quarter 2005 Form 10-Q referenced in paragraph 414 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 414 of the Amended Complaint.

415. Countrywide states that the third quarter 2005 Form 10-Q referenced in paragraph 415 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 415 of the Amended Complaint.

416. Countrywide states that the third quarter 2005 Form 10-Q referenced in paragraph 416 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 416 of the Amended Complaint.

417. Countrywide states that the third quarter 2005 Form 10-Q and SOX certifications referenced in paragraph 417 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 417 of the Amended

Complaint.

418. Countrywide denies the allegations of paragraph 418 of the Amended Complaint.

419. Countrywide states that the January 31, 2006 Form 8-K and press release referenced in paragraph 419 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 419 of the Amended Complaint.

420. Countrywide states that the statements allegedly made by Mr. Mozilo during the January 31, 2006 conference call referenced in paragraph 420 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 420 of the Amended Complaint.

421. Countrywide denies the allegations of paragraph 421 of the Amended Complaint.

422. Countrywide states that the 2005 Form 10-K referenced in paragraph 422 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 422 of the Amended Complaint.

423. Countrywide states that the March 1, 2006 Form 10-K referenced in paragraph 423 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 423 of the Amended Complaint.

424. Countrywide states that the 2005 Form 10-K referenced in paragraph

424 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 424 of the Amended Complaint.

425. Countrywide states that the 2005 Form 10-K referenced in paragraph 425 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 425 of the Amended Complaint.

426. Countrywide states that the 2005 Form 10-K referenced in paragraph 426 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 426 of the Amended Complaint.

427. Countrywide states that the 2005 Form 10-K referenced in paragraph 427 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 427 of the Amended Complaint.

428. Countrywide states that the 2005 Form 10-K referenced in paragraph 428 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 428 of the Amended Complaint.

429. Countrywide states that the 2005 Form 10-K referenced in paragraph 429 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of

paragraph 429 of the Amended Complaint.

430. Countrywide states that the 2005 Form 10-K referenced in paragraph 430 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 430 of the Amended Complaint.

431. Countrywide states that the alleged February 27, 2006 KPMG audit report referenced in paragraph 431 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 431 of the Amended Complaint.

432. Countrywide states that the 2005 Form 10-K and SOX certifications referenced in paragraph 432 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 432 of the Amended Complaint.

433. Countrywide denies the allegations of paragraph 433 of the Amended Complaint.

434. Countrywide states that the statements allegedly made by Mr. Sieracki at the March 21, 2006 conference referenced in paragraph 434 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 434 of the Amended Complaint.

435. Countrywide denies the allegations of paragraph 435 of the Amended Complaint.

436. Countrywide states that the statements allegedly made by Mr. Sambol at the March 30, 2006 conference referenced in paragraph 436 of the Amended

Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 436 of the Amended Complaint.

437. Countrywide states that the statements allegedly made by Mr. Garcia at the March 30, 2006 conference referenced in paragraph 437 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 437 of the Amended Complaint.

438. Countrywide denies the allegations in paragraph 438 of the Amended Complaint.

439. Countrywide states that the April 27, 2006 Form 8-K and press release referenced in paragraph 439 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 439 of the Amended Complaint.

440. Countrywide states that the statements allegedly made by Mr. Mozilo during the April 27, 2006 conference call referenced in paragraph 440 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 440 of the Amended Complaint.

441. Countrywide states that the statements allegedly made by Mr. Mozilo during the April 27, 2006 conference call referenced in paragraph 441 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 441 of the

Amended Complaint.

442. Countrywide denies the allegations of paragraph 442 of the Amended Complaint.

443. Countrywide states that the first quarter 2006 Form 10-Q referenced in paragraph 443 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 443 of the Amended Complaint.

444. Countrywide states that the first quarter 2006 Form 10-Q referenced in paragraph 444 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 444 of the Amended Complaint.

445. Countrywide states that the first quarter 2006 Form 10-Q referenced in paragraph 445 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 445 of the Amended Complaint.

446. Countrywide states that the first quarter 2006 Form 10-Q referenced in paragraph 446 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 446 of the Amended Complaint.

447. Countrywide states that the first quarter 2006 Form 10-Q referenced in paragraph 447 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 447 of the Amended Complaint.

448. Countrywide states that the first quarter 2006 Form 10-Q referenced in paragraph 448 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 448 of the Amended Complaint.

449. Countrywide states that the first quarter 2006 Form 10-Q referenced in paragraph 449 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 449 of the Amended Complaint.

450. Countrywide states that the first quarter 2006 Form 10-Q referenced in paragraph 450 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 450 of the Amended Complaint.

451. Countrywide states that the first quarter 2006 Form 10-Q and SOX certifications referenced in paragraph 451 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 451 of the Amended Complaint.

452. Countrywide denies the allegations of paragraph 452 of the Amended Complaint.

453. Countrywide states that the statements allegedly made by Mr. Breitenbach at the May 17, 2006 conference referenced in paragraph 453 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 453 of the

Amended Complaint.

454. Countrywide states that the statements allegedly made by Mr. Breitenbach at the May 17, 2006 conference referenced in paragraph 454 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 454 of the Amended Complaint.

455. Countrywide states that the statements allegedly made by Mr. Breitenbach at the May 17, 2006 conference referenced in paragraph 455 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 455 of the Amended Complaint.

456. Countrywide denies the allegations of paragraph 456 of the Amended Complaint.

457. Countrywide states that the statements allegedly made by Mr. Mozilo at the May 31, 2006 conference referenced in paragraph 457 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 457 of the Amended Complaint.

458. Countrywide states that the statements allegedly made by Mr. Mozilo at the May 31, 2006 conference referenced in paragraph 458 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 458 of the Amended Complaint.

459. Countrywide states that the statements allegedly made by Mr. Mozilo at

the May 31, 2006 conference referenced in paragraph 459 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 459 of the Amended Complaint.

460. Countrywide denies the allegations of paragraph 461 of the Amended Complaint.

461. Countrywide states that the July 25, 2006 Form 8-K and press release referenced in paragraph 461 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 461 of the Amended Complaint.

462. Countrywide states that the statements allegedly made by Mr. Mozilo during the July 25, 2006 conference call referenced in paragraph 462 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 462 of the Amended Complaint.

463. Countrywide denies the allegations of paragraph 463 of the Amended Complaint.

464. Countrywide states that the second quarter 2006 Form 10-Q referenced in paragraph 464 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 464 of the Amended Complaint.

465. Countrywide states that the second quarter 2006 Form 10-Q referenced in paragraph 465 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any

characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 465 of the Amended Complaint.

466. Countrywide states that the second quarter 2006 Form 10-Q referenced in paragraph 466 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 466 of the Amended Complaint.

467. Countrywide states that the second quarter 2006 Form 10-Q referenced in paragraph 467 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 467 of the Amended Complaint.

468. Countrywide states that the second quarter 2006 Form 10-Q referenced in paragraph 468 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 468 of the Amended Complaint.

469. Countrywide states that the second quarter 2006 Form 10-Q referenced in paragraph 469 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 469 of the Amended Complaint.

470. Countrywide states that the second quarter 2006 Form 10-Q referenced in paragraph 470 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 470 of the Amended Complaint.

471. Countrywide states that the second quarter 2006 Form 10-Q referenced

in paragraph 471 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 471 of the Amended Complaint.

472. Countrywide states that the second quarter 2006 Form 10-Q and SOX certifications referenced in paragraph 472 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 472 of the Amended Complaint.

473. Countrywide denies the allegations in paragraph 473 of the Amended Complaint.

474. Countrywide states that the statements allegedly made by Mr. Furash at the September 12, 2006 conference referenced in paragraph 474 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 474 of the Amended Complaint.

475. Countrywide states that the statements allegedly made by Mr. Furash at the September 12, 2006 conference referenced in paragraph 475 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 475 of the Amended Complaint.

476. Countrywide denies the allegations of paragraph 476 of the Amended Complaint.

477. Countrywide states that the statements allegedly made by Mr. Mozilo at the September 13, 2006 conference referenced in paragraph 477 of the Amended

Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 477 of the Amended Complaint.

478. Countrywide states that the statements allegedly made by Mr. Mozilo at the September 13, 2006 conference referenced in paragraph 478 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 478 of the Amended Complaint.

479. Countrywide states that the statements allegedly made by Mr. Sambol at the September 13, 2006 conference referenced in paragraph 479 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 479 of the Amended Complaint.

480. Countrywide states that the statements allegedly made by Mr. Sieracki at the September 13, 2006 conference referenced in paragraph 480 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 480 of the Amended Complaint.

481. Countrywide states that the statements allegedly made by Mr. Furash at the September 13, 2006 conference referenced in paragraph 481 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 481 of the Amended Complaint.

482. Countrywide denies the allegations of paragraph 482 of the Amended Complaint.

483. Countrywide states that the October 24, 2006 Form 8-K and press release referenced in paragraph 483 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 483 of the Amended Complaint.

