IRELL & MANELLA LLP
David Siegel (101355)
dsiegel@irell.com
Daniel P. Lefler (151253)
dlefler@irell.com
Adam Fletcher (247949)
afletcher@irell.com
Alexander F. Porter (258597)
aporter@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Defendant
Angelo Mozilo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STATE TREASURER OF THE STATE OF MICHIGAN, AS CUSTODIAN OF THE MICHIGAN PUBLIC SCHOOL EMPLOYEES RETIREMENT SYSTEM, STATE EMPLOYEES' RETIREMENT SYSTEM, MICHIGAN STATE POLICE RETIREMENT SYSTEM AND MICHIGAN JUDGES' RETIREMENT SYSTEM<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, et al.<br><br>Defendants. | Case No. CV 11-00809 MRP (MANx)<br><br>**DEFENDANT ANGELO MOZILO'S ANSWER TO AMENDED COMPLAINT**<br><br>Ctrm: 12<br>Judge: Hon. Mariana R. Pfaelzer |

Defendant Angelo Mozilo ("Mr. Mozilo") hereby answers Plaintiffs' Amended Complaint (the "Complaint"), as follows:

## GENERAL RESPONSES

Except as expressly admitted herein, Mr. Mozilo denies any and all material allegations in the Complaint. The numbered paragraphs of this answer correspond to the paragraphs as numbered in the Complaint. To the extent paragraphs in the Complaint are grouped under headings, Mr. Mozilo responds generally that such headings and groupings are conclusions of law or fact and denies each and every such allegation made or implied by such headings or groupings.

To the extent that the Complaint attempts to characterize certain alleged facts in a conclusory manner such as "fraudulent," "manipulate," "material," "wrongful," "illegal," or "knowingly," Mr. Mozilo responds generally that such allegations constitute perjoratives or conclusions and do not constitute allegations of fact requiring a response. To the extent such allegations may be construed as allegations of fact, Mr. Mozilo objects to and denies each such allegation.

## SPECIFIC RESPONSES

The first unnumbered paragraph on page 1 of the Complaint is a characterization of the Complaint which no response is required. To the extent a response is required, Mr. Mozilo denies the allegations contained in the first unnumbered paragraph on page 1.

1. Answering paragraph 1, Mr. Mozilo admits that Countrywide was founded in March 1969 and it engaged in mortgage lending and other finance-related businesses. Mr. Mozilo otherwise denies the allegations of paragraph 1.

2. Mr. Mozilo admits that Countrywide offered traditional fixed-rate first-lien mortgage loans and sold a certain portion of its loan production to the secondary market. Mr. Mozilo also admits that Countrywide's conforming loan production met with the requirements of the GSEs. Mr. Mozilo states that Countrywide's loan production volumes, as well as its earnings and losses, were reported in the

company's periodic SEC filings. Mr. Mozilo states that these public filings are documents that are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with their terms or incomplete or taken out of context.

3. Paragraph 3 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent a response is required, Mr. Mozilo states that the details of Countrywide's business operations, including the number of loans sold to the secondary market and Countrywide's representations and warranties liability, were reported in the company's periodic SEC filings, which are the best evidence of their contents and speak for themselves. Mr. Mozilo otherwise denies the allegations of paragraph 3.

4. Paragraph 4 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent the paragraph refers to statements in Countrywide's periodic SEC filings or earnings conference calls, those documents are the best evidence of their contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the announcement or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 4.

5. Paragraph 5 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent this paragraph refers to statements Countrywide's periodic SEC filings or earnings conference calls, those documents are the best evidence of their contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the statements therein or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 5.

6. Mr. Mozilo states that the remarks allegedly made by him during the March 2007 CNBC interview referenced in paragraph 6 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he

made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 6.

7. Paragraph 7 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent a response is required, Mr. Mozilo states that the details of Countrywide's business operations and product mix were reported in the company's periodic SEC filings, which are the best evidence of their contents and speak for themselves. Mr. Mozilo otherwise denies the allegations of paragraph 7.

8. Paragraph 8 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent a response is required, Mr. Mozilo states that the regulatory guidance published on October 4, 2006 is the best evidence of its contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the statements therein or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 8.

9. Paragraph 9 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 9.

10. Paragraph 10 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 10.

11. Paragraph 11 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 11.

12. Paragraph 12 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 12.

13. Paragraph 13 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent this paragraph refers to

statements in Countrywide's periodic SEC filings or earnings conference calls, those documents are the best evidence of their contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the statements therein or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 13.

14. Paragraph 14 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 14.

15. Paragraph 15 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 15.

16. Mr. Mozilo states that Countrywide's ALL, RIs, MSRs, and R&Ws were reported in its period SEC filings, which are the best evidence of their contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the statements therein or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 16.

17. Paragraph 17 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 17.

18. Paragraph 18 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 18.

19. Mr. Mozilo states that the allegations in paragraph 19 refer to Countrywide's closing stock prices, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 19.

20. Paragraph 20 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent a response is required, Mr. Mozilo states that the remarks allegedly made during the July 24, 2007 conference call referenced in paragraph 20 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. The July 27, 2007 Stifel Nicolaus report is also a document that is the best evidence of its contents, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the document or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 20.

21. Mr. Mozilo admits that the global credit markets experienced a liquidity crisis, and that Countrywide and others were impacted by it. Mr. Mozilo states that Countrywide's financial results for the third quarter of 2007 were reported in filings with the SEC, and denies the allegations to the extent they are inconsistent with the actual announcement Countrywide made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 21.

22. Mr. Mozilo states that the allegations in paragraph 22 refer to Countrywide's closing stock prices, which are a matter of public record and to which no response is required. Mr. Mozilo states that Bank of America's January 11, 2008 announcement and the WSJ article referenced in paragraph 22 speak for themselves, and Mr. Mozilo denies the allegations to the extent they are inconsistent with the documents or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations in paragraph 22.

23. Mr. Mozilo states that the FCIC report and statements referenced in paragraph 23, are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 23.

24. Mr. Mozilo states that the allegations in paragraph 24 refer to Countrywide's closing stock prices, which are a matter of public record and to

which no response is required. Mr. Mozilo denies the remaining allegations in paragraph 24.

25. Paragraph 25 should be stricken, as it refers to matters not admissible for any purpose and is a statement to which no response is necessary or appropriate. To the extent a response is required, Mr. Mozilo states that the public court filings and court rulings referenced in paragraph 25, are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the announcement or incomplete or taken out of context.

26. Paragraph 26 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 26.

27. Mr. Mozilo admits that the Court has federal subject matter jurisdiction over this case.

28. Mr. Mozilo admits that venue is proper in this Judicial District. Mr. Mozilo denies the remainder of the allegations set forth in paragraph 28.

29. Paragraph 29 consists of conclusions of law, to which no response is necessary or appropriate. To the extent that a responsive pleading is required, Mr. Mozilo denies the allegations set forth in paragraph 29.

30. Paragraph 30 consists of conclusions of law, to which no response is necessary or appropriate. To the extent that a responsive pleading is required, Mr. Mozilo denies the allegations set forth in paragraph 30.

31. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and on that basis denies the allegations of paragraph 31.

32. Mr. Mozilo denies the allegations of paragraph 32 of the Complaint except to admit that, prior to its merger with Bank of America, Countrywide was a Delaware corporation with offices at 4500 Park Granada, Calabasas, California, was founded in 1969, engaged in mortgage lending and other finance-related businesses,

and that its common stock was traded on the New York Stock Exchange (the "NYSE").

33. Mr. Mozilo states that the terms describing the July 2008 merger between Bank of America and Countrywide were publicly disclosed and speak for themselves.

34. Answering paragraph 34, Mr. Mozilo admits that he is a co-founder of Countrywide, was Chairman of the Board of Directors from March 1999 until Countrywide's merger with Bank of America, and was Chief Executive Officer ("CEO") of Countrywide from February 1998 until Countrywide's merger with Bank of America. Mr. Mozilo also admits that he was a member of Countrywide's Board of Directors from 1969 until 2008 and that he was President of the Company from March 2000 through December 2003. Mr. Mozilo further states that to the extent he signed Countrywide's periodic financial reports or Sarbanes-Oxley certifications, these are a matter of public record and which speak for themselves. Mr. Mozilo otherwise denies the allegations of paragraph 34.

35. Mr. Mozilo admits the first sentence of paragraph 35. Answering the second sentence of paragraph 35, Mr. Mozilo admits that Mr. Sambol was Executive Managing Director of Countrywide's Business Segment Operations in 2006, but otherwise denies the allegations in that sentence. Mr. Mozilo admits the third and fourth sentences of paragraph 35. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of the fifth and sixth sentences of paragraph 35, and on that basis denies the allegations in these sentences. Mr. Mozilo further states that whether Mr. Sambol signed Countrywide's periodic financial reports or Sarbanes-Oxley certifications is a matter of public record and speak for themselves. Mr. Mozilo otherwise denies the allegations of paragraph 35.

36. Mr. Mozilo admits the first sentence of paragraph 36. Mr. Mozilo denies the allegations of the second through seventh sentences except to state that

Mr. Sieracki was Senior Vice President of Countrywide Asset Management Corporation, Executive Vice President of Corporate Finance, Senior Managing Director and CFO of CHL, and was a member of the Credit Risk Committee and the Asset/Liability Committee. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of the eighth sentence of paragraph 34, and on that basis denies the allegations in these sentences. Mr. Mozilo further states that whether Mr. Sieracki signed Countrywide's periodic financial reports or Sarbanes-Oxley certifications is a matter of public record and speak for themselves. Mr. Mozilo otherwise denies the allegations of paragraph 36.

37. Paragraph 37 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 37.

38. Paragraph 38 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 38.

39. Paragraph 39 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 39.

40. Paragraph 40 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 40.

41. Paragraph 41 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 41.

42. Answering paragraph 42, Mozilo admits the allegation in the first sentence of paragraph 42. Mr. Mozilo states that the SEC filings referenced in paragraph 42 are a matter of public record that speak for themselves.

43. Answering paragraph 43, Mozilo admits the allegation in the first sentence of paragraph 43. Mr. Mozilo states that the SEC filings referenced in paragraph 43 are a matter of public record that speak for themselves.

44. Answering paragraph 44, Mozilo admits the allegation in the first sentence of paragraph 44. Mr. Mozilo states that the SEC filings referenced in paragraph 44 are a matter of public record that speak for themselves.

45. Answering paragraph 45, Mozilo admits the allegation in the first sentence of paragraph 45. Mr. Mozilo states that the SEC filings referenced in paragraph 45 are a matter of public record that speak for themselves.

46. Answering paragraph 46, Mozilo admits the allegation in the first sentence of paragraph 46. Mr. Mozilo states that the SEC filings referenced in paragraph 46 are a matter of public record that speak for themselves.

47. Answering paragraph 47, Mozilo admits the allegation in the first sentence of paragraph 47. Mr. Mozilo states that the SEC filings referenced in paragraph 47 are a matter of public record that speak for themselves.

48. Answering paragraph 48, Mozilo admits the allegation in the first sentence of paragraph 48. Mr. Mozilo states that the SEC filings referenced in paragraph 48 are a matter of public record that speak for themselves.

49. Answering paragraph 49, Mozilo admits the allegation in the first sentence of paragraph 49. Mr. Mozilo states that the SEC filings referenced in paragraph 49 are a matter of public record that speak for themselves.

50. Answering paragraph 50, Mozilo admits the allegation in the first sentence of paragraph 50. Mr. Mozilo states that the SEC filings referenced in paragraph 50 are a matter of public record that speak for themselves.

51. Answering paragraph 51, Mozilo admits the allegation in the first sentence of paragraph 51. Mr. Mozilo states that the SEC filings referenced in paragraph 51 are a matter of public record that speak for themselves.

52. Answering paragraph 52, Mozilo admits the allegation in the first sentence of paragraph 52. Mr. Mozilo states that the SEC filings referenced in paragraph 52 are a matter of public record that speak for themselves.

