JORDAN ETH (SBN 121617)
JEth@mofo.com
D. ANTHONY RODRIGUEZ (SBN 162587)
TRodriguez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: 415-268-7000
Facsimile: 415-268-7522

Attorneys for Defendants
HENRY G. CISNEROS, JEFFREY M. CUNNINGHAM, ROBERT J. DONATO, BEN M. ENIS, EDWIN HELLER, MARTIN R. MELONE, ROBERT T. PARRY, OSCAR P. ROBERTSON, KEITH P. RUSSELL, and HARLEY W. SNYDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

STATE TREASURER OF THE STATE OF MICHIGAN, AS CUSTODIAN OF THE MICHIGAN PUBLIC SCHOOL EMPLOYEES RETIREMENT SYSTEM, STATE EMPLOYEES' RETIREMENT SYSTEM, MICHIGAN STATE POLICE RETIREMENT SYSTEM AND MICHIGAN JUDGES' RETIREMENT SYSTEM,

Plaintiff,

v.

COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,

Defendants.

Case No. CV 11-00809-MRP (MANx)

**OUTSIDE DIRECTORS' ANSWER TO AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

Defendants Henry G. Cisneros, Jeffrey M. Cunningham, Robert J. Donato, Ben M. Enis, Edwin Heller, Martin R. Melone, Robert T. Parry, Oscar P. Robertson, Keith P. Russell, and Harley W. Snyder (collectively, the "Outside Directors") hereby answer Plaintiff's Amended Complaint (the "Complaint"). The Outside Directors deny all of the Complaint's allegations unless expressly admitted herein. The Outside Directors answer the allegations in the like-numbered paragraphs and subparagraphs of the Complaint as follows:

The unnumbered paragraph on page 1 of the Complaint is a characterization of the Complaint to which no response is required.

1. The Outside Directors admit that Countrywide Financial Corporation and Countrywide Securities Corporation (collectively, "Countrywide") engaged in mortgage lending and other finance-related businesses. Except as expressly stated, the Outside Directors deny the allegations of paragraph 1 of the Complaint.

2. The Outside Directors admit that Countrywide engaged in mortgage lending and other finance-related businesses and that it sold loans into the secondary market. Except as expressly stated, the Outside Directors deny the allegations of paragraph 2 of the Complaint.

3. The Outside Directors admit that Countrywide sold loans into the secondary market. Except as expressly stated, the Outside Directors deny the allegations of paragraph 3 of the Complaint.

4. The Outside Directors state that the remarks allegedly made by Mozilo in mid-2003 referenced in paragraph 4 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 4 of the Complaint.

5. The Outside Directors deny the allegations of paragraph 5 of the Complaint.

6. The Outside Directors state that the remarks allegedly made by Mozilo in March 2007 referenced in paragraph 6 of the Complaint speak for themselves,

and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 6 of the Complaint.

7. The Outside Directors deny the allegations of paragraph 7 of the Complaint.

8. The Outside Directors state that the regulatory guidance on nontraditional mortgage lending published jointly on October 4, 2006, by the Department of the Treasury, Office of the Comptroller of the Currency, Board of Governors of the Federal Reserve System, Federal Deposit Insurance Corporation ("FDIC"), and Office of Thrift Supervision referenced in paragraph 8 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 8 of the Complaint.

9. The Outside Directors deny the allegations of paragraph 9 of the Complaint.

10. The Outside Directors deny the allegations of paragraph 10 of the Complaint.

11. The Outside Directors deny the allegations of paragraph 11 of the Complaint.

12. The Outside Directors deny the allegations of paragraph 12 of the Complaint.

13. The Outside Directors deny the allegations of paragraph 13 of the Complaint.

14. The Outside Directors deny the allegations of paragraph 14 of the Complaint.

15. The Outside Directors deny the allegations of paragraph 15 of the Complaint.

16. The Outside Directors deny the allegations of paragraph 16 of the

Complaint.

17. The Outside Directors deny the allegations of paragraph 17 of the Complaint.

18. The Outside Directors deny the allegations of paragraph 18 of the Complaint.

19. The Outside Directors deny the allegations of paragraph 19 of the Complaint.

20. The Outside Directors state that the remarks made during the July 2007 conference call and the Stifel Nicolaus report referenced in paragraph 20 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 20 of the Complaint.

21. The Outside Directors deny the allegations of paragraph 21 of the Complaint.

22. The Outside Directors state that Bank of America, N.A.'s announcement on January 11, 2008, and the March 8, 2008 *Wall Street Journal* article referenced in paragraph 22 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 22 of the Complaint.

23. The Outside Directors state that the January 27, 2011 Financial Crisis Inquiry Commission's report referenced in paragraph 23 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 23 of the Complaint.

24. The Outside Directors deny the allegations of paragraph 24 of the Complaint.

25. The Outside Directors state that paragraph 25 of the Complaint consists of conclusions of law to which no response is required. Except as

expressly stated, the Outside Directors deny the allegations in paragraph 25 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 25 and 26 of the Complaint.

26. The Outside Directors state that paragraph 26 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 26 of the Complaint.

27. The Outside Directors state that paragraph 27 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 27 of the Complaint.

28. The Outside Directors state that paragraph 28 of the Complaint consists of conclusions of law to which no response is required. To the extent paragraph 28 contains factual allegations to which a response is required, the Outside Directors deny the allegations in paragraph 28, except to admit that, prior to its merger with Bank of America, Countrywide maintained its corporate headquarters and principal executive offices in the Central District of California. Except as expressly stated, the Outside Directors deny the allegations in paragraph 28 of the Complaint.

29. The Outside Directors state that paragraph 29 of the Complaint consists of conclusions of law to which no response is required. To the extent paragraph 29 contains factual allegations to which a response is required, the Outside Directors deny the allegations in paragraph 29. Except as expressly stated, the Outside Directors deny the allegations in paragraph 29 of the Complaint.

30. The Outside Directors state that paragraph 30 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 30 of the

Complaint.

The Outside Directors deny the allegations appearing between paragraphs 30 and 31 of the Complaint.

31. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint. Except as expressly stated, the Outside Directors deny the allegations in paragraph 31 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 31 and 32 of the Complaint.

32. The Outside Directors admit the allegations of paragraph 32 of the Complaint except to state that, since Countrywide's merger with Bank of America, Countrywide common stock has not traded on the New York Stock Exchange. Except as expressly stated, the Outside Directors deny the allegations in paragraph 32 of the Complaint.

33. The Outside Directors admit that Countrywide merged with Bank of America in 2008. The Outside Directors further state that the Agreement and Plan of Merger referenced in paragraph 33 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 33 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 33 and 34 of the Complaint.

34. The Outside Directors deny the allegations in paragraph 34 of the Complaint, except to admit that Mozilo is a co-founder of Countrywide, that Mozilo was a member of Countrywide's Board from 1969 until 2008, and that Mozilo was President of the Company from March 2000 through December 2003. The Outside Directors also admit that Mozilo was Chairman of the Board of Directors from March 1999 until Countrywide's merger with Bank of America, and was Chief Executive Officer ("CEO") of Countrywide from February 1998 until

Countrywide's merger with Bank of America. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 34. The Outside Directors admit that Countrywide filed Forms 10-K for 2003-2006 and Forms 10-Q for the first quarter of 2004 through the third quarter of 2007; to the extent paragraph 34 of the Complaint refers to information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. The Outside Directors further state that Countrywide's Form S-3ASR filed with the SEC on February 9, 2006, speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 34 of the Complaint.

35. The Outside Directors deny the allegations of paragraph 35 of the Complaint, except to admit the first sentence of paragraph 35 of the Complaint. The Outside Directors admit that Countrywide filed Forms 10-Q for and from the third quarter of 2006 through and including the third quarter of 2007; to the extent paragraph 35 of the Complaint refers to information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. The Outside Directors further state that Countrywide's Form S-3ASR filed with the SEC on February 9, 2006, speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and seventh sentences of paragraph 35. Except as expressly stated, the Outside Directors deny the allegations in paragraph 35 of the Complaint.

36. The Outside Directors deny the allegations in paragraph 36 of the Complaint except to admit the first and fourth through seventh sentences of paragraph 36. The Outside Directors admit that Countrywide filed Forms 10-K for

2005 and 2006, Forms 10-Q for the first quarter of 2005 through the third quarter of 2007, and Forms 10-Q/A for the first and second quarters of 2004; to the extent paragraph 36 of the Complaint refers to information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. The Outside Directors further state that Countrywide's Form S-3ASR filed with the SEC on February 9, 2006, speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth sentence of paragraph 36. Except as expressly stated, the Outside Directors deny the allegations in paragraph 36 of the Complaint.

37. The Outside Directors deny the allegations of paragraph 37 of the Complaint.

38. The Outside Directors state that paragraph 38 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 38 contains factual allegations to which a response is required, the Outside Directors deny the allegations of paragraph 38. Except as expressly stated, the Outside Directors deny the allegations in paragraph 38 of the Complaint.

39. The Outside Directors state that paragraph 39 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 39 of the Complaint contains factual allegations to which a response is required, the Outside Directors deny the allegations of paragraph 39. Except as expressly stated, the Outside Directors deny the allegations in paragraph 39 of the Complaint.

40. The Outside Directors state that paragraph 40 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 40 contains factual allegations to which a response is required, the Outside Directors deny the allegations of paragraph 40. Except as expressly stated,

the Outside Directors deny the allegations in paragraph 40 of the Complaint.

41. The Outside Directors state that paragraph 41 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 41 contains factual allegations to which a response is required, the Outside Directors deny the allegations of paragraph 41. Except as expressly stated, the Outside Directors deny the allegations in paragraph 41 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 41 and 42 of the Complaint.

42. The Outside Directors admit that Brown served on the Countrywide Board of Directors from March 2005 to March 29, 2007. The Outside Directors further state that Countrywide filed Forms 10-K for 2005 and 2006, and a Form S-3ASR on February 9, 2006; to the extent paragraph 42 of the Complaint refers to information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 42 of the Complaint.

43. The Outside Directors admit that Cisneros served on the Countrywide Board of Directors from 2001 to October 2007. The Outside Directors further state that Countrywide filed Forms 10-K for 2003 through 2006, and a Form S-3ASR on February 9, 2006; to the extent paragraph 43 of the Complaint refers to information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 43 of the Complaint.

44. The Outside Directors admit that Cunningham served on the Countrywide Board of Directors from 1998 to 2008. The Outside Directors further state that Countrywide filed Forms 10-K for 2003 through 2006, and a Form S-3ASR on February 9, 2006; to the extent paragraph 44 of the Complaint refers to

information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 44 of the Complaint.

45. The Outside Directors admit that Donato served on the Countrywide Board of Directors from 1993 to 2008. The Outside Directors further state that Countrywide filed Forms 10-K for 2003 through 2006, and a Form S-3ASR on February 9, 2006; to the extent paragraph 45 of the Complaint refers to information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 45 of the Complaint.

46. The Outside Directors state that Countrywide filed Forms 10-K for 2003 through 2006, and a Form S-3ASR on February 9, 2006; to the extent paragraph 46 of the Complaint refers to information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 46 of the Complaint.

47. The Outside Directors admit that Enis served on the Countrywide Board of Directors from 1984 to June 2006. The Outside Directors further state that Countrywide filed Forms 10-K for 2003 through 2005, and a Form S-3ASR on February 9, 2006; to the extent paragraph 47 of the Complaint refers to information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 47 of the Complaint.

48. The Outside Directors admit that Heller served on the Countrywide

Board of Directors from 1993 to June 2006. The Outside Directors further state that Countrywide filed Forms 10-K for 2003 through 2005, and a Form S-3ASR on February 9, 2006; to the extent paragraph 48 of the Complaint refers to information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 48 of the Complaint.

49. The Outside Directors admit that Melone served on the Countrywide Board of Directors from 2003 to 2008. The Outside Directors further state that Countrywide filed Forms 10-K for 2003 through 2006, and a Form S-3ASR on February 9, 2006; to the extent paragraph 49 of the Complaint refers to information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 49 of the Complaint.

50. The Outside Directors admit that Parry served on the Countrywide Board of Directors from 2004 to 2008. The Outside Directors further state that Countrywide filed Forms 10-K for 2004 through 2006, and a Form S-3ASR on February 9, 2006; to the extent paragraph 50 of the Complaint refers to information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 50 of the Complaint.

51. The Outside Directors admit that Robertson served on the Countrywide Board of Directors from 2000 to 2008. The Outside Directors further state that Countrywide filed Forms 10-K for 2003 through 2006, and a Form S-3ASR on February 9, 2006; to the extent paragraph 51 of the Complaint refers to information that appears in those filings, the Outside Directors admit that

Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 51 of the Complaint.

52. The Outside Directors admit that Russell served on the Countrywide Board of Directors from 2003 to 2008. The Outside Directors further state that Countrywide filed Forms 10-K for 2003 through 2006, and a Form S-3ASR on February 9, 2006; to the extent paragraph 52 of the Complaint refers to information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 52 of the Complaint.

53. The Outside Directors admit that Snyder served on the Countrywide Board of Directors from 1991 to 2008. The Outside Directors further state that Countrywide filed Forms 10-K for 2003 through 2006, and a Form S-3ASR on February 9, 2006; to the extent paragraph 53 of the Complaint refers to information that appears in those filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint is a characterization of the Complaint to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 54 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 54 and 55 of the Complaint.

55. The Outside Directors state that the offering documents for the notes referenced in paragraph 55 of the Complaint provide a description of the underwriting arrangements relating to the alleged notes, and deny any characterizations inconsistent with their contents. Except as expressly stated, the

Outside Directors deny the allegations in paragraph 55 of the Complaint.

56. The Outside Directors state that the offering documents for the notes referenced in paragraph 56 of the Complaint provide a description of the underwriting arrangements relating to the alleged notes, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 56 of the Complaint.

57. The Outside Directors state that the offering documents for the notes referenced in paragraph 57 of the Complaint provide a description of the underwriting arrangements relating to the alleged notes, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 57 of the Complaint.

58. The Outside Directors state that the offering documents for the notes referenced in paragraph 58 of the Complaint provide a description of the underwriting arrangements relating to the alleged notes, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 58 of the Complaint.

59. The Outside Directors state that the offering documents for the notes referenced in paragraph 59 of the Complaint provide a description of the underwriting arrangements relating to the alleged notes, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 59 of the Complaint.

60. The Outside Directors state that the offering documents for the notes referenced in paragraph 60 of the Complaint provide a description of the underwriting arrangements relating to the alleged notes, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 60 of the Complaint.

61. The Outside Directors state that the offering documents for the notes referenced in paragraph 61 of the Complaint provide a description of the

underwriting arrangements relating to the alleged notes, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 61 of the Complaint.

62. The Outside Directors state that the offering documents for the notes referenced in paragraph 62 of the Complaint provide a description of the underwriting arrangements relating to the alleged notes, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 62 of the Complaint.

63. The Outside Directors state that the offering documents for the notes referenced in paragraph 63 of the Complaint provide a description of the underwriting arrangements relating to the alleged notes, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 63 of the Complaint.

64. The Outside Directors state that the offering documents for the notes referenced in paragraph 64 of the Complaint provide a description of the underwriting arrangements relating to the alleged notes, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 64 of the Complaint.

65. The Outside Directors state that the offering documents for the notes referenced in paragraph 65 of the Complaint provide a description of the underwriting arrangements relating to the alleged notes, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint is a characterization of the Complaint to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 66 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 66 and 67 of the Complaint.

