**DLA PIPER LLP (US)**
SHIRLI FABBRI WEISS (Bar No. 079225)
shirli.weiss@dlapiper.com
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2700 | Fax: (619) 699-2701

NICOLAS MORGAN (Bar No. 166441)
nicolas.morgan@dlapiper.com
2000 Avenue of the Stars, Suite 400, North Tower
Los Angeles, CA 90067-6022
Tel: (310) 595-3000 | Fax: (310) 595-3300

DAVID PRIEBE (Bar No. 148679)
david.priebe@dlapiper.com
RAJIV DHARNIDHARKA (Bar No. 234756)
rajiv.dharnidharka@dlapiper.com
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000 | Fax: (650) 833-2001

Attorneys for Defendant ERIC P. SIERACKI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STATE TREASURER OF THE STATE OF MICHIGAN,<br>*Plaintiff,*<br>v.<br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br>*Defendants.* | No. CV 11-0809-MRP (MANx)<br>**ANSWER OF ERIC P. SIERACKI**<br>**JURY TRIAL DEMANDED** |

Defendant Eric Sieracki ("Sieracki") hereby answers the Amended Complaint ("Amended Complaint") as follows. Paragraph numbers in this document correspond to the paragraph numbers of the Amended Complaint and respond to the allegations of the corresponding Amended Complaint paragraph, up to the Affirmative Defenses section of this document. In the Amended Complaint, Plaintiffs define the "Relevant Period" as March 12, 2004 through March 7, 2008. Solely for the purposes of this answer, Sieracki references that definition of "Relevant Period." For each paragraph, if an allegation is not explicitly admitted, it is denied.

1. Sieracki admits that Countrywide was founded in 1969 and was engaged in mortgage lending and other finance-related businesses. Sieracki denies the remaining allegations of Paragraph 1.

2. Sieracki admits that Countrywide engaged in mortgage lending and that its affiliates sold mortgage loans into the secondary market. Sieracki denies the remaining allegations of Paragraph 2.

3. Sieracki admits that Countrywide sold loans into the secondary market. Sieracki denies the remaining allegations of Paragraph 3.

4. To the extent the allegations of Paragraph 4 are based on statements by Mr. Mozilo in 2003, those statements themselves accurately reflect their content and Sieracki denies any characterization of the statements that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 4.

5. Sieracki denies the allegations of Paragraph 5.

6. To the extent the allegations of Paragraph 6 are based on statements by Mr. Mozilo in March 2007, those statements themselves accurately reflect their content and Sieracki denies any characterization of the statements that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 6.

7. Sieracki denies the allegations of Paragraph 7.

8. To the extent the allegations of Paragraph 8 purport to cite the contents of an October 4, 2006 Regulatory Guidance issued by the Department of the Treasury Office of the Comptroller of the Currency, Board of Governors of the Federal Reserve System, Federal Deposit Insurance Corporation, and the Office of Thrift Supervision, that document itself accurately reflects its content and Sieracki denies any characterization of the document that is inconsistent with its actual contents. Sieracki denies the remaining allegations of Paragraph 8.

9. Sieracki denies the allegations of Paragraph 9.

10. Sieracki denies the allegations of Paragraph 10.

11. Sieracki denies the allegations of Paragraph 11.

12. Sieracki denies the allegations of Paragraph 12.

13. Sieracki denies the allegations of Paragraph 13.

14. To the extent that statistics in Paragraph 14 are based on the contents of Countrywide SEC filings, Sieracki states that those filings accurately reflect their content. Except as admitted, Sieracki denies the allegations of Paragraph 14.

15. Sieracki denies the allegations of Paragraph 15.

16. Sieracki denies the allegations of Paragraph 16.

17. Sieracki denies the allegations of Paragraph 17.

18. Sieracki admits that Countrywide made debt offerings that raised capita. Except as admitted, Sieracki denies the allegations of Paragraph 18.

19. Sieracki denies the allegations of Paragraph 19.

20. To the extent the allegations of Paragraph 20 are based on the content of financial statements made in Countrywide SEC filings, Sieracki states that the SEC filings reflect their actual content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents . Sieracki further states that the July 27, 2007 Stifel Nicolaus report reflects its actual content. Except as admitted, Sieracki denies the allegations of Paragraph 20.

21. Sieracki denies the allegations of Paragraph 21.

22. Sieracki admits that Countrywide entered a merger agreement with Bank of America in 2008. Except as admitted, Sieracki denies the allegations of Paragraph 22.

23. Sieracki admits that on January 27, 2011, the Financial Crisis Inquiry Commission issued a report and made documents available to the public. Except as admitted, Sieracki denies the allegations of Paragraph 23.

24. Sieracki admits the allegations concerning the dollar amount of declines in the market price of the Countrywide stock referenced in Paragraph 24 to the extent they match what is accurately reflected in the public record. Sieracki denies the remaining allegations of Paragraph 24.

25. To the extent the allegations of this paragraph cite the content of documents from court files, those documents themselves reflect their content. Sieracki denies the remaining allegations of Paragraph 25.

26. Paragraph 26 contains solely conclusions of law to which no response is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

27. Paragraph 27 contains solely conclusions of law to which no response is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

28. Paragraph 28 contains solely conclusions of law to which no response is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

29. Paragraph 29 contains solely conclusions of law to which no response is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

30. Paragraph 30 contains solely conclusions of law to which no response is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

31. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 31.

32. Sieracki admits the allegations of Paragraph 32 except to deny that Countrywide's common stock trades actively on the New York Stock Exchange.

33. Sieracki admits that Countrywide merged with Bank of America in 2008. To the extent the allegations of Paragraph 33 are based on the Agreement and Plan of Merger, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 33.

34. Sieracki admits that Mr. Mozilo was a co-founder of Countrywide, and was a member and Chairman of the Countrywide Board of Directors during the Relevant Period until the merger with Bank of America. Sieracki admits that, during the Relevant Period prior to its merger with Bank of America, Mr. Mozilo was Chief Executive Officer of Countrywide. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Mozilo's residence and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 34.

35. Sieracki admits that Mr. Sambol became Countrywide's President and Chief Operating Officer in September 2006, and a director of Countrywide in 2007. Sieracki admits that Mr. Sambol was a member of Countrywide's Corporate Credit Risk Management Committee. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, sixth, and seventh sentences of Paragraph 35 and therefore denies those allegations. Sieracki

admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 35.

36. Sieracki admits that he served as Countrywide's Executive Managing Director and Chief Financial Officer, and was a member of the Countrywide Executive Strategy Committee, the Corporate Credit Risk Management Committee, and the Asset/Liability Committee. Sieracki admits that he joined Countrywide in 1988 as Senior Vice President of Countrywide Asset Management Corporation, and was promoted in 1989 to Executive Vice President of Corporate Finance. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the sixth sentence of Paragraph 36 and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 36.

37. Sieracki denies the allegations of Paragraph 37.

38. Sieracki admits that officers of Countrywide had duties imposed by law but denies that Paragraph 38 accurately states such duties. Except as admitted, Sieracki denies the allegations of Paragraph 38.

39. Sieracki admits that he participated in the issuance of certain SEC filings, press releases and public statements of Countrywide and received certain of those statements in advance of their publication. Except as admitted, Sieracki denies the allegations of Paragraph 39.

40. Sieracki denies the allegations of Paragraph 40.

41. Sieracki denies the allegations of Paragraph 41.

42. Sieracki admits that on February 9, 2006, Countrywide filed its Form S-3 ASR. Sieracki admits the remaining allegations of Paragraph 42 on information and belief.

43. Sieracki admits that on February 9, 2006, Countrywide filed its Form S-3 ASR. Sieracki admits the remaining allegations of Paragraph 43 on information and belief.

44. Sieracki admits that on February 9, 2006, Countrywide filed its Form S-3 ASR. allegations. Sieracki admits the remaining allegations of Paragraph 44 on information and belief.

45. Sieracki admits that on February 9, 2006, Countrywide filed its Form S-3 ASR. Sieracki admits the remaining allegations of Paragraph 45 on information and belief..

46. Sieracki admits that on February 9, 2006, Countrywide filed its Form S-3 ASR. Sieracki admits the remaining allegations of Paragraph 46 on information and belief.

47. Sieracki admits that on February 9, 2006, Countrywide filed its Form S-3 ASR. Sieracki admits the remaining allegations of Paragraph 47 on information and belief.

48. Sieracki admits that on February 9, 2006, Countrywide filed its Form S-3 ASR. Sieracki admits the remaining allegations of Paragraph 48 on information and belief.

49. Sieracki admits that on February 9, 2006, Countrywide filed its Form S-3 ASR. Sieracki admits the remaining allegations of Paragraph 49 on information and belief.

50. Sieracki admits that on February 9, 2006, Countrywide filed its Form S-3 ASR. Sieracki admits the remaining allegations of Paragraph 50 on information and belief.

51. Sieracki admits that on February 9, 2006, Countrywide filed its Form

S-3 ASR. Sieracki admits the remaining allegations of Paragraph 51 on information and belief.

52. Sieracki admits that on February 9, 2006, Countrywide filed its Form S-3 ASR. Sieracki admits the remaining allegations of Paragraph 52 on information and belief.

53. Sieracki admits that on February 9, 2006, Countrywide filed its Form S-3 ASR. Sieracki admits the remaining allegations of Paragraph 53 on information and belief.

54. Paragraph 54 is a characterization of the Amended Complaint to which no response is required.

55. Countrywide denies the allegations of Paragraph 55 except to admit that the offering documents for the notes referenced in Paragraph 55 provide a description of the underwriting arrangements relating to the alleged notes.

56. Countrywide denies the allegations of Paragraph 56 except to admit that the offering documents for the notes referenced in Paragraph 56 provide a description of the underwriting arrangements relating to the alleged notes.

57. Countrywide denies the allegations of Paragraph 57 except to admit that the offering documents for the notes referenced in Paragraph 57 provide a description of the underwriting arrangements relating to the alleged notes.

58. Countrywide denies the allegations of Paragraph 58 except to admit that the offering documents for the notes referenced in Paragraph 58 provide a description of the underwriting arrangements relating to the alleged notes.

59. Countrywide denies the allegations of Paragraph 59 except to admit that the offering documents for the notes referenced in Paragraph 59 provide a description of the underwriting arrangements relating to the alleged notes.

60. Countrywide denies the allegations of Paragraph 60 except to admit that the offering documents for the notes referenced in Paragraph 60 provide a description of the underwriting arrangements relating to the alleged notes.

61. Countrywide denies the allegations of Paragraph 61 except to admit that the offering documents for the notes referenced in Paragraph 61 provide a description of the underwriting arrangements relating to the alleged notes.

62. Countrywide denies the allegations of Paragraph 62 except to admit that the offering documents for the notes referenced in Paragraph 62 provide a description of the underwriting arrangements relating to the alleged notes.

63. Countrywide denies the allegations of Paragraph 63 except to admit that the offering documents for the notes referenced in Paragraph 63 provide a description of the underwriting arrangements relating to the alleged notes.