484. Countrywide states that the statements allegedly made by Mr. Mozilo during the October 24, 2006 conference call referenced in paragraph 484 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 484 of the Amended Complaint.

485. Countrywide denies the allegations of paragraph 485 of the Amended Complaint.

486. Countrywide states that the third quarter 2006 Form 10-Q referenced in paragraph 486 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 486 of the Amended Complaint.

487. Countrywide states that the third quarter 2006 Form 10-Q referenced in paragraph 487 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 487 of the Amended Complaint.

488. Countrywide states that the third quarter 2006 Form 10-Q referenced in paragraph 488 of the Amended Complaint is a document that speaks for itself,

respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 488 of the Amended Complaint.

489. Countrywide states that the third quarter 2006 Form 10-Q referenced in paragraph 489 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 489 of the Amended Complaint.

490. Countrywide states that the third quarter 2006 Form 10-Q referenced in paragraph 490 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 490 of the Amended Complaint.

491. Countrywide states that the third quarter 2006 Form 10-Q referenced in paragraph 491 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 491 of the Amended Complaint.

492. Countrywide states that the third quarter 2006 Form 10-Q referenced in paragraph 492 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 492 of the Amended Complaint.

493. Countrywide states that the third quarter 2006 Form 10-Q referenced in paragraph 493 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 493 of the Amended Complaint.

494. Countrywide states that the third quarter 2006 Form 10-Q referenced in paragraph 494 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 494 of the Amended Complaint.

495. Countrywide states that the third quarter 2006 Form 10-Q referenced in paragraph 495 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 495 of the Amended Complaint.

496. Countrywide states that the third quarter 2006 Form 10-Q and SOX certifications referenced in paragraph 496 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 496 of the Amended Complaint.

497. Countrywide denies the allegations of paragraph 497 of the Amended Complaint.

498. Countrywide states that the January 30, 2007 Form 8-K and press release referenced in paragraph 498 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 498 of the Amended Complaint.

499. Countrywide states that the statements allegedly made by Mr. Mozilo during the January 30, 2007 conference call referenced in paragraph 499 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their

terms. Countrywide otherwise denies the allegations of paragraph 499 of the Amended Complaint.

500. Countrywide states that the statements allegedly made by Mr. Mozilo during the January 30, 2007 conference call referenced in paragraph 500 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 500 of the Amended Complaint.

501. Countrywide denies the allegations in paragraph 501 of the Amended Complaint.

502. Countrywide states that the 2006 Form 10-K referenced in paragraph 502 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 502 of the Amended Complaint.

503. Countrywide states that the 2006 Form 10-K referenced in paragraph 503 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 503 of the Amended Complaint.

504. Countrywide states that the 2006 Form 10-K referenced in paragraph 504 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 504 of the Amended Complaint.

505. Countrywide states that the 2006 Form 10-K referenced in paragraph 505 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization

inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 505 of the Amended Complaint.

506. Countrywide states that the 2006 Form 10-K referenced in paragraph 506 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 506 of the Amended Complaint.

507. Countrywide states that the 2006 Form 10-K referenced in paragraph 507 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 507 of the Amended Complaint.

508. Countrywide states that the 2006 Form 10-K referenced in paragraph 508 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 508 of the Amended Complaint.

509. Countrywide states that the 2006 Form 10-K referenced in paragraph 509 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 509 of the Amended Complaint.

510. Countrywide states that the 2006 Form 10-K referenced in paragraph 510 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 510 of the Amended Complaint.

511. Countrywide states that the 2006 Form 10-K referenced in paragraph

511 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 511 of the Amended Complaint.

512. Countrywide states that the 2006 Form 10-K referenced in paragraph 512 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 512 of the Amended Complaint.

513. Countrywide states that the 2006 Form 10-K referenced in paragraph 513 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 513 of the Amended Complaint.

514. Countrywide states that the 2006 Form 10-K referenced in paragraph 514 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 514 of the Amended Complaint.

515. Countrywide states that the alleged February 28, 2007 KPMG audit report referenced in paragraph 515 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 515 of the Amended Complaint.

516. Countrywide states that the 2006 Form 10-K and SOX certifications referenced in paragraph 516 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise

denies the allegations of paragraph 516 of the Amended Complaint.

517. Countrywide denies the allegations of paragraph 517 of the Amended Complaint.

518. Countrywide states that the statements allegedly made by Mr. Sieracki at the March 6, 2007 conference referenced in paragraph 518 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 518 of the Amended Complaint.

519. Countrywide states that the statements allegedly made by Mr. Sieracki at the March 6, 2007 conference referenced in paragraph 519 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 519 of the Amended Complaint.

520. Countrywide denies the allegations of paragraph 520 of the Amended Complaint.

521. Countrywide states that the March 13, 2007 CNBC interview referenced in paragraph 521 of the Amended Complaint speaks for itself, respectfully refers the Court to the interview for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 521 of the Amended Complaint.

522. Countrywide denies the allegations of paragraph 522 of the Amended Complaint.

523. Countrywide states that the April 26, 2007 Form 8-K and press release referenced in paragraph 523 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise

denies the allegations of paragraph 523 of the Amended Complaint.

524. Countrywide states that the statements allegedly made by Mr. Mozilo during the April 26, 2007 conference call referenced in paragraph 524 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 524 of the Amended Complaint.

525. Countrywide states that the statements allegedly made by Mr. Sambol during the April 26, 2007 conference call referenced in paragraph 525 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 525 of the Amended Complaint.

526. Countrywide states that the statements allegedly made by Mr. Mozilo during the April 26, 2007 conference call referenced in paragraph 526 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 526 of the Amended Complaint.

527. Countrywide states that the statements allegedly made by Mr. Sambol during the April 26, 2007 conference call referenced in paragraph 527 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 527 of the Amended Complaint.

528. Countrywide denies the allegations of paragraph 528 of the Amended Complaint.

529. Countrywide states that the statements allegedly made by Ms. Sandefur

at the April 26, 2007 conference referenced in paragraph 529 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 529 of the Amended Complaint.

530. Countrywide states that the statements allegedly made by Ms. Sandefur at the April 26, 2007 conference referenced in paragraph 530 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 530 of the Amended Complaint.

531. Countrywide states that the statements allegedly made by Ms. Sandefur at the April 26, 2007 conference referenced in paragraph 531 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 531 of the Amended Complaint.

532. Countrywide states that the statements allegedly made by Ms. Sandefur at the April 26, 2007 Conference referenced in paragraph 532 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 532 of the Amended Complaint.

533. Countrywide denies the allegations of paragraph 533 of the Amended Complaint.

534. Countrywide states that the first quarter 2007 Form 10-Q referenced in paragraph 534 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any

characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 534 of the Amended Complaint.

535. Countrywide states that the first quarter 2007 Form 10-Q referenced in paragraph 535 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 535 of the Amended Complaint.

536. Countrywide states that the first quarter 2007 Form 10-Q referenced in paragraph 536 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 536 of the Amended Complaint.

537. Countrywide states that the first quarter 2007 Form 10-Q referenced in paragraph 537 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 537 of the Amended Complaint.

538. Countrywide states that the first quarter 2007 Form 10-Q referenced in paragraph 538 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 538 of the Amended Complaint.

539. Countrywide states that the first quarter 2007 Form 10-Q referenced in paragraph 539 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 539 of the Amended Complaint.

540. Countrywide states that the first quarter 2007 Form 10-Q referenced in

paragraph 540 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 540 of the Amended Complaint.

541. Countrywide states that the first quarter 2007 Form 10-Q referenced in paragraph 541 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 541 of the Amended Complaint.

542. Countrywide states that the first quarter 2007 Form 10-Q referenced in paragraph 542 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 542 of the Amended Complaint.

543. Countrywide states that the first quarter 2007 Form 10-Q referenced in paragraph 543 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 543 of the Amended Complaint.

544. Countrywide states that the first quarter 2007 Form 10-Q and SOX certifications referenced in paragraph 544 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 544 of the Amended Complaint.

545. Countrywide denies the allegations of paragraph 545 of the Amended Complaint.

546. Paragraph 546 contains characterizations of the Amended Complaint to

which no response is required. To the extent that paragraph 546 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 546 of the Amended Complaint.

547. Countrywide states that the SEC filings referenced in paragraph 547 of the Amended Complaint speak for themselves, respectfully refer the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 547 of the Amended Complaint.

548. Countrywide states that the SEC filings referenced in paragraph 548 of the Amended Complaint speak for themselves, respectfully refer the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 548 of the Amended Complaint.

549. Countrywide denies the allegations of paragraph 549 of the Amended Complaint except to admit that the offering documents for the notes referenced in paragraph 549 of the Amended Complaint provide a description of the underwriting arrangements relating to the alleged notes, and respectfully refer the Court to those documents.