53. Answering paragraph 53, Mozilo admits the allegation in the first sentence of paragraph 53. Mr. Mozilo states that the SEC filings referenced in paragraph 53 are a matter of public record that speak for themselves.

54. Paragraph 54 calls for no response from Mr. Mozilo.

55. Mr. Mozilo states that the underwriters for the securities named in paragraph 55 are listed in the prospectus supplements for the securities. Mr. Mozilo states that the prospectus supplement for the securities is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms.

56. Mr. Mozilo states that the underwriters for the securities named in paragraph 56 are listed in the prospectus supplements for the securities. Mr. Mozilo states that the prospectus supplement for the securities is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms.

57. Mr. Mozilo states that the underwriters for the securities named in paragraph 57 are listed in the prospectus supplements for the securities. Mr. Mozilo states that the prospectus supplement for the securities is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms.

58. Mr. Mozilo states that the underwriters for the securities named in paragraph 58 are listed in the prospectus supplements for the securities. Mr. Mozilo states that the prospectus supplement for the securities is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms.

59. Mr. Mozilo states that the underwriters for the securities named in paragraph 59 are listed in the prospectus supplements for the securities. Mr. Mozilo states that the prospectus supplement for the securities is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms.

60. Mr. Mozilo states that the underwriters for the securities named in paragraph 60 are listed in the prospectus supplements for the securities. Mr. Mozilo states that the prospectus supplement for the securities is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms.

61. Mr. Mozilo states that the underwriters for the securities named in paragraph 61 are listed in the prospectus supplements for the securities. Mr. Mozilo states that the prospectus supplement for the securities is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms.

62. Mr. Mozilo states that the underwriters for the securities named in paragraph 62 are listed in the prospectus supplements for the securities. Mr. Mozilo states that the prospectus supplement for the securities is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms.

63. Mr. Mozilo states that the underwriters for the securities named in paragraph 63 are listed in the prospectus supplements for the securities. Mr. Mozilo states that the prospectus supplement for the securities is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms.

64. Mr. Mozilo states that the underwriters for the securities named in paragraph 64 are listed in the prospectus supplements for the securities. Mr. Mozilo states that the prospectus supplement for the securities is a document that speaks for

itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms.

65. Mr. Mozilo states that the underwriters for the securities named in paragraph 65 are listed in the prospectus supplements for the securities. Mr. Mozilo states that the prospectus supplement for the securities is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms.

66. Paragraph 66 calls for no response from Mr. Mozilo.

67. Answering paragraph 67, Mr. Mozilo admits the allegations in the first and second sentences of paragraph 67. Mr. Mozilo states that the audit opinions referenced in paragraph 67 are documents that speak for themselves, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 67.

68. Mr. Mozilo states that Countrywide's percentage of conforming and non-conforming loans produced in 2002 was reported in Countrywide's periodic SEC filings, which are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 68.

69. Mr. Mozilo admits that Countrywide's Mortgage Banking segment had different divisions, including CLD, FSL, WLD, and CMD. Mr. Mozilo otherwise denies the allegations of paragraph 69.

70. Mr. Mozilo admits that Countrywide had a Banking segment, a Capital Markets segment, an Insurance segment, and Global operations segment.
Mr. Mozilo otherwise denies the allegations of paragraph 70.

71. Mr. Mozilo states that the percentage of Countrywide's earnings from its different business segments was reported in Countrywide's periodic SEC filings,

which are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 71.

72. Mr. Mozilo admits that Countrywide sold to the secondary market both whole loans and securitized loans. The remainder of the paragraph is characterization of the whole loan and securitization process to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations set forth in paragraph 72.

73. Paragraph 73 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 73.

74. Mr. Mozilo states that Countrywide's servicing rights and retained interests were reported in Countrywide's periodic SEC filings, which are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 74.

75. Mr. Mozilo states that Countrywide's sources of financing were reported in Countrywide's periodic SEC filings, which are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 75.

76. Mr. Mozilo admits that, as Countrywide disclosed to its investors, it sold the vast majority of loans that it originated into the secondary market. Mr. Mozilo states that the February 23, 2008 WSJ article is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 76.

77. Mr. Mozilo states that the remarks allegedly made by him during the July 22, 2003 and January 27, 2004 conference calls referenced in paragraph 77 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 77.

78. Mr. Mozilo states that public SEC filings referenced in paragraph 78 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 78.

79. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witnesses referenced in paragraph 79 communicated the allegations described therein, and denies the underlying allegations of paragraph 79.

80. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 80 communicated the allegations described therein, and denies the underlying allegations of paragraph 80.

81. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 81 communicated the allegations described therein, and denies the underlying allegations of paragraph 81.

82. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 82 communicated the allegations described therein, and denies the underlying allegations of paragraph 82.

83. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 83

communicated the allegations described therein, and denies the underlying allegations of paragraph 83.

84. Mr. Mozilo states that to the extent the allegations in paragraph 84 reference information contained in Countrywide's 2006 Annual Report or other periodic SEC filings, those documents are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo also states that the October 24, 2007 article referenced in paragraph 84 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 84.

85. Paragraph 85 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 85.

86. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 86 communicated the allegations described therein, and denies the underlying allegations of paragraph 86. In addition, specific terms for particular "pay-option ARM" loans may vary with different borrowers under different circumstances and, on that basis, Mr. Mozilo denies the allegations of paragraph 86.

87. Mr. Mozilo admits that Countrywide originated a loan product called "Pay-Option ARM," which allowed borrowers certain options regarding their mortgage payments. Mr. Mozilo otherwise denies the allegations of paragraph 87.

88. Mr. Mozilo admits that Countrywide originated a loan product called "Pay-Option ARM," which allowed borrowers certain options regarding their mortgage payments. Mr. Mozilo otherwise denies the allegations of paragraph 88.

89. Mr. Mozilo admits that Countrywide originated mortgage products with various documentation requirements. Mr. Mozilo otherwise denies the allegations of paragraph 89.

90. Mr. Mozilo admits that Countrywide originated HELOCs. Mr. Mozilo otherwise denies the allegations of paragraph 90.

91. Mr. Mozilo states that the October 24, 2007 WSJ article speaks for itself and is the best evidence of its contents. Mr. Mozilo otherwise denies the allegations of paragraph 91.

92. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 92 communicated the allegations described therein, and denies the underlying allegations of paragraph 92.

93. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 93 communicated the allegations described therein, and denies the underlying allegations of paragraph 93.

94. Mr. Mozilo states that periodic SEC filings referenced in paragraph 94 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 94.

95. Mr. Mozilo states that the remarks allegedly made by him during the July 22, 2003 conference call referenced in paragraph 95 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 95.

96. Mr. Mozilo states that the FCIC report referenced in paragraph 96 is the best evidence of its contents, and denies the allegations to the extent they are

inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 96.

97. Mr. Mozilo admits that foreclosures increased from 2006 through the end of the relevant period and that home prices began to peak or decline in several markets in 2006. Mr. Mozilo otherwise denies the allegations of paragraph 97.

98. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98, and on that basis denies the allegations of paragraph 98.

99. Mr. Mozilo states that the October 4, 2006 Interagency Guidance speaks for itself and denies the allegations to the extent they are inconsistent with the document or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 99.

100. Mr. Mozilo states that the October 4, 2006 Interagency Guidance speaks for itself and denies the allegations to the extent they are inconsistent with the document or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 100.

101. Mr. Mozilo states that the WSJ article referenced in paragraph 101 speaks for itself and is the best evidence of its contents. Mr. Mozilo otherwise denies the allegations of paragraph 101.

102. Mr. Mozilo states that the Interagency Guidance referenced in paragraph 102 speaks for itself and is the best evidence of its contents. Mr. Mozilo otherwise denies the allegations of paragraph 102.

103. Mr. Mozilo states that the October 4, 2006 Interagency Guidance speaks for itself and denies the allegations to the extent they are inconsistent with the document or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 103.

104. Mr. Mozilo states that the WSJ article and SEC filings referenced in paragraph 104 speak for themselves and denies the allegations to the extent they are

inconsistent with the documents or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 104.

105. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 105 communicated the allegations described therein, and denies the underlying allegations of paragraph 105.

106. Mr. Mozilo states that Countrywide's periodic SEC filings referenced in paragraph 106 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 106.

107. Paragraph 107 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 107.

108. Paragraph 108 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 108.

109. Paragraph 109 should be stricken, as it refers to matters not admissible for any purpose and is a statement to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 109.

110. Paragraph 110 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 110.

111. Paragraph 111 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 111.

112. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witnesses referenced in paragraph 112 communicated the allegations described therein, and denies the underlying allegations of paragraph 112.

113. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 113 communicated the allegations described therein, and denies the underlying allegations of paragraph 113.

114. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witnesses referenced in paragraph 114 communicated the allegations described therein, and denies the underlying allegations of paragraph 114.

115. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witnesses referenced in paragraph 115 communicated the allegations described therein, and denies the underlying allegations of paragraph 115.

116. Mr. Mozilo states that the FCIC Report speaks for itself. Mr. Mozilo otherwise denies the allegations of paragraph 116.

117. Paragraph 117 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 117.

118. Paragraph 118 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 118.

119. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 119 communicated the allegations described therein, and denies the underlying allegations of paragraph 119.

120. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 120 communicated the allegations described therein, and denies the underlying allegations of paragraph 120.

121. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 121 communicated the allegations described therein, and denies the underlying allegations of paragraph 121.

122. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 122 communicated the allegations described therein, and denies the underlying allegations of paragraph 122.

123. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 123 communicated the allegations described therein, and denies the underlying allegations of paragraph 123.

124. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 124 communicated the allegations described therein, and denies the underlying allegations of paragraph 124.

125. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 125 communicated the allegations described therein, and denies the underlying allegations of paragraph 125.

126. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 126 communicated the allegations described therein, and denies the underlying allegations of paragraph 126.

127. Paragraph 127 should be stricken, as it refers to matters not admissible for any purpose and is a statement to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 127.

128. Mr. Mozilo states that the June 24, 2005 email referenced in paragraph 128 is the best evidence of its contents and denies the allegations to the extent they are inconsistent with the document or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 128.

129. Paragraph 129 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 129.

130. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witnesses referenced in paragraph 130 communicated the allegations described therein, and denies the underlying allegations of paragraph 130.

131. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 131 communicated the allegations described therein, and denies the underlying allegations of paragraph 131.

132. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 132 communicated the allegations described therein, and denies the underlying allegations of paragraph 132.

133. Mr. Mozilo states that the August 26, 2007 New York Times article speaks for itself and is the best evidence of its contents. Mr. Mozilo otherwise denies the allegations of paragraph 133.

134. Mr. Mozilo states that the August 26, 2007 New York Times article speaks for itself and is the best evidence of its contents. Mr. Mozilo otherwise denies the allegations of paragraph 134.

135. Mr. Mozilo states that the November 11, 2007 New York Times article speaks for itself and is the best evidence of its contents. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 135 communicated the allegations described therein. Mr. Mozilo otherwise denies the allegations of paragraph 135.

136. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 136 communicated the allegations described therein, and denies the underlying allegations of paragraph 136.

137. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 137 communicated the allegations described therein, and denies the underlying allegations of paragraph 137.

138. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witnesses referenced in paragraph 138 communicated the allegations described therein, and denies the underlying allegations of paragraph 138.

139. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 139 communicated the allegations described therein, and denies the underlying allegations of paragraph 139.

140. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 140 communicated the allegations described therein, and denies the underlying allegations of paragraph 140.

141. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 141 communicated the allegations described therein, and denies the underlying allegations of paragraph 141.

142. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 142 communicated the allegations described therein, and denies the underlying allegations of paragraph 142.

143. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 143 communicated the allegations described therein, and denies the underlying allegations of paragraph 143.

144. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 144 communicated the allegations described therein, and denies the underlying allegations of paragraph 144.