67. The Outside Directors admit the first through fourth sentences of paragraph 67 of the Complaint. The Outside Directors state that the "Registration Statement" dated February 9, 2006, Prospectus Supplement dated May 15, 2006, and Prospectus Supplement dated February 15, 2006, referenced in paragraph 67 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 67 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 67 and 68 of the Complaint.

68. The Outside Directors deny the allegations of paragraph 68 of the Complaint.

69. The Outside Directors admit that Countrywide's business included the four loan origination divisions identified in paragraph 69 of the Complaint. Except as expressly stated, the Outside Directors deny the allegations in paragraph 69 of the Complaint.

70. The Outside Directors deny the allegations of paragraph 70 of the Complaint.

71. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 71 of the Complaint.

72. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information,

and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 72 of the Complaint.

73. The Outside Directors deny the allegations of paragraph 73 of the Complaint.

74. The Outside Directors deny the allegations of paragraph 74 of the Complaint.

75. The Outside Directors admit that Countrywide filed Forms 10-K; to the extent paragraph 75 of the Complaint refers to information that appears in the Forms 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Forms 10-K that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 75 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 75 and 76 of the Complaint.

76. The Outside Directors state that the February 23, 2008 *Wall Street Journal* article referenced in paragraph 76 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 76 of the Complaint.

77. The Outside Directors state that the remarks allegedly made by Mozilo during July 22, 2003 and January 27, 2004 conference calls referenced in paragraph 77 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 77 of the Complaint.

78. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information,

and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 78 of the Complaint.

79. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 79 of the Complaint.

80. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 80 of the Complaint.

81. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 81 of the Complaint.

82. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint regarding statements made to or by the unnamed confidential witness. The Outside Directors further state that the October 24, 2007 *Wall Street Journal* article referenced in paragraph 82 speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 82 of the Complaint.

83. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as

expressly stated, the Outside Directors deny the allegations in paragraph 83 of the Complaint.

84. The Outside Directors state that the October 24, 2007 *Wall Street Journal* article referenced in paragraph 84 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. To the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 84 of the Complaint.

The Outside Directors deny the allegations between paragraphs 84 and 85 of the Complaint.

85. The Outside Directors deny the allegations of paragraph 85 of the Complaint.

86. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 86 of the Complaint.

87. The Outside Directors deny the allegations of paragraph 87 of the Complaint.

88. The Outside Directors state that Countrywide's filings referenced in paragraph 88 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 88 of the Complaint.

89. The Outside Directors deny the allegations of paragraph 89 of the Complaint.

90. The Outside Directors lack knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 90 of the Complaint. Except as expressly stated, the Outside Directors deny the allegations in paragraph 90 of the Complaint.

91. The Outside Directors state that the October 24, 2007 *Wall Street Journal* article referenced in paragraph 91 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 91 of the Complaint.

92. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 92 of the Complaint.

93. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 93 of the Complaint.

94. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 94 of the Complaint.

95. The Outside Directors state that the remarks allegedly made by Mozilo during the July 22, 2003 conference call referenced in paragraph 95 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the

allegations in paragraph 95 of the Complaint.

96. The Outside Directors state that the January 27, 2011 Financial Crisis Inquiry Commission's report referenced in paragraph 96 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 96 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 96 and 97 of the Complaint.

97. The Outside Directors deny the allegations of paragraph 97 of the Complaint.

98. The Outside Directors deny the allegations of paragraph 98 of the Complaint.

99. The Outside Directors state that the Interagency Guidance and any correspondence referenced in paragraph 99 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 99 of the Complaint.

100. The Outside Directors state that the Interagency Guidance referenced in paragraph 100 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 100 of the Complaint.

101. The Outside Directors state that the *Wall Street Journal* article referenced in paragraph 101 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 101 of the Complaint.

102. The Outside Directors state that the Interagency Guidance referenced in paragraph 102 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors

deny the allegations in paragraph 102 of the Complaint.

103. The Outside Directors state that the Interagency Guidance referenced in paragraph 103 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 103 of the Complaint.

104. The Outside Directors state that the October 2007 *Wall Street Journal* article referenced in paragraph 104 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors admit that Countrywide filed a November 9, 2007 Form 10-Q; to the extent paragraph 104 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 104 of the Complaint.

105. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 105 of the Complaint.

106. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 106 of the Complaint.

107. The Outside Directors state that the alleged public filings referenced in paragraph 107 of the Complaint speak for themselves, and deny any

characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 107 of the Complaint.

108. The Outside Directors deny the allegations of paragraph 108 of the Complaint.

109. The Outside Directors deny the allegations in the first and last sentences of paragraph 109. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 109. The Outside Directors state that the complaint filed against Countrywide by Ambac Assurance Corporation referenced in paragraph 109 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 109 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 109 and 110 of the Complaint.

110. The Outside Directors deny the allegations of paragraph 110 of the Complaint.

111. The Outside Directors deny the allegations of paragraph 111 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 111 and 112 of the Complaint.

112. The Outside Directors state that "CLD Underwriting Matrices" referenced in paragraph 112 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint regarding statements made to or by the unnamed confidential witnesses. Except as expressly stated, the Outside Directors deny the allegations in paragraph 112 of the Complaint.

113. The Outside Directors lack knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 113 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 113 of the Complaint.

114. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint regarding statements made to or by the unnamed confidential witnesses. Except as expressly stated, the Outside Directors deny the allegations in paragraph 114 of the Complaint.

115. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Complaint regarding statements made to or by the unnamed confidential witnesses. Except as expressly stated, the Outside Directors deny the allegations in paragraph 115 of the Complaint.

116. The Outside Directors state that the Financial Crisis Inquiry Commission's report referenced in paragraph 116 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 116 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 116 and 117 of the Complaint.

117. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint. Except as expressly stated, the Outside Directors deny the allegations in paragraph 117 of the Complaint.

118. The Outside Directors deny the allegations of paragraph 118 of the Complaint.

119. The Outside Directors lack knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 119 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 119 of the Complaint.

120. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Complaint regarding plaintiff's investigation and statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 120 of the Complaint.

121. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 121 of the Complaint.

122. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 122 of the Complaint.

123. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 123 of the Complaint.

124. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 124 of the

Complaint.

125. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 125 of the Complaint.

126. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 126 of the Complaint.

127. The Outside Directors deny the allegations of paragraph 127 of the Complaint, state that the SEC complaint referenced in paragraph 127 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 127 of the Complaint.

128. The Outside Directors deny the allegations of paragraph 128 of the Complaint, state that the SEC complaint referenced in paragraph 128 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 128 of the Complaint.

129. The Outside Directors deny the allegations of paragraph 129 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 129 and 130 of the Complaint.

130. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Complaint regarding statements made to or by the unnamed confidential witnesses. Except as

expressly stated, the Outside Directors deny the allegations in paragraph 130 of the Complaint.

131. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 131 of the Complaint.

132. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 132 of the Complaint.

133. The Outside Directors state that the August 26, 2007 *New York Times* article referenced in paragraph 133 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 133 of the Complaint.

134. The Outside Directors state that the August 26, 2007 *New York Times* article referenced in paragraph 134 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 134 of the Complaint.

135. The Outside Directors state that the November 11, 2007 *New York Times* article referenced in paragraph 135 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 135 of the Complaint.

136. The Outside Directors lack knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 136 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 136 of the Complaint.

137. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 137 of the Complaint.

138. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Complaint regarding statements made to or by the unnamed confidential witnesses. Except as expressly stated, the Outside Directors deny the allegations in paragraph 138 of the Complaint.

139. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Complaint regarding statements made to or by the unnamed confidential witnesses. Except as expressly stated, the Outside Directors deny the allegations in paragraph 139 of the Complaint.

140. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 140 of the Complaint.

141. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 141 of the

Complaint.

142. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 142 of the Complaint.

143. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint regarding statements made to or by the unnamed confidential witnesses. Except as expressly stated, the Outside Directors deny the allegations in paragraph 143 of the Complaint.

144. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint regarding statements made to or by the unnamed confidential witnesses. Except as expressly stated, the Outside Directors deny the allegations in paragraph 144 of the Complaint.

145. The Outside Directors state that the November 13, 2008 *Businessweek* article referenced in paragraph 145 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 145 of the Complaint.

146. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Complaint regarding statements made to or by the unnamed confidential witnesses. Except as expressly stated, the Outside Directors deny the allegations in paragraph 146 of the Complaint.

147. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the Complaint regarding statements made to or by the unnamed confidential witness. The Outside

Directors also state that the January 17, 2008 *Businessweek* article referenced in paragraph 147 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 147 of the Complaint.

148. The Outside Directors state that the November 4, 2010 *Huffington Post* article referenced in paragraph 148 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 148 of the Complaint.

149. The Outside Directors state that the Financial Crisis Inquiry Commission report referenced in paragraph 149 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 149 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 149 and 150 of the Complaint.

150. The Outside Directors deny the allegations in paragraph 150 of the Complaint. Furthermore, the Outside Directors state that paragraph 150 of the Complaint contains conclusions of law to which no response is required.

151. The Outside Directors state that the *Interagency Guidelines* referenced in paragraph 151 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 151 of the Complaint.

152. The Outside Directors state that the complaint referenced in paragraph 152 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the Complaint regarding statements made to or by Mr. Zachary. Except as expressly stated, the Outside Directors deny the allegations in

paragraph 152 of the Complaint.

153. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Complaint regarding statements made to or by Mr. Zachary. Except as expressly stated, the Outside Directors deny the allegations in paragraph 153 of the Complaint.

154. The Outside Directors state that the complaint referenced in paragraph 154 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the Complaint regarding statements made to or by Capital West. To the extent that paragraph 154 of the Complaint contains conclusions of law, no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 154 of the Complaint.

155. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Complaint regarding statements made to or by Capital West. Except as expressly stated, the Outside Directors deny the allegations in paragraph 155 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 155 and 156 of the Complaint.

156. The Outside Directors state that the Reuters and *New York Times* articles referenced in paragraph 156 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 156 of the Complaint.

157. The Outside Directors deny the allegations in paragraph 157 of the Complaint.

158. The Outside Directors admit that Countrywide filed a July 24, 2007 Form 8-K and press release; to the extent paragraph 158 of the Complaint refers to

information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. The Outside Directors state that the statements allegedly made during the July 24, 2007 conference call referenced in paragraph 158 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 158 of the Complaint.

159. The Outside Directors state that the *New York Times* article referenced in paragraph 159 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 159 of the Complaint.

160. The Outside Directors state that the *New York Times* article referenced in paragraph 160 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 160 of the Complaint.

161. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 161 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 161 and 162 of the Complaint.

162. The Outside Directors deny the allegations of paragraph 162 of the Complaint. The Outside Directors further state that paragraph 162 consists of conclusions of law to which no response is required.

163. The Outside Directors deny the allegations of paragraph 163 of the Complaint.

164. The Outside Directors state that the *Expanded Guidance for Subprime Lending Programs* referenced in paragraph 164 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 164 of the Complaint.

165. The Outside Directors state that the *Expanded Guidance for Subprime Lending Programs* referenced in paragraph 165 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 165 of the Complaint.

166. The Outside Directors state that the Office of Thrift Supervision's (the "OTS") February 2001 transmittal letter and the *Expanded Guidance for Subprime Lending Programs* referenced in paragraph 166 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 166 of the Complaint.

167. The Outside Directors state that the Freddie Mac February 2003 public guidelines referenced in paragraph 167 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 167 of the Complaint.

168. The Outside Directors state that remarks allegedly made by Mozilo and Sambol at the September 13, 2006 investor conference and by Mozilo at the September 13, 2005 analyst call, referenced in paragraph 168 of the Complaint, speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 168 of the Complaint.

169. The Outside Directors deny the allegations of paragraph 169 of the

Complaint. The Outside Directors also lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 of the Complaint regarding statements made to or by the unnamed confidential witnesses. Except as expressly stated, the Outside Directors deny the allegations in paragraph 169 of the Complaint.

170. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 170 of the Complaint.

171. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 171 of the Complaint.

172. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 of the Complaint regarding statements made to or by the unnamed confidential witnesses. Except as expressly stated, the Outside Directors deny the allegations in paragraph 172 of the Complaint.

173. The Outside Directors state that remarks allegedly made by McMurray at the July 24, 2007 conference call referenced in paragraph 173 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Furthermore, to the extent paragraph 173 of the Complaint refers to information that appears in the Countrywide's public filings with the SEC, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 173 of the

Complaint.

174. The Outside Directors state that remarks allegedly made by the HSBC Securities analyst at the July 24, 2007 conference call referenced in paragraph 174 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 174 of the Complaint.

175. The Outside Directors state that remarks allegedly made by the HSBC Securities analyst at the Company's July 24, 2007 conference call referenced in paragraph 175 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 175 of the Complaint.

176. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 176 of the Complaint.

177. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 177 of the Complaint.

178. The Outside Directors state that remarks allegedly made in the July 27, 2007 analyst report by Stifel Nicolaus, referenced in paragraph 178 of the Complaint, speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 178 of the Complaint.

179. The Outside Directors state that remarks allegedly made in the July 27, 2007 analyst report by Stifel Nicolaus, referenced in paragraph 179 of the

Complaint, speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 179 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 179 and 180 of the Complaint.

180. The Outside Directors state that the August 26, 2007 *New York Times* article referenced in paragraph 180 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 180 of the Complaint.

181. The Outside Directors state that the *Interagency Guidance* referenced in paragraph 181 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 181 of the Complaint.

182. The Outside Directors state that the February 2008 *Wall Street Journal* article referenced in paragraph 182 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 182 of the Complaint.

183. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 183 of the Complaint.

184. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 of the Complaint regarding statements made to or by the unnamed confidential witnesses. Except as expressly stated, the Outside Directors deny the allegations in paragraph 184 of the Complaint.

185. The Outside Directors deny the allegations of paragraph 185 of the

Complaint.

The Outside Directors deny the allegations appearing between paragraphs 185 and 186 of the Complaint.

186. The Outside Directors state that GAAP speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors state that paragraph 186 of the Complaint contains conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 186 of the Complaint.

187. The Outside Directors deny the allegations of paragraph 187 of the Complaint. The Outside Directors also state that paragraph 187 of the Complaint contains conclusions of law to which no response is required.

188. The Outside Directors state that GAAP speaks for itself, and deny any characterizations inconsistent with its contents. To the extent paragraph 188 of the Complaint refers to information that appears in the Company's public filings with the SEC, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 188 of the Complaint.

189. The Outside Directors state that SFAS No. 140 referenced in paragraph 189 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 189 of the Complaint.

190. The Outside Directors state that SFAS No. 140 referenced in paragraph 190 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 190 of the Complaint.

191. The Outside Directors state that the AAG referenced in paragraph 191 of the Complaint speaks for itself, and deny any characterizations inconsistent with

its contents. The Outside Directors also state that, to the extent paragraph 191 of the Complaint contains conclusions of law, no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 191 of the Complaint.

192. The Outside Directors state that the ARA referenced in paragraph 192 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 of the Complaint regarding the development of the ARA. Except as expressly stated, the Outside Directors deny the allegations in paragraph 192 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 192 and 193 of the Complaint.

193. The Outside Directors state that the issuances of AICPA referenced in paragraph 193 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 193 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 193 and 194 of the Complaint.

194. The Outside Directors state that the ARA referenced in paragraph 194 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 194 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 194 and 195 of the Complaint.

195. The Outside Directors deny the allegations in paragraph 195 of the Complaint and state that the ARA referenced in paragraph 195 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph

195 of the Complaint.

196. The Outside Directors state that the ARA referenced in paragraph 196 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. To the extent paragraph 196 of the Complaint refers to information that appears in Countrywide's public filings with the SEC, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 196 of the Complaint.