64. Countrywide denies the allegations of Paragraph 64 except to admit that the offering documents for the notes referenced in Paragraph 64 provide a description of the underwriting arrangements relating to the alleged notes.

65. Countrywide denies the allegations of Paragraph 65 except to admit that the offering documents for the notes referenced in Paragraph 65 provide a description of the underwriting arrangements relating to the alleged notes.

66. Paragraph 66 is a characterization of the Amended Complaint to which no response is required.

67. Sieracki admits the allegations of Paragraph 67.

68. Sieracki denies the allegations of Paragraph 68 except to the extent of any numerical statistics states in Countrywide's SEC filings.

69. Sieracki admits that Countrywide's business included the four loan origination divisions identified in Paragraph 69. Sieracki denies the remaining allegations of Paragraph 69.

70. Sieracki denies the allegations of Paragraph 70.

71. Sieracki admits that Mortgage Banking, Banking, and Capital Markets comprised a significant portion of Countrywide's pre-tax earnings during the Relevant Period. Sieracki denies the remaining allegations of Paragraph 71.

72. Sieracki admits that Countrywide sold loans into the secondary

market. Sieracki denies the remaining allegations of Paragraph 72.

73. Sieracki admits that Countrywide sold loans into the secondary market. Sieracki denies the remaining allegations of Paragraph 73.

74. Sieracki admits that Countrywide sold loans into the secondary market, and that it retained the right to service certain of these loans. Sieracki denies the remaining allegations of Paragraph 74.

75. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 75.

76. To the extent the allegations of Paragraph 76 are based on citing the contents of the February 23, 2008 Wall Street Journal article, that article reflects its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 76.

77. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 regarding statements attributed to Mr. Mozilo on July 23, 2003 and January 27, 2004, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 77.

78. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 78.

79. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and therefore denies those allegations.

80. Sieracki lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 80 and therefore denies those allegations.

81. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 and therefore denies those allegations.

82. To the extent the allegations of Paragraph 82 are based on citing the contents of an October 24, 2007 Wall Street Journal article, that article reflects its content. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 regarding statements of witnesses alleged and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 82.

83. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83 and therefore denies those allegations.

84. To the extent the allegations of Paragraph 84 are based on citing to the content of an October 24, 2007 Wall Street Journal article, that article reflects its actual content. Except as admitted, Sieracki denies the allegations of Paragraph 84.

85. Sieracki denies the allegations of Paragraph 85.

86. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 concerning statements of alleged witnesses and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 86.

87. Sieracki denies the allegations of Paragraph 87.

88. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 88.

89. Sieracki denies the allegations of Paragraph 89.

90. Sieracki denies the allegations of Paragraph 90.

91. To the extent the allegations of Paragraph 91 are based on an citing to the content of the October 24, 2007 Wall Street Journal article, that article reflects its actual content. Except as admitted, Sieracki denies the allegations of Paragraph 91.

92. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 concerning statements of alleged witnesses and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 92.

93. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 concerning statements of alleged witnesses and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 93.

94. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 94.

95. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 regarding statements attributed to Mr. Mozilo on July 22, 2003, and on that basis denies them. Sieracki denies the remaining allegations in Paragraph 95.

96. To the extent the allegations of Paragraph 96 are based on citing to the contents of the FCIC Report, that report reflects its actual content. Except as admitted, Sieracki denies the allegations in Paragraph 96.

97. Sieracki denies the allegations in Paragraph 97.

98. Sieracki denies the allegations in Paragraph 98.

99. To the extent the allegations of Paragraph 99 are based on citing to the contents of the December 2005 proposed Interagency Guidance, March 27, 2006 comments by Countrywide, October 4, 2006 published Interagency Guidance, and October 10, 2006 correspondence with Mr. Mozilo, those documents reflect their content. Except as admitted, Sieracki denies the allegations in Paragraph 99.

100. To the extent the allegations of Paragraph 100 are based on citing to the contents of the Interagency Guidance, that document reflects its contents Except as admitted, Sieracki denies the remaining allegations in Paragraph 100.

101. To the extent the allegations of Paragraph 101 are based on an August 2006 Wall Street Journal article, that article reflects its content. Except as admitted, Sieracki denies the allegations in Paragraph 101.

102. To the extent the allegations of Paragraph 102 are based on the Interagency Guidance, that document reflects its content. Except as admitted, Sieracki denies the allegations in Paragraph 102.

103. To the extent the allegations of Paragraph 103 are based on the Interagency Guidance, that document reflects its content.. Except as admitted, Sieracki denies the remaining allegations of Paragraph 103.

104. Sieracki admits that on November 9, 2007, Countrywide filed its Form 10-Q for the second quarter of 2007. To the extent the allegations of Paragraph 104 are based on an October 24, 2007 Wall Street Journal article, that article reflects its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 104.

105. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 105.

106. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or

characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 106.

107. Sieracki denies the allegations of Paragraph 107.

108. Sieracki denies the allegations of Paragraph 108.

109. To the extent the allegations of Paragraph 109 are based on the January 3, 2011 Bank of America announcement, that document reflects its content. Paragraph 109 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents reflect their content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 109.

110. Sieracki denies the allegations of Paragraph 110.

111. Sieracki denies the allegations of Paragraph 111.

112. Sieracki admits the allegations of Paragraph 112 concerning what statements were made in the Underwriting Matrices only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization of the contents of the referenced document inconsistent with the actual complete statements made in the document. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 112 and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 112.

113. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 and therefore denies those allegations.

114. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 and therefore denies those allegations.

115. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 and therefore denies those

allegations.

116. To the extent the allegations of Paragraph 116 are based on the FCIC report, that document reflects its content. Except as admitted, Sieracki denies the remaining allegations in Paragraph 116.

117. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 and therefore denies those allegations.

118. Sieracki denies the allegations in Paragraph 118.

119. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the third and fourth sentences of Paragraph 119 and therefore denies those allegations. Sieracki denies the remaining allegations in Paragraph 119.

120. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 and therefore denies those allegations.

121. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 and therefore denies those allegations.

122. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 and therefore denies those allegations.

123. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 and therefore denies those allegations.

124. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 and therefore denies those allegations.

125. Sieracki lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 125 and therefore denies those allegations.

126. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 and therefore denies those allegations.

127. Paragraph 127 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents reflect their content. Except as admitted, Sieracki denies the allegations of Paragraph 127.

128. Paragraph 128 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents reflect their content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 128.

129. Sieracki denies the allegations of Paragraph 129.

130. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 and therefore denies those allegations.

131. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 and therefore denies those allegations.

132. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132 and therefore denies those allegations.

133. To the extent the allegations of Paragraph 133 are based on an August 26, 2007 New York Times article, that article reflects its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 133.

134. To the extent the allegations of Paragraph 134 are based on an August

26, 2007 New York Times article, that article reflects its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 133.

135. To the extent the allegations of Paragraph 135 are based on a November 11, 2007 New York Times article, that article reflects its content. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth and fifth sentences of Paragraph 135 and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 135.

136. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 and therefore denies those allegations.

137. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137 and therefore denies those allegations.

138. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 and therefore denies those allegations.

139. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 and therefore denies those allegations.

140. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 and therefore denies those allegations.

141. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141 and therefore denies those allegations.

142. Countrywide denies the allegations of the first sentence of Paragraph 142 of the Amended Complaint. Sieracki lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of the second and third sentences of Paragraph 142 and therefore denies those allegations.

143. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143 and therefore denies those allegations.

144. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 and therefore denies those allegations.

145. To the extent the allegations of Paragraph 145 are based on a November 13, 2008 Businessweek article, that article reflects its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 145.

146. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146 and therefore denies those allegations.

147. To the extent the allegations of Paragraph 147 are based on a January 17, 2008 Businessweek article, that article reflects its content. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of Paragraph 147 and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 147.

148. To the extent the allegations of Paragraph 148 are based on a November 4, 2010 Huffington Post article, that article reflects its content, Except as admitted, Sieracki denies the allegations of Paragraph 148.

149. To the extent the allegations of Paragraph 149 are based on the FCIC Report, that document reflects its content. Except as admitted, Sieracki denies the remaining allegations in Paragraph 149.

150. Paragraph 150 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they

precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 150.

151. To the extent the allegations of Paragraph 151 are based on the *Interagency Guidance*, that document reflects its content. Except as admitted, Sieracki denies the allegations in Paragraph 151.

152. Paragraph 152 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents reflect their content. Except as admitted, Sieracki denies the allegations in Paragraph 152.

153. Paragraph 153 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents reflect their content. Except as admitted, Sieracki denies the allegations in Paragraph 153.

154. Paragraph 154 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents reflect their content. Except as admitted, Sieracki denies the allegations in Paragraph 154.

155. Paragraph 155 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents reflect their content. Except as admitted, Sieracki denies the allegations of Paragraph 155.

156. To the extent the allegations of Paragraph 156 are based on a March 9, 2007 Reuters article and a August 26, 2007 New York Times article, those articles reflect their content. Except as admitted, Sieracki denies the allegations of Paragraph 156.

157. Sieracki admits the allegations of Paragraph 157 concerning what

statements were made in the product lists only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization of the contents of the referenced document inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 157.

158. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 regarding statements attributed to unnamed persons during the earnings call, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 158.

159. To the extent the allegations of Paragraph 159 are based on an August 26, 2007 New York Times article, that article reflects its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 159.

160. To the extent the allegations of Paragraph 160 are based on an August 26, 2007 New York Times article, that article reflects its content. Except as admitted, Sieracki denies the allegations of Paragraph 160.

161. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161 and therefore denies those allegations.

162. Sieracki denies the allegations of Paragraph 162.

163. Sieracki denies the allegations of Paragraph 163.

164. To the extent the allegations of Paragraph 164 are based on the January 31, 2001 *Expanded Guidance for Subprime Lending Programs* issued by the Department of the Treasury Office of the Comptroller of the Currency, Board of Governors of the Federal Reserve System, Federal Deposit Insurance Corporation,

and the Office of Thrift Supervision, as well as correspondence to Mr. Mozilo on February 2, 2001, those documents reflect their content. Except as admitted, Sieracki denies the allegations of Paragraph 164.

165. To the extent the allegations of Paragraph 165 are based on the January 31, 2001 *Expanded Guidance for Subprime Lending Programs* issued by the Department of the Treasury Office of the Comptroller of the Currency, Board of Governors of the Federal Reserve System, Federal Deposit Insurance Corporation, and the Office of Thrift Supervision, those documents reflect their content. Except as admitted, Sieracki denies the allegations of Paragraph 165.

166. To the extent the allegations of Paragraph 166 are based on the February 2001 transmittal letter referenced, that document reflects its content Except as admitted, Sieracki denies the remaining allegations of Paragraph 166.

167. To the extent the allegations of Paragraph 167 are based on the February 2003 public guidelines issued by Freddie Mac, those documents reflect their content. Except as admitted, Sieracki denies the allegations of Paragraph 167.

168. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168 regarding statements attributed to Messrs. Mozilo and Sambol on September 13, 2005 and September 13, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 168.