550. Countrywide states that the KPMG audit reports referenced in paragraph 550 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the reports for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 550 of the Amended Complaint.

551. Countrywide denies the allegations of paragraph 551 of the Amended Complaint.

552. Countrywide states that the SEC filings referenced in paragraph 552 of the Amended Complaint speak for themselves, respectfully refer the Court to the filings for their contents, and denies any characterization inconsistent with their

terms. Countrywide otherwise denies the allegations of paragraph 552 of the Amended Complaint.

553. Countrywide states that the registration statement referenced in paragraph 553 of the Amended Complaint speaks for itself, respectfully refer the Court to the registration statement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 553 of the Amended Complaint.

554. Countrywide denies the allegations of paragraph 554 of the Amended Complaint except to admit that the offering documents for the notes referenced in paragraph 554 provide a description of the underwriting arrangements relating to the alleged notes, and respectfully refer the Court to those documents.

555. Countrywide states that the KPMG audit reports referenced in paragraph 555 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the reports for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 555 of the Amended Complaint.

556. Countrywide denies the allegations of paragraph 556 of the Amended Complaint.

557. Countrywide denies the allegations of paragraph 557 of the Amended Complaint.

558. Countrywide states that the alleged statement by Mr. Plesser referenced in paragraph 558 of the Amended Complaint speaks for itself, respectfully refers the Court to the remarks for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 558 of the Amended Complaint.

559. Countrywide states that the alleged statement by Mr. Miller referenced in paragraph 559 of the Amended Complaint speaks for itself, respectfully refers the Court to the remark for its contents, and denies any characterization inconsistent

with its terms. Countrywide otherwise denies the allegations of paragraph 559 of the Amended Complaint.

560. Countrywide states that its alleged stock prices referenced in paragraph 560 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 560 of the Amended Complaint.

561. Countrywide states that the July 24, 2007 Form 8-K and press release referenced in paragraph 561 the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 561 of the Amended Complaint.

562. Countrywide states that its July 24, 2007 Form 8-K and press release referenced in paragraph 562 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 562 of the Amended Complaint.

563. Countrywide states that the statements allegedly made during the July 24, 2007 conference call referenced in paragraph 563 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 563 of the Amended Complaint.

564. Countrywide states that the statements allegedly made by Mr. McMurray during the July 24, 2007 conference call referenced in paragraph 564 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 564 of the Amended Complaint.

565. Countrywide states that the statements allegedly made by Mr. McMurray during the July 24, 2007 conference call referenced in paragraph 565 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 565 of the Amended Complaint.

566. Countrywide states that the statements allegedly made during the July 24, 2007 conference call referenced in paragraph 566 of the Amended Complaint speak for themselves, respectfully refers the Court to the statements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 566 of the Amended Complaint.

567. Countrywide states that the statements allegedly made by Mr. Mozilo during the July 24, 2007 conference call referenced in paragraph 567 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 567 of the Amended Complaint.

568. Countrywide states that the statements allegedly made by Mr. McMurray during the July 24, 2007 conference call referenced in paragraph 568 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 568 of the Amended Complaint.

569. Countrywide states that the statements allegedly made by Mr. Mozilo during the July 24, 2007 conference call referenced in paragraph 569 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their

terms. Countrywide otherwise denies the allegations of paragraph 569 of the Amended Complaint.

570. Countrywide states that its alleged stock prices referenced in paragraph 570 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 570 of the Amended Complaint.

571. Countrywide denies the allegations of paragraph 571 of the Amended Complaint.

572. Countrywide states that the August 2, 2007 press release referenced in paragraph 572 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 572 of the Amended Complaint.

573. Countrywide states that the August 2, 2007 press release referenced in paragraph 573 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the press release for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 573 of the Amended Complaint.

574. Countrywide states that the August 2, 2007 press release and the FCIC Report referenced in paragraph 574 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 574 of the Amended Complaint.

575. Countrywide states that the second quarter 2007 Form 10-Q referenced in paragraph 575 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any

characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 575 of the Amended Complaint.

576. Countrywide states that its alleged stock prices referenced in paragraph 576 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 576 of the Amended Complaint.

577. Countrywide states that the second quarter 2007 Form 10-Q referenced in paragraph 577 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 577 of the Amended Complaint.

578. Countrywide states that the second quarter 2007 Form 10-Q referenced in paragraph 578 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 578 of the Amended Complaint.

579. Countrywide states that the second quarter 2007 Form 10-Q referenced in paragraph 579 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 579 of the Amended Complaint.

580. Countrywide states that the second quarter 2007 Form 10-Q referenced in paragraph 580 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 580 of the Amended Complaint.

581. Countrywide states that the second quarter 2007 Form 10-Q and SOX

certifications referenced in paragraph 581 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 581 of the Amended Complaint.

582. Countrywide denies the allegations of paragraph 582 of the Amended Complaint.

583. Countrywide states that the August 14, 2007 Form 8-K and press release referenced in paragraph 583 the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 583 of the Amended Complaint.

584. Countrywide states that the alleged FCIC Report and the Federal Reserve Bank memorandum referenced in paragraph 584 in the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 584 of the Amended Complaint.

585. Countrywide states that the alleged *Los Angeles Times* article referenced in paragraph 585 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 585 of the Amended Complaint.

586. Countrywide states that its alleged stock prices referenced in paragraph 586 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 586 of the Amended

Complaint.

587. Countrywide denies the allegations of paragraph 587 of the Amended Complaint.

588. Countrywide states that the FCIC Report and the alleged August 15, 2007 statements by Mr. Mozilo referenced in paragraph 588 of the Amended Complaint speak for themselves, respectfully refers the Court to the Report and the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 588 of the Amended Complaint.

589. Countrywide states that the alleged August 17, 2007 *Wall Street Journal* article, the alleged August 15, 2007 Merrill Lynch analyst report, and the FCIC Report referenced in paragraph 589 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 589 of the Amended Complaint.

590. Countrywide states that the alleged August 15, 2007 Merrill Lynch analyst report referenced in paragraph 590 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the report its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 590 of the Amended Complaint.

591. Countrywide states that its alleged stock prices referenced in paragraph 591 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 591 of the Amended Complaint.

592. Countrywide states that the alleged August 16, 2007 announcement referenced in paragraph 592 of the Amended Complaint speaks for itself,

respectfully refers the Court to the announcement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 592 of the Amended Complaint.

593. Countrywide states that the alleged credit rating agencies' downgrades referenced in paragraph 593 of the Amended Complaint speak for themselves, respectfully refers the Court to downgrade announcements for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 593 of the Amended Complaint.

594. Countrywide states that its alleged stock prices referenced in paragraph 594 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 594 of the Amended Complaint.

595. Countrywide denies the allegations of paragraph 595 of the Amended Complaint.

596. Countrywide states that the alleged merger announcement and the alleged August 23, 2007 *Wall Street Journal* article referenced in paragraph 596 of the Amended Complaint speak for themselves, respectfully refers the Court to the announcement and the article for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 596 of the Amended Complaint.

597. Countrywide states that the alleged August 23, 2007 CNBC interview referenced in paragraph 597 of the Amended Complaint speaks for itself, respectfully refers the Court to the interview for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 597 of the Amended Complaint.

598. Countrywide denies the allegations of the paragraph of 598 of the Amended Complaint.

599. Countrywide states that the alleged August 24, 2007 Fitch Ratings announcement referenced in paragraph 599 of the Amended Complaint speaks for itself, respectfully refers the Court to the announcement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 599 of the Amended Complaint.

600. Countrywide denies the allegations of paragraph 600 of the Amended Complaint.

601. Countrywide states that its alleged September 7, 2007 announcement referenced in paragraph 601 of the Amended Complaint speaks for itself, respectfully refers the Court to the announcement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 601 of the Amended Complaint.

602. Countrywide denies the allegations of paragraph 602 of the Amended Complaint.

603. Countrywide states that its alleged stock prices referenced in paragraph 603 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 603 of the Amended Complaint.

604. Countrywide states that the alleged September 11, 2007 *New York Post* article is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 604 of the Amended Complaint.

605. Countrywide states that its alleged stock prices referenced in paragraph 605 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 605 of the Amended

Complaint.

606. Countrywide states that the alleged October 24, 2007 *Wall Street Journal* article referenced in paragraph 606 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 606 of the Amended Complaint.

607. Countrywide states that the alleged October 24, 2007 *Wall Street Journal* article referenced in paragraph 607 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 607 of the Amended Complaint.

608. Countrywide states that the alleged October 24, 2007 *Wall Street Journal* article referenced in paragraph 608 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 608 of the Amended Complaint.

609. Countrywide states that the alleged October 24, 2007 *Wall Street Journal* article referenced in paragraph 609 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 609 of the Amended Complaint.

610. Countrywide states that the alleged October 24, 2007 *Wall Street Journal* article referenced in paragraph 610 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 610 of the Amended Complaint.