145. Mr. Mozilo states that the November 13, 2008 Businessweek story speaks for itself and is the best evidence of its contents. Mr. Mozilo otherwise denies the allegations of paragraph 145.

146. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 146 communicated the allegations described therein, and denies the underlying allegations of paragraph 146.

147. Mr. Mozilo states that the January 17, 2008 Businessweek story speaks for itself and is the best evidence of its contents. Mr. Mozilo otherwise denies the allegations of paragraph 147.

148. Mr. Mozilo states that the November 4, 2010 Huffington Post story speaks for itself and is the best evidence of its contents. Mr. Mozilo otherwise denies the allegations of paragraph 148.

149. Mr. Mozilo states that the FCIC Report speaks for itself and is the best evidence of its contents. Mr. Mozilo otherwise denies the allegations of paragraph 149.

150. Mr. Mozilo states that the USPAP Ethics Rules speak for themselves and are the best evidence of their contents. Mr. Mozilo otherwise denies the allegations of paragraph 150.

151. Mr. Mozilo states that the Interagency Guidance speaks for itself and is the best evidence of its contents. Mr. Mozilo otherwise denies the allegations of paragraph 151.

152. Paragraph 152 should be stricken, as it refers to matters not admissible for any purpose and is a statement to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 152.

153. Paragraph 153 should be stricken, as it refers to matters not admissible for any purpose and is a statement to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 153.

154. Paragraph 154 should be stricken, as it refers to matters not admissible for any purpose and is a statement to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 154.

155. Paragraph 155 should be stricken, as it refers to matters not admissible for any purpose and is a statement to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 155.

156. Mr. Mozilo states that the news articles and email referenced in paragraph 156 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 156.

157. Mr. Mozilo states that to the extent paragraph 157 references Countrywide documents, those documents are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 157.

158. Mr. Mozilo states that the July 24, 2007 Form 8-K, press release, and earnings call transcript are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 158.

159. Mr. Mozilo states that the August 26, 2007 NYT article is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the article or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 159.

160. Mr. Mozilo states that the August 26, 2007 NYT article is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the article or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 160.

161. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 161 communicated the allegations described therein, and denies the underlying allegations of paragraph 161.

162. Paragraph 162 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 162.

163. Paragraph 163 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 163.

164. Mr. Mozilo states that the Expanded Guidance for Subprime Lending Programs referenced in paragraph 164 is a document that speaks for itself, and denies the allegations to the extent the statements referenced in paragraph 164 are inconsistent with the complete statements or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 164.

165. Mr. Mozilo states that the Expanded Guidance for Subprime Lending Programs referenced in paragraph 165 is a document that speaks for itself, and denies the allegations to the extent the statements referenced in paragraph 165 are inconsistent with the complete statements or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 165.

166. Mr. Mozilo states that the Expanded Guidance for Subprime Lending Programs referenced in paragraph 166 is a document that speaks for itself, and denies the allegations to the extent the statements referenced in paragraph 166 are inconsistent with the complete statements or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 166.

167. Mr. Mozilo states that the Freddie Mac public guidelines referenced in paragraph 167 is a document that speaks for itself, and denies the allegations to the extent the statements referenced in paragraph 167 are inconsistent with the complete statements or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 167.

168. Mr. Mozilo states that the remarks allegedly made on September 13, 2006 referenced in paragraph 168 speak for themselves, and denies the allegations

to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 168.

169. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witnesses referenced in paragraph 169 communicated the allegations described therein, and denies the underlying allegations of paragraph 169.

170. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 170 communicated the allegations described therein, and denies the underlying allegations of paragraph 170.

171. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 171 communicated the allegations described therein, and denies the underlying allegations of paragraph 171.

172. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 172 communicated the allegations described therein, and denies the underlying allegations of paragraph 172.

173. Mr. Mozilo states that the remarks allegedly made during the July 24, 2007 conference call referenced in paragraph 173 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 173.

174. Mr. Mozilo states that the HSBC analyst report referenced in paragraph 174 speaks for itself, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 174.

175. Paragraph 175 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 175.

176. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 176 communicated the allegations described therein, and denies the underlying allegations of paragraph 176.

177. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 177 communicated the allegations described therein, and denies the underlying allegations of paragraph 177.

178. Mr. Mozilo states that the July 27, 2007 analyst report referenced in paragraph 178 speaks for itself, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 178.

179. Mr. Mozilo states that the July 27, 2007 analyst report referenced in paragraph 179 speaks for itself, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 179.

180. Mr. Mozilo states that the August 26, 2007 NYT article speaks for itself, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 180.

181. Mr. Mozilo states that the Interagency Guidance speaks for itself, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 181.

182. Mr. Mozilo states that the WSJ articles referenced in paragraph 182 speak for themselves, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 182.

183. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 183 communicated the allegations described therein, and denies the underlying allegations of paragraph 183.

184. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 184 communicated the allegations described therein, and denies the underlying allegations of paragraph 184.

185. Paragraph 185 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 185.

186. Mr. Mozilo states that the GAAP standards and SEC regulations referenced in paragraph 186 speak for themselves, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context.

187. Paragraph 187 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 187.

188. Paragraph 188 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 188.

189. Mr. Mozilo states that the accounting standards referenced in paragraph 189 speak for themselves, and denies any characterization inconsistent with their terms.

190. Mr. Mozilo states that the accounting standards referenced in paragraph 190 speak for themselves, and denies any characterization inconsistent with their terms.

191. Mr. Mozilo states that the accounting standards referenced in paragraph 191 speak for themselves, and denies any characterization inconsistent with their terms.

192. Mr. Mozilo states that the accounting standards referenced in paragraph 192 speak for themselves, and denies any characterization inconsistent with their terms.

193. Mr. Mozilo states that the accounting standards referenced in paragraph 193 speak for themselves, and denies any characterization inconsistent with their terms.

194. Mr. Mozilo states that the accounting standards referenced in paragraph 194 speak for themselves, and denies any characterization inconsistent with their terms.

195. Mr. Mozilo states that the accounting standards referenced in paragraph 195 speak for themselves, and denies any characterization inconsistent with their terms.

196. Mr. Mozilo states that the accounting standards referenced in paragraph 196 speak for themselves, and denies any characterization inconsistent with their terms.

197. Mr. Mozilo states that the accounting standards referenced in paragraph 197 speak for themselves, and denies any characterization inconsistent with their terms.

198. Mr. Mozilo states that the SEC standard referenced in paragraph 198 speaks for itself, and denies any characterization inconsistent with its terms. Mr. Mozilo otherwise denies the allegations in paragraph 198.

199. Mr. Mozilo states that the accounting standards referenced in paragraph 199 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 199.

200. Mr. Mozilo states that the accounting standards referenced in paragraph 200 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 200.

201. Mr. Mozilo states that the accounting standards referenced in paragraph 201 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 201.

202. Paragraph 202 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 202.

203. Paragraph 203 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 203.

204. Mr. Mozilo states that the accounting standards referenced in paragraph 204 speak for themselves, and denies any characterization inconsistent with their terms.

205. Mr. Mozilo states that the accounting standards referenced in paragraph 205 speak for themselves, and denies any characterization inconsistent with their terms.

206. Mr. Mozilo states that the accounting standards referenced in paragraph 206 speak for themselves, and denies any characterization inconsistent with their terms.

207. Mr. Mozilo states that the 2006 Form 10-K referenced in paragraph 207 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context.

208. Mr. Mozilo states that the accounting standards referenced in paragraph 208 speak for themselves, and denies any characterization inconsistent with their terms.

209. Paragraph 209 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 209.

210. Mr. Mozilo states that the accounting standards referenced in paragraph 210 speak for themselves, and denies any characterization inconsistent with their terms.

211. Mr. Mozilo states that the accounting standards referenced in paragraph 211 speak for themselves, and denies any characterization inconsistent with their terms.

212. Paragraph 212 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 212.

213. Paragraph 213 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 213.

214. Mr. Mozilo states that the public SEC filings referenced in paragraph 214 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 214.

215. Paragraph 215 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 215.

216. Mr. Mozilo states that to the extent the statistics in paragraph 216 are based on information in Countrywide's public SEC filings, the SEC filings are the

best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 216.

217. Mr. Mozilo states that to the extent the statistics in paragraph 217 are based on information in Countrywide's public SEC filings, the SEC filings are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 217.

218. Mr. Mozilo states that to the extent the statistics in paragraph 218 are based on information in Countrywide's public SEC filings, the SEC filings are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 218.

219. Paragraph 219 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 219.

220. Mr. Mozilo states that to the extent the statistics in paragraph 220 are based on information in Countrywide's public SEC filings, the SEC filings are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 220.

221. Mr. Mozilo states that to the extent the statistics in paragraph 221 are based on information in Countrywide's public SEC filings, the SEC filings are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 221.

222. Paragraph 222 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 222.

223. Paragraph 223 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 223.

224. Paragraph 224 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 224.

225. Mr. Mozilo states that to the extent the statistics in paragraph 225 are based on information in Countrywide's public SEC filings, the SEC filings are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 225.

226. Paragraph 226 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 226.

227. Mr. Mozilo states that to the extent the statistics in paragraph 227 are based on information in Countrywide's public SEC filings, the SEC filings are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 227.

228. Paragraph 228 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 228.

229. Paragraph 229 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 229.

230. Mr. Mozilo states that the Form 10-K referenced in paragraph 230 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 230.

231. Mr. Mozilo states that the accounting standards referenced in paragraph 231 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 231.

232. Mr. Mozilo states that the Form 10-K referenced in paragraph 232 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 232.

233. Paragraph 233 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 233.

234. Paragraph 234 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 234.

235. Mr. Mozilo states that the accounting standards referenced in paragraph 235 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 235.

236. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 236, and on that basis denies the allegations of paragraph 236.

237. Paragraph 237 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 237.

238. Paragraph 238 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 238.

239. Paragraph 239 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 239.

240. Paragraph 240 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 240.

241. Paragraph 241 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 241.

242. Paragraph 242 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 242.

243. Mr. Mozilo states that the 2005 Form 10-K referenced in paragraph 243 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 243.

244. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 244, and on that basis denies the allegations of paragraph 244.

245. Mr. Mozilo states that the accounting standards referenced in paragraph 245 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 245.

246. Mr. Mozilo states that the Q3 2007 Form 10-Q referenced in paragraph 246 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete

or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 246.

247. Mr. Mozilo states that the 2007 Form 10-K referenced in paragraph 247 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context.

248. Mr. Mozilo states that the Form 10-Ks referenced in paragraph 248 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 248.

249. Paragraph 249 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 249.

250. Mr. Mozilo states that to the extent the statistics in paragraph 250 are based on information in Countrywide's public SEC filings, the SEC filings are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 250.

251. Mr. Mozilo states that to the extent the statistics in paragraph 251 are based on information in Countrywide's public SEC filings, the SEC filings are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 251.

252. Mr. Mozilo states that Q3 2007 Form 10-Q and 2006 Form 10-K referenced in paragraph 252 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 252.

253. Paragraph 253 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 253.

254. Paragraph 254 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 254.

255. Mr. Mozilo states that the 2007 Form 10-K is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 255.

256. Paragraph 256 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 256.

257. Paragraph 257 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 257.

258. Mr. Mozilo states that the SEC filings referenced in paragraph 258 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context.

259. Mr. Mozilo states that the SEC filings referenced in paragraph 259 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context.

260. Mr. Mozilo admits that Countrywide had R&W liabilities, which were reported in the company's periodic SEC filings. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 260, and on that basis denies the remaining allegations of paragraph 260.

261. Paragraph 261 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 261.

262. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 262, and on that basis denies the allegations of paragraph 262.

263. Mr. Mozilo states that the accounting standards referenced in paragraph 263 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 263.

264. Mr. Mozilo states that the accounting standards referenced in paragraph 264 speak for themselves, and denies any characterization inconsistent with their terms.