197. The Outside Directors state that the ARA referenced in paragraph 194 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 197 of the Complaint.

198. The Outside Directors state that the SEC Staff Accounting Bulletin No. 102 referenced in paragraph 198 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 198 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 198 and 199 of the Complaint.

199. The Outside Directors state that the 2006 ARA and the AAM referenced in paragraph 199 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. The Outside Directors further state that GAAP speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 199 of the Complaint.

200. The Outside Directors state that the 2006 ARA referenced in paragraph 200 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors further state that GAAP speaks for itself, and deny any characterizations inconsistent with

its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 200 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 200 and 201 of the Complaint.

201. The Outside Directors state that the Audit & Accounting Guide ("AAG") referenced in paragraph 201 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 201 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 201 and 202 of the Complaint.

202. The Outside Directors admit that Countrywide filed Forms 10-K; to the extent paragraph 202 of the Complaint refers to information that appears in the Forms 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Forms 10-K that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 202 of the Complaint.

203. The Outside Directors state that GAAP speaks for itself, and, to the extent paragraph 203 of the Complaint references GAAP, deny any characterizations inconsistent with its contents. The Outside Directors admit that Countrywide filed Forms 10-K; to the extent paragraph 203 of the Complaint refers to information that appears in those public statements, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the statements that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 203 of the Complaint.

204. The Outside Directors state that SFAS No. 5 referenced in paragraph 204 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 204 of the Complaint.

205. The Outside Directors state that SAB 102 referenced in paragraph 205 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 205 of the Complaint.

206. The Outside Directors state that SAB 102 referenced in paragraph 206 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 206 of the Complaint.

207. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 207 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 207 of the Complaint.

208. The Outside Directors state that the AAG referenced in paragraph 208 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 208 of the Complaint.

209. The Outside Directors admit that Countrywide filed Forms 10-K; to the extent paragraph 209 of the Complaint refers to information that appears in the Forms 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Forms 10-K that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 209 of the Complaint.

210. The Outside Directors state that the AAG referenced in paragraph 210 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 210 of the Complaint.

211. The Outside Directors state that AAG, GAAP, SFAS No. 5, and SAB 102 referenced in paragraph 211 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. The Outside Directors also state that paragraph 211 of the Complaint contains conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 211 of the Complaint.

212. The Outside Directors deny the allegations of paragraph 212 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 212 and 213 of the Complaint.

213. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 213 of the Complaint.

214. The Outside Directors admit that Countrywide filed public filings with the SEC, and to the extent paragraph 214 of the Complaint refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 214 of the Complaint.

215. The Outside Directors state that the AAG, the AAM, and SAB 102 referenced in paragraph 215 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 215 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs

215 and 216 of the Complaint.

216. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 216 of the Complaint.

217. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 217 of the Complaint.

218. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 218 of the Complaint.

219. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 219 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the

allegations in paragraph 219 of the Complaint.

220. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 220 of the Complaint.

221. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 221 of the Complaint.

222. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 222 of the Complaint.

223. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. The Outside Directors state that paragraph 223 of the Complaint

contains conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 223 of the Complaint.

224. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 224 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 224 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 224 and 225 of the Complaint.

225. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. The Outside Directors further state that the AAM speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 225 of the Complaint.

226. The Outside Directors state that the AAG referenced in paragraph 226 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 226 of the Complaint.

227. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public

filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 227 of the Complaint.

228. The Outside Directors deny the allegations of paragraph 228 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 228 and 229 of the Complaint.

229. The Outside Directors state that SFAS No. 140 and SFAS No. 115 referenced in paragraph 229 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 229 of the Complaint.

230. The Outside Directors admit that Countrywide filed Forms 10-K; to the extent paragraph 230 of the Complaint refers to information that appears in the Forms 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Forms 10-K that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 230 of the Complaint.

231. The Outside Directors state that SFAS No. 140, the AAM, and the AAG referenced in paragraph 231 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 231 of the Complaint.

232. The Outside Directors admit that Countrywide filed Forms 10-K; to the extent paragraph 232 of the Complaint refers to information that appears in the Forms 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Forms 10-K that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 232 of the Complaint.

233. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233 of the Complaint. Except as expressly stated, the Outside Directors deny the allegations in paragraph 233 of the Complaint.

234. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234 of the Complaint. Except as expressly stated, the Outside Directors deny the allegations in paragraph 234 of the Complaint.

235. The Outside Directors state that SFAS No. 140 referenced in paragraph 235 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 235 of the Complaint.

236. The Outside Directors admit that Countrywide filed Forms 10-K; to the extent paragraph 236 of the Complaint refers to information that appears in the Forms 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Forms 10-K that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 236 of the Complaint.

237. The Outside Directors state that SFAS No. 140 referenced in paragraph 237 speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 237 of the Complaint.

238. To the extent paragraph 238 of the Complaint refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. The Outside Directors further state that the AAM referenced in paragraph 238 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as

expressly stated, the Outside Directors deny the allegations in paragraph 238 of the Complaint.

239. The Outside Directors state that SFAS No. 140 and SFAS No. 115 referenced in paragraph 239 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 239 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 239 and 240 of the Complaint.

240. The Outside Directors admit the allegation in the first sentence of paragraph 240 and deny all the other allegations of paragraph 240 of the Complaint.

241. The Outside Directors deny the allegations in paragraph 241 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 241 and 242 of the Complaint.

242. The Outside Directors admit that Countrywide filed Forms 10-K; to the extent paragraph 242 of the Complaint refers to information that appears in the Forms 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Forms 10-K that are inconsistent with their contents. The Outside Directors state that SFAS 140 referenced in paragraph 242 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 242 of the Complaint.

243. The Outside Directors admit that Countrywide filed Forms 10-K; to the extent paragraph 243 of the Complaint refers to information that appears in the Forms 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Forms 10-K that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 243 of the Complaint.

244. The Outside Directors state that SFAS No. 140 and SFAS No. 156 referenced in paragraph 244 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 244 of the Complaint.

245. The Outside Directors state that SFAS No. 156 referenced in paragraph 245 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 245 of the Complaint.

246. The Outside Directors admit that Countrywide filed a third quarter 2007 Form 10-Q; to the extent paragraph 246 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 246 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 246 and 247 of the Complaint.

247. The Outside Directors admit that Countrywide filed a 2007 Form 10-K; to the extent paragraph 247 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 247 of the Complaint.

248. The Outside Directors admit that Countrywide filed Forms 10-K; to the extent paragraph 248 of the Complaint refers to information that appears in the Forms 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Forms 10-K that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 248 of the Complaint.

249. To the extent paragraph 249 of the Complaint refers to information that appears in Countrywide's Forms 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Forms 10-K that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 249 of the Complaint.

250. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 250 of the Complaint.

251. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 251 of the Complaint.

252. The Outside Directors admit that Countrywide filed a third quarter 2007 Form 10-Q and a 2006 Form 10-K; to the extent paragraph 252 of the Complaint refers to information that appears in the Form 10-Q or the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q or Form 10-K that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 252 of the Complaint.

253. The Outside Directors admit that Countrywide filed a 2007 Form 10-K; to the extent paragraph 253 of the Complaint refers to information that

appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 253 of the Complaint.

254. The Outside Directors deny the allegations of paragraph 254 of the Complaint.

255. The Outside Directors admit that Countrywide filed a 2007 Form 10-K; to the extent paragraph 255 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 255 of the Complaint.

256. The Outside Directors admit that Countrywide filed a 2007 Form 10-K; to the extent paragraph 256 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 256 of the Complaint.

257. The Outside Directors deny the allegations in paragraph 257 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 257 and 258 of the Complaint.

258. The Outside Directors state that Countrywide's SEC filings referenced in paragraph 258 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 258 of the Complaint.

259. The Outside Directors admit that Countrywide filed a 2007 Form 10-K; to the extent paragraph 259 of the Complaint refers to information that

appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 259 of the Complaint.

260. The Outside Directors deny the allegations of paragraph 260 of the Complaint.

261. The Outside Directors deny the allegations of paragraph 261 of the Complaint.

262. The Outside Directors deny the allegations of paragraph 262 of the Complaint.

263. The Outside Directors state that GAAP and SFAS 5 referenced in paragraph 263 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 263 of the Complaint.

264. The Outside Directors state that SFAS 140 and EITF 92-2 referenced in paragraph 264 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 264 of the Complaint.

265. The Outside Directors state that SFAS 140 and EITF 92-2 referenced in paragraph 265 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 265 of the Complaint.

266. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the

allegations in paragraph 266 of the Complaint.

267. The Outside Directors state that GAAP speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 267 of the Complaint.

268. The Outside Directors state that SFAS 5, SFAS 140, and EITF 92-2 referenced in paragraph 268 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 268 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 268 and 269 of the Complaint.

269. The Outside Directors deny the allegations of paragraph 269 of the Complaint.

270. The Outside Directors deny the allegations of paragraph 270 of the Complaint.

271. The Outside Directors deny the allegations of paragraph 271 of the Complaint.

272. The Outside Directors admit that Countrywide filed a 2007 Form 10-K; to the extent paragraph 272 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 272 of the Complaint.

273. The Outside Directors state that the Committee of Sponsoring Organizations of the Treadway Commission's ("COSO") definition of "internal controls" referenced in paragraph 273 of the Complaint speaks for itself, and deny any characterizations inconsistent with that definition. Except as expressly stated, the Outside Directors deny the allegations in paragraph 273 of the Complaint.

274. The Outside Directors state that COSO's Framework Executive Summary referenced in paragraph 274 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 274 of the Complaint.

275. The Outside Directors state that the COSO Framework referenced in paragraph 275 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 275 of the Complaint.

276. The Outside Directors state that the COSO Framework referenced in paragraph 276 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 276 of the Complaint.

277. The Outside Directors state that SEC Release No. 33-8238 and PCAOB Auditing Standards No. 2, ¶ 10 referenced in paragraph 277 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. To the extent that paragraph 277 of the Complaint consists of conclusions of law, no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 277 of the Complaint.

278. The Outside Directors state that paragraph 278 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 278 of the Complaint.

279. The Outside Directors admit that Countrywide filed Forms 10-K; to the extent paragraph 279 of the Complaint refers to information that appears in the Forms 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Forms 10-K that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 279 of the Complaint.

280. The Outside Directors deny the allegations of paragraph 280 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 280 and 281 of the Complaint.

281. The Outside Directors state that Countrywide's SEC filings referenced in paragraph 281 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 281 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 281 and 282 of the Complaint.

282. The Outside Directors further state that Countrywide's SEC filings referenced in paragraph 282 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 282 of the Complaint.

283. The Outside Directors deny the allegations of paragraph 283 of the Complaint.

284. The Outside Directors deny the allegations of paragraph 284 of the Complaint.

285. The Outside Directors deny the allegations of paragraph 285 of the Complaint.

286. The Outside Directors deny the allegations of paragraph 286 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 286 and 287 of the Complaint.

287. The Outside Directors state that Countrywide's SEC filings referenced in paragraph 287 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 287 of the Complaint.

288. The Outside Directors deny the allegations of paragraph 288 of the Complaint.

289. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 289 of the Complaint. Except as expressly stated, the Outside Directors deny the allegations of paragraph 289 of the Complaint.

290. The Outside Directors deny the allegations of paragraph 290 of the Complaint.

291. The Outside Directors deny the allegations of paragraph 291 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 291 and 292 of the Complaint.

292. The Outside Directors deny the allegations of paragraph 292 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 292 and 293 of the Complaint.

293. The Outside Directors admit that Countrywide filed a 2003 Form 10-K; to the extent paragraph 293 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 293 of the Complaint.

294. The Outside Directors admit that Countrywide filed a 2003 Form 10-K; to the extent paragraph 294 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 294 of the Complaint.

295. The Outside Directors admit that Countrywide filed a 2003 Form 10-K; to the extent paragraph 295 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 295 of the Complaint.

296. The Outside Directors admit that Countrywide filed a 2003 Form 10-K; to the extent paragraph 296 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 296 of the Complaint.

297. The Outside Directors admit that Countrywide filed a 2003 Form 10-K; to the extent paragraph 297 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 297 of the Complaint.

298. The Outside Directors state that the statements allegedly made by Mozilo during the April 2004 conference call referenced in paragraph 298 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 298 of the Complaint.

299. The Outside Directors admit that Countrywide filed a 2003 Form 10-K; to the extent paragraph 299 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors

deny the allegations in paragraph 299 of the Complaint.

300. The Outside Directors deny the allegations in paragraph 300 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 300 and 301 of the Complaint.

301. The Outside Directors admit that Countrywide filed an April 21, 2004 Form 8-K and press release; to the extent paragraph 301 of the Complaint refers to information that appears in the Form 8-K and press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 301 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 301 and 302 of the Complaint.

302. The Outside Directors deny the allegations in paragraph 302 of the Complaint.

303. The Outside Directors state that the remarks allegedly made by Mozilo during the conference call referenced in paragraph 303 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 303 of the Complaint.

304. The Outside Directors state that the remarks allegedly made by Mozilo during the April 2004 conference call referenced in paragraph 304 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 304 of the Complaint.

305. The Outside Directors state that the remarks allegedly made by Mozilo during the April 2004 conference call referenced in paragraph 305 of the Complaint

speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 305 of the Complaint.

306. The Outside Directors state that the remarks allegedly made by Kurland during the April 2004 conference call referenced in paragraph 306 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 306 of the Complaint.

307. The Outside Directors deny the allegations in paragraph 307 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 307 and 308 of the Complaint.

308. The Outside Directors admit that Countrywide filed a first quarter 2004 Form 10-Q; to the extent paragraph 308 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 308 of the Complaint.

309. The Outside Directors admit that Countrywide filed a first quarter 2004 Form 10-Q; to the extent paragraph 309 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 309 of the Complaint.

310. The Outside Directors admit that Countrywide filed a first quarter 2004 Form 10-Q; to the extent paragraph 310 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the

Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 310 of the Complaint.

311. The Outside Directors admit that Countrywide filed a first quarter 2004 Form 10-Q; to the extent paragraph 311 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 311 of the Complaint.

312. The Outside Directors admit that Countrywide filed a first quarter 2004 Form 10-Q; to the extent paragraph 312 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 312 of the Complaint.

313. The Outside Directors admit that Countrywide filed a first quarter 2004 Form 10-Q; to the extent paragraph 313 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 313 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 313 and 314 of the Complaint.

314. The Outside Directors admit that Countrywide filed an amended first quarter 2004 Form 10-Q/A; to the extent paragraph 314 of the Complaint refers to information that appears in the Form 10-Q/A, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q/A that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 314 of the Complaint.

315. The Outside Directors deny the allegations in paragraph 315 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 315 and 316 of the Complaint.

316. The Outside Directors admit that Countrywide filed a Form 8-K on July 26, 2004, attaching a press release; to the extent paragraph 316 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 316 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 316 and 317 of the Complaint.

317. The Outside Directors state that the remarks allegedly made by Mozilo during the conference call referenced in paragraph 317 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 317 of the Complaint.

318. The Outside Directors state that the remarks allegedly made by Mozilo during the conference call referenced in paragraph 318 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 318 of the Complaint.

319. The Outside Directors deny the allegations in paragraph 319 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 319 and 320 of the Complaint.

320. The Outside Directors admit that Countrywide filed a second quarter

2004 Form 10-Q; to the extent paragraph 320 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 320 of the Complaint.

321. The Outside Directors admit that Countrywide filed a second quarter 2004 Form 10-Q; to the extent paragraph 321 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 321 of the Complaint.