169. Sieracki denies the first sentence of Paragraph 169. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 169 and therefore denies those allegations.

170. Sieracki denies the first sentence of Paragraph 170. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 170 and therefore denies those allegations.

171. Sieracki lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 171 and therefore denies those allegations.

172. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172 and therefore denies those allegations.

173. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 173 regarding statements attributed to Mr. McMurray on July 24, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 173.

174. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174 regarding statements attributed to an analyst from HSBC Securities, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 174.

175. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 175 regarding statements attributed to an analyst from HSBC Securities, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 175.

176. Sieracki denies the first sentence of Paragraph 176. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 176 and therefore denies those allegations.

177. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 177 and therefore denies those allegations.

178. To the extent the allegations of Paragraph 178 are based on the July

27, 2007 Stifel Nicolaus analyst report, that report reflects its their content. Except as admitted, Sieracki denies the allegations of Paragraph 178.

179. To the extent the allegations of Paragraph 179 are based on the July 27, 2007 Stifel Nicolaus analyst report, that report reflects its content. Except as admitted, Sieracki denies the allegations of Paragraph 179.

180. To the extent the allegations of Paragraph 180 are based on an August 26, 2007 New York Times article, that article reflects its content. Except as admitted, Sieracki denies the allegations of Paragraph 180.

181. To the extent the allegations of Paragraph 181 are based on the *Interagency Guidance*, that document accurately reflects its content. Except as admitted, Sieracki denies the allegations of Paragraph 181.

182. To the extent the allegations of Paragraph 182 are based on October 2007 and February 2008 Wall Street Journal articles, those articles accurately reflect their content. Except as admitted, Sieracki denies the allegations of Paragraph 182.

183. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183 and therefore denies those allegations.

184. Sieracki denies the first sentence of Paragraph 184. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 184 and therefore denies those allegations.

185. Sieracki denies the allegations of Paragraph 185.

186. Paragraph 186 contains solely conclusions of law to which no response is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

187. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Sieracki denies the remaining allegations of Paragraph 187.

188. Sieracki denies the allegations of Paragraph 188.

189. Paragraph 189 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 189.

190. Paragraph 190 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 190.

191. Paragraph 191 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 191.

192. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Paragraph 192 also contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent

with the actual statements made in the referenced standards. Sieracki denies the allegations in Paragraph 192.

193. Paragraph 193 is a characterization of the Amended Complaint to which no response is required. To the extent Paragraph 193 contains factual allegations to which a response is required, Sieracki denies the allegations in Paragraph 193.

194. Paragraph 194 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 194.

195. Paragraph 195 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 195.

196. Paragraph 196 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 196.

197. Paragraph 197 contains conclusions of law and allegations citing

and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 197.

198. Paragraph 198 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 198.

199. Paragraph 199 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 199.

200. Paragraph 200 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 200.

201. Paragraph 201 contains conclusions of law and allegations citing

and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 201.

202. Paragraph 202 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 202.

203. Paragraph 203 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 203.

204. Paragraph 204 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 204.

205. Paragraph 205 contains conclusions of law and allegations citing

and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 205.

206. Paragraph 206 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 206.

207. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 207.

208. Paragraph 208 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 208.

209. Sieracki denies the allegations of Paragraph 209.

210. Paragraph 210 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations

concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 210.

211. Paragraph 211 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 211.

212. Sieracki denies the allegations of Paragraph 212.

213. Sieracki denies the allegations of Paragraph 213.

214. To the extent the allegations of Paragraph 214 are based on Countrywide's SEC filings, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 214.

215. To the extent the allegations of Paragraph 214 are based on Countrywide's SEC filings, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Paragraph 215 also contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining

allegations of Paragraph 215.

216. To the extent the allegations of Paragraph 216 are based on Countrywide's SEC filings, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 216.

217. To the extent the allegations of Paragraph 217 are based on Countrywide's SEC filings, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 217.

218. To the extent the allegations of Paragraph 218 are based on Countrywide's SEC filings, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 218.

219. Sieracki denies the allegations of Paragraph 219.

220. To the extent the allegations of Paragraph 220 are based on Countrywide's SEC filings, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 220.

221. To the extent the allegations of Paragraph 221 are based on Countrywide's SEC filings, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 221.

222. Sieracki denies the allegations of Paragraph 222.

223. Sieracki denies the allegations of Paragraph 223.

224. Sieracki denies the allegations of Paragraph 224.

225. To the extent the allegations of Paragraph 225 are based on Countrywide's SEC filings, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 225.

226. Sieracki denies the allegations of Paragraph 226.

227. To the extent the allegations of Paragraph 227 are based on Countrywide's SEC filings, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 227.

228. Sieracki denies the allegations of Paragraph 228.

229. Sieracki denies the allegations of Paragraph 229.

230. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Except as admitted, Sieracki denies the allegations of Paragraph 230.

231. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 231.

232. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or

characterization inconsistent with the actual complete statements made in the filings. Except as admitted, Sieracki denies the allegations of Paragraph 232.

233. Sieracki denies the allegations of Paragraph 233.

234. Sieracki denies the allegations of Paragraph 234.

235. Paragraph 235 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 235.

236. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Except as admitted, Sieracki denies the remaining allegations of Paragraph 236.

237. Paragraph 237 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 237.

238. To the extent the allegations of Paragraph 238 are based on Countrywide SEC filings, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Except as admitted, Sieracki denies the

allegations of Paragraph 238.

239. Sieracki denies the allegations of Paragraph 239.

240. Sieracki admits that Countrywide retained the servicing rights to certain loans after selling them in the secondary market. Sieracki denies the remaining allegations of Paragraph 240.

241. Sieracki denies the allegations of Paragraph 241.

242. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Except as admitted, Sieracki denies the allegations of Paragraph 242.

243. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Except as admitted, Sieracki denies the allegations of Paragraph 243.

244. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 244.

245. Paragraph 245 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 245.

246. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Except as admitted, Sieracki denies the remaining allegations in Paragraph 246.

247. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Except as admitted, Sieracki denies the remaining allegations in Paragraph 247.

248. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Except as admitted, Sieracki denies the remaining allegations in Paragraph 248.

249. To the extent the allegations of Paragraph 249 are based on Countrywide's SEC filings, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Except as admitted, Sieracki denies the allegations of Paragraph 249.

250. To the extent the allegations of Paragraph 250 are based on Countrywide's SEC filings, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Except as admitted, Sieracki denies the allegations of Paragraph 250.

251. To the extent the allegations of Paragraph 251 are based on Countrywide's SEC filings, those documents themselves accurately reflect their

content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Except as admitted, Sieracki denies the allegations of Paragraph 251.

252. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Except as admitted, Sieracki denies the allegations of Paragraph 252.

253. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Except as admitted, Sieracki denies the allegations of Paragraph 253.

254. Sieracki denies the allegations of Paragraph 254.

255. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Except as admitted, Sieracki denies the remaining allegations of Paragraph 255.

256. Sieracki denies the allegations of Paragraph 256.

257. Sieracki denies the remaining allegations of Paragraph 257.

258. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Except as admitted, Sieracki denies the allegations of Paragraph 258.

259. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely

repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Except as admitted, Sieracki denies the remaining allegations of Paragraph 259.

260. Sieracki admits that Countrywide made representations and warranties in connection with the same of its mortgage loans in the secondary market. Sieracki denies the remaining allegations of Paragraph 260.

261. Sieracki denies the allegations of Paragraph 261.

262. Sieracki denies the allegations of Paragraph 262.

263. Sieracki admits the allegations concerning what statements were made in the cited accounting standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Except as admitted, Sieracki denies the allegations of Paragraph 263.

264. Paragraph 264 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 264.

265. Paragraph 265 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 265.

266. Sieracki denies the allegations of Paragraph 266.

267. Sieracki denies the allegations of Paragraph 267.

268. Sieracki denies the allegations of Paragraph 268.

269. Sieracki denies the allegations of Paragraph 269.

270. Sieracki denies the allegations of Paragraph 270.

271. Sieracki denies the allegations of Paragraph 271.

272. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Except as admitted, Sieracki denies the remaining allegations of Paragraph 272.

273. Paragraph 273 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 273.

274. Paragraph 274 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Except as admitted, Sieracki denies the allegations of Paragraph 274.

275. Paragraph 275 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and

denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Except as admitted, Sieracki denies the allegations of Paragraph 275.

276. Paragraph 276 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Except as admitted, Sieracki denies the allegations of Paragraph 276.

277. Paragraph 277 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Except as admitted, Sieracki denies the allegations of Paragraph 277.

278. Sieracki admits the allegations of this paragraph concerning the contents of the SOX 302 only to the extent they precisely repeat that rule. Except as admitted, Sieracki denies the allegations of Paragraph 278.

279. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Except as admitted, Sieracki denies the allegations of Paragraph 279.

280. Sieracki denies the allegations of Paragraph 280.

281. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 281.

282. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 282.

283. Sieracki denies the allegations of Paragraph 283.

284. Sieracki denies the allegations of Paragraph 284.

285. Sieracki denies the allegations of Paragraph 285.

286. To the extent the allegations of Paragraph 286 are based on Countrywide's SEC filings, Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings about its access to its credit facility. Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 286.

287. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 287.

288. Sieracki denies the allegations of Paragraph 288.

289. To the extent the allegations of Paragraph 289 are based on the January 11, 2008 Bank of America announcement, that statement reflects its content and Sieracki denies any characterization of the documents that is inconsistent with its actual contents. Sieracki denies the remaining allegations of Paragraph 289.

290. Sieracki denies the allegations of Paragraph 290.

291. Sieracki denies the allegations of Paragraph 291.

292. Sieracki denies the allegations of Paragraph 292.

293. Sieracki admits that on March 12, 2004, Countrywide filed its Form 10-K for the year 2003. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 293.

294. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 294.

295. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 295.

296. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing.

Sieracki denies the remaining allegations of Paragraph 296.

297. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 297.

298. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 298 regarding statements attributed to Mr. Mozilo on April 21, 2004, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 298.

299. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 299.

300. Sieracki denies the allegations of Paragraph 300.

301. Sieracki admits that on April 21, 2004, Countrywide filed its Form 8-K, attaching a press release announcing Countrywide's financial results for the first quarter of 2004. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 301.

302. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. To the extent the allegations of Paragraph 302 are based on the April 21, 2004 press release, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the

remaining allegations of Paragraph 302.

303. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 303 regarding statements attributed to Mr. Mozilo on April 21, 2004, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 303.

304. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 304 regarding statements attributed to Mr. Mozilo on April 21, 2004, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 304.

305. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 305 regarding statements attributed to Mr. Mozilo on April 21, 2004, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 305.

306. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 304 regarding statements attributed to Mr. Kurland on April 21, 2004, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 306.

307. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed or were required to provide "corrections." Sieracki denies the remaining allegations of Paragraph 307.

308. Sieracki admits that on May 7, 2004, Countrywide filed its Form 10-Q for the first quarter of 2004. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 308.

309. Sieracki admits the allegations of this paragraph concerning the

contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 309.

310. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 310.

311. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 311.

312. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 312.

313. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 313.

314. Sieracki admits that on April 25, 2005, Countrywide filed its Form 10-Q/A for the first quarter of 2004. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any

allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 314.

315. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Sieracki denies the remaining allegations of Paragraph 315.

316. Sieracki admits that on July 26, 2004, Countrywide filed its Form 8-K, attaching a press release that announced Countrywide's financial results for the second quarter of 2004. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 316.

317. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 317 regarding statements attributed to Mr. Mozilo on July 22, 2004, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 317.

318. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 318 regarding statements attributed to Mr. Mozilo on July 22, 2004, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 318.

319. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 319.

320. Sieracki admits that on August 6, 2004, Countrywide filed its Form 10-Q for the second quarter of 2004. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements

made in the filing. Sieracki denies the remaining allegations of Paragraph 320.

321. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 321.

322. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 322.

323. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 323.

324. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 324.

325. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations in Paragraph 325.

326. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely

repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations in Paragraph 326.

327. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations in Paragraph 327.

328. Sieracki admits that on May 16, 2005, Countrywide filed its Form 10-Q/A for the second quarter of 2004. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations in Paragraph 328.

329. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations in Paragraph 329.

330. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the allegations in Paragraph 330.

331. Sieracki admits that on October 20, 2004, Countrywide filed its Form 8-K, attaching a press release that announced its financial results for the third quarter of 2004. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing.

Sieracki denies the remaining allegations of Paragraph 331.

332. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 332.

333. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 333.

334. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 334 regarding statements attributed to Mr. Mozilo on October 20, 2004, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 334.

335. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 335 regarding statements attributed to Mr. Mozilo on October 20, 2004, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 335.

336. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 336.

337. Sieracki admits that on November 8, 2004, Countrywide filed its Form 10-Q for the third quarter of 2004. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations in Paragraph 337.

338. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely

repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations in Paragraph 338.

339. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 339.

340. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 340.

341. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 341.

342. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 342.

343. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 343.

344. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 344.

345. Sieracki admits that on May 16, 2005, Countrywide filed its Form 10-Q/A for the third quarter of 2004. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 345.

346. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 346.

347. Sieracki admits that on February 2, 2005, Countrywide filed its Form 8-K, attaching a press release announcing its financial results for the fourth quarter and year ended December 31, 2004. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 347.

348. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 348 regarding statements attributed to Messrs. Mozilo and Kurland on February 2, 2005, and on that basis denies them. Sieracki denies the allegations of Paragraph 348.

349. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 349.

350. Sieracki admits that on March 15, 2005, Countrywide filed its Form 10-K for the year 2004. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 350.

351. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 351.

352. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 352.

353. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 353.

354. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 354.

355. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely

repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 355.

356. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 356.

357. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 357.

358. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 358.

359. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 359.

360. To the extent the allegations of Paragraph 360 are based on the March 11, 2005 KPMG audit report, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 360.

361. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 361.

362. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 362.

363. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 363 regarding statements attributed to Mr. Mozilo on March 15, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 363.

364. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 364 regarding statements attributed to Mr. Mozilo on March 15, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 364.

365. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 365 regarding statements attributed to Mr. Mozilo on March 15, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 365.

366. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 366 regarding statements attributed to Mr. Mozilo on March 15, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 366.

367. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 367.

368. Sieracki admits that on April 26, 2005, Countrywide filed its Form 8-

K, attaching a press release announcing its financial results for the first quarter of 2005. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 368.

369. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 369 regarding statements attributed to Mr. Mozilo, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 369.

370. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 370 regarding statements attributed to Mr. Kurland, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 370.

371. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 371.

372. Sieracki admits that on May 9, 2005, Countrywide filed its Form 10-Q for the first quarter of 2005. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 372.

373. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 373.

374. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 374.

375. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 375.

376. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 376.

377. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 377

378. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 378.

379. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 379 regarding statements attributed to Mr. McMurray on May 24, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 379.

380. Sieracki lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 380 regarding statements attributed to an unidentified Countrywide representative on May 24, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 380.

381. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 381 regarding statements attributed to Mr. Sambol, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 381.

382. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Sieracki denies the remaining allegations of Paragraph 382.

383. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 383 regarding statements attributed to Mr. Mozilo on June 2, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 383.

384. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 384 regarding statements attributed to Mr. Mozilo on June 2, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 384.

385. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 385 regarding statements attributed to Mr. Mozilo on June 2, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 385.

386. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 386 regarding statements attributed to Mr. Mozilo on June 2, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 386.

387. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki

denies the remaining allegations of Paragraph 387.

388. Sieracki admits that on July 26, 2005, Countrywide filed its Form 8-K, attaching a press release with its financial results for the second quarter of 2005. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 388.

389. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 389 regarding statements attributed to Mr. Kurland on July 26, 2005 and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 389.

390. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 390 regarding statements attributed to Mr. Mozilo on July 26, 2005 and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 390.

391. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 391 regarding statements attributed to Messrs. Kurland and Mozilo on July 26, 2005 and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 391.

392. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 392 regarding statements attributed to Mr. Mozilo on July 26, 2005 and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 392.

393. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 393 regarding statements attributed to Mr. Kurland on July 26, 2005 and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 393.

394. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 394 regarding statements attributed to Messrs. Mozilo and Sieracki on July 26, 2005 and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 394.

395. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 395.

396. Sieracki admits that on August 8, 2005, Countrywide filed its Form 10-Q for the second quarter of 2005. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 396.

397. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 397.

398. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 398.

399. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 399.

400. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 400.

401. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 401.

402. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 402.

403. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 403.

404. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 404.

405. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 405 regarding statements attributed to Mr. Mozilo on September 13, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 405.

406. Sieracki lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 406 regarding statements attributed to Mr. Mozilo on September 13, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 406.

407. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 407.

408. Sieracki admits that on October 27, 2005, Countrywide filed a report on 8-K with the SEC that attached the monthly operations report for the third quarter of 2005. Sieracki admits the allegations of Paragraph 408 concerning what statements were made in the operations report only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 408.

409. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 409 regarding statements attributed to Mr. Mozilo on October 27, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 409.

410. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 410.

411. Sieracki admits that on November 8, 2005, Countrywide filed its Form 10-Q for the third quarter of 2005. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 411.

412. Sieracki admits that on November 8, 2005, Countrywide filed its Form

10-Q for the third quarter of 2005. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 412.

413. Sieracki admits that on November 8, 2005, Countrywide filed its Form 10-Q for the third quarter of 2005. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 413.

414. Sieracki admits that on November 8, 2005, Countrywide filed its Form 10-Q for the third quarter of 2005. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 414.

415. Sieracki admits that on November 8, 2005, Countrywide filed its Form 10-Q for the third quarter of 2005. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 415.

416. Sieracki admits that on November 8, 2005, Countrywide filed its Form 10-Q for the third quarter of 2005. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made

in the filing. Sieracki denies the remaining allegations of Paragraph 416.

417. Sieracki admits that on November 8, 2005, Countrywide filed its Form 10-Q for the third quarter of 2005. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 417.

418. Sieracki denies that the Form 10-Q for the third quarter of 2005 made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 418.

419. Sieracki admits that on January 31, 2006, Countrywide filed a report on Form 8-K with the SEC that attached the monthly operations report for fourth quarter and year ended December 31, 2005. Sieracki admits the allegations of Paragraph 419 concerning what statements were made in the operations report only to the extent they precisely repeat complete and unaltered statements made in that document. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in that document. Sieracki denies the remaining allegations of Paragraph 419.

420. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 420 regarding statements attributed to Mr. Mozilo on January 31, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 420.

421. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 421.

422. Sieracki admits that on March 1, 2006, Countrywide filed its Annual Report for 2005 on Form 10-K. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 416.

extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 422.

423. Sieracki admits the allegations of this paragraph concerning the contents of the Countrywide Annual Report for 2005 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 423.

424. Sieracki admits the allegations of this paragraph concerning the contents of the Countrywide Annual Report for 2005 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 424.

425. Sieracki admits the allegations of this paragraph concerning the contents of the Countrywide Annual Report for 2005 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 425.

426. Sieracki admits the allegations of this paragraph concerning the contents of the Countrywide Annual Report for 2005 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 426.

427. Sieracki admits the allegations of this paragraph concerning the contents of the Countrywide Annual Report for 2005 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 427.

428. Sieracki admits the allegations of this paragraph concerning the contents of the Countrywide Annual Report for 2005 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 428.

429. Sieracki admits the allegations of this paragraph concerning the contents of the Countrywide Annual Report for 2005 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 429.

430. Sieracki admits the allegations of this paragraph concerning the contents of the Countrywide Annual Report for 2005 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 430.

431. Sieracki admits the allegations of this paragraph concerning the contents of the Countrywide Annual Report for 2005 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 431.

432. Sieracki admits the allegations of this paragraph concerning the contents of the Countrywide Annual Report for 2005 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 432.

433. Sieracki denies that the Countrywide Annual Report for 2005 on Form 10-K made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the allegations of Paragraph 433.

434. Sieracki denies that he made any materially false or misleading statements at the referenced conference or otherwise.

435. Sieracki denies the allegations of Paragraph 435.

436. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 436 regarding statements attributed to Mr. Sambol on March 30, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 436.

437. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 437 regarding statements attributed to Mr. Garcia on March 30, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 437.

438. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 438.

439. Sieracki admits that on April 27, 2006, Countrywide filed its Form 8-K and attached press release for the first quarter of 2006. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 439.

440. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 440 regarding statements attributed to Mr. Mozilo on April 27, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 440.

441. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 441 regarding statements attributed to Mr. Mozilo on April 27, 2006, and on that basis denies them. Sieracki denies the

remaining allegations of Paragraph 441.

442. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 442.

443. Sieracki admits that on May 10, 2006, Countrywide filed its Form 10-Q for the first quarter of 2006. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 443.

444. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 444.

445. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 445.

446. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 446.

447. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or

characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 447.

448. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 448.

449. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 449.

450. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 450.

451. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 451.

452. Sieracki denies that the Form 10-Q for the first quarter of 2006 made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 452.

453. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 453 regarding statements attributed to Mr. Breitenbach on May 17, 20006, and on that basis denies them. Sieracki denies

the remaining allegations of Paragraph 453.

454. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 454 regarding statements attributed to Mr. Breitenbach on May 17, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 454.

455. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 455 regarding statements attributed to Mr. Breitenbach on May 17, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 455.

456. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 456.

457. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 457 regarding statements attributed to Mr. Mozilo on May 31, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 457.

458. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 458 regarding statements attributed to Mr. Mozilo on May 31, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 458.

459. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 459 regarding statements attributed to Mr. Mozilo on May 31, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 459.

460. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 460.

461. Sieracki admits that on July 25, 2006, Countrywide filed its Form 8-K

and attached press release for the second quarter of 2006. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 461.

462. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 462 regarding statements attributed to Mr. Mozilo on July 25, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 462.

463. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 463.