611. Countrywide states that its alleged stock prices referenced in paragraph 611 of the Amended Complaint speak for themselves, respectfully refers the Court

to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 611 of the Amended Complaint.

612. Countrywide states that the alleged October 24, 2007 *Wall Street Journal* article referenced in paragraph 612 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 612 of the Amended Complaint.

613. Countrywide states that the October 26, 2007 Form 8-K and press release referenced in paragraph 613 the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 613 of the Amended Complaint.

614. Countrywide states that the alleged October 26, 2007 press release and statements made during the October 26, 2007 conference call referenced in paragraph 614 of the Amended Complaint speak for themselves, respectfully refers the Court to the press release and remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 614 of the Amended Complaint.

615. Countrywide states that the statements allegedly made by Messrs. Mozilo, Sambol, and Sieracki during the October 26, 2007 conference call referenced in paragraph 615 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 615 of the Amended Complaint.

616. Countrywide denies the allegations of paragraph 616 of the Amended Complaint.

617. Countrywide states that the alleged October 30, 2007 *Wall Street Journal* article referenced in paragraph 617 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 617 of the Amended Complaint.

618. Countrywide states that the alleged October 30, 2007 *Wall Street Journal* article referenced in paragraph 618 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 618 of the Amended Complaint.

619. Countrywide states that the alleged October 30, 2007 *Wall Street Journal* article referenced in paragraph 619 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 619 of the Amended Complaint.

620. Countrywide states that its alleged stock prices referenced in paragraph 620 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 620 of the Amended Complaint.

621. Countrywide states that the alleged October 30, 2007 *Wall Street Journal* article referenced in paragraph 621 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 621 of the Amended Complaint.

622. Countrywide states that the alleged November 7, 2007 Gradient Analytics, Inc. report referenced in paragraph 622 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the report for its

contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 622 of the Amended Complaint.

623. Countrywide states that its alleged stock prices referenced in paragraph 623 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 623 of the Amended Complaint.

624. Countrywide states that the third quarter 2007 Form 10-Q referenced in paragraph 624 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 624 of the Amended Complaint.

625. Countrywide states that the third quarter 2007 Form 10-Q referenced in paragraph 625 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 625 of the Amended Complaint.

626. Countrywide states that the third quarter 2007 Form 10-Q referenced in paragraph 626 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 626 of the Amended Complaint.

627. Countrywide states that the third quarter 2007 Form 10-Q referenced in paragraph 627 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 627 of the Amended Complaint.

628. Countrywide states that the third quarter 2007 Form 10-Q referenced in

paragraph 628 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 628 of the Amended Complaint.

629. Countrywide states that the third quarter 2007 Form 10-Q referenced in paragraph 629 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-Q for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 629 of the Amended Complaint.

630. Countrywide states that the third quarter 2007 Form 10-Q and SOX certifications referenced in paragraph 630 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 630 of the Amended Complaint.

631. Countrywide denies the allegations of paragraph 631 of the Amended Complaint.

632. Countrywide states that its alleged November 19, 2007 Moody’s announcement referenced in paragraph 632 of the Amended Complaint speaks for itself, respectfully refers the Court to the announcement for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 632 of the Amended Complaint.

633. Countrywide states that its alleged stock prices referenced in paragraph 633 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 633 of the Amended Complaint.

634. Countrywide states that the alleged November 26, 2007 *Wall Street*

*Journal* article referenced in paragraph 634 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 634 of the Amended Complaint.

635. Countrywide states that the alleged November 26, 2007 *Wall Street Journal* article referenced in paragraph 635 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 635 of the Amended Complaint.

636. Countrywide states that the alleged November 26, 2007 *Wall Street Journal* article referenced in paragraph 636 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 636 of the Amended Complaint.

637. Countrywide states that the alleged November 26, 2007 *Wall Street Journal* article referenced in paragraph 637 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 637 of the Amended Complaint.

638. Countrywide states that its alleged stock prices referenced in paragraph 638 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 638 of the Amended Complaint.

639. Countrywide denies the allegations of paragraph 639 of the Amended Complaint.

640. Countrywide states that the December 13, 2007 Form 8-K and press release are documents that speak for themselves, respectfully refers the Court to the

documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 640 of the Amended Complaint.

641. Countrywide states that the alleged December 13, 2007 *New York Times* article referenced in paragraph 641 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 641 of the Amended Complaint.

642. Countrywide states that its alleged stock prices referenced in paragraph 642 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 642 of the Amended Complaint.

643. Countrywide states that the alleged January 8, 2008 *New York Times* article referenced in paragraph 643 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 643 of the Amended Complaint.

644. Countrywide states that the alleged January 8, 2008 *New York Times* article referenced in paragraph 644 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 644 of the Amended Complaint.

645. Countrywide states that its alleged stock prices referenced in paragraph 645 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 645 of the Amended Complaint.

646. Countrywide states that the alleged January 8, 2008 *Reuters* article referenced in paragraph 646 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 646 of the Amended Complaint.

647. Countrywide states that the January 9, 2008 Form 8-K and press release referenced in paragraph 647 the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 647 of the Amended Complaint.

648. Countrywide states that the alleged January 9, 2008 *Reuters* article referenced in paragraph 648 the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 648 of the Amended Complaint.

649. Countrywide states that its alleged stock prices referenced in paragraph 649 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 649 of the Amended Complaint.

650. Countrywide states that the alleged January 11, 2008 merger announcement referenced in paragraph 650 of the Amended Complaint speaks for itself, respectfully refers the Court to the announcement it for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 650 of the Amended Complaint.

651. Countrywide denies the allegations of paragraph 651 of the Amended Complaint.

652. Countrywide denies the allegations of paragraph 652 of the Amended

Complaint.

653. Countrywide states that its alleged stock prices referenced in paragraph 653 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 653 of the Amended Complaint.

654. Countrywide states that the alleged January 29, 2008 *Bloomberg* article referenced in paragraph 654 the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 654 of the Amended Complaint.

655. Countrywide states that the alleged March 6, 2008 *Chicago Sun-Times* article referenced in paragraph 655 the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 655 of the Amended Complaint.

656. Countrywide denies the allegations of paragraph 656 of the Amended Complaint.

657. Countrywide states that its alleged stock prices referenced in paragraph 657 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 657 of the Amended Complaint.

658. Countrywide states that the alleged March 8, 2008 *Wall Street Journal* article referenced in paragraph 658 the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 658 of the Amended Complaint.

659. Countrywide states that the alleged March 8, 2008 *Wall Street Journal* article referenced in paragraph 659 the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 659 of the Amended Complaint.

660. Countrywide states that its alleged stock prices referenced in paragraph 660 of the Amended Complaint speak for themselves, respectfully refers the Court to the stock prices, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 660 of the Amended Complaint.

661. Countrywide denies the allegations of paragraph 661 of the Amended Complaint.

662. Countrywide denies the allegations of paragraph 662 of the Amended Complaint.

663. Countrywide denies the allegations of paragraph 663 of the Amended Complaint.

664. Countrywide states that the SEC Complaint referenced in paragraph 664 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the complaint for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 664 of the Amended Complaint.

665. Countrywide states that the Form 10-Ks referenced in paragraph 665 the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the 10-Ks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 665 of the Amended Complaint.

666. Countrywide states that the Form 10-Ks referenced in paragraph 666 the Amended Complaint are documents that speak for themselves, respectfully

refers the Court to the 10-Ks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 666 of the Amended Complaint.

667. Countrywide states that the 2006 Form 10-K referenced in paragraph 667 the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 667 of the Amended Complaint.

668. Countrywide states that the statements made in SEC filings and conference calls referenced in paragraph 668 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks and documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 668 of the Amended Complaint.

669. Countrywide states that the statements allegedly made by Mr. Mozilo at the July 26, 2005 conference call referenced in paragraph 669 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 669 of the Amended Complaint.

670. Countrywide states that the statements allegedly made by Mr. Mozilo at the July 26, 2005 conference call referenced in paragraph 670 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 670 of the Amended Complaint.

671. Countrywide states that the statements allegedly made by Mr. Mozilo at the May 31, 2006 conference referenced in paragraph 671 of the Amended

Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 671 of the Amended Complaint.

672. The allegations in paragraph 672 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

673. Countrywide states that the alleged September 1, 2004 e-mail from Mr. Mozilo to Messrs. Kurland and McLaughlin referenced in paragraph 673 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 673 of the Amended Complaint.

674. Countrywide states that the alleged September 9, 2004 memorandum referenced in paragraph 674 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the memorandum for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 674 of the Amended Complaint.

675. Countrywide states that the alleged September 9, 2004 e-mail referenced in paragraph 675 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 675 of the Amended Complaint.

676. Countrywide denies the allegations of paragraph 676 of the Amended Complaint.

677. Countrywide states that the alleged June 28, 2005 minutes of the Corporate Risk Management Committee referenced in paragraph 677 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the minutes for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 677 of the Amended Complaint.