265. Mr. Mozilo states that the accounting standards referenced in paragraph 265 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 265.

266. Mr. Mozilo states that the SEC filings referenced in paragraph 266 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 266.

267. Paragraph 267 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 267.

268. Paragraph 268 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 268.

269. Paragraph 269 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 269.

270. Paragraph 270 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 270.

271. Paragraph 271 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 271.

272. Mr. Mozilo states that the 2007 Form 10-K is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context.

273. Mr. Mozilo states that the accounting standards referenced in paragraph 273 speak for themselves, and denies any characterization inconsistent with their terms.

274. Mr. Mozilo states that the accounting standards referenced in paragraph 274 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 274.

275. Mr. Mozilo states that the accounting standards referenced in paragraph 275 speak for themselves, and denies any characterization inconsistent with their terms.

276. Mr. Mozilo states that the accounting standards referenced in paragraph 276 speak for themselves, and denies any characterization inconsistent with their terms.

277. Mr. Mozilo states that the accounting standards referenced in paragraph 277 speak for themselves, and denies any characterization inconsistent with their terms.

278. Mr. Mozilo states that the accounting standards referenced in paragraph 278 speak for themselves, and denies any characterization inconsistent with their terms.

279. Mr. Mozilo states that the 2004-2006 Form 10-Ks referenced in paragraph 279 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 279.

280. Paragraph 280 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 280.

281. Mr. Mozilo states that the SEC filings referenced in paragraph 281 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 281.

282. Mr. Mozilo states that the SEC filings referenced in paragraph 282 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context.

283. Paragraph 283 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 283.

284. Paragraph 284 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 284.

285. Mr. Mozilo admits that disruptions to global credit markets affected Countrywide's ability to sell mortgage securities in late 2007. Mr. Mozilo states that SEC filings referenced in paragraph 285 are the best evidence of their contents,

and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context.

286. Mr. Mozilo admits that Countrywide issued a press release on August 16, 2007. Mr. Mozilo states that the August 16, 2007 Press Release referenced in paragraph 286 speaks for itself, and denies any characterization inconsistent with its terms. Mr. Mozilo otherwise denies the allegations of paragraph 286.

287. Mr. Mozilo states that SEC filings referenced in paragraph 287 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 287.

288. To the extent paragraph 288 purports to refer to information from public SEC filings, Mr. Mozilo states that those documents speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations of paragraph 288.

289. Mr. Mozilo admits that disruptions to global credit markets affected Countrywide's ability to sell mortgage securities in late 2007. Mr. Mozilo admits that on January 11, 2008, BofA announced its purchase of Countrywide. The terms of the acquisition were reported in Countrywide's public SEC filings, and Mr. Mozilo denies the allegations to the extent they are inconsistent with those SEC filings. Mr. Mozilo otherwise denies the allegations in paragraph 289.

290. Paragraph 290 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 290.

291. Mr. Mozilo admits that disruptions to global credit markets affected Countrywide's ability to sell mortgage securities in late 2007. The remainder of paragraph 291 is a statement of Plaintiffs' legal position, to which no response is

necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the remaining allegations of paragraph 291.

292. Paragraph 292 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 292.

293. Mr. Mozilo states that the 2003 10-K is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context.

294. Mr. Mozilo states that the 2003 10-K is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context.

295. Mr. Mozilo states that the 2003 10-K is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context.

296. Mr. Mozilo states that the 2003 10-K is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context.

297. Mr. Mozilo states that the 2003 10-K is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context.

298. Mr. Mozilo states that the remarks allegedly made by him during the April 21, 2004 conference call referenced in paragraph 298 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 298.

299. Mr. Mozilo states that the 2003 10-K is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the

document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 299.

300. Paragraph 300 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 300.

301. Mr. Mozilo states that the April 21, 2004 Form 8-K is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 301.

302. Paragraph 302 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 302.

303. Mr. Mozilo states that the remarks allegedly made by him during the April 21, 2004 conference call referenced in paragraph 303 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 303.

304. Mr. Mozilo states that the remarks allegedly made by him during the April 21, 2004 conference call referenced in paragraph 304 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 304.

305. Mr. Mozilo states that the remarks allegedly made by him during the April 21, 2004 conference call referenced in paragraph 305 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 305.

306. Mr. Mozilo states that the remarks allegedly made during the April 21, 2004 conference call referenced in paragraph 306 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 306.

307. Paragraph 307 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 307.

308. Mr. Mozilo states that the Q1 2004 Form 10-Q and statements referenced therein are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 308.

309. Mr. Mozilo states that the Q1 2004 Form 10-Q and statements referenced therein are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 309.

310. Mr. Mozilo states that the Q1 2004 Form 10-Q and statements referenced therein are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 310.

311. Mr. Mozilo states that the Q1 2004 Form 10-Q and statements referenced therein are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 311.

312. Mr. Mozilo states that the Q1 2004 Form 10-Q and statements referenced therein are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 312.

313. Mr. Mozilo states that the Q1 2004 Form 10-Q and statements referenced therein are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 313.

314. Mr. Mozilo states that the Form 10-Q/A and statements referenced therein are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 314.

315. Mr. Mozilo states that the Form 10-Q/A and statements referenced therein are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 315.

316. Mr. Mozilo states that the July 26, 2004 Form 8-K and the statements referenced in paragraph 316 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 316.

317. Mr. Mozilo states that the remarks allegedly made by him during the July 22, 2004 conference call referenced in paragraph 317 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he

made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 317.

318. Mr. Mozilo states that the remarks allegedly made by him during the July 22, 2004 conference call referenced in paragraph 318 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 318.

319. Paragraph 319 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 319.

320. Mr. Mozilo states that the 2Q 2004 10-Q and the statements referenced in paragraph 320 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 320.

321. Mr. Mozilo states that the 2Q 2004 10-Q and the statements referenced in paragraph 321 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 321.

322. Mr. Mozilo states that the 2Q 2004 10-Q and the statements referenced in paragraph 322 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 322.

323. Mr. Mozilo states that the 2Q 2004 10-Q and the statements referenced in paragraph 323 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements

made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 323.

324. Mr. Mozilo states that the 2Q 2004 10-Q and the statements referenced in paragraph 324 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 324.

325. Mr. Mozilo states that the 2Q 2004 10-Q and the statements referenced in paragraph 325 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 325.

326. Mr. Mozilo states that the 2Q 2004 10-Q and the statements referenced in paragraph 326 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 326.

327. Mr. Mozilo states that the 2Q 2004 10-Q and the statements referenced in paragraph 327 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 327.

328. Mr. Mozilo states that the 2Q 2004 10-Q/A and the statements referenced in paragraph 328 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 328.

329. Mr. Mozilo states that the 2Q 2004 10-Q/A press release and the statements referenced in paragraph 329 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 329.

330. Mr. Mozilo states that the 2Q 2004 10-Q/A press release and the statements referenced in paragraph 330 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 330.

331. Mr. Mozilo states that the October 20, 2004 8-K and the statements referenced in paragraph 331 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 331.

332. Mr. Mozilo states that the October 20, 2004 8-K and the statements referenced in paragraph 332 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 332.

333. Paragraph 333 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 333.

334. Mr. Mozilo states that the remarks allegedly made by him during the October 20, 2004 conference call referenced in paragraph 334 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 334.

335. Mr. Mozilo states that the remarks allegedly made by him during the October 20, 2004 conference call referenced in paragraph 335 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 335.

336. Paragraph 336 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 336.

337. Mr. Mozilo states that the November 8, 2004 10-Q and the statements referenced in paragraph 337 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 337.

338. Mr. Mozilo states that the November 8, 2004 10-Q and the statements referenced in paragraph 338 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 338.

339. Mr. Mozilo states that the November 8, 2004 10-Q and the statements referenced in paragraph 339 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 339.

340. Mr. Mozilo states that the November 8, 2004 10-Q and the statements referenced in paragraph 340 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 340.

341. Mr. Mozilo states that the November 8, 2004 10-Q and the statements referenced in paragraph 341 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 341.

342. Mr. Mozilo states that the November 8, 2004 10-Q and the statements referenced in paragraph 342 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 342.

343. Mr. Mozilo states that the November 8, 2004 10-Q and the statements referenced in paragraph 343 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 343.

344. Mr. Mozilo states that the November 8, 2004 10-Q and the statements referenced in paragraph 344 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 344.

345. Mr. Mozilo states that the May 16, 2005 10-Q/A and the statements referenced in paragraph 345 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 345.

346. Paragraph 346 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 346.

347. Mr. Mozilo states that the February 2, 2005 8-K and the statements referenced in paragraph 347 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 347.

348. Mr. Mozilo states that the remarks allegedly made during the February 2, 2005 conference call referenced in paragraph 348 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 348.

349. Paragraph 349 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 349.

350. Mr. Mozilo states that the March 15, 2005 Form 10-K and the statements referenced in paragraph 350 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 350.

351. Mr. Mozilo states that the March 15, 2005 Form 10-K and the statements referenced in paragraph 351 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 351.

352. Mr. Mozilo states that the March 15, 2005 Form 10-K and the statements referenced in paragraph 352 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 352.

353. Mr. Mozilo states that the March 15, 2005 Form 10-K and the statements referenced in paragraph 353 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 353.

354. Mr. Mozilo states that the March 15, 2005 Form 10-K and the statements referenced in paragraph 354 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 354.

355. Mr. Mozilo states that the March 15, 2005 Form 10-K and the statements referenced in paragraph 355 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 355.

356. Mr. Mozilo states that the March 15, 2005 Form 10-K and the statements referenced in paragraph 356 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 356.

357. Mr. Mozilo states that the March 15, 2005 Form 10-K and the statements referenced in paragraph 357 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 357.

358. Mr. Mozilo states that the March 15, 2005 Form 10-K and the statements referenced in paragraph 358 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with

the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 358.

359. Mr. Mozilo states that the March 15, 2005 Form 10-K and the statements referenced in paragraph 359 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 359.

360. Mr. Mozilo states that the audit report and the statements referenced in paragraph 360 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 360.

361. Mr. Mozilo states that the March 15, 2005 Form 10-K and the statements referenced in paragraph 361 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 361.

362. Paragraph 362 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 362.

363. Mr. Mozilo states that the remarks allegedly made by him during the March 15, 2005 conference referenced in paragraph 363 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 363.

364. Mr. Mozilo states that the remarks allegedly made by him during the March 15, 2005 conference referenced in paragraph 364 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he

made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 364.

365. Mr. Mozilo states that the remarks allegedly made by him during the March 15, 2005 conference referenced in paragraph 365 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 365.

366. Mr. Mozilo states that the remarks allegedly made by him during the March 15, 2005 conference referenced in paragraph 366 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 366.

367. Paragraph 367 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 367.

368. Mr. Mozilo states that the April 26, 2005 Form 8-K and the statements referenced in paragraph 368 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 368.

369. Mr. Mozilo states that the remarks allegedly made by him during the April 26, 2005 conference call referenced in paragraph 369 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 369.

370. Mr. Mozilo states that the remarks allegedly made during the April 26, 2005 conference call referenced in paragraph 370 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or

incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 370.

371. Paragraph 371 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 371.

372. Mr. Mozilo states that the Q1 2005 Form 10-Q and the statements referenced in paragraph 372 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 372.

373. Mr. Mozilo states that the Q1 2005 Form 10-Q and the statements referenced in paragraph 373 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 373.

374. Mr. Mozilo states that the Q1 2005 Form 10-Q and the statements referenced in paragraph 374 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 374.

375. Mr. Mozilo states that the Q1 2005 Form 10-Q and the statements referenced in paragraph 375 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 375.

376. Mr. Mozilo states that the Q1 2005 Form 10-Q and the statements referenced in paragraph 376 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual

statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 376.

377. Mr. Mozilo states that the Q1 2005 Form 10-Q and the statements referenced in paragraph 377 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 377.