322. The Outside Directors admit that Countrywide filed a second quarter 2004 Form 10-Q; to the extent paragraph 322 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 322 of the Complaint.

323. The Outside Directors admit that Countrywide filed a second quarter 2004 Form 10-Q; to the extent paragraph 323 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 323 of the Complaint.

324. The Outside Directors admit that Countrywide filed a second quarter 2004 Form 10-Q; to the extent paragraph 324 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the

Outside Directors deny the allegations in paragraph 324 of the Complaint.

325. The Outside Directors admit that Countrywide filed a second quarter 2004 Form 10-Q; to the extent paragraph 325 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 325 of the Complaint.

326. The Outside Directors admit that Countrywide filed a second quarter 2004 Form 10-Q; to the extent paragraph 326 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 326 of the Complaint.

327. The Outside Directors admit that Countrywide filed a second quarter 2004 Form 10-Q; to the extent paragraph 327 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 327 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 327 and 328 of the Complaint.

328. The Outside Directors admit that Countrywide filed an amended second quarter 2004 Form 10-Q/A; to the extent paragraph 328 of the Complaint refers to information that appears in the Form 10-Q/A, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q/A that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 328 of the Complaint.

329. The Outside Directors admit that Countrywide filed an amended

second quarter 2004 Form 10-Q/A; to the extent paragraph 329 of the Complaint refers to information that appears in the Form 10-Q/A and the accompanying press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q/A or the accompanying press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 329 of the Complaint.

330. The Outside Directors deny the allegations in paragraph 330 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 330 and 331 of the Complaint.

331. The Outside Directors admit that Countrywide filed an October 20, 2004 Form 8-K and press release; to the extent paragraph 331 of the Complaint refers to information that appears in the Form 8-K and press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 331 of the Complaint.

332. The Outside Directors admit that Countrywide filed an October 20, 2004 Form 8-K and press release; to the extent paragraph 332 of the Complaint refers to information that appears in the Form 8-K and press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 332 of the Complaint.

333. The Outside Directors deny the allegations in paragraph 333 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 333 and 334 of the Complaint.

334. The Outside Directors state that the remarks allegedly made by Mozilo during the conference call referenced in paragraph 334 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 334 of the Complaint.

335. The Outside Directors state that the remarks allegedly made by Mozilo during the conference call referenced in paragraph 335 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 335 of the Complaint.

336. The Outside Directors deny the allegations in paragraph 336 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 336 and 337 of the Complaint.

337. The Outside Directors admit that Countrywide filed a third quarter 2004 Form 10-Q; to the extent paragraph 337 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 337 of the Complaint.

338. The Outside Directors admit that Countrywide filed a third quarter 2004 Form 10-Q; to the extent paragraph 338 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 338 of the Complaint.

339. The Outside Directors admit that Countrywide filed a third quarter 2004 Form 10-Q; to the extent paragraph 339 of the Complaint refers to

information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 339 of the Complaint.

340. The Outside Directors admit that Countrywide filed a third quarter 2004 Form 10-Q; to the extent paragraph 340 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 340 of the Complaint.

341. The Outside Directors admit that Countrywide filed a third quarter 2004 Form 10-Q; to the extent paragraph 341 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 341 of the Complaint.

342. The Outside Directors admit that Countrywide filed a third quarter 2004 Form 10-Q; to the extent paragraph 342 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 342 of the Complaint.

343. The Outside Directors admit that Countrywide filed a third quarter 2004 Form 10-Q; to the extent paragraph 343 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 343 of the Complaint.

344. The Outside Directors admit that Countrywide filed a third quarter 2004 Form 10-Q; to the extent paragraph 344 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 344 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 344 and 345 of the Complaint.

345. The Outside Directors admit that Countrywide filed an amended third quarter 2004 Form 10-Q/A; to the extent paragraph 345 of the Complaint refers to information that appears in the Form 10-Q/A, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q/A that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 345 of the Complaint.

346. The Outside Directors deny the allegations in paragraph 346 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 346 and 347 of the Complaint.

347. The Outside Directors admit that Countrywide filed a February 2, 2005 Form 8-K and press release; to the extent paragraph 347 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 347 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 347 and 348 of the Complaint.

348. The Outside Directors state that the remarks allegedly made by

Kurland during the conference call referenced in paragraph 348 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 348 of the Complaint.

349. The Outside Directors deny the allegations in paragraph 349 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 349 and 350 of the Complaint.

350. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 350 of the Complaint.

351. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 351 of the Complaint.

352. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 352 of the Complaint.

353. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 353 of the Complaint.

354. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 354 of the Complaint.

355. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 355 of the Complaint.

356. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 356 of the Complaint.

357. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 357 of the Complaint.

358. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 358 of the Complaint.

359. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 359 of the Complaint.

360. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 360 of the Complaint.

361. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 361 of the Complaint.

362. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 362 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 362 and 363 of the Complaint.

363. The Outside Directors state that the remarks allegedly made by Mozilo during the March 15, 2005 conference referenced in paragraph 363 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 363 of the Complaint.

364. The Outside Directors state that the remarks allegedly made by Mozilo during the March 15, 2005 conference referenced in paragraph 364 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 364 of the Complaint.

365. The Outside Directors state that the remarks allegedly made by Mozilo during the March 15, 2005 conference call referenced in paragraph 365 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 365 of the Complaint.

366. The Outside Directors state that the remarks allegedly made by Mozilo during the March 15, 2005 conference call referenced in paragraph 366 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 366 of the Complaint.

367. The Outside Directors deny the allegations in paragraph 367 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 367 and 368 of the Complaint.

368. The Outside Directors admit that Countrywide filed an April 26, 2005 Form 8-K and press release; to the extent paragraph 368 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 368 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 368 and 369 of the Complaint.

369. The Outside Directors state that the remarks allegedly made by Mozilo during the April 26, 2005 conference call referenced in paragraph 369 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 369 of the Complaint.

370. The Outside Directors state that the remarks allegedly made by Kurland during the April 26, 2005 conference call referenced in paragraph 370 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 370 of the Complaint.

371. The Outside Directors deny the allegations in paragraph 371 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 371 and 372 of the Complaint.

372. The Outside Directors admit that Countrywide filed a first quarter 2005 Form 10-Q; to the extent paragraph 372 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that

Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 372 of the Complaint.

373. The Outside Directors admit that Countrywide filed a first quarter 2005 Form 10-Q; to the extent paragraph 373 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 373 of the Complaint.

374. The Outside Directors admit that Countrywide filed a first quarter 2005 Form 10-Q; to the extent paragraph 374 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 374 of the Complaint.

375. The Outside Directors admit that Countrywide filed a first quarter 2005 Form 10-Q; to the extent paragraph 375 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 375 of the Complaint.

376. The Outside Directors admit that Countrywide filed a first quarter 2005 Form 10-Q; to the extent paragraph 376 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 376 of the Complaint.

377. The Outside Directors admit that Countrywide filed a first quarter

2005 Form 10-Q; to the extent paragraph 377 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 377 of the Complaint.

378. The Outside Directors deny the allegations in paragraph 378 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 378 and 379 of the Complaint.

379. The Outside Directors state that the remarks allegedly made at the analyst meeting referenced in paragraph 379 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 379 of the Complaint.

380. The Outside Directors state that the remarks allegedly made at the May 24, 2005 meeting referenced in paragraph 380 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 380 of the Complaint.

381. The Outside Directors state that the remarks allegedly made at the May 24, 2005 meeting referenced in paragraph 381 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 381 of the Complaint.

382. The Outside Directors deny the allegations in paragraph 382 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 382 and 383 of the Complaint.

383. The Outside Directors state that the remarks allegedly made by Mozilo during the June 2, 2005 conference referenced in paragraph 383 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 383 of the Complaint.

384. The Outside Directors state that the remarks allegedly made by Mozilo during the June 2, 2005 conference referenced in paragraph 384 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 384 of the Complaint.

385. The Outside Directors state that the remarks allegedly made by Mozilo during the June 2, 2005 conference referenced in paragraph 385 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 385 of the Complaint.

386. The Outside Directors state that the remarks allegedly made by Mozilo during the June 2, 2005 conference referenced in paragraph 386 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 386 of the Complaint.

387. The Outside Directors deny the allegations in paragraph 387 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 387 and 388 of the Complaint.

388. The Outside Directors admit that Countrywide filed a July 26, 2005 Form 8-K and press release; to the extent paragraph 388 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations

of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 388 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 388 and 389 of the Complaint.

389. The Outside Directors state that the remarks allegedly made by Kurland, Mozilo, and Sieracki during the July 26, 2005 conference call referenced in paragraph 389 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 389 of the Complaint.

390. The Outside Directors that the remarks allegedly made by Mozilo during the July 26, 2005 conference call referenced in paragraph 390 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 390 of the Complaint.

391. The Outside Directors state that the remarks allegedly made by Mozilo and Kurland during the July 26, 2005 conference call referenced in paragraph 391 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 391 of the Complaint.

392. The Outside Directors state that the remarks allegedly made by Mozilo during the July 26, 2005 conference call referenced in paragraph 392 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 392 of the Complaint.

393. The Outside Directors state that the remarks allegedly made by Kurland and Sieracki during the July 26, 2005 conference call referenced in paragraph 393 of the Complaint speak for themselves, and deny any

characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 393 of the Complaint.

394. The Outside Directors state that the remarks allegedly made during the July 26, 2005 conference call referenced in paragraph 394 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 394 of the Complaint.

395. The Outside Directors deny the allegations in paragraph 395 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 395 and 396 of the Complaint.

396. The Outside Directors admit that Countrywide filed a second quarter 2005 Form 10-Q; to the extent paragraph 396 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 396 of the Complaint.

397. The Outside Directors admit that Countrywide filed a second quarter 2005 Form 10-Q; to the extent paragraph 397 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 397 of the Complaint.

398. The Outside Directors admit that Countrywide filed a second quarter 2005 Form 10-Q; to the extent paragraph 398 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the

Outside Directors deny the allegations in paragraph 398 of the Complaint.

399. The Outside Directors admit that Countrywide filed a second quarter 2005 Form 10-Q; to the extent paragraph 399 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 399 of the Complaint.

400. The Outside Directors admit that Countrywide filed a second quarter 2005 Form 10-Q; to the extent paragraph 400 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 400 of the Complaint.

401. The Outside Directors admit that Countrywide filed a second quarter 2005 Form 10-Q; to the extent paragraph 401 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 401 of the Complaint.

402. The Outside Directors admit that Countrywide filed a second quarter 2005 Form 10-Q; to the extent paragraph 402 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 402 of the Complaint.

403. The Outside Directors admit that Countrywide filed a second quarter 2005 Form 10-Q; to the extent paragraph 403 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that

Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 403 of the Complaint.

404. The Outside Directors deny the allegations in paragraph 404 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 404 and 405 of the Complaint.

405. The Outside Directors state that the remarks allegedly made by Mozilo during the September 13, 2005 conference call referenced in paragraph 405 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 405 of the Complaint.

406. The Outside Directors state that the remarks allegedly made by Mozilo during the September 13, 2005 conference call referenced in paragraph 406 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 406 of the Complaint.

407. The Outside Directors deny the allegations in paragraph 407 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 407 and 408 of the Complaint.

408. The Outside Directors admit that Countrywide filed an October 27, 2005 Form 8-K and press release; to the extent paragraph 408 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 408 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 408 and 409 of the Complaint.

409. The Outside Directors state that the remarks allegedly made during the October 27, 2005 conference call referenced in paragraph 409 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 409 of the Complaint.

410. The Outside Directors deny the allegations in paragraph 410 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 410 and 411 of the Complaint.

411. The Outside Directors admit that Countrywide filed a third quarter Form 10-Q; to the extent paragraph 411 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 411 of the Complaint.

412. The Outside Directors admit that Countrywide filed a third quarter Form 10-Q; to the extent paragraph 412 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 412 of the Complaint.

413. The Outside Directors admit that Countrywide filed a third quarter 2005 Form 10-Q; to the extent paragraph 413 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the

Outside Directors deny the allegations in paragraph 413 of the Complaint.

414. The Outside Directors admit that Countrywide filed a third quarter 2005 Form 10-Q; to the extent paragraph 414 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 414 of the Complaint.

415. The Outside Directors admit that Countrywide filed a third quarter 2005 Form 10-Q; to the extent paragraph 415 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 415 of the Complaint.

416. The Outside Directors admit that Countrywide filed a third quarter 2005 Form 10-Q; to the extent paragraph 416 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 416 of the Complaint.

417. The Outside Directors admit that Countrywide filed a third quarter 2005 Form 10-Q; to the extent paragraph 417 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 417 of the Complaint.

418. The Outside Directors deny the allegations in paragraph 418 of the Complaint.

The Outside Directors deny the allegations appearing between

paragraphs 418 and 419 of the Complaint.

419. The Outside Directors admit that Countrywide filed a January 31, 2006 Form 8-K and press release; to the extent paragraph 419 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 419 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 419 and 420 of the Complaint.

420. The Outside Directors state that the remarks allegedly made by Mozilo during the January 31, 2006 conference call referenced in paragraph 420 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 420 of the Complaint.

421. The Outside Directors deny the allegations in paragraph 421 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 421 and 422 of the Complaint.

422. The Outside Directors state that allegations related to the 2004 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 422 of the Complaint.

423. The Outside Directors state that allegations related to the 2005 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 423 of the Complaint.

424. The Outside Directors state that allegations related to the 2005 Form

10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 424 of the Complaint.

425. The Outside Directors state that allegations related to the 2005 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 425 of the Complaint.

426. The Outside Directors state that allegations related to the 2005 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 426 of the Complaint.

427. The Outside Directors state that allegations related to the 2005 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 427 of the Complaint.

428. The Outside Directors state that allegations related to the 2005 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 428 of the Complaint.

429. The Outside Directors state that allegations related to the 2005 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 429 of the Complaint.

430. The Outside Directors state that allegations related to the 2005 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 430 of the Complaint.

431. The Outside Directors state that allegations related to the 2005 Form

10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 431 of the Complaint.

432. The Outside Directors state that allegations related to the 2005 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 432 of the Complaint.

433. The Outside Directors state that allegations related to the 2005 Form 10-K have been dismissed as to the Outside Directors, and therefore no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 433 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 433 and 434 of the Complaint.

434. The Outside Directors state that the remarks allegedly made by Seriacki during the March 21, 2006 conference referenced in paragraph 434 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 434 of the Complaint.

435. The Outside Directors deny the allegations in paragraph 435 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 435 and 436 of the Complaint.

436. The Outside Directors state that the remarks allegedly made by Sambol during the March 30, 2006 conference referenced in paragraph 436 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 436 of the Complaint.

437. The Outside Directors state that the remarks allegedly made during the

March 30, 2006 conference referenced in paragraph 437 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 437 of the Complaint.

438. The Outside Directors deny the allegations in paragraph 438 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 438 and 439 of the Complaint.

439. The Outside Directors admit that Countrywide filed an April 27, 2006 Form 8-K and press release; to the extent paragraph 439 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K and press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 439 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 439 and 440 of the Complaint.

440. The Outside Directors state that the remarks allegedly made by Mozilo during the April 27, 2006 conference call referenced in paragraph 440 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 440 of the Complaint.

441. The Outside Directors state that the remarks allegedly made by Mozilo during the April 27, 2006 conference call referenced in paragraph 441 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 441 of the Complaint.

442. The Outside Directors deny the allegations in paragraph 442 of the

Complaint.

The Outside Directors deny the allegations appearing between paragraphs 442 and 443 of the Complaint.