464. Sieracki admits that on August 7, 2006, Countrywide filed its Form 10-Q for the second quarter of 2006. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 464.

465. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the second quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 465.

466. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the second quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the

filings. Sieracki denies the remaining allegations of Paragraph 466.

467. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the second quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 467.

468. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the second quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 468.

469. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the second quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 469.

470. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the second quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 470.

471. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the second quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 471.

472. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the second quarter of 2006 only to the extent they

precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 472.

473. Sieracki denies that the Form 10-Q for the second quarter of 2006 made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 473.

474. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 474 regarding statements attributed to Mr. Furash on September 12, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 474.

475. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 475 regarding statements attributed to Mr. Furash on September 12, 2006, and on that basis denies them. Sieracki denies the allegations of Paragraph 475.

476. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Sieracki denies the remaining allegations of Paragraph 476.

477. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 477 regarding statements attributed to Mr. Mozilo on September 13, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 477.

478. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 478 regarding statements attributed to Mr. Mozilo on September 13, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 478.

479. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 479 regarding statements attributed to

Mr. Sambol on September 13, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 479.

480. Sieracki lacks knowledge or information sufficient to form a belief as to the accuracy of the statements purportedly quoted in Paragraph 480 and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 480.

481. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 481 regarding statements attributed to Mr. Furash on September 13, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 481.

482. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 482.

483. Sieracki admits that on October 24, 2006, Countrywide filed its Form 8-K for the third quarter of 2006, attaching a press release. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 483.

484. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 484 regarding statements attributed to Mr. Mozilo on October 24, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 484.

485. Sieracki denies the allegations of Paragraph 485.

486. Sieracki admits that on November 7, 2006, Countrywide filed its Form 10-Q for the third quarter of 2006. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any

allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 486.

487. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the third quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 487.

488. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the third quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 488.

489. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the third quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 489.

490. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the third quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 490.

491. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the third quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 491.

492. Sieracki admits the allegations of this paragraph concerning the

contents of the Form 10-Q for the third quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 492.

493. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the third quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 493.

494. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the third quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 494.

495. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the third quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 495.

496. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the third quarter of 2006 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 496.

497. Sieracki denies that the Form 10-Q for the third quarter of 2006 made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 497.

498. Sieracki admits that on January 30, 2007, Countrywide filed its Form

8-K for the year 2006, attaching a press release. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 498.

499. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 499 regarding statements attributed to Mr. Mozilo on January 30, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 499.

500. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 500 regarding statements attributed to Mr. Mozilo on January 30, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 500.

501. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Sieracki denies the remaining allegations of Paragraph 501.

502. Sieracki admits the allegations of this paragraph concerning the contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 502.

503. Sieracki admits that on March 1, 2007, Countrywide filed its Annual Report for 2006 on Form 10-K. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 503.

504. Sieracki admits the allegations of this paragraph concerning the contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 504.

505. Sieracki admits the allegations of this paragraph concerning the contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 505.

506. Sieracki admits the allegations of this paragraph concerning the contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 506.

507. Sieracki admits the allegations of this paragraph concerning the contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 507.

508. Sieracki admits the allegations of this paragraph concerning the contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 508.

509. Sieracki admits the allegations of this paragraph concerning the contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or

characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 509.

510. Sieracki admits the allegations of this paragraph concerning the contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 510.

511. Sieracki admits the allegations of this paragraph concerning the contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 511.

512. Sieracki admits the allegations of this paragraph concerning the contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 512.

513. Sieracki admits the allegations of this paragraph concerning the contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 513.

514. Sieracki admits the allegations of this paragraph concerning the contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 514.

515. Sieracki admits the allegations of this paragraph concerning the

contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 515.

516. Sieracki admits the allegations of this paragraph concerning the contents of the Annual Report for 2006 on Form 10-K only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 516.

517. Sieracki denies that the Annual Report for 2006 on Form 10-K made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 517.

518. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 518.

519. Sieracki lacks knowledge or information sufficient to form a belief as to the accuracy of the statements purportedly quoted in Paragraph 519 and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 519.

520. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 520.

521. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 521 regarding statements attributed to Mr. Mozilo on March 13, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 521.

522. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 522.

523. Sieracki admits that on April 26, 2007, Countrywide filed its Form 8-K for the first quarter of 2007, and the attached press release. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 523.

524. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 524 regarding statements attributed to Mr. Mozilo on April 26, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 524.

525. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 525 regarding statements attributed to Mr. Sambol on April 26, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 525.

526. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 526 regarding statements attributed to Mr. Mozilo on April 26, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 526.

527. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 527 regarding statements attributed to Mr. Sambol on April 26, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 527.

528. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 528.

529. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 529 regarding statements attributed to

Ms. Sandefur on April 26, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 529.

530. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 530 regarding statements attributed to Ms. Sandefur on April 26, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 530.

531. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 531 regarding statements attributed to Ms. Sandefur on April 26, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 531.

532. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 532 regarding statements attributed to Ms. Sandefur on April 26, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 532.

533. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 533.

534. Sieracki admits that on May 9, 2007, Countrywide filed its Form 10-Q for the first quarter of 2007. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 534.

535. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 535.

536. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 536.

537. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 537.

538. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 538.

539. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 539.

540. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 540.

541. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or

characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 541.

542. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 542.

543. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 543.

544. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the first quarter of 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 544.

545. Sieracki denies that the Form 10-Q for the first quarter of 2007 made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the allegations of Paragraph 545.

546. Paragraph 546 contains characterizations of the Amended Complaint to which no response is required. Sieracki admits that on February 9, 2006, Countrywide filed its Registration Statement on Form S-3ASR, SEC File Number 333-131707, and the corresponding Prospectuses and Prospectus Supplements. Sieracki denies that the February 9, 2006 Registration Statement on Form S-3ASR, SEC File Number 333-131707, and the corresponding Prospectuses and Prospectus Supplements made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of

Paragraph 546.

547. Sieracki admits that on February 15, 2006, Countrywide filed its Prospectus Supplement for SEC File Number 333-131707. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 547.

548. Sieracki admits the allegations of this paragraph concerning the contents of the Series B Medium-Term Notes Registration Statement only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 548.

549. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Series B Medium-Term Notes only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 549.

550. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Series B Medium-Term Notes and KPMG audit report only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 550.

551. Sieracki denies that the 2004 Form 10-K and other SEC filings incorporated by reference into the Series B Medium-Term Notes Registration statement made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of

Paragraph 551.

552. Sieracki admits that on May 15, 2006, Countrywide filed its Prospectus Supplement for the 6.25% Subordinated Notes. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 552.

553. Sieracki admits the allegations of this paragraph concerning the contents of the Prospectus Supplement for the 6.25% Subordinated Notes only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 553.

554. Sieracki admits the allegations of this paragraph concerning the contents of the Prospectus Supplement for the 6.25% Subordinated Notes only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 554.

555. Sieracki admits the allegations of this paragraph concerning the contents of the Prospectus Supplement for the 6.25% Subordinated Notes and the KPMG audit report only to the extent they precisely repeat statements made in the filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 555.

556. Sieracki denies that the 2004 Form 10-K and other documents incorporated by reference into the 6.25% Subordinated Notes Registration Statement made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of

Paragraph 556.

557. Sieracki denies the allegations of Paragraph 557.

558. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 558 regarding statements attributed to Mr. Plesser, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 558.

559. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 559 regarding statements attributed to Mr. Miller, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 559.

560. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $36.26 on July 13, 2007; and closed at $34.84 on July 16, 2006. Sieracki denies the remaining allegations of Paragraph 560.

561. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki admits that on July 24, 2007, Countrywide filed its Form 8-K for the second quarter of 2007 and attached press release. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 561.

562. Sieracki admits the allegations of this paragraph concerning the contents of the Form 8-K for the second quarter of 2007 and attached press release only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 562.

563. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 563 regarding statements made during a July 24, 2007 conference call, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 563.

564. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 564 regarding statements attributed to Mr. McMurray on July 24, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 564.

565. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 565 regarding statements attributed to Mr. McMurray on July 24, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 565.

566. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 566 regarding statements attributed to Mr. McMurray and Mr. Bartlett on July 24, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 566.

567. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 567 regarding statements attributed to Mr. Mozilo on July 24, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 567.

568. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 568 regarding statements attributed to Mr. Mozilo on July 24, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 568.

569. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 569 regarding statements attributed to

Mr. Mozilo on July 24, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 569.

570. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 570 and therefore denies those allegations.

571. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 571.

572. Sieracki admits that on August 2, 2007, Countrywide filed its press release. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies that the August 2, 2007 press release made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 572.

573. Sieracki admits the allegations of this paragraph concerning the contents of the August 2, 2007 press release only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies that the August 2, 2007 Press Release made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 573.

574. To the extent the allegations of Paragraph 574 are based on the August 2, 2007 press release and the FCIC Report, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 574.

575. Sieracki admits that on August 9, 2007, Countrywide filed its Form 10-Q for the second quarter 2007. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 575.

576. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $28.66 on August 10, 2007. Sieracki denies the remaining allegations of Paragraph 576.

577. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the second quarter 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies that the its Form 10-Q for the second quarter 2007 made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 577.

578. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the second quarter 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 578.

579. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the second quarter 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 579.

580. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the second quarter 2007 only to the extent they

precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 580.

581. Sieracki admits the allegations of this paragraph concerning the contents of the Form 10-Q for the second quarter 2007 only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 581.

582. Sieracki denies that the Form 10-Q for the second quarter 2007 made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 582.

583. Sieracki admits that on August 14, 2007, Countrywide filed its Form 8-K and attached press release for July 2007. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 583.

584. To the extent the allegations of Paragraph 584 are based on the FCIC report, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 584.

585. To the extent the allegations of Paragraph 585 are based on an August 15, 2007 <u>Los Angeles Times</u> article, that article reflect its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 585.

586. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $24.46 on August 14, 2007. Sieracki denies the remaining allegations of Paragraph 586.

587. Sieracki denies that the Form 8-K and attached press release for July

2007 made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 587.

588. To the extent the allegations of Paragraph 588 are based on the FCIC Report, that document accurately reflects its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 588.

589. To the extent the allegations of Paragraph 589 are based on the FCIC Report, August 13, 2007 Merrill Lynch analyst report, and an August 17, 2007 Wall Street Journal article, those documents reflect their content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 589.

590. To the extent the allegations of Paragraph 590 are based on the August 13, 2007 Merrill Lynch analyst report, that document reflects its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 590.

591. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $21.29 on August 15, 2007. Sieracki denies the remaining allegations of Paragraph 591.

592. To the extent the allegations of Paragraph 592 are based on an August 16, 2007 announcement by Countrywide, that document reflects its content and Sieracki denies any characterization of the document that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 592.

593. To the extent the allegations of Paragraph 593 are based on ratings announcements by Standard & Poor's, Moody's Investor Service, and Fitch Ratings, those documents accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 593.

594. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $18.95 on August 16, 2007. Sieracki denies the remaining allegations of Paragraph 594.

595. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 595.

596. To the extent the allegations of Paragraph 596 are based on the August 23, 2007 announcement by Bank of America and a Wall Street Journal article on the same date, those documents reflect their content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 596.

597. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 597 regarding statements attributed to Mr. Mozilo on August 23, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 597.

598. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 598.

599. To the extent the allegations of Paragraph 599 are based on the August 24, 2007 Fitch Ratings announcement, that document reflects its their content. Sieracki denies the remaining allegations of Paragraph 599.

600. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 600.

601. Sieracki admits that on September 10, 2007, Countrywide made an announcement. Sieracki admits the allegations of this paragraph concerning the contents of the referenced announcement only to the extent they precisely repeat statements made in the announcement. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the announcement. Sieracki denies the remaining allegations of Paragraph 601.

602. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki

denies the remaining allegations of Paragraph 602.

603. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $17.21 on September 10, 2007. Sieracki denies the remaining allegations of Paragraph 603.

604. To the extent the allegations of Paragraph 604 are based on a September 11, 2007 New York Post article, that article reflects its content. Except as admitted, Sieracki denies the allegations of Paragraph 604.

605. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $16.88 on September 11, 2007. Sieracki denies the remaining allegations of Paragraph 605.

606. To the extent the allegations of Paragraph 606 are based on an October 24, 2007 Wall Street Journal article, that article reflects its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 606.

607. To the extent the allegations of Paragraph 607 are based on an October 24, 2007 Wall Street Journal article, that article reflects its content. Except as admitted, Sieracki denies the allegations of Paragraph 607.

608. To the extent the allegations of Paragraph 608 are based on an October 24, 2007 Wall Street Journal article, that article reflects its content. Except as admitted, Sieracki denies the allegations of Paragraph 608.

609. To the extent the allegations of Paragraph 609 are based on an October 24, 2007 Wall Street Journal article, that article reflects its content. Except as admitted, Sieracki denies the allegations of Paragraph 609.

610. To the extent the allegations of Paragraph 610 are based on an October 24, 2007 Wall Street Journal article, that article reflects its content. Except as admitted, Sieracki denies the allegations of Paragraph 610.

611. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 611 regarding trading volume and therefore denies those allegations. Sieracki denies the remaining allegations of

Paragraph 611.

612. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. To the extent the allegations of Paragraph 612 are based on an October 24, 2007 Wall Street Journal article, that article reflects its content. Except as admitted, Sieracki denies the allegations of Paragraph 612.

613. Sieracki admits that on October 26, 2007, Countrywide filed its Form 8-K for the third quarter of 2007 and attached operational results. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 613.

614. Sieracki admits the allegations of this paragraph concerning the contents of the Form 8-K for the third quarter of 2007 and attached operational results only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 614 regarding statements attributed to Mr. Mozilo on October 26, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 614.

615. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 615 regarding statements attributed to Mr. Sambol and Mr. Mozilo on October 26, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 615.

616. Sieracki denies that Defendants made any materially false or

misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 616.

617. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. To the extent the allegations of Paragraph 617 are based on an October 30, 2007 Wall Street Journal article, that article reflects its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 617.

618. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. To the extent the allegations of Paragraph 618 are based on an October 30, 2007 Wall Street Journal article, that article reflects its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 618.

619. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. To the extent the allegations of Paragraph 619 are based on an October 30, 2007 Wall Street Journal article, that article reflect its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 619.

620. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $15.94 on October 30, 2007. Sieracki denies the remaining allegations of Paragraph 620.

621. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. To the extent the allegations of Paragraph 621 are based on an October 30, 2007 Wall Street Journal article, that article reflects its content. Except as admitted, Sieracki denies the allegations of Paragraph 621.

622. To the extent the allegations of Paragraph 622 are based on the November 7, 2007 Gradient Analytics, Inc. report, that report reflects its content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 622.

623. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $13.63 on November 7, 2007. Sieracki denies the remaining allegations of Paragraph 623.

624. Sieracki admits that on November 9, 2007, Countrywide filed its Form 10-Q for the third quarter of 2007. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 624.

625. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 625.

626. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 626.

627. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 627.

628. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the

filings. Sieracki denies the remaining allegations of Paragraph 628.

629. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 629.

630. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 630.

631. Sieracki denies that the Form 10-Q for the third quarter of 2007 made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 631.

632. To the extent the allegations of Paragraph 632 are based on the November 19, 2007 Moody's announcement, that document reflects its content. Except as admitted, Sieracki denies the allegations of Paragraph 632.

633. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 633 regarding trading volume of Countrywide stock and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 633.

634. To the extent the allegations of Paragraph 634 are based on a November 26, 2007 Wall Street Journal article, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 634.

635. To the extent the allegations of Paragraph 635 are based on a November 26, 2007 Wall Street Journal article, those documents themselves

accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 635.

636. To the extent the allegations of Paragraph 636 are based on a November 26, 2007 Wall Street Journal article, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 636.

637. To the extent the allegations of Paragraph 637 are based on a November 26, 2007 Wall Street Journal article, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 637.

638. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $8.64 on November 26, 2007. Sieracki denies the remaining allegations of Paragraph 638.

639. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 639.

640. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Sieracki admits that on December 13, 2007, Countrywide filed its Form 8-K and attached press release for November 2007 operations. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 640.

641. Sieracki denies that Defendants made any materially false and

misleading statements or omitted material facts. To the extent the allegations of Paragraph 641 are based on a December 13, 2007 New York Times article, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 641.

642. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $10.08 on December 13, 2007. Sieracki denies the remaining allegations of Paragraph 642.

643. To the extent the allegations of Paragraph 643 are based on a January 8, 2008 New York Times article, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 643.

644. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. To the extent the allegations of Paragraph 644 are based on a January 8, 2008 New York Times article, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 644.

645. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $5.47 on January 8, 2008. Sieracki denies the remaining allegations of Paragraph 645.

646. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. To the extent the allegations of Paragraph 646 are based on a January 8, 2008 Reuters article, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 646.

647. Sieracki admits that on January 9, 2008, Countrywide filed its Form 8-K and attached press release with operational data for December 2007. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filing only to the extent they precisely repeat statements made in the filing. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filing. Sieracki denies the remaining allegations of Paragraph 647.

648. To the extent the allegations of Paragraph 648 are based on a January 9, 2008 Reuters article, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 648.

649. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $5.12 on January 9, 2008. Sieracki denies the remaining allegations of Paragraph 649.

650. To the extent the allegations of Paragraph 650 are based on the January 11, 2008 Bank of America announcement, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 650.

651. Sieracki denies the allegations of Paragraph 651.

652. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Sieracki denies the remaining allegations of Paragraph 652.

653. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $6.33 on January 11, 2008. Sieracki denies the remaining allegations of Paragraph 653.

654. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. To the extent the allegations of

Paragraph 654 are based on a January 29, 2008 Bloomberg article, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 654.

655. To the extent the allegations of Paragraph 655 are based on a March 6, 2008 Chicago Sun-Times article, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 655.

656. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Sieracki denies the remaining allegations of Paragraph 656.

657. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $5.20 on March 6, 2008. Sieracki denies the remaining allegations of Paragraph 657.

658. To the extent the allegations of Paragraph 658 are based on a March 8, 2008 Wall Street Journal article, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 658.

659. Sieracki denies that Defendants made any materially false or misleading statements or omitted material facts required to be disclosed. To the extent the allegations of Paragraph 659 are based on a March 8, 2008 Wall Street Journal article, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 659.

660. Based on information he believes to be accurate, Sieracki admits that Countrywide common stock closed at $4.36 on March 10, 2008. Sieracki denies

the remaining allegations of Paragraph 660.

661. Sieracki denies the allegations of Paragraph 661.

662. Sieracki denies the allegations of Paragraph 662.

663. Sieracki admits he was a member of the Executive Strategy Committee during the Relevant Period. Sieracki denies the remaining allegations of Paragraph 663.

664. Sieracki admits he was a member of the Corporate Credit Risk Management Committee. Paragraph 664 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents reflect their content. Except as admitted, Sieracki denies the remaining allegations of Paragraph 664.

665. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 665.

666. Sieracki admits he was a member and co-chair of the Asset/Liability Committee during the Relevant Period. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 666.

667. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 667.

668. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 668.

669. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 669 regarding statements attributed to Mr. Mozilo on July 26, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 669.

670. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 670 regarding statements attributed to Mr. Mozilo on July 26, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 670.

671. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 671 regarding statements attributed to Mr. Mozilo on July 26, 2005, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 671.

672. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 672 and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 672.

673. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 673 and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 673.

674. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 674 and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 674.

675. Sieracki admits the allegations of Paragraph 675 concerning what statements were made in the September 9, 2004 email attributed to Mr. McMurray

and Mr. McLaughlin only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization of the contents of the referenced document inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 675.

676. Sieracki denies the allegations of Paragraph 676.

677. Sieracki admits the allegations of Paragraph 677 concerning what statements were made in the June 28, 2005 Corporate Risk Management Committee minutes only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization of the contents of the referenced document inconsistent with the actual complete statements made in the document. Sieracki denies the remaining Sieracki denies the allegations of Paragraph 677.

678. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 678 and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 678.

679. Sieracki admits the allegations of Paragraph 679 concerning what statements were made in the May 18, 2006 and May 19, 2006 emails attributed to Mr. Mozilo and Mr. Sambol and Mr. Sieracki only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization of the contents of the referenced document inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 679.

680. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 680 regarding statements attributed to Mr. Mozilo on May 31, 2006, and on that basis denies them. Sieracki denies the allegations of Paragraph 680.

681. Sieracki lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 681 and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 681.

682. Paragraph 682 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents themselves accurately reflect their content. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 682 regarding a June 2, 2006 email to Mr. Sambol and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 682.

683. Paragraph 683 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents reflect their content. Sieracki admits the allegations of Paragraph 683 concerning what statements were made in the July 10, 2006 flash report attributed to Mr. Mozilo only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization of the contents of the referenced document inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 683.

684. Paragraph 684 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents themselves accurately reflect their content. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 684 regarding an August 16, 2006 email and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 684.

685. To the extent the allegations of Paragraph 685 are based on the FCIC Report, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual

contents. Sieracki admits the allegations of Paragraph 685 concerning what statements were made in the September 26, 2006 email attributed to Mr. Mozilo only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization of the contents of the referenced document inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 685.

686. Sieracki admits the allegations of Paragraph 686 concerning what statements were made in the September 26, 2006 email attributed to Mr. Mozilo only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization of the contents of the referenced document inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 686.

687. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 687 regarding a November 4, 2007 email and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 687.

688. To the extent the allegations of Paragraph 688 are based on the FCIC Report, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 688 regarding an email dated May 22, 2005 and therefore denies those allegations. Sieracki admits the allegations of Paragraph 688 concerning what statements were made in the Credit Risk Management Committee minutes dated June 28, 2005 only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization of the contents of the referenced document inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 688.