678. Countrywide states that the alleged April 3, 2006 e-mails referenced in paragraph 678 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the e-mails for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 678 of the Amended Complaint.

679. Countrywide states that the alleged May 18, 2006, and May 19, 2006 e-mails from Mr. Mozilo to Messrs. Sambol, Sieracki, and others referenced in paragraph 679 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the e-mails for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 679 of the Amended Complaint.

680. Countrywide states that the statements allegedly made by Mr. Mozilo at the May 31, 2006 conference referenced in paragraph 680 of the Amended Complaint speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 680 of the Amended Complaint.

681. Countrywide states that the alleged June 1, 2006 and June 2, 2006 e-mails from Mr. Mozilo referenced in paragraph 681 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the e-mails for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 681 of the Amended

Complaint

682. Countrywide states that the alleged June 2, 2006 e-mail to Mr. Sambol referenced in paragraph 682 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 682 of the Amended Complaint

683. Countrywide states that the SEC Complaint and the July 10, 2006 “flash report” referenced in paragraph 683 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 683 of the Amended Complaint.

684. Countrywide states that the SEC Complaint, the alleged August 16, 2006 e-mail to Mr. Mozilo, and Mr. Mozilo’s response, referenced in paragraph 684 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 684 of the Amended Complaint.

685. Countrywide states that the alleged September 26, 2006 e-mail from Mr. Mozilo to Messrs. Sambol and Sieracki referenced in paragraph 685 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 685 of the Amended Complaint.

686. Countrywide states that the alleged September 26, 2006 e-mail from Mr. Mozilo to Messrs. Sambol and Sieracki referenced in paragraph 686 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with

its terms. Countrywide otherwise denies the allegations of paragraph 686 of the Amended Complaint.

687. Countrywide states that the alleged November 4, 2007 e-mail from Mr. Mozilo to Messrs. Sambol and Garcia referenced in paragraph 687 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 687 of the Amended Complaint.

688. Countrywide states that the alleged May 22, 2005 e-mail from Mr. McMurray to Mr. Sambol and the alleged June 28, 2005 Credit Risk Committee meeting minutes referenced in paragraph 688 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the documents for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 688 of the Amended Complaint.

689. Countrywide states that the alleged March 27, 2006 e-mail from Mr. Mozilo to Messrs. Sambol, Sieracki, and others referenced in paragraph 689 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 689 of the Amended Complaint.

690. Countrywide states that the alleged April 13, 2006 e-mail from Mr. Mozilo to Messrs. Sambol, Sieracki, and others referenced in paragraph 690 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 690 of the Amended Complaint.

691. Countrywide states that the alleged April 17, 2006 e-mail from Mr.

Mozilo to Mr. Sambol and others referenced in paragraph 691 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 691 of the Amended Complaint.

692. Countrywide states that the alleged December 7, 2006 memorandum referenced in paragraph 692 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the memorandum for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 692 of the Amended Complaint.

693. Countrywide denies the allegations of paragraph 693 of the Amended Complaint.

694. Countrywide states that the alleged "Credit Risk Leadership Reporting Packages" report referenced in paragraph 694 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the report for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 694 of the Amended Complaint.

695. Countrywide states that the alleged May 22, 2005 e-mail from Mr. McMurray to Mr. Sambol referenced in paragraph 695 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 695 of the Amended Complaint.

696. Countrywide states that the alleged materials distributed at the March 12, 2007 meeting of the Credit Risk Committee are documents that speak for themselves, respectfully refers the Court to the materials for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 696 of the Amended Complaint.

697. Countrywide states that the alleged June 25, 2005 e-mail from Mr.

McMurray to Mr. Sambol referenced in paragraph 697 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 697 of the Amended Complaint.

698. Countrywide states that the alleged November 2, 2006 e-mails from Mr. McMurray to Mr. Bartlett and from Mr. Bartlett to Mr. Sambol referenced in paragraph 698 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the e-mails for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 698 of the Amended Complaint.

699. Countrywide states that the alleged November 16, 2006 e-mail from Mr. McMurray to Mr. Sambol referenced in paragraph 699 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 699 of the Amended Complaint.

700. Countrywide states that the alleged February 11, 2007 e-mail from Mr. McMurray to Mr. Sambol referenced in paragraph 700 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the e-mail for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 700 of the Amended Complaint.

701. Countrywide states that the *Interagency Guidance* referenced in paragraph 701 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 701 of the Amended Complaint.

702. The allegations in paragraph 702 of the Amended Complaint are based on one or more so-called “Confidential Witnesses.” Countrywide lacks knowledge

or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

703. The allegations in paragraph 703 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

704. The allegations in paragraph 704 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

705. The allegations in paragraph 705 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

706. The allegations in paragraph 706 of the Amended Complaint are based on one or more so-called "Confidential Witnesses." Countrywide lacks knowledge or information sufficient to form a belief as to (a) the identity, credibility, reliability, basis of knowledge (if any), and accuracy of such persons, and (b) whether such persons are the source of the assertions alleged in this paragraph, which allegations are thus denied for these reasons.

707. Countrywide denies the allegations of paragraph 707 of the Amended Complaint.

708. Countrywide denies the allegations of paragraph 708 of the Amended Complaint.

709. Countrywide states that the SEC filings referenced in paragraph 709 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 709 of the Amended Complaint.

710. Countrywide states that the SEC filings referenced in paragraph 710 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the filings for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 710 of the Amended Complaint.

711. Countrywide denies the allegations of paragraph 711 of the Amended Complaint.

712. Countrywide denies the allegations of paragraph 712 of the Amended Complaint.

713. Countrywide states that the statements allegedly made by Mr. Mozilo at the September 13, 2006 conference speak for themselves, respectfully refers the Court to the remarks for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 713 of the Amended Complaint.

714. Countrywide denies the allegations of paragraph 714 of the Amended Complaint.

715. Countrywide states that the *Interagency Guidance* referenced in paragraph 715 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any

characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 715 of the Amended Complaint.

716. Countrywide denies the allegations of paragraph 716 of the Amended Complaint.

717. Countrywide denies the allegations of paragraph 717 of the Amended Complaint.

718. Countrywide states that the 2004 Form 10-K referenced in paragraph 718 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the 10-K for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 718 of the Amended Complaint.

719. Countrywide denies the allegations of paragraph 719 of the Amended Complaint.

720. Countrywide denies the allegations of paragraph 720 of the Amended Complaint.

721. Countrywide denies the allegations of paragraph 721 of the Amended Complaint.

722. Countrywide denies the allegations of paragraph 722 of the Amended Complaint.

723. Countrywide states that the 10b5-1 plan referenced in paragraph 723 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the plan for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 723 of the Amended Complaint, as well as in subparts (a) and (b) of paragraph 723 of the Amended Complaint.

724. Countrywide states that the alleged October 11, 2007 *New York Times* article referenced in paragraph 724 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the article for its contents, and

denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 724 of the Amended Complaint.

725. Countrywide denies the allegations of paragraph 725 of the Amended Complaint.

726. Countrywide denies the allegations of paragraph 726 of the Amended Complaint.

727. Countrywide denies the allegations of Paragraph 727 of the Amended Complaint.

728. Countrywide denies the allegations of paragraph 728 of the Amended Complaint.

729. Paragraph 729 of the Amended Complaint allegedly characterizes GAAS, which speaks for itself, and Countrywide denies characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 729 of the Amended Complaint.

730. Paragraph 730 of the Amended Complaint allegedly characterizes audit standards, which speak for themselves, and Countrywide denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 730 of the Amended Complaint.

731. Paragraph 731 of the Amended Complaint allegedly characterizes GAAS, which speaks for itself, and Countrywide denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 731 of the Amended Complaint.

732. Countrywide states that the AICPA's AAG referenced in paragraph 732 of the Amended Complaint is a document that speaks for itself, respectfully refers the Court to the AAG for its contents, and denies any characterization inconsistent with its terms. Countrywide otherwise denies the allegations of paragraph 732 of the Amended Complaint.

733. Countrywide states that the AICPA's ARAs referenced in paragraph

733 of the Amended Complaint are documents that speak for themselves, respectfully refers the Court to the ARAs for their contents, and denies any characterization inconsistent with their terms. Countrywide otherwise denies the allegations of paragraph 733 of the Amended Complaint.

734. Paragraph 734 of the Amended Complaint contains conclusions of law and an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 734 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 734 of the Amended Complaint.

735. Countrywide denies the allegations of paragraph 735 of the Amended Complaint.

736. Countrywide denies the allegations of paragraph 736 of the Amended Complaint.

737. Countrywide denies the allegations of paragraph 737 of the Amended Complaint.

738. Countrywide denies the allegations of paragraph 738 of the Amended Complaint.

739. Countrywide denies the allegations of paragraph 739 of the Amended Complaint.

740. Paragraph 740 of the Amended Complaint contains conclusions of law and an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 740 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 740 of the Amended Complaint.