378. Paragraph 378 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 378.

379. Mr. Mozilo states that the remarks allegedly made during the May 24, 2005 conference referenced in paragraph 379 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 379.

380. Mr. Mozilo states that the remarks allegedly made during the May 24, 2005 conference referenced in paragraph 380 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 380.

381. Mr. Mozilo states that the remarks allegedly made during the May 24, 2005 conference referenced in paragraph 381 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 381.

382. Paragraph 382 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 382.

383. Mr. Mozilo states that the remarks allegedly made by him during the June 2, 2005 conference referenced in paragraph 383 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 383.

384. Mr. Mozilo states that the remarks allegedly made by him during the June 2, 2005 conference referenced in paragraph 384 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 384.

385. Mr. Mozilo states that the remarks allegedly made by him during the June 2, 2005 conference referenced in paragraph 385 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 385.

386. Mr. Mozilo states that the remarks allegedly made by him during the June 2, 2005 conference referenced in paragraph 386 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 386.

387. Paragraph 387 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 387.

388. Mr. Mozilo states that the July 26, 2005 Form 8-K and the statements referenced in paragraph 388 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 388.

389. Mr. Mozilo states that the remarks allegedly made during the July 26, 2005 conference call referenced in paragraph 389 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 389.

390. Mr. Mozilo states that the remarks allegedly made by him during the July 26, 2005 conference call referenced in paragraph 390 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 390.

391. Mr. Mozilo states that the remarks allegedly made during the July 26, 2005 conference call referenced in paragraph 391 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 391.

392. Mr. Mozilo states that the remarks allegedly made by him during the July 26, 2005 conference call referenced in paragraph 392 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 392.

393. Mr. Mozilo states that the remarks allegedly made during the July 26, 2005 conference call referenced in paragraph 393 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 393.

394. Mr. Mozilo states that the remarks allegedly made during the July 26, 2005 conference call referenced in paragraph 394 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or

incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 394.

395. Paragraph 395 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 395.

396. Mr. Mozilo states that the 2Q 2005 Form 10-Q and the statements referenced in paragraph 396 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 396.

397. Mr. Mozilo states that the 2Q 2005 Form 10-Q and the statements referenced in paragraph 397 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 397.

398. Mr. Mozilo states that the 2Q 2005 Form 10-Q and the statements referenced in paragraph 398 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 398.

399. Mr. Mozilo states that the 2Q 2005 Form 10-Q and the statements referenced in paragraph 399 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 399.

400. Mr. Mozilo states that the 2Q 2005 Form 10-Q and the statements referenced in paragraph 400 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual

statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 400.

401. Mr. Mozilo states that the 2Q 2005 Form 10-Q and the statements referenced in paragraph 401 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 401.

402. Mr. Mozilo states that the 2Q 2005 Form 10-Q and the statements referenced in paragraph 402 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 402.

403. Mr. Mozilo states that the 2Q 2005 Form 10-Q and the statements referenced in paragraph 403 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 403.

404. Paragraph 404 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 404.

405. Mr. Mozilo states that the remarks allegedly made by him during the September 13, 2005 conference call referenced in paragraph 405 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 405.

406. Mr. Mozilo states that the remarks allegedly made by him during the September 13, 2005 conference call referenced in paragraph 406 speak for themselves, and denies the allegations to the extent they are inconsistent with the

actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 406.

407. Paragraph 407 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 407.

408. Mr. Mozilo states that the October 27, 2005 Form 8-K and the statements referenced in paragraph 408 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 408.

409. Mr. Mozilo states that the remarks allegedly made by him during the October 27, 2005 conference call referenced in paragraph 409 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 409.

410. Paragraph 410 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 410.

411. Mr. Mozilo states that the November 8, 2005 Form 10-Q and the statements referenced in paragraph 411 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 411.

412. Mr. Mozilo states that the November 8, 2005 Form 10-Q and the statements referenced in paragraph 412 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 412.

413. Mr. Mozilo states that the November 8, 2005 Form 10-Q and the statements referenced in paragraph 413 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 413.

414. Mr. Mozilo states that the November 8, 2005 Form 10-Q and the statements referenced in paragraph 414 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 414.

415. Mr. Mozilo states that the November 8, 2005 Form 10-Q and the statements referenced in paragraph 415 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 415.

416. Mr. Mozilo states that the November 8, 2005 Form 10-Q and the statements referenced in paragraph 416 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 416.

417. Mr. Mozilo states that the November 8, 2005 Form 10-Q and the statements referenced in paragraph 417 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 417.

418. Paragraph 418 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 418.

419. Mr. Mozilo states that the January 31, 2006 Form 8-K and the statements referenced in paragraph 419 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 419.

420. Mr. Mozilo states that the remarks allegedly made by him during the January 31, 2006 conference call referenced in paragraph 420 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 420.

421. Paragraph 421 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 421.

422. Mr. Mozilo states that the 2005 10-K and the statements referenced in paragraph 422 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 422.

423. Mr. Mozilo states that the 2005 10-K and the statements referenced in paragraph 423 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 423.

424. Mr. Mozilo states that the 2005 10-K and the statements referenced in paragraph 424 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 424.

425. Mr. Mozilo states that the 2005 10-K and the statements referenced in paragraph 425 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 425.

426. Mr. Mozilo states that the 2005 10-K and the statements referenced in paragraph 426 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 426.

427. Mr. Mozilo states that the 2005 10-K and the statements referenced in paragraph 427 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 427.

428. Mr. Mozilo states that the 2005 10-K and the statements referenced in paragraph 428 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 428.

429. Mr. Mozilo states that the 2005 10-K and the statements referenced in paragraph 429 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 429.

430. Mr. Mozilo states that the 2005 10-K and the statements referenced in paragraph 430 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements

made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 430.

431. Mr. Mozilo states that the audit report and the statements referenced in paragraph 431 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 431.

432. Mr. Mozilo states that the 2005 10-K and the statements referenced in paragraph 432 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 432.

433. Paragraph 433 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 433.

434. Mr. Mozilo states that the remarks allegedly made during the March 21, 2006 conference referenced in paragraph 434 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 434.

435. Paragraph 435 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 435.

436. Mr. Mozilo states that the remarks allegedly made during the March 30, 2006 conference referenced in paragraph 436 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 436.

437. Mr. Mozilo states that the remarks allegedly made during the March 30, 2006 conference referenced in paragraph 437 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 437.

438. Paragraph 438 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 438.

439. Mr. Mozilo states that the April 27, 2006 Form 8-K and the statements referenced in paragraph 439 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 439.

440. Mr. Mozilo states that the remarks allegedly made by him during the April 27, 2006 conference call referenced in paragraph 440 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 440.

441. Mr. Mozilo states that the remarks allegedly made by him during the April 27, 2006 conference call referenced in paragraph 441 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 441.

442. Paragraph 442 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 442.

443. Mr. Mozilo states that the 1Q 2006 Form 10-Q and the statements referenced in paragraph 443 are the best evidence of their contents, and denies the

allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 443.

444. Mr. Mozilo states that the 1Q 2006 Form 10-Q and the statements referenced in paragraph 444 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 444.

445. Mr. Mozilo states that the 1Q 2006 Form 10-Q and the statements referenced in paragraph 445 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 445.

446. Mr. Mozilo states that the 1Q 2006 Form 10-Q and the statements referenced in paragraph 446 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 446.

447. Mr. Mozilo states that the 1Q 2006 Form 10-Q and the statements referenced in paragraph 447 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 447.

448. Mr. Mozilo states that the 1Q 2006 Form 10-Q and the statements referenced in paragraph 448 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 448.

449. Mr. Mozilo states that the 1Q 2006 Form 10-Q and the statements referenced in paragraph 449 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 449.

450. Mr. Mozilo states that the 1Q 2006 Form 10-Q and the statements referenced in paragraph 450 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 450.

451. Mr. Mozilo states that the 1Q 2006 Form 10-Q and the statements referenced in paragraph 451 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 451.

452. Paragraph 452 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 452.

453. Mr. Mozilo states that the remarks allegedly made during the May 17, 2006 conference referenced in paragraph 453 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 453.

454. Mr. Mozilo states that the remarks allegedly made during the May 17, 2006 conference referenced in paragraph 454 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 454.

455. Mr. Mozilo states that the remarks allegedly made during the May 17, 2006 conference referenced in paragraph 455 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 455.

456. Paragraph 456 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 456.

457. Mr. Mozilo states that the remarks allegedly made by him during the May 31, 2006 conference referenced in paragraph 457 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 457.

458. Mr. Mozilo states that the remarks allegedly made by him during the May 31, 2006 conference referenced in paragraph 458 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 458.

459. Mr. Mozilo states that the remarks allegedly made by him during the May 31, 2006 conference referenced in paragraph 459 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 459.

460. Paragraph 460 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 460.

461. Mr. Mozilo states that the July 25, 2006 Form 8-K and the statements referenced in paragraph 461 are the best evidence of their contents, and denies the

allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 461.

462. Mr. Mozilo states that the remarks allegedly made by him during the July 26, 2006 conference call referenced in paragraph 462 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 462.

463. Paragraph 463 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 463.

464. Mr. Mozilo states that the 2Q 2006 Form 10-Q and the statements referenced in paragraph 464 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 464.

465. Mr. Mozilo states that the 2Q 2006 Form 10-Q and the statements referenced in paragraph 465 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 465.

466. Mr. Mozilo states that the 2Q 2006 Form 10-Q and the statements referenced in paragraph 466 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 466.

467. Mr. Mozilo states that the 2Q 2006 Form 10-Q and the statements referenced in paragraph 467 are the best evidence of their contents, and denies the

allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 467.

468. Mr. Mozilo states that the 2Q 2006 Form 10-Q and the statements referenced in paragraph 468 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 468.

469. Mr. Mozilo states that the 2Q 2006 Form 10-Q and the statements referenced in paragraph 469 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 469.

470. Mr. Mozilo states that the 2Q 2006 Form 10-Q and the statements referenced in paragraph 470 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 470.

471. Mr. Mozilo states that the 2Q 2006 Form 10-Q and the statements referenced in paragraph 471 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 471.

472. Mr. Mozilo states that the 2Q 2006 Form 10-Q and the statements referenced in paragraph 472 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 472.

473. Paragraph 473 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 473.

474. Mr. Mozilo states that the remarks allegedly made during the September 12, 2006 conference referenced in paragraph 474 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 474.

475. Mr. Mozilo states that the remarks allegedly made during the September 12, 2006 conference referenced in paragraph 475 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 475.

476. Paragraph 476 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 476.

477. Mr. Mozilo states that the remarks allegedly made by him during the September 13, 2006 conference referenced in paragraph 477 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 477.

478. Mr. Mozilo states that the remarks allegedly made by him during the September 13, 2006 conference referenced in paragraph 478 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 478.

479. Mr. Mozilo states that the remarks allegedly made during the September 13, 2006 conference referenced in paragraph 479 speak for themselves,

and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 479.

480. Mr. Mozilo states that the remarks allegedly made during the September 13, 2006 conference referenced in paragraph 480 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 480.

481. Mr. Mozilo states that the remarks allegedly made during the September 13, 2006 conference referenced in paragraph 481 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 481.

482. Paragraph 482 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 482.

483. Mr. Mozilo states that the October 24, 2006 Form 8-K and the statements referenced in paragraph 483 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 483.

484. Mr. Mozilo states that the remarks allegedly made by him during the October 24, 2006 conference call referenced in paragraph 484 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 484.

485. Mr. Mozilo states that the remarks allegedly made by him during the October 24, 2006 conference call referenced in paragraph 485 speak for themselves,

and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 485.

486. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 486 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 486.

487. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 487 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 487.

488. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 488 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 488.

489. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 489 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 489.

490. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 490 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 490.

491. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 491 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 491.

492. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 492 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 492.

493. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 493 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 493.

494. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 494 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 494.

495. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 495 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 495.