443. The Outside Directors admit that Countrywide filed a first quarter 2006 Form 10-Q; to the extent paragraph 443 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 443 of the Complaint.

444. The Outside Directors admit that Countrywide filed a first quarter 2006 Form 10-Q; to the extent paragraph 444 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 444 of the Complaint.

445. The Outside Directors admit that Countrywide filed a first quarter 2006 Form 10-Q; to the extent paragraph 445 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 445 of the Complaint.

446. The Outside Directors admit that Countrywide filed a first quarter 2006 Form 10-Q; to the extent paragraph 446 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 446 of the Complaint.

447. The Outside Directors admit that Countrywide filed a first quarter

2006 Form 10-Q; to the extent paragraph 447 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 447 of the Complaint.

448. The Outside Directors admit that Countrywide filed a first quarter 2006 Form 10-Q; to the extent paragraph 448 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 448 of the Complaint.

449. The Outside Directors admit that Countrywide filed a first quarter 2006 Form 10-Q; to the extent paragraph 449 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 449 of the Complaint.

450. The Outside Directors admit that Countrywide filed a first quarter 2006 Form 10-Q; to the extent paragraph 450 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 450 of the Complaint.

451. The Outside Directors admit that Countrywide filed a first quarter 2006 Form 10-Q; to the extent paragraph 451 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the

Outside Directors deny the allegations in paragraph 451 of the Complaint.

452. The Outside Directors deny the allegations in paragraph 452 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 452 and 453 of the Complaint.

453. The Outside Directors state that the remarks allegedly made by Mr. Breitenbach during the May 17, 2006 conference referenced in paragraph 453 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 453 of the Complaint.

454. The Outside Directors state that the remarks allegedly made by Mr. Breitenbach during the May 17, 2006 conference referenced in paragraph 454 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 454 of the Complaint.

455. The Outside Directors that the remarks allegedly made by Mr. Breitenbach during the May 17, 2006 conference referenced in paragraph 455 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 455 of the Complaint.

456. The Outside Directors deny the allegations in paragraph 456 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 456 and 457 of the Complaint.

457. The Outside Directors state that the remarks allegedly made by Mozilo during the May 31, 2006 conference referenced in paragraph 457 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in

paragraph 457 of the Complaint.

458. The Outside Directors state that the remarks allegedly made by Mozilo during the May 31, 2006 conference referenced in paragraph 458 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 458 of the Complaint.

459. The Outside Directors state that the remarks allegedly made by Mozilo during the May 31, 2006 conference referenced in paragraph 459 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 459 of the Complaint.

460. The Outside Directors deny the allegations in paragraph 460 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 460 and 461 of the Complaint.

461. The Outside Directors admit that Countrywide filed a July 25, 2006 Form 8-K and press release; to the extent paragraph 461 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 461 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 461 and 462 of the Complaint.

462. The Outside Directors state that the remarks allegedly made during the July 25, 2006 conference call referenced in paragraph 462 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in

paragraph 462 of the Complaint.

463. The Outside Directors deny the allegations in paragraph 463 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 463 and 464 of the Complaint.

464. The Outside Directors admit that Countrywide filed a second quarter 2006 Form 10-Q; to the extent paragraph 464 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 464 of the Complaint.

465. The Outside Directors admit that Countrywide filed a second quarter 2006 Form 10-Q; to the extent paragraph 465 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 465 of the Complaint.

466. The Outside Directors admit that Countrywide filed a second quarter 2006 Form 10-Q; to the extent paragraph 466 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 466 of the Complaint.

467. The Outside Directors admit that Countrywide filed a second quarter 2006 Form 10-Q; to the extent paragraph 467 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the

Outside Directors deny the allegations in paragraph 467 of the Complaint.

468. The Outside Directors admit that Countrywide filed a second quarter 2006 Form 10-Q; to the extent paragraph 468 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 468 of the Complaint.

469. The Outside Directors admit that Countrywide filed a second quarter 2006 Form 10-Q; to the extent paragraph 469 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 469 of the Complaint.

470. The Outside Directors admit that Countrywide filed a second quarter 2006 Form 10-Q; to the extent paragraph 470 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 470 of the Complaint.

471. The Outside Directors admit that Countrywide filed a second quarter 2006 Form 10-Q; to the extent paragraph 471 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 471 of the Complaint.

472. The Outside Directors admit that Countrywide filed a second quarter 2006 Form 10-Q; to the extent paragraph 472 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that

Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 472 of the Complaint.

473. The Outside Directors deny the allegations in paragraph 473 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 473 and 474 of the Complaint.

474. The Outside Directors state that the remarks allegedly made by Mr. Furash during the September 12, 2006 conference referenced in paragraph 474 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 474 of the Complaint.

475. The Outside Directors state that the remarks allegedly made by Mr. Furash during the September 12, 2006 conference referenced in paragraph 475 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 475 of the Complaint.

476. The Outside Directors deny the allegations in paragraph 476 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 476 and 477 of the Complaint.

477. The Outside Directors state that the remarks allegedly made by Mozilo during the September 13, 2006 conference referenced in paragraph 477 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 477 of the Complaint.

478. The Outside Directors state that the remarks allegedly made by Mozilo during the September 13, 2006 conference referenced in paragraph 478 of the

Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 478 of the Complaint.

479. The Outside Directors state that the remarks allegedly made by Sambol during the September 13, 2006 conference referenced in paragraph 479 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 479 of the Complaint.

480. The Outside Directors state that the remarks allegedly made during the September 13, 2006 conference referenced in paragraph 480 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 480 of the Complaint.

481. The Outside Directors state that the remarks allegedly made by Mr. Furash during the September 13, 2006 conference referenced in paragraph 481 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 481 of the Complaint.

482. The Outside Directors deny the allegations in paragraph 482 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 482 and 483 of the Complaint.

483. The Outside Directors admit that Countrywide filed a October 24, 2006 Form 8-K and press release; to the extent paragraph 483 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in

paragraph 483 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 483 and 484 of the Complaint.

484. The Outside Directors state that the remarks allegedly made by Mozilo during the October 24, 2006 conference call referenced in paragraph 484 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 484 of the Complaint.

485. The Outside Directors deny the allegations of paragraph 485 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 485 and 486 of the Complaint.

486. The Outside Directors admit that Countrywide filed a third quarter 2006 Form 10-Q; to the extent paragraph 486 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 486 of the Complaint.

487. The Outside Directors admit that Countrywide filed a third quarter 2006 Form 10-Q; to the extent paragraph 487 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 487 of the Complaint.

488. The Outside Directors admit that Countrywide filed a third quarter 2006 Form 10-Q; to the extent paragraph 488 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the

Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 488 of the Complaint.

489. The Outside Directors admit that Countrywide filed a third quarter 2006 Form 10-Q; to the extent paragraph 489 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 489 of the Complaint.

490. The Outside Directors admit that Countrywide filed a third quarter 2006 Form 10-Q; to the extent paragraph 490 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 490 of the Complaint.

491. The Outside Directors admit that Countrywide filed a third quarter 2006 Form 10-Q; to the extent paragraph 491 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 491 of the Complaint.

492. The Outside Directors admit that Countrywide filed a third quarter 2006 Form 10-Q; to the extent paragraph 492 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 492 of the Complaint.

493. The Outside Directors admit that Countrywide filed a third quarter 2006 Form 10-Q; to the extent paragraph 493 of the Complaint refers to

information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 493 of the Complaint.

494. The Outside Directors admit that Countrywide filed a third quarter 2006 Form 10-Q; to the extent paragraph 494 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 494 of the Complaint.

495. The Outside Directors admit that Countrywide filed a third quarter 2006 Form 10-Q; to the extent paragraph 495 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 495 of the Complaint.

496. The Outside Directors admit that Countrywide filed a third quarter 2006 Form 10-Q; to the extent paragraph 496 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 496 of the Complaint.

497. The Outside Directors deny the allegations in paragraph 497 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 497 and 498 of the Complaint.

498. The Outside Directors admit that Countrywide filed a January 30, 2007 Form 8-K and press release; to the extent paragraph 498 of the Complaint refers to

information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 498 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 498 and 499 of the Complaint.

499. The Outside Directors state that the remarks allegedly made during the January 30, 2007 conference call referenced in paragraph 499 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 499 of the Complaint.

500. The Outside Directors state that the remarks allegedly made during the January 30, 2007 conference call referenced in paragraph 500 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 500 of the Complaint.

501. The Outside Directors deny the allegations in paragraph 501 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 501 and 502 of the Complaint.

502. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 502 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 502 of the Complaint.

503. The Outside Directors admit that Countrywide filed a 2006

Form 10-K; to the extent paragraph 503 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 503 of the Complaint.

504. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 504 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 504 of the Complaint.

505. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 505 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 505 of the Complaint.

506. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 506 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 506 of the Complaint.

507. The Outside Directors admit that Countrywide filed a Form 10-K; to the extent paragraph 507 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the

allegations in paragraph 507 of the Complaint.

508. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 508 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 508 of the Complaint.

509. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 509 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 509 of the Complaint.

510. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 510 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 510 of the Complaint.

511. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 511 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 511 of the Complaint.

512. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 512 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed

that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 512 of the Complaint.

513. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 513 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 513 of the Complaint.

514. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 514 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 514 of the Complaint.

515. The Outside Directors state that the February 28, 2007 KPMG audit report referenced in paragraph 515 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 515 of the Complaint.

516. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 516 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 516 of the Complaint.

517. The Outside Directors deny the allegations in paragraph 517 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 517 and 518 of the Complaint.

518. The Outside Directors state that the remarks allegedly made by Sieracki during the conference referenced in paragraph 518 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 518 of the Complaint.

519. The Outside Directors state that the remarks allegedly made by Sieracki during the conference referenced in paragraph 519 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 519 of the Complaint.

520. The Outside Directors deny the allegations in paragraph 520 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 520 and 521 of the Complaint.

521. The Outside Directors state that any remarks allegedly made during the CNBC interview referenced in paragraph 521 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 521 of the Complaint.

522. The Outside Directors deny the allegations in paragraph 522 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 522 and 523 of the Complaint.

523. The Outside Directors admit that Countrywide filed an April 26, 2007 Form 8-K and press release; to the extent paragraph 523 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors

admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 523 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 523 and 524 of the Complaint.

524. The Outside Directors state that the remarks allegedly made during the April 26, 2007 conference call referenced in paragraph 524 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 524 of the Complaint.

525. The Outside Directors state that the remarks allegedly made during the April 26, 2007 conference call referenced in paragraph 525 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 525 of the Complaint.

526. The Outside Directors state that the remarks allegedly made by Mozilo during the April 26, 2007 conference call referenced in paragraph 526 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 526 of the Complaint.

527. The Outside Directors state that the remarks allegedly made by Sambol during the April 26, 2007 conference call referenced in paragraph 527 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 527 of the Complaint.

528. The Outside Directors deny the allegations in paragraph 528 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 528 and 529 of the Complaint.

529. The Outside Directors state that the remarks allegedly made by Ms. Sandefur during the April 26, 2007 conference referenced in paragraph 529 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 529 of the Complaint.

530. The Outside Directors state that the remarks allegedly made by Ms. Sandefur during the April 26, 2007 conference referenced in paragraph 530 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 530 of the Complaint.

531. The Outside Directors state that the remarks allegedly made by Ms. Sandefur during the April 26, 2007 conference referenced in paragraph 531 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 531 of the Complaint.

532. The Outside Directors state that the remarks allegedly made by Ms. Sandefur during the April 26, 2007 conference referenced in paragraph 532 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 532 of the Complaint.

533. The Outside Directors deny the allegations in paragraph 533 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 533 and 534 of the Complaint.

534. The Outside Directors admit that Countrywide filed a first quarter 2007 Form 10-Q; to the extent paragraph 534 of the Complaint refers to

information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 534 of the Complaint.

535. The Outside Directors admit that Countrywide filed a first quarter 2007 Form 10-Q; to the extent paragraph 535 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 535 of the Complaint.

536. The Outside Directors admit that Countrywide filed a first quarter 2007 Form 10-Q; to the extent paragraph 536 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 536 of the Complaint.

537. The Outside Directors admit that Countrywide filed a first quarter 2007 Form 10-Q; to the extent paragraph 537 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 537 of the Complaint.

538. The Outside Directors admit that Countrywide filed a first quarter 2007 Form 10-Q; to the extent paragraph 538 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 538 of the Complaint.

539. The Outside Directors admit that Countrywide filed a first quarter 2007 Form 10-Q; to the extent paragraph 539 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 539 of the Complaint.

540. The Outside Directors admit that Countrywide filed a first quarter 2007 Form 10-Q; to the extent paragraph 540 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 540 of the Complaint.

541. The Outside Directors admit that Countrywide filed a first quarter 2007 Form 10-Q; to the extent paragraph 541 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 541 of the Complaint.

542. The Outside Directors admit that Countrywide filed a first quarter 2007 Form 10-Q; to the extent paragraph 542 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 542 of the Complaint.

543. The Outside Directors admit that Countrywide filed a first quarter 2007 Form 10-Q; to the extent paragraph 543 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the

Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 543 of the Complaint.

544. The Outside Directors admit that Countrywide filed a first quarter 2007 Form 10-Q; to the extent paragraph 544 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 544 of the Complaint.

545. The Outside Directors deny the allegations in paragraph 545 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 545 and 546 of the Complaint.

546. The Outside Directors state that the documents referenced in paragraph 546 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 546 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 546 and 547 of the Complaint.

547. The Outside Directors state that the documents referenced in paragraph 547 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 547 of the Complaint.

548. The Outside Directors state that the documents referenced in paragraph 548 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 548 of the Complaint.

549. The Outside Directors admit that the entities listed in paragraph 549 of the Complaint acted as underwriters with respect to the Series B Medium-Term

Notes, except that Wells Fargo Securities was known as Wachovia Capital. Except as expressly stated, the Outside Directors deny the allegations in paragraph 549 of the Complaint.

550. The Outside Directors admit that KPMG consented to the use of its reports in the February 9, 2006 Form S-3ASR registration statement with respect to Countrywide's consolidated financial statements and all related financial statement schedules, management's assessment of the effectiveness of internal control over financial reporting, and the effectiveness of internal control over financial reporting. The Outside Directors further state that the documents referenced in paragraph 550 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 550 of the Complaint.

551. The Outside Directors deny the allegations in paragraph 551 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 551 and 552 of the Complaint.

552. The Outside Directors state that the documents referenced in paragraph 552 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 552 of the Complaint.

553. The Outside Directors state that the documents referenced in paragraph 553 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 553 of the Complaint.

554. The Outside Directors admit that the entities listed in paragraph 554 of the Complaint acted as underwriters with respect to the 6.25% Notes, except that Wells Fargo Securities was known as Wachovia Capital. Except as expressly stated, the Outside Directors deny the allegations in paragraph 554 of the

Complaint.

555. The Outside Directors admit that KPMG consented to the use of its reports in the February 9, 2006 Form S-3ASR registration statement with respect to Countrywide's consolidated financial statements and all related financial statement schedules, management's assessment of the effectiveness of internal control over financial reporting, and the effectiveness of internal control over financial reporting. The Outside Directors further state that the documents referenced in paragraph 555 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 555 of the Complaint.

556. The Outside Directors deny the allegations in paragraph 556 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 556 and 557 of the Complaint.

557. The Outside Directors deny the allegations in paragraph 557 of the Complaint.

558. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 558 of the Complaint. Except as expressly stated, the Outside Directors deny the allegations in paragraph 558 of the Complaint.

559. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 559 of the Complaint. Except as expressly stated, the Outside Directors deny the allegations in paragraph 559 of the Complaint.