689. To the extent the allegations of Paragraph 689 are based on the FCIC Report, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki admits the allegations of Paragraph 689 concerning what statements were made in the March 27, 2006 email attributed to Mr. Mozilo only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization of the contents of the referenced document inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 689.

690. Sieracki admits the allegations of Paragraph 690 concerning what statements were made in the April 13, 2006 email attributed to Mr. Mozilo only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization of the contents of the referenced document inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 690.

691. To the extent the allegations of Paragraph 691 are based on the FCIC Report, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 691 regarding an April 17, 2006 email attributed to Mr. Mozilo and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 691.

692. Paragraph 692 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents themselves accurately reflect their content. Sieracki admits the allegations of Paragraph 692 concerning what statements were made in the December 7, 2006 memorandum attributed to Mr. Mozilo only to the extent they precisely repeat

complete and unaltered statements made in the document. Sieracki denies any allegation or characterization of the contents of the referenced document inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 692.

693. Sieracki denies the allegations of Paragraph 693.

694. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 694 regarding a report called the "Credit Risk Leadership Reporting Package" or Mr. Sambol's deposition testimony and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 694.

695. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 695 regarding a May 22, 2005 email attributed to Mr. McMurray and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 695.

696. Paragraph 696 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents themselves accurately reflect their content. Sieracki admits the allegations of Paragraph 696 concerning what statements were made in the March 12, 2007 Credit Risk Management Committee minutes only to the extent they precisely repeat complete and unaltered statements made in the document. Sieracki denies any allegation or characterization of the contents of the referenced document inconsistent with the actual complete statements made in the document. Sieracki denies the remaining allegations of Paragraph 696.

697. Paragraph 697 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents themselves accurately reflect their content. Sieracki lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 697 regarding a June 25, 2005 email attributed to Mr. McMurray and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 697.

698. To the extent the allegations of Paragraph 698 are based on the FCIC report, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 698 regarding a November 2, 2006 email attributed to Mr. McMurray and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 698.

699. To the extent the allegations of Paragraph 699 are based on the FCIC report, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 699 regarding a February 11, 2007 email attributed to Mr. McMurray and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 699.

700. Paragraph 700 contains characterizations of certain litigations referenced therein to which no response is required. To the extent the allegations of this paragraph are based on documents from court files, those documents themselves accurately reflect their content. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 700 regarding a February 11, 2007 email attributed to Mr. McMurray and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 700.

701. To the extent the allegations of Paragraph 701 are based on the *Interagency Guidance*, those documents themselves accurately reflect their content

and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 701 regarding a March 27, 2006 comments to the Office of Thrift Supervision, and that Office's correspondence with Mr. Mozilo on October 10, 2006 and therefore denies those allegations. Sieracki denies the remaining allegations of Paragraph 701.

702. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 702 and therefore denies those allegations.

703. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 703 and therefore denies those allegations.

704. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 704 and therefore denies those allegations.

705. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 705 and therefore denies those allegations.

706. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 706 and therefore denies those allegations.

707. To the extent the allegations of Paragraph 707 are based on a February 2008 <u>Wall Street Journal</u> article, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 707 regarding statements attributed to Mr. Mozilo on July 24, 2007, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 707.

708. Sieracki denies the allegations of Paragraph 708.

709. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 709.

710. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 710.

711. Sieracki denies the allegations of Paragraph 711.

712. Sieracki denies the allegations of Paragraph 712.

713. Sieracki lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 713 regarding statements attributed to Mr. Mozilo on September 13, 2006, and on that basis denies them. Sieracki denies the remaining allegations of Paragraph 713.

714. Sieracki denies the allegations of Paragraph 714.

715. To the extent the allegations of Paragraph 715 are based on the *Interagency Guidance*, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 715.

716. Sieracki denies the allegations of Paragraph 716.

717. Sieracki denies the allegations of Paragraph 717.

718. Sieracki admits the allegations of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the

filings. Sieracki denies the remaining allegations of Paragraph 718.

719. Sieracki denies the allegations of Paragraph 719.

720. Sieracki denies the allegations of Paragraph 720.

721. Sieracki denies the allegations of Paragraph 721.

722. Sieracki denies the allegations of Paragraph 722.

723. Sieracki lacks information sufficient to form a belief as to the truth or accuracy of the allegations regarding Mr. Mozilo's Rule 10b-5-1 stock trading plan and therefore denies those allegations. Mr. Sieracki denies the remaining allegations of Paragraph 723.

724. To the extent the allegations of Paragraph 724 are based on an article published on October 11, 2007 in the New York Times, those documents themselves accurately reflect their content and Sieracki denies any characterization of the documents that is inconsistent with their actual contents. Sieracki denies the remaining allegations of Paragraph 724.

725. Sieracki denies the allegations of Paragraph 725.

726. Sieracki denies the allegations of Paragraph 726.

727. Sieracki denies the allegations of Paragraph 727.

728. Sieracki denies the allegations of Paragraph 728.

729. Paragraph 729 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 729.

730. Paragraph 730 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they

precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 730.

731. Paragraph 731 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 731.

732. Paragraph 732 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 732.

733. Paragraph 733 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 733.

734. Paragraph 734 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they

precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 734.

735. Sieracki denies the allegations of Paragraph 735.

736. Paragraph 736 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 736.

737. Sieracki denies the allegations of Paragraph 737.

738. Paragraph 738 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 738.

739. Sieracki denies the allegations of Paragraph 739.

740. Paragraph 740 contains solely conclusions of law to which no response is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

741. Paragraph 741 contains solely conclusions of law to which no response is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

742. Paragraph 742 contains solely conclusions of law to which no response

is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

743. Paragraph 743 contains solely conclusions of law to which no response is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

744. Paragraph 744 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 744.

745. Sieracki denies the allegations of Paragraph 745.

746. Sieracki denies the allegations of Paragraph 746.

747. Sieracki denies the allegations of Paragraph 747.

748. Sieracki denies the allegations of Paragraph 748.

749. Paragraph 749 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 749.

750. Sieracki denies the allegations of Paragraph 750.

751. Paragraph 751 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and

denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 751.

752. Paragraph 752 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 752.

753. Sieracki denies the allegations of Paragraph 753.

754. Sieracki denies the allegations of Paragraph 754.

755. Sieracki denies the allegations of Paragraph 755.

756. Sieracki denies the allegations of Paragraph 756.

757. Sieracki denies the allegations of Paragraph 757.

758. Sieracki denies the allegations of Paragraph 758.

759. Sieracki denies the allegations of Paragraph 759.

760. Paragraph 760 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 760.

761. Sieracki denies the allegations of Paragraph 761.

762. Sieracki denies the allegations of Paragraph 762.

763. Sieracki denies the allegations of Paragraph 763.

764. Sieracki denies the allegations of Paragraph 764.

765. Sieracki denies the allegations of Paragraph 765.

766. Sieracki denies the allegations of Paragraph 766.

767. Sieracki denies the allegations of Paragraph 767.

768. Sieracki denies the allegations of Paragraph 768.

769. Sieracki denies the allegations of Paragraph 769.

770. Sieracki denies the allegations of Paragraph 770.

771. Sieracki denies the allegations of Paragraph 771.

772. Paragraph 772 contains conclusions of law and allegations citing and/or interpreting accounting standards. Sieracki admits the allegations concerning what statements were made in the cited standards only to the extent they precisely repeat complete and unaltered statements made in the standards and denies any allegation or characterization inconsistent with the actual statements made in the referenced standards. Sieracki denies the remaining allegations of Paragraph 772.

773. Sieracki denies the allegations of Paragraph 773.

774. Sieracki denies the allegations of Paragraph 774.

775. Sieracki denies the allegations of Paragraph 775.

776. Sieracki denies the allegations of Paragraph 776.

777. Sieracki denies the allegations of Paragraph 777.

778. Sieracki denies the allegations of Paragraph 778.

779. Sieracki denies the allegations of Paragraph 779.

780. Sieracki denies the allegations of Paragraph 780.

781. Sieracki denies the allegations of Paragraph 781.

782. Sieracki denies the allegations of Paragraph 782.

783. Paragraph 783 contains solely conclusions of law to which no response is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

784. Sieracki denies the allegations of Paragraph 784.

785. Sieracki denies the allegations of Paragraph 785.

786. Sieracki denies the allegations of Paragraph 786.

787. Sieracki denies the allegations of Paragraph 787.

788. Sieracki denies the allegations of Paragraph 788.

789. Paragraph 789 contains solely conclusions of law to which no response is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

790. Sieracki denies the allegations of Paragraph 790.

791. Sieracki denies the allegations of Paragraph 791.

792. Sieracki denies the allegations of Paragraph 792.

793. Sieracki denies the allegations of Paragraph 793.

794. Paragraph 794 contains solely conclusions of law to which no response is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

795. Sieracki repeats and incorporates by reference each of his responses to the Amended Complaint set forth above. Paragraph 795 is a characterization of the Amended Complaint to which no response is required. To the extent Paragraph 795 contains factual allegations to which a response is required, Sieracki denies the allegations of Paragraph 795.

796. Paragraph 796 is a characterization of the Amended Complaint to which no response is required. To the extent Paragraph 796 contains factual allegations to which a response is required, Sieracki denies the allegations of Paragraph 796.

797. Sieracki denies that the Registration Statements for the Notes made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 797.

798. Paragraph 798 contains solely conclusions of law to which no response is required. Sieracki admits that the defendants owed such duties as are imposed by

law. Except as admitted, Sieracki denies the allegations of Paragraph 798..

799. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Sieracki denies the remaining allegations of Paragraph 799.

800. Sieracki denies that the Registration Statements for the Notes made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the allegations of Paragraph 800.

801. Sieracki admits the allegations of the first sentence of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies that the Registration Statements for the Notes made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 801.

802. Sieracki admits the allegations of the first sentence of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Sieracki denies the remaining allegations of Paragraph 802.

803. Sieracki admits the allegations of the first sentence of this paragraph concerning the contents of the referenced Countrywide SEC filings only to the extent they precisely repeat statements made in those filings. Sieracki denies any allegation or characterization inconsistent with the actual complete statements made in the filings. Sieracki denies the remaining allegations of Paragraph 803.

804. Sieracki denies that Plaintiff was damaged. Sieracki denies the remaining allegations of Paragraph 804.

805. Sieracki denies that the Registration Statements for the Notes made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 805.

806. Sieracki denies the allegations of Paragraph 806.

807. Sieracki denies the allegations of Paragraph 807.

808. Paragraphs 808 through 817 pertain to Count II of the Amended Complaint, which has been dismissed pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

809. Paragraphs 808 through 817 pertain to Count II of the Amended Complaint, which has been dismissed pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

810. Paragraphs 808 through 817 pertain to Count II of the Amended Complaint, which has been dismissed pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

811. Paragraphs 808 through 817 pertain to Count II of the Amended Complaint, which has been dismissed pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

812. Paragraphs 808 through 817 pertain to Count II of the Amended Complaint, which has been dismissed pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs

813. Paragraphs 808 through 817 pertain to Count II of the Amended Complaint, which has been dismissed pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

814. Paragraphs 808 through 817 pertain to Count II of the Amended Complaint, which has been dismissed pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

815. Paragraphs 808 through 817 pertain to Count II of the Amended Complaint, which has been dismissed pursuant to this Court's order dated August

22, 2011. Thus, no answer is required as to these paragraphs.