741. Paragraph 741 of the Amended Complaint contains conclusions of law and an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 741 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of

paragraph 741 of the Amended Complaint.

742. Paragraph 742 of the Amended Complaint contains conclusions of law and an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 742 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 742 of the Amended Complaint.

743. The first sentence of Paragraph 743 of the Amended Complaint contains conclusions of law and an interpretation of accounting rules and literature to which no response is required. Furthermore, Countrywide denies the allegations of paragraph 743 of the Amended Complaint.

744. Paragraph 744 of the Amended Complaint allegedly characterizes audit standards, which speak for themselves, and Countrywide denies any characterization inconsistent with their terms. To the extent paragraph 744 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 744 of the Amended Complaint.

745. Countrywide denies the allegations of paragraph 745 of the Amended Complaint.

746. Countrywide denies the allegations of paragraph 746 of the Amended Complaint.

747. Countrywide denies the allegations of paragraph 747 of the Amended Complaint.

748. Countrywide denies the allegations of paragraph 748 of the Amended Complaint.

749. Paragraph 749 of the Amended Complaint contains conclusions of law and an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 749 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 749 of the Amended Complaint.

750. Countrywide denies the allegations of paragraph 750 of the Amended Complaint.

751. Paragraph 751 of the Amended Complaint contains conclusions of law and an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 751 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 751 of the Amended Complaint.

752. Paragraph 752 of the Amended Complaint contains conclusions of law and an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 752 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 752 of the Amended Complaint.

753. Countrywide denies the allegations of paragraph 753 of the Amended Complaint.

754. Countrywide denies the allegations of paragraph 754 of the Amended Complaint.

755. Countrywide denies the allegations of paragraph 755 of the Amended Complaint.

756. Countrywide denies the allegations of paragraph 756 of the Amended Complaint.

757. Countrywide denies the allegations of paragraph 757 of the Amended Complaint.

758. Countrywide denies the allegations of paragraph 758 of the Amended Complaint.

759. Countrywide denies the allegations of paragraph 759 of the Amended Complaint.

760. Paragraph 760 of the Amended Complaint contains conclusions of law and an interpretation of accounting rules and literature to which no response is

required. To the extent paragraph 760 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 760 of the Amended Complaint.

761. Countrywide denies the allegations of paragraph 761 of the Amended Complaint.

762. Countrywide denies the allegations of paragraph 762 of the Amended Complaint.

763. Countrywide denies the allegations of paragraph 763 of the Amended Complaint.

764. Countrywide denies the allegations of paragraph 764 of the Amended Complaint.

765. Countrywide denies the allegations of paragraph 765 of the Amended Complaint.

766. Countrywide denies the allegations of paragraph 766 of the Amended Complaint.

767. Countrywide denies the allegations of paragraph 767 of the Amended Complaint.

768. Countrywide denies the allegations of paragraph 768 of the Amended Complaint.

769. Countrywide denies the allegations of paragraph 769 of the Amended Complaint.

770. Countrywide denies the allegations of paragraph 770 of the Amended Complaint.

771. Countrywide denies the allegations of paragraph 771 of the Amended Complaint.

772. Paragraph 772 of the Amended Complaint contains conclusions of law and an interpretation of accounting rules and literature to which no response is required. To the extent paragraph 772 of the Amended Complaint contains factual

allegations to which a response is required, Countrywide denies the allegations of paragraph 772 of the Amended Complaint.

773. Countrywide denies the allegations of paragraph 773 of the Amended Complaint.

774. Countrywide denies the allegations of paragraph 774 of the Amended Complaint.

775. Countrywide denies the allegations of paragraph 775 of the Amended Complaint.

776. Countrywide denies the allegations of paragraph 776 of the Amended Complaint.

777. Countrywide denies the allegations of paragraph 777 of the Amended Complaint.

778. Countrywide denies the allegations of paragraph 778 of the Amended Complaint.

779. Countrywide denies the allegations of paragraph 779 of the Amended Complaint.

780. Countrywide denies the allegations of paragraph 780 of the Amended Complaint.

781. Countrywide denies the allegations of paragraph 781 of the Amended Complaint.

782. Countrywide denies the allegations of paragraph 782 of the Amended Complaint.

783. Paragraph 783 of the Amended Complaint contains conclusions of law to which no response is required. To the extent paragraph 783 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 783.

784. Countrywide denies the allegations of paragraph 784 of the Amended Complaint.

785. Countrywide denies the allegations of paragraph 785 of the Amended Complaint.

786. Countrywide denies the allegations of paragraph 786 of the Amended Complaint.

787. Countrywide denies the allegations of paragraph 787 of the Amended Complaint.

788. Countrywide denies the allegations of paragraph 788 of the Amended Complaint.

789. Paragraph 789 of the Amended Complaint contains conclusions of law to which no response is required. To the extent paragraph 789 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 789.

790. Countrywide denies the allegations of paragraph 790 of the Amended Complaint.

791. Countrywide denies the allegations of paragraph 791 of the Amended Complaint.

792. Countrywide denies the allegations of paragraph 792 of the Amended Complaint.

793. Countrywide denies the allegations of paragraph 793 of the Amended Complaint.

794. Paragraph 794 of the Amended Complaint contains conclusions of law to which no response is required. To the extent that paragraph 794 of the Amended Complaint contains factual allegations to which a response is required, the Countrywide denies the allegations of paragraph 794 of the Amended Complaint.

795. Countrywide repeats and incorporates by reference each of its responses to the Amended Complaint set forth below. Paragraph 795 of the Amended Complaint is a characterization of the Amended Complaint to which no response is required. To the extent paragraph 795 of the Amended Complaint

contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 795 of the Amended Complaint.

796. Paragraph 796 of the Amended Complaint is a characterization of the Amended Complaint to which no response is required. To the extent paragraph 796 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 796 of the Amended Complaint.

797. Countrywide denies the allegations of paragraph 797 of the Amended Complaint.

798. Paragraph 798 of the Amended Complaint contains conclusions of law to which no response is required. To the extent that paragraph 798 of the Amended Complaint contains factual allegations to which a response is required, the Countrywide denies the allegations of paragraph 798 of the Amended Complaint.

799. Countrywide denies the allegations of paragraph 799 of the Amended Complaint.

800. Countrywide denies the allegations of paragraph 800 of the Amended Complaint.

801. Countrywide denies the allegations of paragraph 801 of the Amended Complaint.

802. Countrywide denies the allegations of paragraph 802 of the Amended Complaint.

803. Countrywide denies the allegations of paragraph 803 of the Amended Complaint.

804. Countrywide denies the allegations of paragraph 804 of the Amended Complaint.

805. Countrywide denies the allegations of paragraph 805 of the Amended Complaint.

806. Countrywide denies the allegations of paragraph 806 of the Amended

Complaint.

807. Countrywide denies the allegations of paragraph 807 of the Amended Complaint.

808-817. Paragraphs 808 through 817 pertain to Count II of the Amended Complaint, which has been dismissed pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

818. Countrywide repeats and incorporates by reference each of its responses to the Amended Complaint set forth below. Paragraph 818 of the Amended Complaint is a characterization of the Amended Complaint to which no response is required. To the extent paragraph 818 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 818 of the Amended Complaint.

819. Paragraph 819 of the Amended Complaint contains conclusions of law to which no response is required. To the extent that paragraph 819 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 819 of the Amended Complaint.

820. Paragraph 820 of the Amended Complaint contains conclusions of law to which no response is required. To the extent that paragraph 820 of the Amended Complaint contains factual allegations to which a response is required, the Countrywide denies the allegations of paragraph 820 of the Amended Complaint.

821. Countrywide denies the allegations of paragraph 821 of the Amended Complaint.

822. Countrywide denies the allegations of paragraph 822 of the Amended Complaint.

823. Countrywide denies the allegations of paragraph 823 of the Amended Complaint.

824. Countrywide denies the allegations of paragraph 824 of the Amended Complaint.

825. Countrywide denies the allegations of paragraph 825 of the Amended Complaint.

826. Countrywide repeats and incorporates by reference each of its responses to the Amended Complaint set forth below.

827. Paragraph 827 of the Amended Complaint is a characterization of the Amended Complaint to which no response is required. To the extent paragraph 827 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 827 of the Amended Complaint.

828. Countrywide denies the allegations of paragraph 828 of the Amended Complaint.

829. Countrywide denies the allegations of paragraph 829 of the Amended Complaint.

830. Countrywide denies the allegations of paragraph 830 of the Amended Complaint.

831. Paragraph 831 of the Amended Complaint contains conclusions of law to which no response is required. To the extent that paragraph 831 of the Amended Complaint contains factual allegations to which a response is required, the Countrywide denies the allegations of paragraph 831 of the Amended Complaint.