496. Mr. Mozilo states that the November 7, 2006 Form 10-Q and the statements referenced in paragraph 496 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with

the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 496.

497. Paragraph 497 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 497.

498. Mr. Mozilo states that the January 30, 2007 Form 8-K and the statements referenced in paragraph 498 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 498.

499. Mr. Mozilo states that the remarks allegedly made by him during the January 30, 2007 conference call referenced in paragraph 499 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 499.

500. Mr. Mozilo states that the remarks allegedly made by him during the January 30, 2007 conference call referenced in paragraph 500 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 500.

501. Paragraph 501 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 501.

502. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 502 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 502.

503. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 503 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 503.

504. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 504 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 504.

505. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 505 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 505.

506. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 506 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 506.

507. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 507 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 507.

508. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 508 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual

statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 508.

509. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 509 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 509.

510. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 510 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 510.

511. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 511 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 511.

512. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 512 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 512.

513. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 513 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 513.

514. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 514 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 514.

515. Mr. Mozilo states that the audit report and the statements referenced in paragraph 515 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 515.

516. Mr. Mozilo states that the 2006 Form 10-K and the statements referenced in paragraph 516 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 516.

517. Paragraph 517 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 517.

518. Mr. Mozilo states that the remarks allegedly made during the March 6, 2007 conference referenced in paragraph 518 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 518.

519. Mr. Mozilo states that the remarks allegedly made during the March 6, 2007 conference referenced in paragraph 519 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 519.

520. Paragraph 520 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 520.

521. Mr. Mozilo states that the remarks allegedly made by him during the March 13, 2007 CNBC interview referenced in paragraph 521 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 521.

522. Paragraph 522 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 522.

523. Mr. Mozilo states that the April 26, 2007 Form 8-K and the statements referenced in paragraph 523 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 523.

524. Mr. Mozilo states that the remarks allegedly made by him during the April 26, 2007 conference call referenced in paragraph 524 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 524.

525. Mr. Mozilo states that the remarks allegedly made during the April 26, 2007 conference call referenced in paragraph 525 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 525.

526. Mr. Mozilo states that the remarks allegedly made by him during the April 26, 2007 conference call referenced in paragraph 526 speak for themselves,

and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 526.

527. Mr. Mozilo states that the remarks allegedly made during the April 26, 2007 conference call referenced in paragraph 527 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 527.

528. Paragraph 528 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 528.

529. Mr. Mozilo states that the remarks allegedly made during the April 26, 2007 conference referenced in paragraph 529 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 529.

530. Mr. Mozilo states that the remarks allegedly made during the April 26, 2007 conference referenced in paragraph 530 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 530.

531. Mr. Mozilo states that the remarks allegedly made during the April 26, 2007 conference referenced in paragraph 531 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 531.

532. Mr. Mozilo states that the remarks allegedly made during the April 26, 2007 conference referenced in paragraph 532 speak for themselves, and denies the

allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 532.

533. Paragraph 533 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 533.

534. Mr. Mozilo states that the 1Q 2007 Form 10-Q and the statements referenced in paragraph 534 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 534.

535. Mr. Mozilo states that the 1Q 2007 Form 10-Q and the statements referenced in paragraph 535 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 535.

536. Mr. Mozilo states that the 1Q 2007 Form 10-Q and the statements referenced in paragraph 536 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 536.

537. Mr. Mozilo states that the 1Q 2007 Form 10-Q and the statements referenced in paragraph 537 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 537.

538. Mr. Mozilo states that the 1Q 2007 Form 10-Q and the statements referenced in paragraph 538 are the best evidence of their contents, and denies the

allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 538.

539. Mr. Mozilo states that the 1Q 2007 Form 10-Q and the statements referenced in paragraph 539 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 539.

540. Mr. Mozilo states that the 1Q 2007 Form 10-Q and the statements referenced in paragraph 540 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 540.

541. Mr. Mozilo states that the 1Q 2007 Form 10-Q and the statements referenced in paragraph 541 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 541.

542. Mr. Mozilo states that the 1Q 2007 Form 10-Q and the statements referenced in paragraph 542 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 542.

543. Mr. Mozilo states that the 1Q 2007 Form 10-Q and the statements referenced in paragraph 543 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 543.

544. Mr. Mozilo states that the 1Q 2007 Form 10-Q and the statements referenced in paragraph 544 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 544.

545. Paragraph 545 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 545.

546. Mr. Mozilo states that the Registration Statement filed with the SEC referenced in paragraph 546 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 546.

547. Mr. Mozilo states that the Registration Statement filed with the SEC referenced in paragraph 547 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 547.

548. Mr. Mozilo states that the SEC Form 10-Qs referenced in paragraph 548 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 548.

549. Mr. Mozilo states that the underwriters for the securities named in paragraph 549 are listed in the prospectus supplements for the securities. Mr. Mozilo states that the prospectus supplement for the securities is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms.

550. Mr. Mozilo states that the Registration Statement referenced in paragraph 550 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 550.

551. Paragraph 551 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 551.

552. Mr. Mozilo states that the Registration Statement referenced in paragraph 552 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 552.

553. Mr. Mozilo states that the Registration Statement referenced in paragraph 553 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 553.

554. Mr. Mozilo states that the underwriters for the securities named in paragraph 554 are listed in the prospectus supplements for the securities. Mr. Mozilo states that the prospectus supplement for the securities is a document that speaks for itself, respectfully refers the Court to the document for its contents, and denies any characterization inconsistent with its terms.

555. Mr. Mozilo states that the Registration Statement referenced in paragraph 555 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 555.

556. Paragraph 556 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 556.

557. Mr. Mozilo states that the July 16, 2007 8-K and the statements referenced in paragraph 557 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 557.

558. Mr. Mozilo states that the S&P Report and the statements referenced in paragraph 558 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 558.

559. Mr. Mozilo states that the analyst report and the statements referenced in paragraph 559 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 559.

560. Mr. Mozilo states that the allegations in paragraph 560 refer to Countrywide's closing stock prices, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the true of these allegations and on that basis denies the allegations of paragraph 560.

561. Mr. Mozilo states that the July 24, 2007 8-K and the statements referenced in paragraph 561 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 561.

562. Mr. Mozilo states that the July 24, 2007 8-K and the statements referenced in paragraph 562 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 562.

563. Mr. Mozilo states that the remarks allegedly made during the July 24, 2007 conference call referenced in paragraph 563 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 563.

564. Mr. Mozilo states that the remarks allegedly made during the July 24, 2007 conference call referenced in paragraph 564 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 564.

565. Mr. Mozilo states that the remarks allegedly made during the July 24, 2007 conference call referenced in paragraph 565 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 565.

566. Mr. Mozilo states that the remarks allegedly made during the July 24, 2007 conference call referenced in paragraph 566 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 566.

567. Mr. Mozilo states that the remarks allegedly made by him during the July 24, 2007 conference call referenced in paragraph 567 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he

made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 567.

568. Mr. Mozilo states that the remarks allegedly made by him during the July 24, 2007 conference call referenced in paragraph 568 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 568.

569. Mr. Mozilo states that the remarks allegedly made by him during the July 24, 2007 conference call referenced in paragraph 569 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 569.

570. Mr. Mozilo states that the allegations in paragraph 570 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the true of these allegations and on that basis denies the allegations of paragraph 570.

571. Paragraph 571 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 571.

572. Mr. Mozilo states that the August 2, 2007 press release and the statements referenced in paragraph 572 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 572.

573. Mr. Mozilo states that the August 2, 2007 press release and the statements referenced in paragraph 573 are the best evidence of their contents, and

denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 573.

574. Mr. Mozilo states that the FCIC Report and the statements referenced in paragraph 574 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 574.

575. Mr. Mozilo states that the August 9, 2007 Form 10-Q and the statements referenced in paragraph 575 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 575.

576. Mr. Mozilo states that the allegations in paragraph 576 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the true of these allegations and on that basis denies the allegations of paragraph 576.

577. Mr. Mozilo states that the August 9, 2007 Form 10-Q and the statements referenced in paragraph 577 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 577.

578. Mr. Mozilo states that the August 9, 2007 Form 10-Q and the statements referenced in paragraph 578 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with

the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 578.

579. Mr. Mozilo states that the August 9, 2007 Form 10-Q and the statements referenced in paragraph 579 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 579.

580. Mr. Mozilo states that the August 9, 2007 Form 10-Q and the statements referenced in paragraph 580 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 580.

581. Mr. Mozilo states that the August 9, 2007 Form 10-Q and the statements referenced in paragraph 581 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 581.

582. Paragraph 582 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 582.

583. Mr. Mozilo states that the August 14, 2007 Form 8-K and the statements referenced in paragraph 583 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 583.

584. Mr. Mozilo states that the FCIC Report and the statements referenced in paragraph 584 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements

made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 584.

585. Mr. Mozilo states that the August 15, 2007 Los Angeles Times article speaks for itself and is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 585.

586. Mr. Mozilo states that the allegations in paragraph 586 refer to Countrywide's closing stock prices, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 586.

587. Paragraph 587 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 587.

588. Mr. Mozilo states that the FCIC Report speaks for itself and is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 588.

589. Mr. Mozilo states that the FCIC Report speaks for itself and is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 589.

590. Paragraph 590 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 590.

591. Mr. Mozilo states that the allegations in paragraph 591 refer to Countrywide's closing stock prices and trading volume, which are a matter of public

record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 591.

592. Mr. Mozilo states that the August 16, 2007 press release referenced in paragraph 592 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 592.

593. Mr. Mozilo states that the S&P and Moody's reports referenced in paragraph 593 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 593.

594. Mr. Mozilo states that the allegations in paragraph 594 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 594.

595. Paragraph 595 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 595.

596. Mr. Mozilo states that the August 16, 2007 press release and statements referenced in paragraph 596 is the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 596.

597. Mr. Mozilo states that the remarks allegedly made by him during the August 23, 2007 CNBC interview referenced in paragraph 597 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 597.

598. Paragraph 598 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 598.

599. Mr. Mozilo states that the August 24, 2007 Fitch press release and the statements referenced in paragraph 599 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo states that the allegations in paragraph 599 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo denies the allegations of paragraph 599.

600. Paragraph 600 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 600.

601. Mr. Mozilo states that the September 7, 2007 announcement and the statements referenced in paragraph 601 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 601.

602. Paragraph 602 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 602.

603. Mr. Mozilo states that the allegations in paragraph 603 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 603.

604. Mr. Mozilo states that the September 11, 2007 announcement and the statements referenced in paragraph 604 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 604.

605. Mr. Mozilo states that the allegations in paragraph 605 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 605.

606. Paragraph 606 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 606.

607. Mr. Mozilo states that the October 24, 2007 WSJ article speaks for itself. Mr. Mozilo otherwise denies the allegations of paragraph 607.

608. Mr. Mozilo states that the October 24, 2007 WSJ article speaks for itself. Mr. Mozilo otherwise denies the allegations of paragraph 608.

609. Mr. Mozilo states that the October 24, 2007 WSJ article speaks for itself. Mr. Mozilo otherwise denies the allegations of paragraph 609.

610. Mr. Mozilo states that the October 24, 2007 WSJ article speaks for itself. Mr. Mozilo otherwise denies the allegations of paragraph 610.

611. Mr. Mozilo states that the allegations in paragraph 611 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 611.

612. Paragraph 612 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 612.

613. Mr. Mozilo states that the October 26, 2007 Form 8-K and the statements referenced in paragraph 613 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 613.

614. Mr. Mozilo states that the remarks allegedly made by him during the October 26, 2007 conference call and press release referenced in paragraph 614 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 614.

615. Mr. Mozilo states that the remarks allegedly made during the October 26, 2007 conference call referenced in paragraph 615 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 615.

616. Paragraph 616 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 616.

617. Paragraph 617 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 617.

618. Mr. Mozilo states that the October 30, 2007 WSJ article and the statements referenced in paragraph 618 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 618.