560. The Outside Directors deny the allegations in paragraph 560 of the Complaint.

561. The Outside Directors admit that Countrywide filed a July 24, 2007 Form 8-K and press release; to the extent paragraph 561 of the Complaint refers to

information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 561 of the Complaint.

562. The Outside Directors admit that Countrywide filed a July 24, 2007 Form 8-K and press release; to the extent paragraph 562 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 562 of the Complaint.

563. The Outside Directors state that the remarks allegedly made during the July 24, 2007 conference call referenced in paragraph 563 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 563 of the Complaint.

564. The Outside Directors state that the remarks allegedly made by McMurray during the July 24, 2007 conference call referenced in paragraph 564 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 564 of the Complaint.

565. The Outside Directors state that the remarks allegedly made by McMurray during the July 24, 2007 conference call referenced in paragraph 565 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 565 of the Complaint.

566. The Outside Directors state that the remarks allegedly made during the July 24, 2007 conference call referenced in paragraph 566 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 566 of the Complaint.

567. The Outside Directors state that the remarks allegedly made by Mozilo during the July 24, 2007 conference call referenced in paragraph 567 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 567 of the Complaint.

568. The Outside Directors state that the remarks allegedly made by Mozilo during the July 24, 2007 conference call referenced in paragraph 568 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 568 of the Complaint.

569. The Outside Directors state that the remarks allegedly made by Mozilo during the July 24, 2007 conference call referenced in paragraph 569 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 569 of the Complaint.

570. The Outside Directors deny the allegations in paragraph 570 of the Complaint.

571. The Outside Directors deny the allegations in paragraph 571 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 571 and 572 of the Complaint.

572. The Outside Directors admit that Countrywide issued an August 2, 2007 press release; to the extent paragraph 572 of the Complaint refers to

information that appears in the press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the press release that are inconsistent with its contents. The Outside Directors state that the statements made by Sieracki referenced in paragraph 572 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 572 of the Complaint.

573. The Outside Directors admit that Countrywide issued an August 2, 2007 press release; to the extent paragraph 573 of the Complaint refers to information that appears in the press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the press release that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 573 of the Complaint.

574. The Outside Directors state that the FCIC Report referenced in paragraph 574 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 574 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 574 and 575 of the Complaint.

575. The Outside Directors admit that Countrywide filed a second quarter 2007 Form 10-Q; to the extent paragraph 575 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 575 of the Complaint.

576. The Outside Directors deny the allegations in paragraph 576 of the Complaint.

577. The Outside Directors admit that Countrywide filed a second quarter 2007 Form 10-Q; to the extent paragraph 577 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 577 of the Complaint.

578. The Outside Directors admit that Countrywide filed a second quarter 2007 Form 10-Q; to the extent paragraph 578 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 578 of the Complaint.

579. The Outside Directors admit that Countrywide filed a second quarter 2007 Form 10-Q; to the extent paragraph 579 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 579 of the Complaint.

580. The Outside Directors admit that Countrywide filed a second quarter 2007 Form 10-Q; to the extent paragraph 580 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 580 of the Complaint.

581. The Outside Directors admit that Countrywide filed a second quarter 2007 Form 10-Q; to the extent paragraph 581 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the

Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 581 of the Complaint.

582. The Outside Directors deny the allegations in paragraph 582 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 582 and 583 of the Complaint.

583. The Outside Directors admit that Countrywide filed an August 14, 2007 Form 8-K and press release; to the extent paragraph 583 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 583 of the Complaint.

584. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 584 of the Complaint. Except as expressly stated, the Outside Directors deny the allegations in paragraph 584 of the Complaint.

585. The Outside Directors state that the August 14, 2007 *Los Angeles Times* article referenced in paragraph 585 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 585 of the Complaint.

586. The Outside Directors deny the allegations in paragraph 586 of the Complaint.

587. The Outside Directors deny the allegations in paragraph 587 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 587 and 588 of the Complaint.

588. The Outside Directors state that the FCIC Report referenced in paragraph 588 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 588 of the Complaint.

589. The Outside Directors state that the FCIC Report, the August 15, 2007 Merrill Lynch analyst report, and the August 17, 2007 *Wall Street Journal* article referenced in paragraph 589 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 589 of the Complaint.

590. The Outside Directors deny the allegations in paragraph 590 of the Complaint.

591. The Outside Directors deny the allegations in paragraph 591 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 591 and 592 of the Complaint.

592. The Outside Directors deny the allegations in paragraph 592 of the Complaint.

593. The Outside Directors deny the allegations in paragraph 593 of the Complaint.

594. The Outside Directors deny the allegations in paragraph 594 of the Complaint.

595. The Outside Directors deny the allegations in paragraph 595 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 595 and 596 of the Complaint.

596. The Outside Directors deny the allegations of paragraph 596 of the Complaint.

597. The Outside Directors state that the remarks allegedly made by Mozilo during the August 23, 2007 CNBC interview referenced in paragraph 597 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 597 of the Complaint.

598. The Outside Directors deny the allegations in paragraph 598 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 598 and 599 of the Complaint.

599. The Outside Directors state that the August 2007 Fitch Ratings report referenced in paragraph 599 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 599 of the Complaint.

600. The Outside Directors deny the allegations in paragraph 600 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 600 and 601 of the Complaint.

601. The Outside Directors state that the September 7, 2007 Countrywide statement referenced in paragraph 601 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 601 of the Complaint.

602. The Outside Directors deny the allegations in paragraph 602 of the Complaint.

603. The Outside Directors deny the allegations in paragraph 603 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 603 and 604 of the Complaint.

604. The Outside Directors state that the September 11, 2007 *The New York Post* article referenced in paragraph 604 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 604 of the Complaint.

605. The Outside Directors deny the allegations in paragraph 605 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 605 and 606 of the Complaint.

606. The Outside Directors state that the October 24, 2007 *Wall Street Journal* article referenced in paragraph 606 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 606 of the Complaint.

607. The Outside Directors state that the October 24, 2007 *Wall Street Journal* article referenced in paragraph 607 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 607 of the Complaint.

608. The Outside Directors state that the October 24, 2007 *Wall Street Journal* article referenced in paragraph 608 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 608 of the Complaint.

609. The Outside Directors state that the October 24, 2007 *Wall Street Journal* article referenced in paragraph 609 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly

stated, the Outside Directors deny the allegations in paragraph 609 of the Complaint.

610. The Outside Directors state that the October 24, 2007 *Wall Street Journal* article referenced in paragraph 610 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 610 of the Complaint.

611. The Outside Directors deny the allegations in paragraph 611 of the Complaint.

612. The Outside Directors deny the allegations in paragraph 612 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 612 and 613 of the Complaint.

613. The Outside Directors admit that Countrywide filed an October 26, 2007 Form 8-K and press release; to the extent paragraph 613 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 613 of the Complaint.

614. The Outside Directors admit that Countrywide filed an October 26, 2007 Form 8-K and press release; to the extent paragraph 614 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 614 of the Complaint.

615. The Outside Directors state that the remarks made by Mozilo and Sambol during the earnings call referenced in paragraph 615 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 615 of the Complaint.

616. The Outside Directors deny the allegations in paragraph 616 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 616 and 617 of the Complaint.

617. The Outside Directors state that the October 30, 2007 *Wall Street Journal* article referenced in paragraph 617 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 617 of the Complaint.

618. The Outside Directors state that the October 30, 2007 *Wall Street Journal* article referenced in paragraph 618 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 618 of the Complaint.

619. The Outside Directors state that the October 30, 2007 *Wall Street Journal* article referenced in paragraph 619 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 619 of the Complaint.

620. The Outside Directors deny the allegations in paragraph 620 of the Complaint.

621. The Outside Directors state that the October 30, 2007 *Wall Street Journal* article referenced in paragraph 621 of the Complaint speaks for itself, and

deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 621 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 621 and 622 of the Complaint.

622. The Outside Directors state that the November 7, 2007 Gradient Analytics, Inc. report referenced in paragraph 622 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 622 of the Complaint.

623. The Outside Directors deny the allegations in paragraph 623 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 623 and 624 of the Complaint.

624. The Outside Directors admit that Countrywide filed a third quarter 2007 Form 10-Q; to the extent paragraph 624 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 624 of the Complaint.

625. The Outside Directors admit that Countrywide filed a third quarter 2007 Form 10-Q; to the extent paragraph 625 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 625 of the Complaint.

626. The Outside Directors admit that Countrywide filed a third quarter 2007 Form 10-Q; to the extent paragraph 626 of the Complaint refers to

information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 626 of the Complaint.

627. The Outside Directors admit that Countrywide filed a third quarter 2007 Form 10-Q; to the extent paragraph 627 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 627 of the Complaint.

628. The Outside Directors admit that Countrywide filed a third quarter 2007 Form 10-Q; to the extent paragraph 628 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 628 of the Complaint.

629. The Outside Directors admit that Countrywide filed a third quarter 2007 Form 10-Q; to the extent paragraph 629 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 629 of the Complaint.

630. The Outside Directors admit that Countrywide filed a third quarter 2007 Form 10-Q; to the extent paragraph 630 of the Complaint refers to information that appears in the Form 10-Q, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-Q that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 630 of the Complaint.

631. The Outside Directors deny the allegations in paragraph 631 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 631 and 632 of the Complaint.

632. The Outside Directors state that the November 19, 2007 Moody's announcement referenced in paragraph 632 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 632 of the Complaint.

633. The Outside Directors deny the allegations in paragraph 633 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 633 and 634 of the Complaint.

634. The Outside Directors state that the November 26, 2007 *Wall Street Journal* article referenced in paragraph 634 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 634 of the Complaint.

635. The Outside Directors state that the November 26, 2007 *Wall Street Journal* article referenced in paragraph 635 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 635 of the Complaint.

636. The Outside Directors state that the November 26, 2007 *Wall Street Journal* article referenced in paragraph 636 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 636 of the Complaint.

637. The Outside Directors state that the November 26, 2007 *Wall Street Journal* article referenced in paragraph 637 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 637 of the Complaint.

638. The Outside Directors deny the allegations in paragraph 638 of the Complaint.

639. The Outside Directors deny the allegations in paragraph 639 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 639 and 640 of the Complaint.

640. The Outside Directors admit that Countrywide filed a December 13, 2007 Form 8-K and press release; to the extent paragraph 640 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 640 of the Complaint.

641. The Outside Directors state that *The New York Times* article referenced in paragraph 641 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 641 of the Complaint.

642. The Outside Directors deny the allegations in paragraph 642 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 642 and 643 of the Complaint.

643. The Outside Directors state that *The New York Times* article referenced in paragraph 643 of the Complaint speaks for itself, and deny any characterizations

inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 643 of the Complaint.

644. The Outside Directors deny the allegations in paragraph 644 of the Complaint.

645. The Outside Directors deny the allegations in paragraph 645 of the Complaint.

646. The Outside Directors state that the January 8, 2008 Reuters article referenced in paragraph 646 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 646 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 646 and 647 of the Complaint.

647. The Outside Directors admit that Countrywide filed a January 9, 2008 Form 8-K and press release; to the extent paragraph 647 of the Complaint refers to information that appears in the Form 8-K or press release, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 8-K or press release that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 647 of the Complaint.

648. The Outside Directors state that the January 9, 2008 Reuters article referenced in paragraph 648 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 648 of the Complaint.

649. The Outside Directors deny the allegations in paragraph 649 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 649 and 650 of the Complaint.

650. The Outside Directors state that the January 11, 2008 statement referenced in paragraph 650 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 650 of the Complaint.

651. The Outside Directors deny the allegations in paragraph 651 of the Complaint.

652. The Outside Directors deny the allegations in paragraph 652 of the Complaint.

653. The Outside Directors deny the allegations in paragraph 653 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 653 and 654 of the Complaint.

654. The Outside Directors state that the January 29, 2008 *Bloomberg* article referenced in paragraph 654 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 654 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 654 and 655 of the Complaint.

655. The Outside Directors state that the March 6, 2008 *Chicago Sun-Times* article referenced in paragraph 655 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 655 of the Complaint.

656. The Outside Directors deny the allegations in paragraph 656 of the Complaint.

657. The Outside Directors deny the allegations in paragraph 657 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 657 and 658 of the Complaint.

658. The Outside Directors state that the March 8, 2008 *Wall Street Journal* article referenced in paragraph 658 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 658 of the Complaint.

659. The Outside Directors deny the allegations in paragraph 659 of the Complaint.

660. The Outside Directors deny the allegations in paragraph 660 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 660 and 661 of the Complaint.

661. The Outside Directors state that paragraph 661 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 661 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 661 and 662 of the Complaint.

662. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 662 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 662 of the Complaint.

663. The Outside Directors admit that Countrywide maintained an Executive Strategy Committee. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 663 of the Complaint. Except as expressly stated, the Outside Directors deny the allegations in paragraph 663 of the Complaint.

664. The Outside Directors state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 664. Except as expressly stated, the Outside Directors deny the allegations in paragraph 664 of the Complaint.

665. The Outside Directors admit that Countrywide filed Forms 10-K; to the extent paragraph 665 of the Complaint refers to information that appears in the Forms 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Forms 10-K that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 665 of the Complaint.

666. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 666 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 666 of the Complaint.

667. The Outside Directors admit that Countrywide filed a 2006 Form 10-K; to the extent paragraph 667 of the Complaint refers to information that appears in the 2006 Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the 2006 Form 10-K that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 667 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 667 and 668 of the Complaint.

668. The Outside Directors admit that Countrywide filed forms with the SEC; to the extent paragraph 668 of the Complaint refers to information that appears in Countrywide's SEC filings, the Outside Directors admit that

Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. The Outside Directors state that the statements allegedly made by Mozilo and the Officer Defendants referenced in paragraph 668 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 668 of the Complaint.

669. The Outside Directors state that the statements allegedly made by Mozilo during the July 2005 conference call referenced in paragraph 669 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 669 of the Complaint.

670. The Outside Directors state that the statements allegedly made by Mozilo during the July 2005 conference call referenced in paragraph 670 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 670 of the Complaint.

671. The Outside Directors state that the statements allegedly made by Mozilo during the May 2006 Conference referenced in paragraph 671 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 671 of the Complaint.

672. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 672 of the Complaint regarding statements made to or by the unnamed former employee. The Outside Directors further state that paragraph 672 consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 672 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 672 and 673 of the Complaint.

673. The Outside Directors state that the remarks allegedly made by Mozilo in the September 1, 2004 email referenced in paragraph 673 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 673 of the Complaint.

674. The Outside Directors state that the remarks allegedly made by McMurray in the September 9, 2004 memorandum referenced in paragraph 674 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 674 of the Complaint.

675. The Outside Directors state that the remarks allegedly made by McMurray in the September 9, 2004 memorandum referenced in paragraph 675 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 675 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 675 and 676 of the Complaint.

676. The Outside Directors deny the allegations in paragraph 676 of the Complaint.

677. The Outside Directors state that the minutes of the Corporate Risk Management Committee dated June 28, 2005, referenced in paragraph 677 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 677 of the Complaint.

678. The Outside Directors state that the April 3, 2006 string of emails referenced in paragraph 678 of the Complaint speak for themselves, and deny any

characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 678 of the Complaint.

679. The Outside Directors state that the May 2006 emails referenced in paragraph 679 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 679 of the Complaint.

680. The Outside Directors state that the May 2006 emails and remarks allegedly made by Mozilo during the May 31, 2006 conference referenced in paragraph 680 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 680 of the Complaint.

681. The Outside Directors state that the June 2006 emails referenced in paragraph 681 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 681 of the Complaint.