816. Paragraphs 808 through 817 pertain to Count II of the Amended Complaint, which has been dismissed pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

817. Paragraphs 808 through 817 pertain to Count II of the Amended Complaint, which has been dismissed pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

818. Sieracki repeats and incorporates by reference each of his responses to the Amended Complaint set forth above. Paragraph 818 is a characterization of the Amended Complaint to which no response is required. To the extent Paragraph 818 contains factual allegations to which a response is required, Sieracki denies the allegations of Paragraph 818.

819. Paragraph 819 contains solely conclusions of law to which no response is required. To the extent this paragraph contains allegations to which a response is required, Sieracki denies these allegations.

820. Sieracki denies the allegations of Paragraph 820.

821. Sieracki denies that the Registration Statements for the Notes made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the allegations of Paragraph 821.

822. Sieracki denies that the Prospectuses or Prospectus Supplements made any materially false or misleading statements or omitted material facts required to be disclosed. Sieracki denies the remaining allegations of Paragraph 822.

823. Sieracki denies the allegations of Paragraph 823.

824. Sieracki denies the allegations of Paragraph 824.

825. Sieracki denies the allegations of Paragraph 825.

826. Sieracki repeats and incorporates by reference each of his responses to the Amended Complaint set forth above.

827. Paragraph 827 is a characterization of the Amended Complaint to

which no response is required. To the extent Paragraph 827 contains factual allegations to which a response is required, Sieracki denies the allegations of Paragraph 827.

828. Sieracki denies the allegations of Paragraph 828.

829. Sieracki denies the allegations of Paragraph 829.

830. Sieracki denies the allegations of Paragraph 830.

831. Sieracki denies the allegations of Paragraph 831.

832. Sieracki denies the allegations of Paragraph 832.

833. Sieracki denies the allegations of Paragraph 833.

834. Sieracki denies the allegations of Paragraph 834.

835. Sieracki denies that Defendants made any materially false and misleading statements or omitted material facts. Sieracki denies the remaining allegations of Paragraph 835.

836. Sieracki denies the allegations of Paragraph 836.

837. Sieracki denies the allegations of Paragraph 837.

838. Sieracki repeats and incorporates by reference each of his responses to the Amended Complaint set forth above.

839. Paragraph 839 is a characterization of the Amended Complaint to which no response is required. To the extent Paragraph 839 contains factual allegations to which a response is required, Sieracki denies the allegations of Paragraph 839.

840. Sieracki denies the allegations of Paragraph 840.

841. Sieracki denies the allegations of Paragraph 841.

842. Sieracki denies the allegations of Paragraph 842.

843. Sieracki denies the allegations of Paragraph 843.

844. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

845. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

846. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

847. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

848. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

849. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

850. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

851. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

852. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

853. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

854. Paragraphs 844 through 857 pertain to Count VI of the Amended

Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

855. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

856. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

857. Paragraphs 844 through 857 pertain to Count VI of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

858. Paragraphs 858 through 863 pertain to Count VII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

859. Paragraphs 858 through 863 pertain to Count VII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

860. Paragraphs 858 through 863 pertain to Count VII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

861. Paragraphs 858 through 863 pertain to Count VII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

862. Paragraphs 858 through 863 pertain to Count VII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

863. Paragraphs 858 through 863 pertain to Count VII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order

dated August 22, 2011. Thus, no answer is required as to these paragraphs.

864. Paragraphs 864 through 870 pertain to Count VIII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

865. Paragraphs 864 through 870 pertain to Count VIII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

866. Paragraphs 864 through 870 pertain to Count VIII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

867. Paragraphs 864 through 870 pertain to Count VIII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

868. Paragraphs 864 through 870 pertain to Count VIII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

869. Paragraphs 864 through 870 pertain to Count VIII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

870. Paragraphs 864 through 870 pertain to Count VIII of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

871. Paragraphs 871 through 881 pertain to Count IX of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

872. Paragraphs 871 through 881 pertain to Count IX of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

873. Paragraphs 871 through 881 pertain to Count IX of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

874. Paragraphs 871 through 881 pertain to Count IX of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

875. Paragraphs 871 through 881 pertain to Count IX of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

876. Paragraphs 871 through 881 pertain to Count IX of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

877. Paragraphs 871 through 881 pertain to Count IX of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

878. Paragraphs 871 through 881 pertain to Count IX of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

879. Paragraphs 871 through 881 pertain to Count IX of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

880. Paragraphs 871 through 881 pertain to Count IX of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

881. Paragraphs 871 through 881 pertain to Count IX of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

882. Paragraphs 882 through 890 pertain to Count X of the Amended

Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

883. Paragraphs 882 through 890 pertain to Count X of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

884. Paragraphs 882 through 890 pertain to Count X of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

885. Paragraphs 882 through 890 pertain to Count X of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

886. Paragraphs 882 through 890 pertain to Count X of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

887. Paragraphs 882 through 890 pertain to Count X of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

888. Paragraphs 882 through 890 pertain to Count X of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

889. Paragraphs 882 through 890 pertain to Count X of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

890. Paragraphs 882 through 890 pertain to Count X of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

891. Paragraphs 891 through 894 pertain to Count X of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order

dated August 22, 2011. Thus, no answer is required as to these paragraphs.

892. Paragraphs 891 through 894 pertain to Count X of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

893. Paragraphs 891 through 894 pertain to Count X of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

894. Paragraphs 891 through 894 pertain to Count X of the Amended Complaint, which has been dismissed with prejudice pursuant to this Court's order dated August 22, 2011. Thus, no answer is required as to these paragraphs.

**AFFIRMATIVE DEFENSES**

Sieracki sets forth below his affirmative defenses. By setting forth these affirmative defenses, Sieracki does not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to Plaintiffs.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each of its purported claims, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitation or repose.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because Sieracki was permitted under applicable law to rely, and did reasonably rely, on information, opinions, reports and statements prepared or presented by officers or employees of the corporation whom he believed to be reliable and competent in the matters presented; and counsel, independent accountants or other persons as to matters which he believed to be within such person's professional or expert competence.

**FOURTH AFFIRMATIVE DEFENSE**

Sieracki acted in good faith and with good cause with respect to all matters alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. Plaintiffs are not entitled to any recovery because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in Countrywide's own public filings and announcements (and those of its affiliates), in the documents referenced in the Complaint, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

**SIXTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because some or all of the alleged public disclosures bespoke caution or were forward-looking statements, and/or are encompassed by the statutory safe harbor provisions of 15 U.S.C. § 78u-5(c) and 15 U.S.C. § 77z-2.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiffs lack standing to assert the claims alleged therein.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs are estopped from asserting their claims.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs waived their claims.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint, and each claim in it, is barred by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence, and/or assumption of risk.

**TWELFTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because any recovery by Plaintiffs would constitute unjust enrichment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Without admitting that Plaintiffs suffered damages as a result of any act or omission of Sieracki, any damages which may be awarded in connection with the claims asserted herein are offset and/or must be reduced by the amount of the tax benefits accruing to Plaintiffs, by virtue of his or her deduction of capital loss, in order to prevent unjust enrichment of said Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Without admitting that Plaintiffs suffered damages as a result of any act or omission of Sieracki, any damages which may be awarded in connection with the claims asserted herein are offset and/or must be reduced by Plaintiffs' gains on Countrywide securities.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to take reasonable steps to mitigate or minimize their damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Some or all of the alleged misrepresentations and omissions were known to Plaintiffs, and knowledge of the alleged misrepresentations or omissions would not have affected their decisions to purchase the securities alleged in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As regards any part of the registration statement not purporting to be made on the authority of an expert, and not purporting to be a copy of or extract from a report or valuation of an expert, and not purporting to be made on the authority of a

public official document or statement, Sieracki had, after reasonable investigation, reasonable ground to believe and did believe, at the time such part of the registration statement became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As regards any part of the registration statement purporting to be made on the authority of an expert or purporting to be a copy of or extract from a report or valuation of an expert, Sieracki had no reasonable ground to believe and did not believe, at the time such part of the registration statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the registration statement did not fairly represent the statement of the expert or was not a fair copy of or extract from the report or valuation of the expert.

**NINETEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiffs engaged in the securities transactions referenced in the Complaint with actual or constructive knowledge of the risks involved in an investment in Countrywide securities, the risks involved with Countrywide's mortgage loan business, and other material risks to Countrywide's business and operations, and thus assumed the risk that the value of the securities referenced in the Complaint would decline if such risks materialized.

**TWENTIETH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because of the absence of actual reliance by Plaintiffs on the statements, acts, or omissions alleged in the Complaint to have been made or, in the alternative, because any reliance (if proved) was unreasonable.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Persons who acquired any Countrywide security after Countrywide made generally available to its security holders an earning statement covering a period of at least twelve months beginning after the effective date of any registration statement for which Sieracki's liability is asserted cannot recover because they cannot prove they acquired the security relying upon the alleged untrue statements in, or not knowing of the alleged omissions from, any such registration statement.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiffs may not recover damages for any of the securities Plaintiffs put or tendered at or near par.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because Plaintiffs suffered no damages.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages are speculative and thus not recoverable.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because any damages or injuries suffered by Plaintiffs are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than Sieracki. No act or omission of Sieracki was the cause in fact or the proximate cause of any damage to Plaintiffs.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because Plaintiffs' alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/or failures to act of persons and/or entities other than Sieracki, and were not the result of any act or omission on the part of Sieracki.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Sieracki had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of any other Defendant is

alleged to exist.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Sieracki cannot be liable as a control person under the Securities Exchange Act for the wrongs alleged in the Complaint. To the extent a court may conclude that it is a defendant's burden to prove the absence of culpable participation as a control person, Sieracki asserts as an affirmative defense that he is not liable as a control person for any claims under §20(a) of the Securities Exchange Act.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Sieracki acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action of §10(b) of the Securities Exchange Act.

**THIRTIETH AFFIRMATIVE DEFENSE**

Without admitting that Plaintiffs suffered damages as a result of any act or omission of Sieracki, any damages which may be awarded in connection with the claims asserted herein are offset and/or must be reduced by dividends received by Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Sieracki prays for relief and judgment as set forth below.

1. For judgment in his favor;
2. That Plaintiffs takes nothing by means of their SAC; and
3. For such other further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 14, 2011

DLA PIPER LLP (US)

By: /s/ *Shirli Fabbri Weiss*
Shirli Fabbri Weiss
Attorneys for Defendant ERIC P. SIERACKI

**JURY DEMAND**

Sieracki demands a trial by jury.

Respectfully submitted,

Dated: October 14, 2011

DLA PIPER LLP (US)

By: /s/ *Shirli Fabbri Weiss*
Shirli Fabbri Weiss
Attorneys for Defendant ERIC P. SIERACKI