832. Countrywide denies the allegations of paragraph 832 of the Amended Complaint.

833. Countrywide denies the allegations of paragraph 833 of the Amended Complaint.

834. Countrywide denies the allegations of paragraph 834 of the Amended Complaint.

835. Countrywide denies the allegations of paragraph 835 of the Amended Complaint.

836. Countrywide denies the allegations of paragraph 836 of the Amended

Complaint.

837. Countrywide denies the allegations of paragraph 837 of the Amended Complaint.

838. Countrywide repeats and incorporates by reference each of its responses to the Amended Complaint set forth below.

839. Paragraph 839 of the Amended Complaint is a characterization of the Amended Complaint to which no response is required. To the extent paragraph 839 of the Amended Complaint contains factual allegations to which a response is required, Countrywide denies the allegations of paragraph 839 of the Amended Complaint.

840. Countrywide denies the allegations of paragraph 840 of the Amended Complaint.

841. Countrywide denies the allegations of paragraph 841 of the Amended Complaint.

842. Countrywide denies the allegations of paragraph 842 of the Amended Complaint.

843. Countrywide denies the allegations of paragraph 843 of the Amended Complaint.

844-857. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus no answer is required as to these paragraphs.

858-863. Paragraphs 858 through 863 pertain to Count VII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

864-870. Paragraphs 864 through 870 pertain to Count VIII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these

paragraphs.

871-881. Paragraphs 871 through 881 pertain to Count IX of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

882-890. Paragraphs 882 through 890 pertain to Count X of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

891-894. Paragraphs 891 through 894 pertain to Count XI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

PRAYER FOR RELIEF:

Countrywide denies that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Answers to each paragraph of the Amended Complaint are made by Countrywide without waiving, but expressly reserving, all rights Countrywide may have to seek relief by appropriate motions directed to the allegations in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

2. The Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

3. This action is barred, in whole or in part, by the applicable statutes of limitation and other applicable periods of repose.

### FOURTH AFFIRMATIVE DEFENSE

4. This action is barred, in whole or in part, because Plaintiff lacks standing to assert the claims alleged in this action.

**FIFTH AFFIRMATIVE DEFENSE**

5. The Amended Complaint fails to meet the requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act, 14 U.S.C. § 78u-5 ("PSLRA").

**SIXTH AFFIRMATIVE DEFENSE**

6. This action is barred, in whole or in part, because the statements complained of were immune from liability under the safe harbor provisions of the PSLRA.

**SEVENTH AFFIRMATIVE DEFENSE**

7. This action is barred, in whole or in part, because some or all of the alleged public disclosures bespoke caution or were forward-looking statements.

**EIGHTH AFFIRMATIVE DEFENSE**

8. This action is barred, in whole or in part, because Plaintiff has failed to mitigate damages and have failed to exercise due diligence in an effort to mitigate their damages (to which, in any event, they are not entitled).

**NINTH AFFIRMATIVE DEFENSE**

9. This action is barred, in whole or in part, because it fails to allege any actionable misstatement or omission by Countrywide.

**TENTH AFFIRMATIVE DEFENSE**

10. This action is barred, in whole or in part, because at all relevant times Countrywide had no duty to disclose the allegedly omitted information.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. This action is barred, in whole or in part, because any information that Countrywide allegedly had a duty to disclose but supposedly did not disclose was in fact disclosed.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The action is barred, in whole or in part, because the actual facts which Plaintiff alleges to have been misrepresented or omitted were in fact known to and

entered the securities market through credible sources. Plaintiff is not entitled to any recovery because the substance of the allegedly material information that Plaintiff claims to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in Countrywide' own public filings and announcements, in the documents referenced in the Amended Complaint, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The action is barred, in whole or in part, because the statements alleged in the complaint, if any were in fact made, did not contain untrue material facts and all statements alleged to have been made (if any) had a reasonable basis in fact and were immaterial as a matter of law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. The Amended Complaint and each cause of action therein fails because Countrywide did not act with the requisite scienter.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. This action is barred, in whole or in part, by SEC Rule 10b5-l.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. This action is barred, in whole or in part, because the statements alleged in the complaint, if any were in fact made, were not made for the purpose of inducing the purchase or sale of a security.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. This action is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence, and/or assumption of risk.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. At all times mentioned in the Amended Complaint and with respect to all matters therein contained, Countrywide acted in good faith and exercised reasonable care and did not know, and in the exercise of reasonable care could not

have known, of any alleged misconduct, untruth, omission, or any other action alleged in the Amended Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. This action is barred, in whole or in part, because at all relevant times Plaintiff did not rely on any material misrepresentations or omissions, or on the market price or on the integrity of the market as affected by any alleged misrepresentations or omissions, in transacting in Countrywide securities.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. The fraud on the market theory is not applicable and/or is not a basis of liability with respect to one or more of the claims alleged in this action.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

21. This action is barred, in whole or in part, because of the absence of actual reliance by Plaintiff on the statements, acts, or omissions alleged in the Amended Complaint to have been made or, in the alternative, because any reliance (if proved) was unreasonable.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

22. The action is barred, in whole or in part, because Plaintiff would have engaged in the securities transactions referenced in the Amended Complaint even with full knowledge of the facts that they now allege were misrepresented or omitted.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

23. The action is barred, in whole or in part, because Plaintiff engaged in the securities transactions referenced in the Amended Complaint with actual or constructive knowledge of the risks involved in an investment in Countrywide securities, the risks involved with Countrywide's mortgage loan business, and other material risks to Countrywide's business and operations, and thus assumed the risk that the value of the securities referenced in the Amended Complaint would decline if such risks materialized.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

24. This action is barred, in whole or in part, because Countrywide did not directly or indirectly cause the alleged violations complained of in the Amended Complaint, and thus there is an absence of transaction and/or loss causation.

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

25. This action is barred, in whole or in part, because any damages or injuries suffered by Plaintiff are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than Countrywide.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

26. Countrywide denies that it fraudulently, recklessly, negligently or otherwise engaged in any act of deceit, conspiracy, fraud or any other action, alleged conduct, or alleged omission, which was a proximate cause of any injury to Plaintiff.

**TWENTY SEVENTH AFFIRMATIVE DEFENSE**

27. This action is barred, in whole or in part, by superseding and intervening causes of any alleged damages. If Plaintiff suffered cognizable damages (which damages are denied), those damages resulted from causes other than any alleged act or omission by Countrywide, including but not limited to macroeconomic and mortgage industry events that constrained Countrywide's access to the credit and capital markets and affected its liquidity.

**TWENTY EIGHTH AFFIRMATIVE DEFENSE**

28. This action is barred, in whole or in part, because, in connection with the making of any statements to any purchasers of the securities of Countrywide or any affiliate or related entity, Countrywide exercised reasonable diligence and/or reasonably and justifiably relied on information provided to it by Countrywide’s independent public accountants and other professionals and experts and reasonably and in good faith believed such statements to be materially accurate and not misleadingly incomplete.

**TWENTY NINTH AFFIRMATIVE DEFENSE**

29. This action is barred, in whole or in part, because Countrywide did not sell, offer to sell, or solicit the sale of securities referenced in the Amended Complaint.

**THIRTIETH AFFIRMATIVE DEFENSE**

30. This action is barred, in whole or in part, because any recovery by Plaintiff would constitute unjust enrichment.

**THIRTY FIRST AFFIRMATIVE DEFENSE**

31. This action is barred, in whole or in part, because the Countrywide Defendants neither owed nor breached any duty to Plaintiff to disclose information allegedly omitted, and had no duty to verify, opine upon, audit, review or correct such information that they disclosed.

**THIRTY SECOND AFFIRMATIVE DEFENSE**

32. This action is barred, in whole or in part, because Plaintiff's claims are barred by the doctrine of laches.

**THIRTY THIRD AFFIRMATIVE DEFENSE**

33. Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

**THIRTY FOURTH AFFIRMATIVE DEFENSE**

34. This action is barred, in whole or in part, because Plaintiff suffered no damages.

**THIRTY FIFTH AFFIRMATIVE DEFENSE**

35. Plaintiff's alleged damages are speculative and thus not recoverable.

**THIRTY SIXTH AFFIRMATIVE DEFENSE**

36. This action is barred, in whole or in part, because Plaintiff may not recover damages for any of the securities Plaintiff put or tendered at or near par.

**THIRTY SEVENTH AFFIRMATIVE DEFENSE**

37. Without admitting that Plaintiff suffered damages as a result of any act

or omission of Countrywide, any damages which may be awarded in connection with the claims asserted herein are offset and/or must be reduced by the amount of the tax benefits accruing to Plaintiff, by virtue of his or her deduction of capital loss, in order to prevent unjust enrichment of said Plaintiff.

**THIRTY EIGHTH AFFIRMATIVE DEFENSE**

38. Plaintiff is precluded from recovering prejudgment interest because, without admitting that Plaintiff is entitled to any damages, any award recovered in this action is not liquidated nor ascertainable and is not otherwise statutorily prescribed.