619. Mr. Mozilo states that the October 30, 2007 WSJ article and the statements referenced in paragraph 619 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 619.

620. Mr. Mozilo states that the allegations in paragraph 620 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 620.

621. Mr. Mozilo states that the October 30, 2007 WSJ article and the statements referenced in paragraph 621 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 621.

622. Mr. Mozilo states that the November 7, 2007 Gradient report and the statements referenced in paragraph 622 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with

the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 622.

623. Mr. Mozilo states that the allegations in paragraph 623 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 623.

624. Mr. Mozilo states that the 3Q 2007 Form 10-Q and the statements referenced in paragraph 624 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 624.

625. Mr. Mozilo states that the 3Q 2007 Form 10-Q and the statements referenced in paragraph 625 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 625.

626. Mr. Mozilo states that the 3Q 2007 Form 10-Q and the statements referenced in paragraph 626 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 626.

627. Mr. Mozilo states that the 3Q 2007 Form 10-Q and the statements referenced in paragraph 627 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 627.

628. Mr. Mozilo states that the 3Q 2007 Form 10-Q and the statements referenced in paragraph 628 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 628.

629. Mr. Mozilo states that the 3Q 2007 Form 10-Q and the statements referenced in paragraph 629 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 629.

630. Mr. Mozilo states that the 3Q 2007 Form 10-Q and the statements referenced in paragraph 630 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 630.

631. Paragraph 631 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 631.

632. Mr. Mozilo states that the November 19, 2007 Moody's report and the statements referenced in paragraph 632 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 632.

633. Mr. Mozilo states that the allegations in paragraph 633 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief

as to the truth of these allegations and on that basis denies the allegations of paragraph 633.

634. Mr. Mozilo states that the November 26, 2007 WSJ article and the statements referenced in paragraph 634 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 634.

635. Mr. Mozilo states that the November 26, 2007 WSJ article and the statements referenced in paragraph 635 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 635.

636. Mr. Mozilo states that the November 26, 2007 WSJ article and the statements referenced in paragraph 636 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 636.

637. Mr. Mozilo states that the November 26, 2007 WSJ article and the statements referenced in paragraph 637 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 637.

638. Mr. Mozilo states that the allegations in paragraph 638 refer to Countrywide’s closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 638.

639. Paragraph 639 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 639.

640. Mr. Mozilo states that the December 13, 2007 press release and operating report and the statements referenced in paragraph 640 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 640.

641. Mr. Mozilo states that the December 13, 2007 NYT article and the statements referenced in paragraph 641 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 641.

642. Mr. Mozilo states that the allegations in paragraph 642 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 642.

643. Mr. Mozilo states that the January 8, 2008 NYT article and the statements referenced in paragraph 643 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 643.

644. Paragraph 644 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 644.

645. Mr. Mozilo states that the allegations in paragraph 645 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 645.

646. Mr. Mozilo states that the January 8, 2008 Reuters article and the statements referenced in paragraph 646 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 646.

647. Mr. Mozilo states that the January 9, 2008 Form 8-K article and the statements referenced in paragraph 647 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 647.

648. Mr. Mozilo states that the January 9, 2008 Form 8-K article and the statements referenced in paragraph 648 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 648.

649. Mr. Mozilo states that the allegations in paragraph 649 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 649.

650. Mr. Mozilo states that the January 11, 2008 BofA Announcement and the statements referenced in paragraph 650 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 650.

651. Mr. Mozilo states that the allegations in paragraph 651 refer to Countrywide's book value as of September 30, 2007, which is a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 651.

652. Paragraph 652 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 652.

653. Mr. Mozilo states that the allegations in paragraph 653 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 653.

654. Mr. Mozilo states that the January 29, 2008 Bloomberg article and the statements referenced in paragraph 654 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 654.

655. Mr. Mozilo states that the March 6, 2008 Sun Times article and the statements referenced in paragraph 655 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with

the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 655.

656. Paragraph 656 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 656.

657. Mr. Mozilo states that the allegations in paragraph 657 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 657.

658. Mr. Mozilo states that the March 8, 2008 WSJ article and the statements referenced in paragraph 658 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 658.

659. Paragraph 659 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 659.

660. Mr. Mozilo states that the allegations in paragraph 660 refer to Countrywide's closing stock prices and trading volume, which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 660.

661. Paragraph 661 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 661.

662. Mr. Mozilo states that the allegations in paragraph 662 refer to the percentage of Countrywide's business involved in Mortgage Banking which are a matter of public record and to which no response is required. To the extent a response is required, Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the allegations of paragraph 662.

663. Paragraph 663 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 663.

664. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 664, and on that basis denies the allegations of paragraph 664.

665. Mr. Mozilo states that Countrywide's Form 10-Ks and the statements referenced in paragraph 665 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 665.

666. Mr. Mozilo admits that Countrywide maintained an Asset/Liability Committee ("ALCO") during the Relevant Period. Mr. Mozilo states that Countrywide's Form 10-Ks and the statements referenced in paragraph 666 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 666.

667. Mr. Mozilo states that Countrywide's 2006 Form 10-K and the statements referenced in paragraph 667 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 667.

668. Mr. Mozilo states that SEC filings and conference calls and the statements referenced in paragraph 668 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 668.

669. Mr. Mozilo states that the remarks allegedly made by him during the July 26, 2005 conference call referenced in paragraph 669 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 669.

670. Mr. Mozilo states that the remarks allegedly made by him during the July 26, 2005 conference call referenced in paragraph 670 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 670.

671. Mr. Mozilo states that the remarks allegedly made by him during the May 31, 2006 conference referenced in paragraph 671 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 671.

672. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 672 communicated the allegations described therein, and denies the underlying allegations of paragraph 672.

673. Mr. Mozilo states that the September 1, 2004 email referenced in paragraph 673 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or

incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 673.

674. Mr. Mozilo states that the September 9, 2004 memorandum and email referenced in paragraph 674 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 674.

675. Mr. Mozilo states that the September 9, 2004 email referenced in paragraph 675 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 675.

676. Paragraph 676 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 676.

677. Mr. Mozilo states that the minutes of the June 28, 2005 Corporate Risk Committee meeting referenced in paragraph 677 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 677.

678. Mr. Mozilo states that the April 3, 2006 email referenced in paragraph 678 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 678.

679. Mr. Mozilo states that the May 18 and May 19 emails referenced in paragraph 679 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements

made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 679.

680. Mr. Mozilo states that the remarks allegedly made by him during the May 31, 2006 conference referenced in paragraph 680 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 680.

681. Mr. Mozilo states that the May 31 and June 2, 2006 emails referenced in paragraph 681 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 681.

682. Mr. Mozilo states that the June 2, 2006 email referenced in paragraph 682 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 682.

683. Mr. Mozilo states that the July 10, 2006 email referenced in paragraph 683 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 683.

684. Mr. Mozilo states that the August 16, 2006 emails referenced in paragraph 684 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 684.

685. Mr. Mozilo states that the September 26, 2006 email referenced in paragraph 685 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 685.

686. Mr. Mozilo states that the September 26, 2006 email referenced in paragraph 686 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 686.

687. Mr. Mozilo states that the November 4, 2007 email referenced in paragraph 687 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 687.

688. Mr. Mozilo states that the May 22 email and June 28, 2005 Credit Risk Committee minutes referenced in paragraph 688 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 688.

689. Mr. Mozilo states that the March 27, 2006 email referenced in paragraph 689 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 689.

690. Mr. Mozilo states that the April 13, 2006 email referenced in paragraph 690 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete

or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 690.

691. Mr. Mozilo states that the April 17, 2006 email referenced in paragraph 691 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 691.

692. Mr. Mozilo states that the December 7, 2006 memorandum referenced in paragraph 692 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 692.

693. Paragraph 693 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 693.

694. Mr. Mozilo states that Sambol's deposition testimony referenced in paragraph 694 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 694.

695. Mr. Mozilo states that the May 22, 2005 email referenced in paragraph 695 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 695.

696. Mr. Mozilo states that the materials distributed at the March 12, 2007 Credit Risk Committee meeting referenced in paragraph 696 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the

documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 696.

697. Mr. Mozilo states that the June 25, 2005 email referenced in paragraph 697 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 697.

698. Mr. Mozilo states that the November 2, 2006 email referenced in paragraph 698 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 698.

699. Mr. Mozilo states that the November 16, 2006 email referenced in paragraph 699 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 699.

700. Mr. Mozilo states that the February 11, 2007 email referenced in paragraph 700 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 700.

701. Mr. Mozilo states that the documents referenced in paragraph 701 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 701.

702. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witnesses referenced in paragraph 702

communicated the allegations described therein, and denies the underlying allegations of paragraph 702.

703. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witnesses referenced in paragraph 703 communicated the allegations described therein, and denies the underlying allegations of paragraph 703.

704. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 704 communicated the allegations described therein, and denies the underlying allegations of paragraph 704.

705. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 705 communicated the allegations described therein, and denies the underlying allegations of paragraph 705.

706. Mr. Mozilo states that he lacks knowledge or information sufficient to form a belief as to whether the confidential witness referenced in paragraph 706 communicated the allegations described therein, and denies the underlying allegations of paragraph 706.

707. Paragraph 707 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 707.

708. Mr. Mozilo states that the July 2007 document referenced in paragraph 708 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 708.

709. Mr. Mozilo states that the SEC filings referenced in paragraph 709 are the best evidence of their contents, and denies the allegations to the extent they are

inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 709.

710. Mr. Mozilo states that the SEC filings referenced in paragraph 710 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the documents or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 710.

711. Paragraph 711 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 711.

712. Paragraph 712 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 712.

713. Mr. Mozilo states that the remarks allegedly made by him during the September 13, 2006 conference referenced in paragraph 713 speak for themselves, and denies the allegations to the extent they are inconsistent with the actual remarks he made or incomplete or out of context. Mr. Mozilo otherwise denies the allegations of paragraph 713.

714. Paragraph 714 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 714.

715. Mr. Mozilo states that the Interagency Guidance and statements referenced in paragraph 715 are the best evidence of their contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 715.

716. Paragraph 716 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 716.

717. Paragraph 717 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 717.

718. Mr. Mozilo states that the 2004 Form 10-K referenced in paragraph 718 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 718.

719. Paragraph 719 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 719.

720. Paragraph 720 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 720.

721. Mr. Mozilo admits that he sold certain shares of Countrywide common stock during the Relevant Period as reported on Forms 4 filed with the SEC, which are a matter of public record and which speak for themselves. The remainder of paragraph 721 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 721.

722. Mr. Mozilo admits that Countrywide announced stock repurchase programs on October 24, 2006 and May 16, 2007. The remainder of paragraph 722 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 722.

723. Mr. Mozilo admits that his stock sales were made pursuant to Rule 10b5-1 trading plans. The remainder of paragraph 723 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 723.

724. Mr. Mozilo states that the October 11, 2007 NYT article referenced in paragraph 724 is the best evidence of its contents, and denies the allegations to the extent they are inconsistent with the document or with the actual statements made or incomplete or taken out of context. Mr. Mozilo otherwise denies the allegations of paragraph 724.

725. Paragraph 725 should be stricken, as it refers to matters not admissible for any purpose and is a statement to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 725.

726. Paragraph 726 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 726.

727. Paragraph 727 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 727.

728. Paragraph 728 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 728.

729. Mr. Mozilo states that the accounting standards referenced in paragraph 729 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 729.

730. Mr. Mozilo states that the accounting standards referenced in paragraph 730 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 730.

731. Mr. Mozilo states that the accounting standards referenced in paragraph 731 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 731.

732. Mr. Mozilo states that the accounting standards referenced in paragraph 732 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 732.

733. Mr. Mozilo states that the accounting standards referenced in paragraph 733 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 733.

734. Mr. Mozilo states that the accounting standards referenced in paragraph 734 speak for themselves, and denies any characterization inconsistent with their terms. Mr. Mozilo otherwise denies the allegations in paragraph 734.