682. The Outside Directors state that the SEC Complaint and the June 2, 2006 email referenced in paragraph 682 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 682 of the Complaint.

683. The Outside Directors state that the SEC Complaint and the July 10, 2006 internal monthly report referenced in paragraph 683 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 683 of the Complaint.

684. The Outside Directors state that the SEC Complaint and the August 16, 2006 email referenced in paragraph 684 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as

expressly stated, the Outside Directors deny the allegations in paragraph 684 of the Complaint.

685. The Outside Directors state that the FCIC Report and the September 26, 2006 email referenced in paragraph 685 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 685 of the Complaint.

686. The Outside Directors state that the remarks made by Mozilo and McMurray in the September 26, 2006 email referenced in paragraph 686 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 686 of the Complaint.

687. The Outside Directors state that the November 4, 2007 email referenced in paragraph 687 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 687 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 687 and 688 of the Complaint.

688. The Outside Directors state that the FCIC Report, the May 22, 2005 email, and the minutes of the Credit Risk Committee dated June 28, 2005 referenced in paragraph 688 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 688 of the Complaint.

689. The Outside Directors state that the March 27, 2006 email referenced in paragraph 689 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 689 of the Complaint.

690. The Outside Directors state that the April 13, 2006 email referenced in

paragraph 690 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 690 of the Complaint.

691. The Outside Directors state that the April 17, 2006 email referenced in paragraph 691 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 691 of the Complaint.

692. The Outside Directors state that the SEC Complaint and the December 7, 2006 memorandum referenced in paragraph 692 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 692 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 692 and 693 of the Complaint.

693. The Outside Directors deny the allegations in paragraph 693 of the Complaint.

694. The Outside Directors state that the Sambol deposition testimony referenced in paragraph 694 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 694 of the Complaint.

695. The Outside Directors state that the May 22, 2005 email referenced in paragraph 695 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 695 of the Complaint.

696. The Outside Directors state that the SEC Complaint referenced in paragraph 696 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 696 of the Complaint.

697. The Outside Directors state that the SEC Complaint and the June 25, 2005 email referenced in paragraph 697 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 697 of the Complaint.

698. The Outside Directors state that the November 2, 2006 email referenced in paragraph 698 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 698 of the Complaint.

699. The Outside Directors state that the November 16, 2006 email referenced in paragraph 699 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 699 of the Complaint.

700. The Outside Directors state that the SEC Complaint and the February 11, 2007 email referenced in paragraph 700 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 700 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 700 and 701 of the Complaint.

701. The Outside Directors state that the *Interagency Guidance* and any correspondence referenced in paragraph 701 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. The Outside Directors further lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 701. Except as expressly stated, the Outside Directors deny the allegations in paragraph 701 of the Complaint.

702. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 702 of the Complaint

regarding statements made to or by the unnamed confidential witnesses. Except as expressly stated, the Outside Directors deny the allegations in paragraph 702 of the Complaint.

703. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 703 of the Complaint regarding statements made to or by the unnamed confidential witnesses. Except as expressly stated, the Outside Directors deny the allegations in paragraph 703 of the Complaint.

704. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 704 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 704 of the Complaint.

705. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 705 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 705 of the Complaint.

706. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 706 of the Complaint regarding statements made to or by the unnamed confidential witness. Except as expressly stated, the Outside Directors deny the allegations in paragraph 706 of the Complaint.

707. The Outside Directors state that the February 2008 *Wall Street Journal* article referenced in paragraph 707 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 707 of the Complaint.

708. The Outside Directors lack knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 708 of the Complaint regarding statements made by Countrywide's Chief Credit Officer. Except as expressly stated, the Outside Directors deny the allegations in paragraph 708 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 708 and 709 of the Complaint.

709. The Outside Directors admit that Countrywide filed forms with the SEC; to the extent paragraph 709 of the Complaint refers to information that appears in Countrywide's SEC filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 709 of the Complaint.

710. The Outside Directors admit that Countrywide filed forms with the SEC; to the extent paragraph 710 of the Complaint refers to information that appears in Countrywide's SEC filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 710 of the Complaint.

711. The Outside Directors deny the allegations in paragraph 711 of the Complaint.

712. The Outside Directors deny the allegations in paragraph 712 of the Complaint.

713. The Outside Directors further state that the remarks allegedly made by Mozilo during the September 13, 2006 conference referenced in paragraph 713 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 713 of the Complaint.

714. The Outside Directors deny the allegations of paragraph 714 of the

Complaint.

715. The Outside Directors state that the *Interagency Guidance* referenced in paragraph 715 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 715 of the Complaint.

716. The Outside Directors deny the allegations of paragraph 716 of the Complaint.

717. The Outside Directors deny the allegations of paragraph 717 of the Complaint.

718. The Outside Directors admit that Countrywide filed a 2004 Form 10-K; to the extent paragraph 718 of the Complaint refers to information that appears in the Form 10-K, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of the Form 10-K that are inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 718 of the Complaint.

719. The Outside Directors state that paragraph 719 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 719 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 719 and 720 of the Complaint.

720. The Outside Directors deny the allegations of paragraph 720 of the Complaint.

721. The Outside Directors state that paragraph 721 of the Complaint contains Plaintiff's characterizations of the Complaint that require no response. Except as expressly stated, the Outside Directors deny the allegations in paragraph 721 of the Complaint.

722. The Outside Directors deny the allegations of paragraph 722 of the

Complaint.

723. The Outside Directors state that the 10b5-1 Plan referenced in paragraph 723 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 723 of the Complaint.

724. The Outside Directors state that the October 11, 2007 *New York Times* article referenced in paragraph 724 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 724 of the Complaint.

725. The Outside Directors deny the allegations of paragraph 725 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 725 and 726 of the Complaint.

726. The Outside Directors state that paragraph 726 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 726 of the Complaint.

727. The Outside Directors state that GAAP speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 727 of the Complaint.

728. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 728 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 728 and 729 of the Complaint.

729. The Outside Directors state that paragraph 729 of the Complaint consists of conclusions of law to which no response is required. The Outside Directors further state that the standards of the PCAOB speak for themselves, and

deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 729 of the Complaint.

730. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 730 of the Complaint.

731. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 731 of the Complaint.

732. The Outside Directors state that the AAG speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 732 of the Complaint.

733. The Outside Directors state that the ARAs speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 733 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 733 and 734 of the Complaint.

734. The Outside Directors state that the ARAs, the AAM, and the AAG referenced in paragraph 734 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 734 of the Complaint.

735. The Outside Directors deny the allegations of paragraph 735 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 735 and 736 of the Complaint.

736. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the

Outside Directors deny the allegations in paragraph 736 of the Complaint.

737. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 737 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 737 and 738 of the Complaint.

738. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 738 of the Complaint.

739. The Outside Directors state that GAAS and the AAG speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 739 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 739 and 740 of the Complaint.

740. The Outside Directors state that GAAS, the AAG, and the AAM speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 740 of the Complaint.

741. The Outside Directors state that GAAS and the AAG speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 741 of the Complaint.

742. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 742 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 742 and 743 of the Complaint.

743. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 743 of the Complaint.

744. The Outside Directors state that GAAS, the AAG, GAAP, and SAB 102 referenced in paragraph 744 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 744 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 744 and 745 of the Complaint.

745. The Outside Directors deny the allegations of paragraph 745 of the Complaint.

746. The Outside Directors state that GAAS and SFAS 140 speak for themselves, and deny any characterizations inconsistent with their contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 746 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 746 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 746 and 747 of the Complaint.

747. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 747 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations

of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 747 of the Complaint.

748. The Outside Directors state that paragraph 748 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 748 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 748 and 749 of the Complaint.

749. The Outside Directors state that the AAG, the AAM, and the ARA referenced in paragraph 749 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 749 of the Complaint.

750. The Outside Directors deny the allegations of paragraph 750 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 750 and 751 of the Complaint.

751. The Outside Directors state that GAAS and the AAG referenced in paragraph 751 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 751 of the Complaint.

752. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 752 of the Complaint.

753. The Outside Directors state that GAAS and the AAG referenced in paragraph 753 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 753 of the Complaint.

754. The Outside Directors state that GAAS and the AAG referenced in paragraph 754 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 754 of the Complaint.

755. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 755 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 755 and 756 of the Complaint.

756. The Outside Directors deny the allegations of paragraph 756 of the Complaint.

757. The Outside Directors state that GAAS and the AAG referenced in paragraph 757 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 757 of the Complaint.

758. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 758 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 758 of the Complaint.

759. The Outside Directors state that GAAS and the AAM referenced in paragraph 759 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 759 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 759 and 760 of the Complaint.

760. The Outside Directors state that GAAS and the AAG referenced in paragraph 760 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 760 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 760 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 760 and 761 of the Complaint.

761. The Outside Directors deny the allegations of paragraph 761 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 761 and 762 of the Complaint.

762. The Outside Directors state that GAAP and GAAS speak for themselves, and deny any characterizations inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations of paragraph 762 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 762 and 763 of the Complaint.

763. The Outside Directors state that GAAS and the AAG referenced in paragraph 763 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 763 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors

admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 763 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 763 and 764 of the Complaint.

764. The Outside Directors deny the allegations of paragraph 764 of the Complaint.

765. The Outside Directors deny the allegations of paragraph 765 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 765 and 766 of the Complaint.

766. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 766 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 766 of the Complaint.

767. The Outside Directors state that paragraph 767 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 767 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 767 and 768 of the Complaint.

768. The Outside Directors state that the AAM referenced in paragraph 768

of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 768 of the Complaint.

769. The Outside Directors state that the AAG referenced in paragraph 769 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 769 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 769 of the Complaint.

770. The Outside Directors deny the allegations of paragraph 770 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 770 and 771 of the Complaint.

771. The Outside Directors state that the AAG referenced in paragraph 771 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 771 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 771 of the Complaint.

772. The Outside Directors state that the AAM referenced in paragraph 772 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations

in paragraph 772 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 772 and 773 of the Complaint.

773. The Outside Directors state that GAAS and the AAG referenced in paragraph 773 of the Complaint speak for themselves, and deny any characterizations inconsistent with their contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 773 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 773 of the Complaint.

774. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. The Outside Directors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 774 of the Complaint; to the extent this paragraph refers to information that appears in Countrywide's public filings, the Outside Directors admit that Countrywide disclosed that information, and deny any characterizations of those public filings that are inconsistent with their contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 774 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 774 and 775 of the Complaint.

775. The Outside Directors state that the AAG referenced in paragraph 775 of the Complaint speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 775 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 775 and 776 of the Complaint.

776. The Outside Directors deny the allegations of paragraph 776 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 776 and 777 of the Complaint.

777. The Outside Directors deny the allegations of paragraph 777 of the Complaint.

778. The Outside Directors deny the allegations of paragraph 778 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 778 and 779 of the Complaint.

779. The Outside Directors state that GAAS speaks for itself, and deny any characterizations inconsistent with its contents. Except as expressly stated, the Outside Directors deny the allegations in paragraph 779 of the Complaint.

780. The Outside Directors state that paragraph 780 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 780 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 780 and 781 of the Complaint.

781. The Outside Directors state that paragraph 781 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 781 of the Complaint.

782. The Outside Directors state that paragraph 782 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 782 of the

Complaint.

783. The Outside Directors state that paragraph 783 of the Complaint consists of conclusions of law to which no response is required. The Outside Directors admit that they and the Underwriter Defendants were entitled to rely on KPMG's audit certifications. Except as expressly stated, the Outside Directors deny the allegations in paragraph 783 of the Complaint.

784. The Outside Directors deny the allegations of paragraph 784 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 784 and 785 of the Complaint.

785. The Outside Directors deny the allegations in paragraph 785 of the Complaint.

786. The Outside Directors deny the allegations in paragraph 786 of the Complaint.

787. The Outside Directors deny the allegations in paragraph 787 of the Complaint.

788. The Outside Directors deny the allegations in paragraph 788 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 788 and 789 of the Complaint.

789. The Outside Directors state that paragraph 789 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 789 of the Complaint.

790. The Outside Directors state that paragraph 790 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 790 of the Complaint.

791. The Outside Directors state that paragraph 791 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 791 of the Complaint.

792. The Outside Directors state that paragraph 792 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 792 of the Complaint.

793. The Outside Directors state that paragraph 793 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 793 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 793 and 794 of the Complaint.

794. The Outside Directors state that paragraph 794 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 794 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 794 and 795 of the Complaint.

795. The Outside Directors incorporate by reference their answers to paragraphs 1 through 794 of the Complaint. The Outside Directors state that paragraph 795 of the Complaint contains Plaintiff's characterizations of the Complaint to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 795.

796. The Outside Directors state that paragraph 796 of the Complaint contains Plaintiff's characterizations of the Complaint to which no response is required. The Outside Directors further state that allegations related to the 2004

and 2005 Forms 10-K have been dismissed as to the Outside Directors. Except as expressly stated, the Outside Directors deny the allegations in paragraph 796.

797. The Outside Directors state that allegations related to the 2004 and 2005 Forms 10-K have been dismissed as to the Outside Directors. Except as expressly stated, the Outside Directors deny the allegations in paragraph 797.

798. The Outside Directors state that paragraph 798 of the Complaint consists of conclusions of law to which no response is required. The Outside Directors further state that allegations related to the 2004 and 2005 Forms 10-K have been dismissed as to the Outside Directors. Except as expressly stated, the Outside Directors deny the allegations in paragraph 798.

799. The Outside Directors state that allegations related to the 2004 and 2005 Forms 10-K have been dismissed as to the Outside Directors. Except as expressly stated, the Outside Directors deny the allegations in paragraph 799.

800. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 800 of the Complaint only against Countrywide. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 800.

801. The Outside Directors state that paragraph 801 of the Complaint consists of conclusions of law to which no response is required. The Outside Directors further state that allegations related to the 2004 and 2005 Forms 10-K have been dismissed as to the Outside Directors. Except as expressly stated, the Outside Directors deny the allegations in paragraph 801.

802. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 802 of the Complaint only against the Underwriter Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no

answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 802.

803. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 803 of the Complaint only against KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 803.

804. The Outside Directors deny the allegations of paragraph 804 of the Complaint.

805. The Outside Directors deny the allegations of paragraph 805 of the Complaint.

806. The Outside Directors state that paragraph 806 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 806.

807. The Outside Directors state that paragraph 807 of the Complaint consists of conclusions of law to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 807.

The Outside Directors deny the allegations appearing between paragraphs 807 and 808 of the Complaint.

808. The Outside Directors incorporate by reference their answers to paragraphs 1 through 807 of the Complaint. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 807 of the Complaint only against Countrywide, Deutsche Bank, J.P. Morgan, and Goldman Sachs. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 808 of the Complaint.

809. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 809 of the Complaint only against Countrywide, Deutsche Bank, J.P. Morgan, and Goldman Sachs. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 809 of the Complaint.

810. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 810 of the Complaint only against Countrywide, Deutsche Bank, J.P. Morgan, and Goldman Sachs. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 810 of the Complaint.

811. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 811 of the Complaint only against Countrywide, Deutsche Bank, J.P. Morgan, and Goldman Sachs. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 811 of the Complaint.

812. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 812 of the Complaint only against Countrywide, Deutsche Bank, J.P. Morgan, and Goldman Sachs. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 812 of the Complaint.

813. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 813 of the Complaint only against Countrywide, Deutsche Bank, J.P. Morgan, and Goldman Sachs. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 813 of the Complaint.

814. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 814 of the Complaint only against Countrywide, Deutsche Bank, J.P. Morgan, and Goldman Sachs. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 814 of the Complaint.

815. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 815 of the Complaint only against Countrywide, Deutsche Bank, J.P. Morgan, and Goldman Sachs. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 815 of the Complaint.

816. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 816 of the Complaint only against Countrywide, Deutsche Bank, J.P. Morgan, and Goldman Sachs. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 816 of the Complaint.

817. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 817 of the Complaint only against Countrywide, Deutsche Bank, J.P. Morgan, and Goldman Sachs. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 817 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 817 and 818 of the Complaint.

818. The Outside Directors incorporate by reference their answers to paragraphs 1 through 817 of the Complaint. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 818 of the Complaint only against the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 818 of the Complaint.

819. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 819 of the Complaint only against the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 819 of the Complaint.

820. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 820 of the Complaint only against the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 820 of the Complaint.

821. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 821 of the Complaint only against the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 821 of the Complaint.

822. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 822 of the Complaint only against the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 822 of the Complaint.

823. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 823 of the Complaint only against the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 823 of the Complaint.

824. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 824 of the Complaint only against the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 824 of the Complaint.

825. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 825 of the Complaint only against the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these

allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 825 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 825 and 826 of the Complaint.

826. The Outside Directors incorporate by reference their answers to paragraphs 1 through 825 of the Complaint. The Outside Directors state that paragraph 826 of the Complaint contains Plaintiff's characterizations of the Complaint to which no response is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 826.

827. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 827 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 827 of the Complaint.

828. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 828 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 828 of the Complaint.

829. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 829 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 829 of the Complaint.

830. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 830 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 830 of the Complaint.

831. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 831 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 831 of the Complaint.

832. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 832 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 832 of the Complaint.

833. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 833 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 833 of the Complaint.

834. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 834 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no

answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 834 of the Complaint.

835. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 835 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 835 of the Complaint.

836. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 836 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 836 of the Complaint.

837. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 837 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 837 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 837 and 838 of the Complaint.

838. The Outside Directors incorporate by reference their answers to paragraphs 1 through 837 of the Complaint. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 838 of the Complaint only against the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside

Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 838 of the Complaint.

839. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 839 of the Complaint only against the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 839 of the Complaint.

840. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 840 of the Complaint only against the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 840 of the Complaint.

841. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 841 of the Complaint only against the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 841 of the Complaint.

842. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 842 of the Complaint only against the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 842 of the Complaint.

843. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 843 of the Complaint only against the Officer Defendants.

On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 843 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 843 and 844 of the Complaint.

844. The Outside Directors incorporate by reference their answers to paragraphs 1 through 843 of the Complaint. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 844 of the Complaint only against Countrywide, Mozilo, and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 844 of the Complaint.

845. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 845 of the Complaint only against Countrywide, Mozilo, and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 845 of the Complaint.

846. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 846 of the Complaint only against Countrywide, Mozilo, and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 846 of the Complaint.

847. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 847 of the Complaint only against Countrywide, Mozilo,

and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 847 of the Complaint.

848. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 848 of the Complaint only against Countrywide, Mozilo, and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 848 of the Complaint.

849. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 849 of the Complaint only against Countrywide, Mozilo, and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 849 of the Complaint.

850. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 850 of the Complaint only against Countrywide, Mozilo, and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 850 of the Complaint.

851. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 851 of the Complaint only against Countrywide, Mozilo, and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 851 of the Complaint.

852. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 852 of the Complaint only against Countrywide, Mozilo, and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 852 of the Complaint.

853. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 853 of the Complaint only against Countrywide, Mozilo, and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 853 of the Complaint.

854. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 854 of the Complaint only against Countrywide, Mozilo, and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 854 of the Complaint.

855. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 855 of the Complaint only against Countrywide, Mozilo, and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 855 of the Complaint.

856. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 856 of the Complaint only against Countrywide, Mozilo, and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no

answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 856 of the Complaint.

857. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 857 of the Complaint only against Countrywide, Mozilo, and Sambol. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 857 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 857 and 858 of the Complaint.

858. The Outside Directors incorporate by reference their answers to paragraphs 1 through 857 of the Complaint. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 858 of the Complaint only against Countrywide, the Officer Defendants, Deutsche Bank, J.P. Morgan, Goldman Sachs, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 858 of the Complaint.

859. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 859 of the Complaint only against Countrywide, the Officer Defendants, Deutsche Bank, J.P. Morgan, Goldman Sachs, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 859 of the Complaint.

860. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 860 of the Complaint only against Countrywide, the Officer Defendants, Deutsche Bank, J.P. Morgan, Goldman Sachs, and KPMG. On

this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 860 of the Complaint.

861. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 861 of the Complaint only against Countrywide, the Officer Defendants, Deutsche Bank, J.P. Morgan, Goldman Sachs, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 861 of the Complaint.

862. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 862 of the Complaint only against Countrywide, the Officer Defendants, Deutsche Bank, J.P. Morgan, Goldman Sachs, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 862 of the Complaint.

863. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 863 of the Complaint only against Countrywide, the Officer Defendants, Deutsche Bank, J.P. Morgan, Goldman Sachs, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 863 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 863 and 864 of the Complaint.

864. The Outside Directors incorporate by reference their answers to paragraphs 1 through 863 of the Complaint. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 864 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 864 of the Complaint.

865. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 865 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 865 of the Complaint.

866. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 866 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 866 of the Complaint.

867. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 867 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 867 of the Complaint.

868. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 868 of the Complaint only against Countrywide and the

Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 868 of the Complaint.

869. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 869 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 869 of the Complaint.

870. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 870 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 870 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 870 and 871 of the Complaint.

871. The Outside Directors incorporate by reference their answers to paragraphs 1 through 870 of the Complaint. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 871 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 871 of the Complaint.

872. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 872 of the Complaint only against Countrywide and the

Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 872 of the Complaint.

873. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 873 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 873 of the Complaint.

874. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 874 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 874 of the Complaint.

875. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 875 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 875 of the Complaint.

876. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 876 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 876 of the Complaint.

877. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 877 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 877 of the Complaint.

878. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 878 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 878 of the Complaint.

879. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 879 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 879 of the Complaint.

880. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 880 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 880 of the Complaint.

881. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 881 of the Complaint only against Countrywide and the Officer Defendants. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no

answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 881 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 881 and 882 of the Complaint.

882. The Outside Directors incorporate by reference their answers to paragraphs 1 through 881 of the Complaint. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 882 of the Complaint only against Countrywide, the Officer Defendants, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 882 of the Complaint.

883. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 883 of the Complaint only against Countrywide, the Officer Defendants, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 883 of the Complaint.

884. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 884 of the Complaint only against Countrywide, the Officer Defendants, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 884 of the Complaint.

885. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 885 of the Complaint only against Countrywide, the Officer Defendants, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside

Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 885 of the Complaint.

886. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 886 of the Complaint only against Countrywide, the Officer Defendants, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 886 of the Complaint.

887. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 887 of the Complaint only against Countrywide, the Officer Defendants, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 887 of the Complaint.

888. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 888 of the Complaint only against Countrywide, the Officer Defendants, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 888 of the Complaint.

889. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 889 of the Complaint only against Countrywide, the Officer Defendants, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 889 of the Complaint.

890. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 890 of the Complaint only against Countrywide, the

Officer Defendants, and KPMG. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 890 of the Complaint.

The Outside Directors deny the allegations appearing between paragraphs 890 and 891 of the Complaint.

891. The Outside Directors incorporate by reference their answers to paragraphs 1 through 890 of the Complaint. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 891 of the Complaint only against Countrywide. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 891 of the Complaint.

892. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 892 of the Complaint only against Countrywide. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 892 of the Complaint.

893. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 893 of the Complaint only against Countrywide. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 893 of the Complaint.

894. The Outside Directors state that Plaintiff purports to assert the allegations in paragraph 894 of the Complaint only against Countrywide. On this basis, the Outside Directors aver that the allegations in this paragraph cannot form

the basis of liability as to the Outside Directors and no answer to these allegations is required. Except as expressly stated, the Outside Directors deny the allegations in paragraph 894 of the Complaint.

The Outside Directors deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief that appears on page 288.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that the Outside Directors bear any burden of proof as to any of them, the Outside Directors assert the following affirmative defenses, each as separate and distinct defenses to the Complaint's alleged claims for relief against the Outside Directors. The Outside Directors reserve all rights to amend and supplement their answer and affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Count One of the Complaint fails to state a claim upon which relief can be granted against any of the Outside Directors.

### SECOND AFFIRMATIVE DEFENSE

Each Outside Director had, after reasonable investigation, reasonable ground to believe and did believe, at the time the parts of any registration statements with respect to which his liability is asserted became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

### THIRD AFFIRMATIVE DEFENSE

For all parts of any registration statements with respect to which his liability is asserted and that are purported to be made on the authority of an expert, or purported to be a copy of or extract from a report or valuation of an expert, each Outside Director had no reasonable ground to believe and did not believe, at the time such parts of the registration statements became effective, that the statements therein were untrue or that there was an omission to state a material fact required to

be stated therein or necessary to make the statements therein not misleading, or that such parts of the registration statements did not fairly represent the statement of the expert or were not a fair copy or extract from the report or valuation of the expert.

**FOURTH AFFIRMATIVE DEFENSE**

Before the effective date of some or all of the parts of any registration statement(s) with respect to which their liability is asserted, defendants Enis and Heller had resigned from or had taken such steps as are permitted by law to resign from every office, capacity, or relationship in which they were described in the registration statement(s) as acting or agreeing to act, and Countrywide and the Securities and Exchange Commission had been advised in writing that they had taken such action and that they were not responsible for such parts.

**FIFTH AFFIRMATIVE DEFENSE**

No registration statement identified in Count One included a false or misleading statement of material fact or omitted to state a material fact that was required to be stated, and no Outside Director is responsible (in law or in fact) for any alleged false or misleading statements or omissions of material fact in those registration statements.

**SIXTH AFFIRMATIVE DEFENSE**

Any allegedly untrue statement of fact, omission of fact, or other allegedly actionable conduct was not material.

**SEVENTH AFFIRMATIVE DEFENSE**

No Outside Director has liability under Section 11 of the Securities Act of 1933 for forward-looking statements because those statements are protected by the “safe harbor” provisions of 15 U.S.C. § 77z-2.

**EIGHTH AFFIRMATIVE DEFENSE**

No Outside Director has liability under Section 11 of the Securities Act of 1933 for forward-looking statements because those statements are protected by the “bespeaks caution” doctrine.

**NINTH AFFIRMATIVE DEFENSE**

No person or entity may recover from any of the Outside Directors to the extent such person or entity had actual or constructive knowledge of the facts alleged in the Complaint to have been concealed or misrepresented.

**TENTH AFFIRMATIVE DEFENSE**

Any recovery for damages allegedly incurred is limited as to each Outside Director to the percentage of that Outside Director's responsibility in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to the alleged damages, as set forth in 15 U.S.C. §§ 77k(f)(2)(A), 78u-4(f).

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery for damages is subject to offset in the amount of any tax benefits that Plaintiff received related to its investments in or acquisition of Countrywide securities.

**TWELFTH AFFIRMATIVE DEFENSE**

No Outside Director is liable for any damages allegedly suffered by Plaintiff because factors other than the alleged misrepresentations and omissions in the registration statements influenced the price of Countrywide's securities when Plaintiff allegedly acquired Countrywide's securities.

**THIRTEENTH AFFIRMATIVE DEFENSE**

No Outside Director is liable for any damages allegedly suffered by Plaintiff because factors other than the alleged misrepresentations and omissions in the registration statements caused some or all of the alleged decline in the value of any Countrywide securities that Plaintiff purchased.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff would be unjustly enriched if it were permitted to obtain any recovery in this action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

No act or omission attributed to any Outside Director in the Complaint was the actual or proximate cause of any injury suffered by Plaintiff, and no act or omission attributed to any Outside Director caused the loss for which the Complaint seeks to recover damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

No Outside Director is liable for any damages suffered by Plaintiff because the negligent, reckless, or willful acts of others constituted independent, intervening, and superseding causes, relieving each Outside Director of any liability.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Persons who acquired any Countrywide security after Countrywide made generally available to its security holders an earning statement covering a period of at least twelve months beginning after the effective date of any registration statement for which any Outside Director's liability is asserted cannot recover because they cannot prove they acquired the security while relying upon the alleged untrue statements in, or not knowing of the alleged omissions from, any such registration statement.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The claims against each of the Outside Directors are barred, in whole or in part, on the grounds that each Outside Director was under no duty to revise, update, or correct any previously made statements.

**NINETEENTH AFFIRMATIVE DEFENSE**

The claims against each of the Outside Directors are barred because the acts stated were ratified or approved by the Securities and Exchange Commission and/or other state and federal regulatory agencies or entities.

**TWENTIETH AFFIRMATIVE DEFENSE**

The Outside Directors did not have a duty to disclose information allegedly omitted in Countrywide's registration statements.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Each Outside Director is not liable because the alleged misrepresentations or omissions in the registration statements were based on good faith and reasonable reliance upon the work, opinions, information, representations and advice of others upon whom each of the Outside Directors was entitled to rely.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The claims against each of the Outside Directors are barred, in whole or in part, by the applicable statute(s) of limitation or repose.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The claims against each Outside Director are barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped, in whole or in part, from obtaining the relief sought in the Complaint from any of the Outside Directors.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The claims against each Outside Director are barred, in whole or in part, by the doctrine of laches.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff, by acts, omissions, and/or conduct, has waived, in whole or in part, its right to obtain relief sought in the Complaint from any of the Outside Directors.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against each of the Outside Directors are barred, in whole or in part, by the doctrine of res judicata.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The claims against each Outside Director are barred on the ground that the matters stated to be the subject of misrepresentations and/or omissions were publicly disclosed and/or were in the public domain.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate any damage it may have suffered.

**THIRTIETH AFFIRMATIVE DEFENSE**

No Outside Director has liability under Section 11 of the Securities Act of 1933 for alleged misstatements or omissions in Forms 10-K and 10-Q that Countrywide filed after February 9, 2006, the date the registration statement at issue became effective.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

The claims against each Outside Director are barred, in whole or in part, because the allegedly false and misleading statements on which each Outside Director's purported liability is based did not affect the price or value of the securities described in Count One, and/or an insufficient number of traders in those securities relied on the allegedly false and misleading statements to affect the price or value of the securities.

WHEREFORE, the Outside Directors pray that this Court enter judgment as follows:

1. That Plaintiff takes nothing from the Outside Directors by its Complaint;
2. For the Outside Directors' costs;
3. For the Outside Directors' attorneys' fees;
4. For judgment in favor of the Outside Directors;
5. For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38-1 of the Local Rules of the United States District Court for the Central District of California, the Outside Directors hereby demand a trial by jury of all issues triable in this action.

Dated: October 14, 2011

MORRISON & FOERSTER LLP

By: /s/ D. Anthony Rodriguez
D. Anthony Rodriguez

Attorneys for Defendants
HENRY G. CISNEROS, JEFFREY M. CUNNINGHAM, ROBERT J. DONATO, BEN M. ENIS, EDWIN HELLER, MARTIN R. MELONE, ROBERT T. PARRY, OSCAR P. ROBERTSON, KEITH P. RUSSELL, and HARLEY W. SNYDER

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on October 14, 2011, I served a copy of:

**OUTSIDE DIRECTORS' ANSWER TO AMENDED COMPLAINT**

**By electronically filing** the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such electronic filing to counsel of record for all parties by operation of the Court's CM/ECF System.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, this 14th day of October, 2011.

| Magdalena R. Blackmer | /s/ Magdalena R. Blackmer |
|---|---|
| (typed) | (signature) |