**THIRTY NINTH AFFIRMATIVE DEFENSE**

39. The damages claimed by Plaintiff should be offset in whole or in part by Plaintiff's gains on Countrywide securities.

**FORTIETH AFFIRMATIVE DEFENSE**

40. Plaintiff's claims are vague, ambiguous, and uncertain.

**FORTY FIRST AFFIRMATIVE DEFENSE**

41. Plaintiff's claims are barred, in whole or in part, by the doctrine of in pari delicto.

**FORTY SECOND AFFIRMATIVE DEFENSE**

42. Countrywide was under no duty to revise, update, or correct any previously made statements that Plaintiff alleges were not subsequently revised, updated, or corrected.

**FORTY THIRD AFFIRMATIVE DEFENSE**

43. This action is barred, in whole or in part, by the doctrine of unclean hands, in that Plaintiff has been guilty of inequitable conduct with respect to the matters alleged in the Amended Complaint, and specifically with respect to fabricating allegations therein, and such actions bar Plaintiff's recovery therein.

**FORTY FOURTH AFFIRMATIVE DEFENSE**

44. Countrywide denies that Plaintiff is entitled to recovery of attorneys'

fees.

**FORTY FIFTH AFFIRMATIVE DEFENSE**

45. Countrywide hereby adopts and incorporates by reference all other defenses asserted or to be asserted by any of the other defendants to the extent that Countrywide may share in such a defense.

**FORTY SIXTH AFFIRMATIVE DEFENSE**

46. Countrywide hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve its rights to amend this Answer and assert all such defenses.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Countrywide demands a trial by jury of all issues raised by this Amended Complaint which are triable by jury.

WHEREFORE, Countrywide respectfully requests the Amended Complaint be dismissed with prejudice and the Court award Countrywide's attorneys fees and other relief deemed just and proper.

Dated: October 14, 2011

Respectfully submitted,

GOODWIN PROCTER LLP

By: /s/ Brian E. Pastuszenski

BRIAN E. PASTUSZENSKI
*bpastuszenski@goodwinprocter.com*
ALEXIS L. SHAPIRO
*ashapiro@goodwinprocter.com*
Mitchell D. Webber
*mwebber@goodwinprocter.com*
Exchange Place
53 State Street
Boston, Massachusetts 02109
Telephone: 617-570-1000
Facsimile: 617-523-1231

LLOYD WINAWER (SBN #

157823)
*lwinawer@goodwinprocter.com*
601 S. Figueroa Street
41st Floor
Los Angeles, CA 90017
Telephone: 213-426-2500
Facsimile: 213-623-1673

*Attorneys for Defendant Countrywide Financial Corporation and Countrywide Securities Corporation*

## PROOF OF SERVICE

I, Gareth J. Oania, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 S. Figueroa Street, 41st Floor, Los Angeles, California, 90017.

On October 14, 2011, I served the following document by placing a true copy thereof in a sealed envelope(s) on the persons listed on the service list below:

**COUNTRYWIDE DEFENDANTS'ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☑ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed below by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on October 14, 2011, at Los Angeles, California.

Gareth J. Oania
(Type or print name)

(Signature)

# SERVICE LIST

## STATE TREASURER OF THE STATE OF MICHIGAN v. COUNTRYWIDE FINANCIAL CORPORATION, et al

## CASE NO. CV-11-00809-MRP (MANX)

| | |
|---|---|
| David Siegel<br>Daniel Lefler<br>Charles Elder<br>Jacob Kreutzer<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067 | *Attorneys for Defendant:*<br>**Angelo R. Mozilo**<br><br>Tel: 310-277-1010<br>Fax: 310-203-7199<br>dsiegel@irell.com<br>dlefler@irell.com<br>celder@irell.com<br>jkreutzer@irell.com |
| Michael C. Tu<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>777 S. Figueroa Street, Suite 3200<br>Los Angeles, California 90017<br><br>Michael D. Torpey<br>Penelope A. Graboys Blair<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>The Orrick Building<br>405 Howard Street<br>San Francisco, California 94105-2669 | *Attorneys for Defendant:*<br>**David Sambol**<br><br>Tel: 213-629-2020<br>Fax: 213-612-2499<br>mtu@orrick.com<br><br>Tel: 415-773-5700<br>Fax: 415-773-5759<br>mtorpey@orrick.com<br>pgraboysblair@orrick.com |
| Shirli Fabbri Weiss<br>**DLA PIPER LLP (US)**<br>401 B Street, Suite 1700<br>San Diego, California 92101-4297<br><br>Nicolas Morgan<br>**DLA PIPER LLP (US)**<br>1999 Avenue of the Stars, Suite 400<br>Los Angeles, California 90067-6022<br><br>David Priebe<br>Jeffrey B. Coopersmith<br>**DLA PIPER LLP (US)**<br>2000 University Avenue<br>East Palo Alto, California 94303-2248 | *Attorneys for Defendant:*<br>**Eric P. Sieracki**<br><br>Tel: 619-699-2700<br>Fax: 619-699-2701<br>shirli.weiss@dlapiper.com<br><br>Tel: 310-595-3000<br>Fax: 310-595-3300<br>nicolas.morgan@dlapiper.com<br><br>Tel: 650-833-2000<br>Fax: 650-833-2001<br>david.priebe@dlapiper.com<br>jeff.coopersmith@dlapiper.com |

| | |
|---|---|
| Jordan Eth<br>Judson E. Lobdell<br>D. Anthony Rodriguez<br>**MORRISON & FOERSTER LLP**<br>425 Market Street<br>San Francisco, California 94105 | *Attorneys for Defendants:*<br>**Henry Cisneros, Jeff Cunningham, Robert Donato, Ben M. Enis, Edwin Heller, Martin Melone, Robert Parry, Oscar Robertson, Keith Russell, and Harley Snyder**<br><br>Tel: 415-268-7000<br>Fax: 415-268-7522<br>jeth@mofo.com<br>jlobdell@mofo.com<br>drodriguez@mofo.com |
| Eric S. Waxman<br>Peter B. Morrison<br>Virginia F. Milstead<br>**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**<br>300 South Grand Avenue<br>Los Angeles, California 90071-3144 | *Attorneys for Defendants:*<br>**Kathleen Brown and Michael E. Dougherty**<br><br>Tel: 213-687-5000<br>Fax: 213-687-5600<br>eric.waxman@skadden.com<br>peter.morrison@skadden.com<br>virginia.milstead@skadden.com |
| Gwyn Quillen<br>J. Warren Rissier<br>**BINGHAM MCCUTCHEN LLP**<br>The Water Garden<br>Fourth Floor, North Tower<br>1620 26th Street<br>Santa Monica, California 90404-4060<br><br>Todd E. Gordinier<br>Edward S. Kim<br>**BINGHAM MCCUTCHEN LLP**<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, California 92626-1924 | *Attorneys for Defendant:*<br>**KPMG LLP**<br><br>Tel: 310-907-1000<br>Fax: 310-907-2000<br>gwyn.quillen@bingham.com<br>warren.rissier@bingham.com<br><br>Tel: 714-830-0600<br>Fax: 714-830-0700<br>todd.gordinier@bingham.com<br>edward.kim@bingham.com |

| | |
|---|---|
| Dean J. Kitchens<br>**GIBSON, DUNN & CRUTCHER LLP**<br>333 South Grand Avenue<br>Los Angeles, California 90071-3197<br><br>Jonathan C. Dickey<br>**GIBSON, DUNN & CRUTCHER LLP**<br>200 Park Avenue, 48th Floor<br>New York, New York 10166-0193 | *Attorneys for Defendants:*<br>**Banc of America Securities LLC, J.P. Morgan Securities Inc., Barclays Capital Inc., Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., Wells Fargo Securities, LLC, RBS Securities Inc., Goldman, Sachs & Co., ABN AMRO Incorporated, and BNP Paribas Securities Corp**.<br><br>Tel: 213-229-7000<br>Fax: 213-229-7520<br>DKitchens@gibsondunn.com<br><br>Tel: 212-351-2399<br>Fax: 212-351-6399<br>JDickey@gibsondunn.com |
| Nicole Lavallee<br>Joseph J. Tabacco, Jr.<br>Christopher T. Heffelfinger<br>**BERMAN DeVALERIO**<br>One California Street, Suite 900<br>San Francisco, CA 94111 | *Attorneys for Plaintiff:*<br>**State Treasurer Of The State Of Michigan, As Custodian of The Michigan Public School Employees Retirement System, State Employees' Retirement System, Michigan State Police Retirement System And Michigan Judges' Retirement System**<br><br>Tel: 415-433-3200<br>Fax: 415-433-6382<br>nlavallee@bermandevalerio.com<br>jtabacco@bermandevalerio.com<br>cheffelfinger@bermandevalerio.com |