735. Paragraph 735 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 735.

736. Paragraph 736 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 736.

737. Paragraph 737 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 737.

738. Paragraph 738 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 738.

739. Paragraph 739 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 739.

740. Paragraph 740 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 740.

741. Paragraph 741 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 741.

742. Paragraph 742 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 742.

743. Paragraph 743 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 743.

744. Paragraph 744 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 744.

745. Paragraph 745 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 745.

746. Paragraph 746 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 746.

747. Paragraph 747 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 747.

748. Paragraph 748 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 748.

749. Paragraph 749 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 749.

750. Paragraph 750 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 750.

751. Paragraph 751 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 751.

752. Paragraph 752 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 752.

753. Paragraph 753 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 753.

754. Paragraph 754 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 754.

755. Paragraph 755 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 755.

756. Paragraph 756 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 756.

757. Paragraph 757 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 757.

758. Paragraph 758 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 758.

759. Paragraph 759 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 759.

760. Paragraph 760 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 760.

761. Paragraph 761 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 761.

762. Paragraph 762 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 762.

763. Paragraph 763 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 763.

764. Paragraph 764 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 764.

765. Paragraph 765 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 765.

766. Paragraph 766 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 766.

767. Paragraph 767 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 767.

768. Paragraph 768 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 768.

769. Paragraph 769 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 769.

770. Paragraph 770 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 770.

771. Paragraph 771 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 771.

772. Paragraph 772 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 772.

773. Paragraph 773 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 773.

774. Paragraph 774 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 774.

775. Paragraph 775 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 775.

776. Paragraph 776 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 776.

777. Paragraph 777 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 777.

778. Paragraph 778 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 778.

779. Paragraph 779 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 779.

780. Paragraph 780 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 780.

781. Paragraph 781 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 781.

782. Paragraph 782 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 782.

783. Paragraph 783 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 783.

784. Paragraph 784 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 784.

785. Paragraph 785 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 785.

786. Paragraph 786 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 786.

787. Paragraph 787 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 787.

788. Paragraph 788 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 788.

789. Paragraph 789 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 789.

790. Paragraph 790 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 790.

791. Paragraph 791 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 791.

792. Paragraph 792 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 792.

793. Paragraph 793 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 793.

794. Paragraph 794 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 794.

795. Mr. Mozilo repeats each of his responses to the foregoing paragraphs as if fully set forth herein.

796. Paragraph 796 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 796.

797. Paragraph 797 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 797.

798. Paragraph 798 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 798.

799. Paragraph 799 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 799.

800. Paragraph 800 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 800.

801. Paragraph 801 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 801.

802. Paragraph 802 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 802.

803. Paragraph 803 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 803.

804. Paragraph 804 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 804.

805. Paragraph 805 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 805.

806. Paragraph 806 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 806.

807. Paragraph 807 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 807.

808. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

809. Paragraph 809 calls for no response from Mr. Mozilo.

810. Paragraph 810 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 810.

811. Paragraph 811 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 811.

812. Paragraph 812 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 812.

813. Paragraph 813 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 813.

814. Paragraph 814 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 814.

815. Paragraph 815 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 815.

816. Paragraph 816 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 816.

817. Paragraph 817 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 817.

818. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

819. Paragraph 819 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 819.

820. Paragraph 820 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 820.

821. Paragraph 821 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 821.

822. Paragraph 822 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 822.

823. Paragraph 823 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 823.

824. Paragraph 824 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 824.

825. Paragraph 825 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 825.

826. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

827. Paragraph 827 calls for no response from Mr. Mozilo.

828. Paragraph 828 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 828.

829. Paragraph 829 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 829.

830. Paragraph 830 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 830.

831. Paragraph 831 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 831.

832. Paragraph 832 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 832.

833. Paragraph 833 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 833.

834. Paragraph 834 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 834.

835. Paragraph 835 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 835.

836. Paragraph 836 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 836.

837. Paragraph 837 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 837.

838. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

839. Paragraph 839 calls for no response from Mr. Mozilo.

840. Paragraph 840 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 840.

841. Paragraph 841 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 841.

842. Paragraph 842 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 842.

843. Paragraph 843 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 843.

844. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

845. Paragraph 845 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 845.

846. Paragraph 846 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 846.

847. Paragraph 847 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 847.

848. Paragraph 848 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 848.

849. Paragraph 849 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 849.

850. Paragraph 850 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 850.

851. Paragraph 851 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 851.

852. Paragraph 852 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 852.

853. Paragraph 853 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 853.

854. Paragraph 854 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 854.

855. Paragraph 855 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 855.

856. Paragraph 856 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 856.

857. Paragraph 857 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 857.

858. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

859. Paragraph 859 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 859.

860. Paragraph 860 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 860.

861. Paragraph 861 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 861.

862. Mr. Mozilo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 862, and on that basis denies the allegations of paragraph 862.

863. Paragraph 863 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 863.

864. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

865. Paragraph 865 calls for no response from Mr. Mozilo.

866. Paragraph 866 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 866.

867. Paragraph 867 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 867.

868. Paragraph 868 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 868.

869. Paragraph 869 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 869.

870. Paragraph 870 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 870.

871. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

872. Paragraph 872 calls for no response from Mr. Mozilo.

873. Paragraph 873 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 873.

874. Paragraph 874 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 874.

875. Paragraph 875 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 875.

876. Paragraph 876 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 876.

877. Paragraph 877 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 877.

878. Paragraph 878 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 878.

879. Paragraph 879 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 879.

880. Paragraph 880 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 880.

881. Paragraph 881 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 881.

882. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

883. Paragraph 883 calls for no response from Mr. Mozilo.

884. Paragraph 884 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 884.

885. Paragraph 885 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 885.

886. Paragraph 886 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 886.

887. Paragraph 887 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 887.

888. Paragraph 888 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 888.

889. Paragraph 889 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 889.

890. Paragraph 890 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 890.

891. Mr. Mozilo repeats and incorporates by reference each of his responses to the foregoing paragraphs as if fully set forth herein.

892. Paragraph 892 calls for no response from Mr. Mozilo.

893. Paragraph 893 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 893.

894. Paragraph 894 is a statement of Plaintiffs' legal position, to which no response is necessary or appropriate. To the extent that a response is required, Mr. Mozilo denies the allegations of paragraph 894.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Mr. Mozilo, and without admitting that Plaintiffs have suffered any loss, damage or injury, Mr. Mozilo alleges the following affirmative defenses to the Complaint. By designating the following as affirmative defenses, Mr. Mozilo does not in any way waive or limit any defenses which are or may be raised by his denials, allegations, and averments set forth herein. Certain affirmative defenses are asserted for completeness (including, but not limited to, the Ninth and Tenth affirmative defenses below) and refer to facts and proof which also negate required elements of Plaintiffs' claims, and by raising such defenses Mr. Mozilo does not admit that Plaintiffs do not have the burden of proof for any or all facts underlying any of those defenses or suggest that Plaintiffs are not required to carry the burden as to such elements.

These defenses are pled in the alternative, and are raised to preserve the rights of Mr. Mozilo to assert such defenses, and are without prejudice to Mr. Mozilo's ability to raise other and further defenses. Mr. Mozilo expressly reserves all rights to re-evaluate his defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and during pretrial proceedings in this action.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each and every purported cause of action in it, is barred, in whole or in part, because it fails to state facts sufficient to state a cause of action against Mr. Mozilo.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, by the applicable statutes of limitation or statutes of repose.

**THIRD AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because Plaintiffs lack standing to assert the claims alleged in this action.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because Mr. Mozilo exercised due care and justifiably relied on information and advice provided to him by others. For example, Mr. Mozilo relied in good faith upon: (1) the professional judgments and advice of in-house and outside professionals and others with respect to the contents of Countrywide's financial statements, the sufficiency of disclosures, and adequacy of internal controls; (2) the sub-certifications and certifications provided to him by Countrywide officers and employees concerning the foregoing subjects, as well as regarding Countrywide's quality control, identification of risks, and adherence to standards; and (3) Countrywide's procedures and processes for, among other things, underwriting, preparation of disclosures, creation and approval of loan products, and quality control.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because at all times mentioned in the Complaint and with respect to all matters contained therein, Mr. Mozilo acted in good faith and exercised reasonable care and did not know, and in the exercise of reasonable care could not have known,

of any alleged misconduct, untruth, omission, or any other action alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action set forth therein, including Plaintiffs' allegations regarding Mr. Mozilo's stock trading activity, is barred, in whole or in part, by SEC Rule 10b5-l.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because the statements complained of were immune from liability under the safe harbor provisions of the PSLRA and because some or all of the alleged public disclosures bespoke caution or were forward-looking statements.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action in it, is barred, in whole or in part, because Plaintiffs' damages, if any, were proximately caused by Plaintiffs' failure to mitigate, minimize, or avoid damages, and because Plaintiffs' damages, if any, are speculative and impossible to ascertain and allocate and any recovery by Plaintiffs must be diminished or barred by reason thereof.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, because Mr. Mozilo did not directly or indirectly cause the alleged violations complained of in the Complaint and because of superseding and intervening causes of any alleged damages. If Plaintiffs suffered cognizable damages (which damages are denied), those damages resulted from causes other than any alleged act or omission by Mr. Mozilo, including macroeconomic and mortgage industry events that constrained Countrywide's access to the credit and capital markets and affected its liquidity and/or are the result of market conditions or other factors.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, because it fails to allege any actionable misstatement or misrepresentation by Mr. Mozilo and because the statements alleged in the Complaint, if any were in fact made, did not contain untrue material facts and all statements alleged to have been made (if any) had a reasonable basis in fact and were immaterial as a matter of law. At all relevant times, Mr. Mozilo acted without intent to defraud and without recklessness, and Mr. Mozilo believed, at the time the statements alleged in the Complaint were made (if at all), that those statements were correct and not misleadingly incomplete. The claims are further barred because Mr. Mozilo had no duty to disclose the allegedly omitted information and because any information that Mr. Mozilo allegedly had a duty to disclose but supposedly did not disclose was in fact disclosed.

**ELEVENTH AFFIRMATIVE DEFENSE**

Mr. Mozilo is entitled to a right of contribution from the other defendants or any other persons whose acts or omissions contributed to the occurrence of the alleged injury, damage, and/or loss, if any, should Plaintiffs receive judgment against Mr. Mozilo.

**TWELFTH AFFIRMATIVE DEFENSE**

With respect to Counts I and III, which allege violations arising under the Securities Act of 1933, Mr. Mozilo will prove that Plaintiffs' alleged losses were not caused in whole or in part by the alleged misrepresentations or omissions at issue in this lawsuit, but rather, are the result of other forces that caused the security to depreciate in value.

**ADDITIONAL DEFENSES**

Mr. Mozilo hereby incorporates by reference any defense asserted by another defendant not set forth above that is applicable to Mr. Mozilo's defense of Plaintiffs' claims in this action.

**WHEREFORE**, Defendant Mr. Mozilo prays for judgment as follows:

1. That this Court enter judgment in favor of Mr. Mozilo and against Plaintiffs on the Complaint, and that the Complaint be dismissed with prejudice;

2. That Plaintiffs take nothing by their Complaint;

3. That the Court award Mr. Mozilo his costs of suit incurred herein, including attorneys' fees; and

4. That the Court order such other and further relief for Mr. Mozilo as the Court may deem just and proper.

Dated: October 14, 2011

IRELL & MANELLA LLP
David Siegel
Daniel P. Lefler
Adam Fletcher
Alexander F. Porter

By: /s/ David Siegel
David Siegel
Attorneys for Defendant
Angelo Mozilo

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Mozilo demands a trial by jury of all issues raised by this Complaint which are triable by jury.

Dated: October 14, 2011

IRELL & MANELLA LLP
David Siegel
Daniel P. Lefler
Adam Fletcher
Alexander F. Porter

By: /s/ David Siegel
David Siegel
Attorneys for Defendant
Angelo Mozilo